IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MURRAY SCHEINMAN, Plenary Guardian** ) <br> **of the Estate and Person of Jeffrey** ) <br> **SCHEINMAN, a Disabled Person,** ) <br> ) <br> Plaintiffs, ) <br> -vs- ) <br> ) <br> **MARTIN'S BULK MILK SERVICE, INC.,** ) <br> **SAMUEL G. FRANKE, CSX INTERMODAL,** ) <br> **INC., INTERNATIONAL PAPER COMPANY** ) <br> **OVERNITE EXPRESS, INC., OVERNITE** ) <br> **LOGISTICS, INC., OX LLC, UNIVERSAL** ) <br> **AM CAM, LTD.,** ) | Case No.: 09-CV-05340 <br><br> Judge: Hon. James Holderman |

**MEMORANDUM IN SUPPORT OF MOTION FOR REASSIGNMENT
AND CONSOLIDATATION OF RELATED CASES PURSUANT TO
<u>LOCAL RULE 40.4 AND  FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2)</u>**

NOW COME BMW of NORTH AMERICA, LLC ("BMW NA") and BAYERISCHE MOTOREN WERKE AG ("BMW AG"), by and through their attorneys, James K. Toohey and Timothy R. Couture, and in support of their Motion For Reassignment And Consolidation Of Related Cases Pursuant To Local Rule 40.4 and Federal Rule Of Civil Procedure 42(a)(2), state the following:

        **I.**        **BACKGROUND FACTS AND PROCEDURAL HISTORY**

On July 3, 2008 in Highland Park, Lake County, Illinois, Jeffrey Scheinman's BMW automobile was stopped at a traffic signal when it was struck from behind by a semi-tractor/trailer truck driven by Samuel Franke.

On July 7, 2008, Plaintiff filed an action in the Circuit Court of Cook County, Illinois, against the driver and owner of the truck that impacted the rear of Scheinman's vehicle, alleging the truck driver negligently drove the Martin's Bulk Milk truck into the rear of Scheinman's car, causing catastrophic injuries and damages.  On August 28, 2009, the defendants in that case

removed the matter to the United States District Court, Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441. Plaintiff's complaint has since been amended, and Plaintiff's Fourth Amended Complaint now pending before this Honorable Court is titled *Murray Scheinman, Plenary Guardian Of The Estate And Person Of Jeffrey Scheinman, A Disabled Person vs. Martin's Bulk Milk Service, Inc., Samuel G. Franke, CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, and Universal AM CAM Ltd.*, Cause No. 09 C 05340. Plaintiff's Fourth Amended Complaint, hereinafter referred to as *"Scheinman v. Franke et al.",* is attached hereto as Exhibit A.

On the eve of the running of the Statute of Limitations, and nearly two years after filing *Scheinman v. Franke et. al.,* on June 28, 2010, Plaintiff, Murray Scheinman, filed a second suit arising out of the same vehicle collision in the Circuit Court of Cook County, Illinois, entitled *Murray Scheinman, Plenary Guardian Of The Estate And Person Of Jeffrey Scheinman, A Disabled Person v. BMW of North America, LLC, Bayerische Motoren Werke Aktiengesellschaft, Karl Knauz Motors, Inc., Knauz Motor Sales, Inc., Knauz Mini, Karl Knauz BMW, Knauz Automotive Group, Inc. and Knauz Continental Autos, Inc.*, No. 2010 L 007496 (hereinafter referred to as *"Scheinman v. BMW"*), claiming that Defendants were strictly liable for selling a vehicle that was unreasonably dangerous in its design and that Defendants were negligent in designing the vehicle. Specifically, Plaintiff alleged that Jeffrey Scheinman's BMW automobile did not properly protect him from the massive forces brought to bear by Franke slamming into the rear of his car. Plaintiff's Complaint in said litigation is attached hereto as Exhibit B.

On August 2, 2010, the served Defendants in the *Scheinman v. BMW* removed the case to this District Court. In the Notice of Removal and related papers, they asserted that the Knauz Defendants, all Illinois corporations, had been fraudulently joined to defeat diversity, that the

Court should summarily dismiss those defendants, and that the Court should find that complete diversity exists between the plaintiffs and defendants against whom a case and controversy exists and relief is being sought. (*See* Docket No. 10 C 4848, DKT ##1, 5). The matter was assigned to the Honorable Suzanne B. Conlon. On September 30, 2010, Judge Conlon remanded the case to the Circuit Court of Cook County. (*See* Docket No. 10 C 4848 DKT #47). The remand was based on Judge Conlon's determination that BMW NA had not fully identified the members of its limited liability corporation ("LLC") and therefore did not meet its burden of proof to establish complete diversity. The Court additionally had "serious doubts about the applicability of fraudulent joinder as the lynchpin of federal jurisdiction" in light of 735 ILCS 5/2-621 (Illinois' Distributor's Statute), and that she was therefore required to resolve those doubts in favor or remand (*Id*. at p. 7-8).

After the case was returned to state court, the Knauz defendants filed a motion for their dismissal from the case. On March 25, 2011, Cook County Circuit Court Judge Jeffrey Lawrence granted the motion and entered an order:

   a) dismissing Count I (strict liability) against Karl Knauz Motors, Inc. based on and 2-621, and dismissing Count II (negligence) based on 735 ILCS 5/2-615 and 735 ILCS 5/2-619.

   b) voluntarily dismissing of Knauz Motor Sales, Inc.", "Knauz Automotive Group, Inc.", "Knauz Mini", "Karl Knauz BMW", and "Knauz Continental Autos, Inc." by agreement of the parties based on their agreement that such parties had been improperly named and, in fact, had no connection to the sale of the subject vehicle.

   c) ordering that the action would continue only as against BMW NA and Bayerische Motoren Werke AG. See Exhibit C attached hereto.

BMW NA and BMW AG subsequently filed a Third Party Complaint against Martin's Bulk Service, Inc., Samuel G. Franke, CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., Ox LLC, and Universal Am Cam. Ltd., all of whom are Defendants in *Scheinman v. Franke*. In their Third Party Complaint, they allege that

3

these same Defendants have been sued by the same Plaintiff for having caused the same injuries to Plaintiff and, thus, if the claims are proven against either or both Third Party Plaintiffs and against any Third Party Defendant, each will be a joint tortfeasor. Said Third Party Complaint is attached hereto as Exhibit D. Therefore, Third Party Plaintiffs will be entitled to contribution against such joint tortfeasors under the Illinois Contribution Among Joint Tortfeasors Act.

Immediately prior to the filing of the instant Motion, Defendants removed this case to the Northern District of Illinois based on diversity jurisdiction pursuant to Title 28 U.S.C. §1441, et seq., and 28 U.S.C. §1332, and based on supplemental jurisdiction pursuant to 28 U.S.C.§1367. (See Docket 11 cv 2687, DKT # 1).

Because *Scheinman v. Franke et. al.* and *Scheinman v. BMW* both arise out of the same accident, involve the same alleged injuries and damages, and involve common issues of fact and law, BMW NA and BMW AG now move to have *Scheinman v. BMW* reassigned to Judge James Holderman, and further move that the cases be consolidated for discovery and that the matter of consolidation for trial be considered at a later date upon motion of any party.

## II. DISCUSSION

*Scheinman v. BMW* is sufficiently related to *Scheinman v. Franke* so as to be ripe for reassignment and consolidation. Local Rule 40.4(b) provides:

> A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:
>
>   (1) both cases are pending in this Court
>   (2) the handling of both cases by the same judge is likely to result in a
>       substantial saving of judicial time and effort
>   (3) the earlier case has not progressed to the point where designating a later
>       filed case as related would be likely to delay the proceedings in the earlier
>       case substantially; and
>   (4) the cases are susceptible of disposition in a single proceeding.

*L.R. 40.4(b).* Further, Rule 42(a) of the Federal Rules of Civil Procedure provides:

4

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P 42(a). As addressed below, *Scheinman v. Franke et. al,* and *Scheinman v BMW* satisfy the requirements of both L.R. 40.4 and Fed. R. Civ. P 42(a).

### A. Scheinman v. BMW Is Properly Before The Court.

In determining whether reassignment and consolidation are appropriate, this Court must determine if it possesses subject matter jurisdiction over *Scheinman v. BMW.* That is, the Court must decide if removal was proper such that both matters are properly before the Court. *L.R. 40.4(b)(1); Fed.R.Civ.P 42(a); See also United States us of Owens-Corning Fiberglass Corp. v. Brandt Construction,* 826 F. 2d 643 (7th Cir. 1987).

*Scheinman v. BMW* is properly before this Court pursuant to diversity jurisdiction under *28 U.S.C. §1441, et seq. and 28 U.S.C. §1332* as well as the Court's supplemental jurisdiction pursuant to *28 U.S.C. § 1367.*

#### 1. The Federal Courts Have Diversity Jurisdiction Pursuant To §1441 et seq. and 28 U.S.C. §1332

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332(a)(3). There appears to be no question that Jeffrey Scheinman suffered catastrophic injuries, including both severe, permanent brain damage and third degree scarring over much of his body, such that his claim has a dollar value that far exceeds the $75,000 threshold. There is complete diversity, because Plaintiff and his guardian

are citizens of Illinois and one defendant is a citizen of Germany, a foreign state, and the other is a citizen of Delaware and New Jersey.

As noted above, *Scheinman v. BMW* was previously removed by BMW NA, and, upon motion by Plaintiff, the Honorable Judge Susan Conlon remanded the case back to state court for BMW NA's failure to establish diversity. (*See* Docket No. 10 C 4848 DKT #47). On the occasion of this removal, no such problem of proof exists.

The Declaration of David Cordero, attached as Exhibit E established that neither BMW NA, nor its sole LLC member, is a citizen of Illinois. Mr. Cordero attests that the sole member of BMW NA's LLC is BMW (US) Holding Corp., a Delaware corporation, and the principal place of business of both BMW NA and BMW (US) Holding Corp. is New Jersey.

Plaintiff and Jeffrey Scheinman are both citizens of Illinois. Likewise, the Declaration of Cedrik Thiele and Jens Roessing, attached as Exhibit F, establishes that BMW AG is a citizen of Germany, a foreign state, incorporated in Germany and having its principal place of business in Munich, Germany.

The secondary issue raised by Judge Conlon was her Honor's concern whether a seller subject to dismissal of a strict liability claim under 735 ILCS 5/2-621 can ever be deemed fraudulently joined. At the time of Judge Conlon's ruling, the retail automobile dealer that sold Jeffrey Scheinman his BMW vehicle, Illinois corporation Karl Knauz Motors Inc., was a defendant in the case.[1] Upon removing the case, BMW NA took the position that the inclusion of Karl Knauz Motors, Inc. in the case did not destroy diversity as it constituted fraudulent joinder. In her Memorandum Opinion and Order, Judge Conlon stated that she had "serious doubts about the applicability of fraudulent joinder as the lynchpin of federal diversity

---

[1] Knauz Motor Sales, Inc.", "Knauz Automotive Group, Inc.", "Knauz Mini", "Karl Knauz BMW", and "Knauz Continental Autos, Inc" were also named defendants, but Plaintiff has since acknowledged and agreed that these entities (and non entities) had no connection with the subject vehicle and had no place in the litigation.

6

jurisdiction" and that she was therefore required to resolve such doubts in favor of remand. (*See* Docket No. 10 C 4848 DKT #47, p. 8).

Fraudulent joinder of an existing defendant is no longer an issue in *Scheinman v. BMW*. On March 25, 2011, Cook County Circuit Court Judge Jeffrey Lawrence dismissed Karl Knauz Motors, Inc. as a defendant in the case. As such, the second potential obstacle to federal jurisdiction, the presence of an Illinois corporation as a defendant, has been removed. Plaintiff's negligence count (Count II) was dismissed pursuant to both 735 ILCS 5/2-615 and 735 ILCS 5/2-619. Accordingly in so ruling, Judge Lawrence held that Plaintiff did not have, and in the future cannot have, a viable cause of action against Knauz in negligence.

The dismissal of Plaintiff's strict liability claim in Count I was entered pursuant to 735 ILCS 5/2-621, Illinois' "Distributor's Statute", which mandates the dismissal of a nonmanufacturing defendant upon certification of the identity and location of the manufacturer. Judge Conlon noted because that a party dismissed pursuant to 735 ILCS 5/2-621 may be reinstated if recovery against the manufacturer becomes "impossible or unavailing" other District Courts have found that 2-621 cannot be the basis for finding fraudulent joinder. (*See* Docket No. 10 C 4848 DKT #47, p. 6-7 *citing LaRoe v. Cassens,* 472 F. Supp.2d 1041 (S.D. Ill. 2006)(Murphy, J.); *Mills v. Martin & Bayley, Inc.,* 2007 U.S. Dist. Lexis 70020 (S.D. Ill. 2007))(Murphy, J.); *Philips v. Howmedica,* 2007 U.S. Dist. Lexis 92235 (S.D. Ill. 2007)(Murphy, J.). She also cited *Rubino v. Keller, 2000 WL 220510 (*N.D.Ill. 2000) (Gettleman, J.); and *Ciaccio v. Playtex 198*8 WL 105304 (N.D. Ill. 1988)(Conlon, J.) as to the effect of an involuntary dismissal of a seller under 735 ILCS 5/2-621.

Those cases, cited primarily in the context of fraudulent joinder of existing defendants, address the fact that the statute allows for the possibility of reinstatement under conditions stated therein. None is possible under the facts of this case other than a remote hypothetical possibility

7

that both of the remaining defendants will become insolvent. Recently, Judge Chang addressed this precise issue in exactly the same factual context as exists in this case. In *Steel v. Ford Motor Company,* 11 C 00460, Ford removed the case after the Circuit Court of Cook County had involuntarily dismissed the Illinois resident dealer. Plaintiff contended that removal can never be proper if an Illinois resident initially was named as a party and dismissed under 735 ILCS 5/2-621. Relying primarily on *Poulos v. Naas Foods,* 959 F.2d 69, 73 (7th Cir. 1992), Judge Chang discussed the cases, including Judge Conlon's decision in *Scheinman v. BMW*, and concluded that Plaintiff's review of the law was incorrect. *Steel v. Ford Motor Company,* 11 C 00460, Memorandum Opinion and Order, Case: 1:11-cv-00460 Document # 24, filed: 04/19/11. Judge Chang discussed both Plaintiff's contention regarding the effect of involuntary dismissal and the possibility that an involuntarily dismissed defendant might be brought back into the case based on insolvency of the manufacturer. He concluded that when the involuntarily dismissed defendant had been joined without proof that it actually had individual culpability, it was subject to the fraudulent joinder exception to involuntary dismissal discussed by the Seventh Circuit in *Poulos*, at 959 F.2d 73. Judge Chang recited the holding in *Poulos*, "that an out-of-state defendant bears a 'heavy burden' in showing fraudulent joinder, specifically, that there is no 'reasonable possibility' of prevailing against the non-diverse defendant." *Steel* Memorandum Opinion, p. 6. He analyzed the facts and concluded that Ford had met that burden, because Plaintiff had offered no proof of substantive misconduct of the dealer in its state court opposition to the Illinois dealer's motion to dismiss. *Steel* Memorandum Opinion, p. 7.

In the instant case, the facts are stronger. Plaintiff sued the Illinois dealer in both negligence and strict liability. While the strict liability count was dismissed based on 735 ILCS 5/2-621, the Circuit Court involuntarily dismissed the negligence count outright based on a finding under 735 ILCS 5/2-619 that Plaintiff's claim of negligence was baseless. The

8

dispositive dismissal of the negligence claim against under 735 ILCS 5/2-619 and dismissal of the strict liability claim against Karl Knauz Motors, Inc. under 2-621 confirms that its joinder was fraudulent from the outset.[2]

Judge Chang also addressed Plaintiff's claim that there was a possibility that the dealer could be re-joined if Ford might go bankrupt. She supported that claim with evidence from Ford's annual report. Judge Chang stated that such mere possibility was insufficient, because the law requires a "reasonable possibility." Again relying on *Poulos* at 959 F. 2d 74, the Court stated that:

> "the exercise [in determining whether a reasonable possibility exists] is predictive… and must be premised on the *current* allegations, not speculation that "some facts might turn up." (citation omitted) A Possibility need not be premised on much, but a *reasonable* possibility does require some *reason* to believe that [the dealer] will re-appear in the case." (emphasis in original.) *Steel,* Memorandum Opinion at 8-9.

*See also*, *Schwartz v. State Farm Mutual Auto Insurance*, 174 F.2d 875, 878-879 (7th Cir. 1999), also applying the "reasonable possibility" test. The court weighed Plaintiff's evidence against other evidence in the same Annual Report that Ford's credit rating was improving and that it earned net income of $2.7 billion and concluded there was no evidence of a reasonable possibility of ford's insolvency and inability to meet a judgment or settlement.

In the instant case, there is no evidence that either BMW NA or BMW AG is close to insolvency. In fact, as it now promotes in its advertising, BMW manufactures all of one of its models in the United States that it sells worldwide. Should Plaintiff challenge BMW AG's viability, it will respond with its published financial data to the contrary.[3]

---

[2] Just as Judge Chang went to great lengths to point out in two separate footnote in *Steel,* Defendants also repeat here what they noted in their initial removal: the assertion that the dealer was fraudulently joined is a term of art in this context and not a pejorative accusation of plaintiff's ill-motives.

[3] While two major U.S. manufacturers of automobiles did declare bankruptcy during the recent financial meltdown, their financial difficulties were matters of common knowledge for decades. No similar concerns have ever been expressed about BMW AG or its U.S subsidiary, which are now expanding and manufacturing in the U.S.

Likewise, in *Block v. Toyota, 2010 U.S. Dist. Lexis 135896 (2010 D. Minn. 2010)* that court addressed Minnesota's "Retailer's exception statute" which is verbatim with the Illinois statute at issue herein, and concluded that the mere hypothetical possibility of a manufacturer's bankruptcy is an inadequate basis for finding that dismissal of the retail seller is sufficiently conditional to prevent removal (*citing Henderson v. Ford Motor Company* 340 F.Supp.2d 722 (N.D.Miss. 2004)). Instead, the likelihood of insolvency for the manufacturer of one of the world's premiere luxury automobiles and its North American distributor during the pendency of this lawsuit is extremely remote.

Nor did these courts break new ground. *See Veuegler v. General Motors,* 1997 U.S. Dist. Lexis 3958 (N.D.Ill. 1997) (Marovich, J.) (finding fraudulent joinder of the non-diverse defendant because plaintiff could not support a claim in products liability against that party); *International Brotherhood of Teamsters v. Phillip Morris,* 1998 U.S. Dist. Lexis 6831 (N.D.Ill. 1998)(Manning, J.); *see also Inman v. Diamler-Chrysler, 2000 U.S. Dist. Lexis 3135 (2000 N.D.Ill. 2000)(Conlon, J.).*

Accordingly, this Court has jurisdiction over both cases, as *Scheinman v. BMW* was properly removed.

### 2. *The Federal Courts Have Supplemental Jurisdiction Pursuant To 28 U.S.C. § 1367.*

Along with jurisdiction pursuant to §1441 and §1332, BMW NA and BMW AG submit that this Court has supplemental jurisdiction over *Scheinman v. BMW* pursuant to 28 U.S.C § 1367. In general, supplemental jurisdiction is appropriate over the claims where the issues "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The "case or controversy" requirement is satisfied when the state and federal claims "derive from

a common nucleus of operative facts." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007). The Seventh Circuit, requires a "loose factual connection" between claims to support exercise of supplemental jurisdiction. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). The claims may be based on different legal theories. *Lynam v. Foot First Podiatry Ctrs., P.C.*, 919 F. Supp. 1141, 1148 (N.D. Ill. 1996).

In addition, courts in other circuits have held that a federal court may exercise supplemental jurisdiction when the plaintiff has a single injury and has filed suit under different theories of causation. *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991) (plaintiff was injured in a scuba diving accident. He sued the ship crew in admiralty and also brought product liability claims against manufacturers of certain equipment used in the dive. The court found the claims against the crew and the manufacturers to be part of the same case or controversy and within its supplemental jurisdiction. Both sets of claims were based on the same purported injuries stemming from the same scuba diving incident.)

While the Seventh Circuit has not made that express holding, its liberal case law regarding supplemental jurisdiction suggests that such a holding follows. The wide range of cases in which it has upheld supplemental jurisdiction further bolsters such a suggestion. *Baltzell v. R&R Trucking Co.*, 554 F.3d 1124, 1129 (7th Cir. 2009) (plaintiff was injured in an accident on the job, the federal claim was for strict liability under diversity jurisdiction against the equipment owners and manufacturers, and the court upheld supplemental jurisdiction for the state worker's compensation claim against the employer defendant); *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (plaintiff filed a federal Title VII claim for hostile work environment, and the court upheld that state assault claim against the co-workers that contributes to the environment); *Lynam v. Foot First Podiatry Ctrs.*, P.C., 919 F. Supp. 1141, 1148 (N.D. Ill. 1996) (same); *Roe v. Little Co. of Mary Hosp.*, 800 F. Supp. 620 (N.D. Ill. 1992) (plaintiff filed a

11

federal suit against the Red Cross for supplying HIV-tainted blood, and the court upheld supplemental jurisdiction for the state claims against the doctors and hospital that administered the blood), *overruled on other grounds*; *Emanuel v. Rolling in the Dough, Inc*., 2010 U.S. Dist. LEXIS 117864 (N.D. Ill. Nov. 2, 2010) (plaintiff filed a federal claim for unpaid wages, and the court upheld supplemental jurisdiction over the third-party complaint against the employer's manager that hired the plaintiff against express instructions); *Morisch v. United States*, 2009 U.S. Dist. LEXIS 70228 (S.D. Ill. May 6, 2009) (The plaintiff filed a federal claim against the VA for negligent medical care. Plaintiff's attorney advised the plaintiff to forgo claims against state hospitals at which she was treated before going to the VA hospital. The court upheld supplemental jurisdiction over the state legal malpractice claim).

Judge Chang's opinion in *Steel v. Ford*, *supra*, is somewhat instructive on this point as well. While addressing the issue in the context of removal under 28 USC §1332, he did note that, in assessing the tensions between limiting federal jurisdiction and protecting an out-of-state defendant from being "home-towned", the court should be mindful that in some situations denying joinder "could result in splitting claims and defendants that should have been joined across the state and federal systems." *Steel,* at p. 3. That is precisely the situation at hand and the reason why the BMW Defendants have removed this case under both 28 USC §1332 and §1367. It makes no sense to have two cases that are the same in almost all respects running down different tracks.

Common questions of law and fact abound between the *Scheinman v. BMW* and *Scheinman v. Franke, et. al.* cases. Both cases will need to answer the same questions about the same accident, including, but not limited to, those relating to accident causation, driver negligence, as well as causation and extent of medical and other damages. The injury is a single injury with two claimed causes. With the Seventh Circuit's requirement that only a "loose

factual connection" is required, the two cases certainly have the requisite "common nucleus of operative facts" for the Court to exercise supplemental jurisdiction.

B. **The Two Filed Cases Are Sufficiently Related and Have Common Questions of Fact and Law to Warrant Reassignment Under L.R. 40.4, and Consolidation Under Rule 42(a)(2).**

In order for a case to qualify for reassignment, L.R. 40.4 requires that the handling of both cases by the same judge is likely to result in a substantial judicial efficiency, that the cases are susceptible of disposition in a single proceeding, and that the reassignment would not be likely to substantially delay the earlier filed proceeding. *See L.R. 40.4(b).* Similarly, under Rule 42(a), two cases may be consolidated if they have "common questions of law or fact."

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971). A Court has discretion to consolidate related cases involving common questions of law and fact "under the policy that considerations of judicial economy strongly favor simultaneous resolution *of all claims growing out of one event*" [emphasis added]. *Ikerd v. Lapworth,* 435 F.2d 197, 204 *(7th Cir. 1970); Sylverne v. Data Search,* 2008 U.S. Dist. LEXIS 88303 (N.D.Ill. 2008). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). Consolidation of related cases conserves scarce judicial resources and reduces the resources ultimately expended by the litigants. *Conseco Life V. Reliance Insurance Company, 2001 U.S. Dist. LEXIS 21475 N.D.Ill., 2001) citing Keppen v. Burlington Northern R. Co.*, 749 F. Supp. 181, 183 (N.D.Ill. 1990).

*Scheinman v. BMW* and *Scheinman v. Franke, et. al.* have a myriad of common issues of fact, and having them proceed together will provide allow for better judicial (and litigant)

13

efficiency. The two cases arise out of the ***same event***, the July 3, 2008 motor vehicle accident involving Jeffrey Scheinman and Samuel Franke. The plaintiff in **both** cases is Murray Scheinman. In both cases, Murray Scheinman seeks recovery for the ***same indivisible personal injuries and damages*** allegedly suffered by Jeffrey Scheinman. Defendants in *Scheinman v. BMW* seek contribution for the ***same negligence*** Plaintiff claims against the Defendants in *Scheinman v. Franke et. al.*

No party will suffer any prejudice by the reassignment and consolidation of the two cases, and the reassignment and consolidation would not cause any delay in the earlier filed case. Despite the time differential in the filing of the two matters, upon information and belief, the Court in *Scheinman v. Franke et. al.* has recently ruled on various parties' motions to dismiss, and the matter is set for an April 28, 2011 status hearing to set a discovery schedule. As such, the consolidation of the cases will not cause undue delay in either matter. Instead, a failure to consolidate the cases would delay potentially both cases and cause prejudice to the parties as it would require: (1) the defense of the same claims of negligence against the same parties in two different suits before two different courts; (2) unnecessary duplicative fact witness depositions, fire police personnel depositions and medical provider depositions; unnecessary waste of judicial resources; (3) the potential of disparate results on the question of the alleged negligence of the defendants/third party defendants; and (4) the potential of double recovery by Plaintiff for the same indivisible injuries and damages. Instead, as *Scheinman v. BMW* and *Scheinman v. Franke, et. al.* satisfy all the requirements of L.R. 40.4 and Rule 42(a), *Scheinman v. BMW* should be reassigned to this Court and consolidated for discovery and for later determination as to whether the cases should be consolidated for trial.

### III. CONCLUSION

*Scheinman v. Franke et al.* and *Scheinman v. BMW* satisfy the requirements of both L.R. 40.4 and Federal Rule of Civil Procedure 42(a)(2): Both cases are properly before the Court, and the cases are sufficiently related such that they share common parties, common claims, and questions of both fact and law. As such, this Honorable Court should reassign the two actions so that they both proceed before Judge James Holderman, and consolidate the two cases for discovery and for later determination as to whether the cases should be consolidated for trial.

WHEREFORE, Defendants BMW of NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG respectfully request that *Murray Scheinman, Plenary Guardian Of The Estate And Person Of Jeffrey Scheinman, A Disabled Person v. BMW of North America, LLC, Bayerische Motoren Werke Aktiengesellschaft* Docket No. 11 cv 2687, be reassigned to Judge James Holderman as a related case to *Scheinman v. Martin's Bulk Milk Service, Inc., Samuel G. Franke, CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, Universal AM CAM Ltd.* under *L.R. 40.4*, that the two cases be consolidated for discovery and for later determination as to whether the cases should be consolidated for trial, and grant such further relief as this Court deem just.

    Respectfully submitted,

    JOHNSON & BELL, LTD.,

    By    /s/ *Timothy R. Couture*
        One of the Attorneys for Defendants BMW of NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG

James K. Toohey
Timothy R. Couture
JOHNSON & BELL, LTD.,
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 984-0280

**CERTIFICATE OF SERVICE**

      The undersigned, certifies that he electronically filed the MEMORANDUM IN SUPPORT OF BMW NA AND BMW AG'S MOTION FOR REASSIGNMENT AND CONSOLIDATATION OF RELATED CASES PURSUANT TO LOCAL RULE 40.4 AND FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2) and served a copy of the above documents on all counsel of record by depositing true and correct copies of same in the United States Mail, first class postage prepaid, this 22st day of April, 2011.

                                               /s/ *Timothy R. Couture*
                                               *I certify that the statements set forth herein are*
                                               *true and correct*