# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | 2010L007496 CALENDAR/ROOM D TIME 00:00 Product Liability |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. |
| BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

### COUNT I - STRICT LIABILITY

**BMW of NORTH AMERICA, LLC, a corporation;
BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation;
BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation;
KNAUZ AUTOMOTIVE GROUP, INC., a corporation;
KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation;
KARL KNAUZ BMW, a corporation; and
KNAUZ CONTINENTAL AUTOS, INC., a corporation**

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY

J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES,

P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter

referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation (hereinafter collectively referred to as "KNAUZ"), state as follows:

1. On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2. On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3. On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4. On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5. Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6. On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7. On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to ensure that the aforesaid 2008 BMW convertible vehicle, and its component parts, were not designed, manufactured, engineered, tested, assembled, marketed, distributed and sold in such a manner and condition so as to be in an unreasonably dangerous condition.

8. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10. On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled

3

a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12. On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13. On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14. On and before July 3, 2008, and at the time the aforementioned 2008 BMW convertible vehicle left the control of Defendants BMW, BMW AG, BMW NA, and KNAUZ, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects, where Defendants:

  a. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

  b. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

  c. Designed, manufactured, engineered, tested, assembled, distributed and sold

4

      the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.   Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr.

Scheinman's body in the immediate proximity of the post-collision fire.

l. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r. Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s. Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a condition that was otherwise unreasonably dangerous.

15. As a proximate result of one or more of the aforesaid unreasonably dangerous conditions caused by Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them,

JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

## COUNT II- NEGLIGENCE

**BMW of NORTH AMERICA, LLC, a corporation;
BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation;
BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation;
KNAUZ AUTOMOTIVE GROUP, INC., a corporation;
KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation;
KARL KNAUZ BMW, a corporation; and
KNAUZ CONTINENTAL AUTOS, INC., a corporation**

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a

corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation (hereinafter collectively referred to as "KNAUZ"), state as follows:

1. On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2. On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3. On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4. On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was

8

engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5. Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6. On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7. On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN, in their design, manufacture, engineering, testing, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle.

8. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10. On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in

9

Highland Park, Illinois.

11. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12. On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13. On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14. On and before July 3, 2008, Defendants BMW, BMW AG, BMW NA, and KNAUZ, and each of them, were negligent in their design, manufacture, engineering, testing, inspection, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle in one or more of the following respects, where Defendants:

    a. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

    b. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

    c. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

    d.    Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

    e.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

    f.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

    g.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

    h.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

    i.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

    j.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

    k.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

    l.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the

11

spread of fire from the fuel system to the occupant compartment of the vehicle;

m. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r. Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s. Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t. Were otherwise negligent in their design, manufacture, engineering, testing, assembly, distribution and sale of the 2008 BMW convertible vehicle.

15. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly

appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

/s/ Richard F. Burke Jr.
One of the Attorneys for Plaintiff

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney A. Boho-Marincsin
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 (Fax)
Attorney No. 32640

13

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, <br><br> Plaintiffs, <br><br> vs. <br><br> BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, <br><br> Defendants. | No. |

## AFFIDAVIT REGARDING DAMAGES SOUGHT

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by one of his attorneys, RICHARD F. BURKE, JR., being first duly sworn under oath, states as follows:

1. That the affiant is one of the attorneys of record for the Plaintiff in this matter.

2. That the total money damages sought in this civil action exceed the amount of $50,000.00.

FURTHER AFFIANT SAYETH NOT.

_____
RICHARD F. BURKE, JR.

[X] Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.