# EXHIBIT D

JKT/TRC/RRM                7873-10001                Firm ID 06347

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary guardian of the Estate and Person of JEFFREY SCHEINMAN, a disabled Person, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 10 L 7496 |
| BMW OF NORTH AMERICA, LLC, a Corporation,  BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| BMW of NORTH AMERICA, LLC, a Corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a Corporation, | ) ) ) ) ) | |
| Third Party Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, UNIVERSAL AM CAM, LTD., | ) ) ) ) ) ) ) ) | |
| Third Party Defendants. | ) | |

## THIRD-PARTY COMPLAINT FOR CONTRIBUTION

NOW COME Defendants/Third Party Plaintiffs BMW OF NORTH AMERICA, LLC

("BMW NA") and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT

("BMW AG"), by and through their attorneys, JOHNSON & BELL, LTD., and for their

Third-Party Complaint for Contribution against MARTIN'S BULK SERVICE, INC.,

SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, and UNIVERSAL AM CAM. LTD., state as follows:

1.    Plaintiff has filed a two-count Complaint at Law against the Third Party Plaintiffs BMW NA and BMW AG, alleging in Count I that both are strictly liable for alleged design, manufacturing or warning defects in a 2008 135i Series BMW that was sold to Plaintiff, and alleging in Count II that both negligently designed the vehicle and failed to warn Plaintiff of defects in the design.    Plaintiff further alleges that on July 3, 2008 in the northbound lanes of Skokie Valley Road at Half Day Road in Highland Park, Illinois, he suffered injuries and damages caused by such defects or negligence when the subject vehicle was struck in the rear while at rest at a traffic control light by a fully-loaded semi-tractor/trailer combination owned by Martin's Bulk Milk Service, Inc. and operated by Samuel Franke. (A copy of the Complaint is attached hereto as Exhibit A.)

2.    BMW NA and BMW AG have filed Answers and Affirmative Defenses to Plaintiff's Complaint denying all material allegations contained therein. (Copies of the Answers filed by BMW NA and BMW AG to Plaintiff's Complaint are attached hereto as Exhibits B and C.)

3.    Plaintiff also has filed a Fourth Amended Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, No. 09 C 5340, against Martin's Bulk Service, Inc., Samuel G. Franke, CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, and Universal AM CAM. Ltd., for the same injuries in the same vehicular collision, alleging that his injuries were caused by the negligent operation of the semi-tractor/trailer combination by Samuel

2

Franke, who allegedly acted at the time as an agent or employee of each of the other defendants named in that suit. (A copy of that Complaint is attached hereto as Exhibit D.)

4. By Plaintiff's two separate complaints, he alleges that the indivisible injuries Plaintiff suffered were caused by the tortious acts or omissions of each alleged tortfeasor.

5. At all times relevant, there was in existence a statute commonly known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/01, *et. seq.*, which provides for the assessment of damages among joint tortfeasors found liable to an injured plaintiff in proportion to their respective percentage of fault.

5. If the Third Party Plaintiffs are found liable to the Plaintiff based on Plaintiff's theory of vehicle crashworthiness, said liability being expressly denied, then the Third Party Plaintiff is entitled to contribution from any and each Third Party Defendant also found liable in an amount in proportion to the percentage of fault assigned to any and each Third Party Defendant in accordance with the Joint Tortfeasors Contribution Act.

WHEREFORE, Third Party Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT pray that if Plaintiff has proven that a defect in the subject vehicle or negligence of one or both Third Party Plaintiffs was a cause of Plaintiff's injuries and damages, either or both Third Party Plaintiffs will be entitled to recovery against any or each Third Party Defendant, including MARTIN'S BULK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, and UNIVERSAL AM CAM. LTD., that is found to have been a joint cause of the injuries and damages in an amount based on the percentage of fault assigned to him or it to the extent that such Third Party Defendant is liable under 735 ILCS 5/2-1117 and 740 ILCS

3

100/01, *et seq.,*, and that judgment be entered in favor of Third Party Plaintiffs and against

Third-Party Defendants in such amounts as it may recover from any or each of them under the

740 ILCS 100/01, *et seq.* and 735 ILCS 5/2-1117.

JOHNSON & BELL, LTD.

By _____

One of the Attorneys for Third Party Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

James K. Toohey
Timothy Couture
Rebecca Matthews
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770

4

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

MURRAY SCHEINMAN, Plenary )
Guardian of the Estate and Person of )
JEFFREY J. SCHEINMAN, a Disabled )
Person, )
                              )
           Plaintiffs, )
vs. )      No.
                              )
BMW of NORTH AMERICA, LLC, )
a corporation; BAYERISCHE MOTOREN )
WERKE AKTIENGESELLSCHAFT, )
a corporation; BMW AG, a corporation; )
KARL KNAUZ MOTORS, INC., )
a corporation; KNAUZ AUTOMOTIVE )
GROUP, INC., a corporation; KNAUZ )
MOTOR SALES, INC., a corporation; )
KNAUZ MINI, a corporation; )
KARL KNAUZ BMW, a corporation, and )
KNAUZ CONTINENTAL AUTOS, INC., )
a corporation, )
                              )
           Defendants. )

2010L007496
CALENDAR/ROOM D
TIME 00:00
Product Liability

### COMPLAINT AT LAW

### COUNT I - STRICT LIABILITY

### BMW of NORTH AMERICA, LLC, a corporation;
### BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation;
### BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation;
### KNAUZ AUTOMOTIVE GROUP, INC., a corporation;
### KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation;
### KARL KNAUZ BMW, a corporation; and
### KNAUZ CONTINENTAL AUTOS, INC., a corporation

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY

J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES,

P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter



referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation (hereinafter collectively referred to as "KNAUZ"), state as follows:

1.     On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.     On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.     On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.     On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.     Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.     On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.     On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to ensure that the aforesaid 2008 BMW convertible vehicle, and its component parts, were not designed, manufactured, engineered, tested, assembled, marketed, distributed and sold in such a manner and condition so as to be in an unreasonably dangerous condition.

8.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.     On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled

3

a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14.     On and before July 3, 2008, and at the time the aforementioned 2008 BMW convertible vehicle left the control of Defendants BMW, BMW AG, BMW NA, and KNAUZ, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects, where Defendants:

        a.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

        b.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

        c.      Designed, manufactured, engineered, tested, assembled, distributed and sold

4

the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d. Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr.

5

Scheinman's body in the immediate proximity of the post-collision fire.

l.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.     Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.     Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a condition that was otherwise unreasonably dangerous.

15.     As a proximate result of one or more of the aforesaid unreasonably dangerous conditions caused by Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them,

6

JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

## COUNT II- NEGLIGENCE

### BMW of NORTH AMERICA, LLC, a corporation;
### BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation;
### BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation;
### KNAUZ AUTOMOTIVE GROUP, INC., a corporation;
### KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation;
### KARL KNAUZ BMW, a corporation; and
### KNAUZ CONTINENTAL AUTOS, INC., a corporation

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a

7

corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation (hereinafter collectively referred to as "KNAUZ"), state as follows:

1.     On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.     On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.     On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.     On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was

8

engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.     Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.     On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.     On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN, in their design, manufacture, engineering, testing, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle.

8.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.     On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in

9

Highland Park, Illinois.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14.     On and before July 3, 2008, Defendants BMW, BMW AG, BMW NA, and KNAUZ, and each of them, were negligent in their design, manufacture, engineering, testing, inspection, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle in one or more of the following respects, where Defendants:

> a.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;
>
> b.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;
>
> c.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

10

d. Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the

11

spread of fire from the fuel system to the occupant compartment of the vehicle;

m. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r. Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s. Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t. Were otherwise negligent in their design, manufacture, engineering, testing, assembly, distribution and sale of the 2008 BMW convertible vehicle.

15. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly

12

appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled

Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and

Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants,

BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE

AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS,

INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR

SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation,

and KNAUZ CONTINENTAL AUTOS, INC., a corporation, and each of them, in an amount in

excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.


One of the Attorneys for Plaintiff

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney A. Boho-Marincsin
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 (Fax)
Attorney No. 32640

13

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. |
| BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## AFFIDAVIT REGARDING DAMAGES SOUGHT

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY

J. SCHEINMAN, a Disabled Person, by one of his attorneys, RICHARD F. BURKE, JR., being first

duly sworn under oath, states as follows:

1.    That the affiant is one of the attorneys of record for the Plaintiff in this matter.

2.    That the total money damages sought in this civil action exceed the amount of

$50,000.00.

FURTHER AFFIANT SAYETH NOT.

RICHARD F. BURKE, JR.

[X]    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Firm No. 06347            7873-10001            JKT/TRC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

MURRAY SCHEINMAN, Plenary Guardian )
of the Estate and Person of Jeffrey )
SCHEINMAN, a Disabled Person, )
           Plaintiff, )
       -vs- )      No. 10 L 7496
BMW of NORTH AMERICA, LLC, a )
Corporation, BAYERISCHE MOTOREN )
WERKE AKTIENGESELLSCHAFT, a )
 Corporation, KARL KNAUZ MOTORS, INC., )
a Corporation, KNAUZ MOTOR SALES, INC., )
a Corporation, KNAUZ MINI, a Corporation, )
KARL KNAUZ BMW, a Corporation, and )
KNAUZ CONTINENTAL AUTOS, INC., )
a Corporation )
       Defendants )

## BMW NA'S ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, BMW of NORTH AMERICA, LLC ("BMW NA"), by and

its attorneys, JOHNSON & BELL, Ltd., and for its Answer to Plaintiff's Complaint at Law,

state as follows:

### COUNT I

1.      The allegations of paragraph 1 are not directed against the answering

Defendant and, accordingly, said Defendant neither admits nor denies said allegations.

2.      BMW NA admits that BMW NA is a Delaware corporation with a

Registered Agent in Cook County, Illinois engaged in the business of marketing and

distributing motor vehicles, including the motor vehicle specified in Plaintiff's paragraph

2, but denies the further allegations of paragraph 2.

3.      BMW NA denies the allegations of paragraph 3.



4.      BMW NA admits that on or before July 3, 2008, Defendant, KARL KNAUZ MOTORS, INC. was an Illinois corporation engaged in the business of selling motor vehicles, including the vehicle specified in Plaintiff's paragraph 4, but denies the remaining allegations of paragraph 4.

5.      BMW NA admits that KARL KNAUZ MOTORS, INC. sold the vehicle specified in Plaintiff's paragraph 5 to Jeffrey J. Scheinman before July 3, 2008, but denies the remaining allegations of paragraph 5.

6.      BMW NA admits that on July 3, 2008, Jeffrey J. Scheinman owned the vehicle specified in paragraph 6, admits on information and belief that said vehicle had been designed, manufactured, engineered and inspected by BMW AG, admits that BMW AG sold said vehicle to BMW NA, admits that BMW NA distributed said vehicle to KARL KNAUZ MOTORS, INC., and admits KARL KNAUZ MOTORS, INC. sold said vehicle to Jeffrey Scheinman prior to July 3, 2008. BMW NA lack knowledge or information sufficient to form a belief to admit or deny Plaintiff's assertion that Jeffrey J. Scheinman was operating said motor vehicle on the date specified, and deny all other allegations of paragraph 6 not specifically admitted herein.

7.      BMW NA admits only those duties specified by law, denies that paragraph 7 properly states said duties, and therefore denies each and every allegation of paragraph 7.

8.      BMW NA admits the allegations of paragraph 8.

9.      BMW NA admits the allegations of paragraph 9.

10.     BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 10.

2

11.     BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11.

12.     BMW NA BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12.

13.     BMW NA denies each and every allegation of paragraph 13.

14.     BMW NA denies each and every allegation of paragraph 14 including subparagraphs (a) through (t).

15.     BMW NA denies each and every allegation of paragraph 15.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC    prays this Honorable Court dismiss Plaintiff's Complaint at Law so wrongfully brought, with prejudice, and award costs to Defendants.

<u>**COUNT II**</u>

1.     The allegations of paragraph 1 are not directed against the answering Defendant and, accordingly, said Defendant neither admits nor denies said allegations.

2.     BMW NA admits that BMW NA is a Delaware corporation with a Registered Agent in Cook County, Illinois engaged in the business of marketing and distributing motor vehicles, including the motor vehicle specified in Plaintiff's paragraph 2, but denies the further allegations of paragraph 2.

3.     BMW NA denies the allegations of paragraph 3.

4.     BMW NA admits that on or before July 3, 2008, Defendant, KARL KNAUZ MOTORS, INC. was an Illinois corporation engaged in the business of selling motor vehicles, including the vehicle specified in Plaintiff's paragraph 4, but denies the remaining allegations of paragraph 4.

5.    BMW NA admits that KARL KNAUZ MOTORS, INC. sold the vehicle specified in Plaintiff's paragraph 5 to Jeffrey J. Scheinman before July 3, 2008, but denies the remaining allegations of paragraph 5.

6.    BMW NA admits that on July 3, 2008, Jeffrey J. Scheinman owned the vehicle specified in paragraph 6, admits on information and belief that said vehicle had been designed, manufactured, engineered and inspected by BMW AG, admits that BMW AG sold said vehicle to BMW NA, admits that BMW NA distributed said vehicle to KARL KNAUZ MOTORS, INC., and admits KARL KNAUZ MOTORS, INC. sold said vehicle to Jeffrey Scheinman prior to July 3, 2008. BMW NA lack knowledge or information sufficient to form a belief to admit or deny Plaintiff's assertion that Jeffrey J. Scheinman was operating said motor vehicle on the date specified, and deny all other allegations of paragraph 6 not specifically admitted herein.

7.    BMW NA admits only those duties specified by law, denies that paragraph 7 properly states said duties, and therefore denies each and every allegation of paragraph 7.

8.    BMW NA admits the allegations of paragraph 8.

9.    BMW NA admits the allegations of paragraph 9.

10.    BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 10.

11.    BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11.

12.    BMW NA BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12.

13.     BMW NA denies each and every allegation of paragraph 13.

14.     BMW NA denies each and every allegation of paragraph 14 including subparagraphs (a) through (t).

15.     BMW NA denies each and every allegation of paragraph 15.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC   prays this Honorable Court dismiss Plaintiff's Complaint at Law so wrongfully brought, with prejudice, and award costs to Defendants.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, BMW of NORTH AMERICA, LLC  pleading in the alternative and without prejudice to the denials set forth in their Answer to Plaintiff's Complaint at Law, state the  following Affirmative Defenses:

### First Affirmative Defense

1.      Upon information and belief, on July 3, 2008, JEFFREY J. SCHEINMAN was operating his BMW automobile in a northbound direction on Skokie Valley Road at or near the intersection with Half Day Road in Highland Park, Illinois.

2.      Upon information and belief, on July 3, 2008, SAMUEL FRANKE operated and controlled a fully loaded semi tractor-trailer truck in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

3.      Upon information and belief, at said time and place, SAMUEL FRANKE operated his motor vehicle in such a manner so as to cause a collision at highway speed between the front end of his fully loaded semi tractor-trailer and the rear end of

5

the stopped BMW vehicle occupied by JEFREY J. SCHEINMAN causing injuries and damages to JEFFREY J. SCHEINMAN.

4.    The acts/omissions of SAMUEL FRANKE, and/or those owners and lessors of the truck driven by SAMUEL FRANKE were the sole proximate cause of the injuries alleged in Plaintiff's Complaint at Law.

### Second Affirmative Defense

1-3.    Defendant BMW NA reasserts and realleges paragraphs 1-3 of its First Affirmative Defense as Paragraphs 1-3 of this Second Affirmative Defense.

4.    At all times relevant there were in effect certain government safety standards for the design, manufacture, and sale of motor vehicles sold in the United States of America that were directed to the issue of providing occupant protection in foreseeable motor vehicle crashes, including standards directed to defining the reasonable level of protection to be provided by the vehicle, structures and components specified in Plaintiff's Complaint at Count I ¶ 14 (a) – (t) and Count II, ¶ 14 (a) – (t). *See* U.S. Department of Transportation, National Highway Safety Administration Federal Motor Vehicle Safety Standards, including FMVSs 201, 202, 205, 206, 207, 208, 209, 210, 214, 216, 223, 224, 301, 302 and 303 at 49 C.F. R. 571.201 *et seq*.

5.    At the time that BMW NA purchased the subject motor vehicle from BMW AG, and at the time that it sold said vehicle to Karl Knauz Motors, Inc., the vehicle was certified by the manufacturer as having been designed, engineered, manufactured, and tested such that it met or exceeded all federal motor vehicle safety standards.

6.    The Court must determine as a matter of law the meaning of the federal standards, whether the standards are applicable to the challenged design, and whether the vehicle met those standards.

7.    If BMW NA establishes that the federal motor vehicle safety standards were intended to provide a reasonable level of protection in foreseeable vehicle collisions, and finds that the vehicle met all applicable federal motor vehicle safety standards, then the Court must instruct the jury concerning the purpose of the standards and the fact that the design and construction of the subject vehicle met those standards.

8.    IF BMW NA establishes that the vehicle complies with the applicable federal standards, Plaintiff must prove by competent evidence that the design was unreasonably dangerous under Illinois law in some way not covered by the applicable federal standards, that an alternative design would have provided materially better protection, and that such unreasonably dangerous condition in the BMW caused Plaintiff's injury.

9.    Plaintiff will not establish that the design of the BMW vehicle was unreasonably dangerous or that any such alleged condition caused his injuries.

### Third Affirmative Defense

1-5.    Defendant BMW NA reasserts and realleges paragraphs 1-5 of its Second Affirmative Defense as Paragraphs 1-5 of this Third Defense.

6.    The crash forces delivered by the striking vehicle were double the forces that a reasonably safe passenger vehicle is required by law to withstand.

7.    Accordingly, the collision complained of was legally unforeseeable as a matter of law.

7

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC prays this

Honorable Court dismiss Plaintiff's Complaint so wrongfully brought and award costs to

Defendants.

JOHNSON & BELL, LTD.

By: _____
     Timothy R. Couture
     One of the Attorneys for Defendants
     BMW of NORTH AMERICA, LLC

James K. Toohey
Timothy R. Couture
JOHNSON & BELL, LTD.,
33 West Monroe Street
Suite 2700
Chicago, IL 60603
(312) 372-0770
Doc No. 2591648

8

Firm No. 06347                    7873-10001                    JKT/TRC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

MURRAY SCHEINMAN, Plenary Guardian    )
of the Estate and Person of Jeffrey   )
SCHEINMAN, a Disabled Person,         )
                        Plaintiff,    )
             -vs-                      )        No. 10 L 7496
BMW of NORTH AMERICA, LLC, a          )
Corporation, BAYERISCHE MOTOREN       )
WERKE AKTIENGESELLSCHAFT, a           )
 Corporation, KARL KNAUZ MOTORS, INC.,)
a Corporation, KNAUZ MOTOR SALES, INC.,)
a Corporation, KNAUZ MINI, a Corporation,)
KARL KNAUZ BMW, a Corporation, and    )
KNAUZ CONTINENTAL AUTOS, INC.,        )
a Corporation                         )
                    Defendants        )

## BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, informally known as "BMW AG", by its attorneys, JOHNSON & BELL, LTD., and in answer to the allegations contained in Plaintiff's Complaint at Law directed against it, states:

### COUNT I

1.      Defendant admits that it is engaged in the business of designing, engineering, testing, and manufacturing certain parts and subassemblies, and assembling motor vehicles, including a 2008 BMW convertible bearing the vehicle identification number identified in paragraph 1, admits that it offers such vehicles for distribution and that it sells such vehicles to BMW NA, LLC for distribution in North America, and is without knowledge sufficient to form a belief as to whether it manufactured any unspecified "component parts" or whether such vehicle is owned by Jeffrey Scheinman.

EXHIBIT

2.     Defendant makes no response to allegations of Paragraph 2 not directed to it, except that it denies that BMW NA designed, manufactured, engineered, tested or assembled the subject vehicle.

3.     Defendant admits those allegations in Paragraph 3 that repeat allegations made in paragraph, but denies that it sold vehicles in Cook County, Illinois, or sold vehicles at any dealerships located in Cook County, Illinois.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, accordingly, denies said allegations.

5.     Defendant denies the allegations of Paragraph 5.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, accordingly, denies said allegations.

7.     Defendant makes no response to the allegations of Paragraph 7, which is merely a legal conclusion that improperly states this Defendant's duty under Illinois law.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, accordingly, denies said allegations.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, accordingly, denies said allegations.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, accordingly, denies said allegations.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, accordingly, denies said allegations.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, accordingly, denies said allegations.

13.    Defendant denies the allegations of Paragraph 13.

14.    Defendant denies each and every allegation of Paragraph 14, including subparagraphs (a) through (t).

15.    Defendant denies the allegations of Paragraph 15.

## FIRST AFFIRMATIVE DEFENSE

As its first affirmative defense, Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT states:

1.    Defendant is a manufacturer of motor vehicles.

2.    Such vehicles are not required to protect all occupants from all injuries regardless of the type or severity of the collision, but each must include in the design a reasonable level of protection of occupants in reasonably foreseeable vehicular collisions.

3.    The U.S. Department of Transportation's National Highway Traffic Safety Administration has designed, developed and promulgated specific safety standards ("FMVSS standards") that impose on the manufacturer the legal obligation to design and test any vehicle intended for sale in the United States and to certify that it meets such standards. Included therein those standards are standards directed to the vehicle systems and parts which Plaintiff alleges were not reasonably safe in the crash in which plaintiff and the subject vehicle were involved, including but not limited to, those found at 49 C.F.R. 471.201 *et seq.*, Standard Nos. 201, 207, 208, and 301. These standards provide:

> a. "**Standard No. 201; Occupant protection in interior impact.** *S1. Purpose and scope.* This standard specifies requirements to afford impact protection for occupants."

> b. "**Standard No. 207; Seating systems.** *S1. Purpose and scope.* This standard establishes requirements for seats, their attachment assemblies, and their installation to minimize the possibility of their failure by forces acting on them as a result of vehicle impact."

3

     c. **"Standard No. 208; Occupant crash protection.** *S1. Scope.* This standard specifies performance requirements for the protection of vehicle occupants in crashes."

*S2. Purpose.* The purpose of this standard is to reduce the number of deaths of vehicle occupants, and the severity of injuries, by specifying vehicle crashworthiness requirements in terms of forces and accelerations measured on anthropomorphic dummies in test crashes, and by specifying equipment requirements for active and passive restraint systems.

     d. **"Standard No. 301; Fuel system integrity.** *S1. Scope.* This standard specifies requirements for the integrity of motor vehicle fuel systems.

*S2. Purpose.* The purpose of this standard is to reduce deaths and injuries occurring from fires that result from fuel spillage during and after motor vehicle crashes...."

    4.    In order to meet its obligation under Rule 301, Defendant is required to test the design of the vehicle fuel system by crashing a 4,000 lb. barrier moving at 30 mph into the rear of the test model without leakage of fuel greater than allowed by the test standard. 49 C.F.R. 471.301.

    5.    Compliance with federal safety standards is relevant to the determination of whether the product is reasonably safe.

    6.    The 2008 BMW Model 335i convertible passed all required certification testing prior to the date BMW released it for sale in the United States, including, specifically, FMVSS Standards 201, 207, 208 and 301.

    7.    On information and belief, at the time and place alleged in Plaintiff's complaint, the subject vehicle was impacted by a tractor semi-trailer weighing at or near 50,000 lbs. at or near a speed of 50 mph. Based on those numbers, the tractor semi-trailer impacted the subject vehicle with approximately 35 times more kinetic energy than the fuel system must withstand under FMVSS Standard 301. The accident forces transferred

4

approximately 93% of the accident forces to the subject vehicle, causing it to change velocity at the moment of impact from 0 miles per hour to more than 45 mph and reducing the impact speed of the tractor-trailer less than 5 mph.

8.    The vehicular crash described in Plaintiff's complaint was of such enormity that it was legally unforeseeable as a matter of Illinois law and, as such, any alleged disruption of the integrity of the fuel system, seats, or occupant protection systems, as alleged, provides no evidence at all that the subject vehicle was unreasonably dangerous.

WHEREFORE, Plaintiff's complaint should be dismissed with costs, Plaintiff should take nothing from this suit, and judgment should be entered in favor of Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and against Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

As its Second Affirmative Defense an affirmative, Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT states:

1-8.    BMW AG repeats and realleges the allegations of Paragraphs 1 through 8 of its First Affirmative Defense.

9.    The conduct of the operator of the truck in driving his loaded tractor-semitrailer at highway speed as it approached a red light and the vehicle stopped on the highway at the light without slowing, stopping or taking any evasive measure prior to impact into the rear of the stopped BMW 335i was the sole proximate cause of the collision, including any leakage and ignition of fuel or compromise to the seat or occupant space upon such collision.

5

WHEREFORE, Plaintiff's complaint should be dismissed with costs, Plaintiff should take nothing from this suit, and judgment should be entered in favor of Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and against Plaintiffs.

## COUNT II

1.      Defendant admits that it is engaged in the design, engineering, testing, manufacture of certain parts and subassemblies, and assembly of motor vehicles, including a 2008 BMW convertible bearing the vehicle identification number identified in paragraph 1, admits that it offers such vehicles for distribution and that it sells such vehicles to BMW NA, LLC for distribution in North America, and is without knowledge sufficient to form a belief as to whether it manufactured any unspecified "component parts" or whether such vehicle is owned by Jeffrey Scheinman.

2.      Defendant makes no response to allegations of Paragraph 2 not directed to it, except that it denies that BMW NA designed, manufactured, engineered, tested or assembled the subject vehicle.

3.      Defendant admits those allegations in Paragraph 3 that repeat allegations made in paragraph, but denies that it sold vehicles in Cook County, Illinois, or sold vehicles at any dealerships located in Cook County, Illinois.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, accordingly, denies said allegations.

5.      Defendant denies the allegations of Paragraph 5.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, accordingly, denies said allegations.

7.      Defendant makes no response to the allegations of Paragraph 7, which is merely a legal conclusion that improperly states this Defendant's duty under Illinois law.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, accordingly, denies said allegations.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, accordingly, denies said allegations.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, accordingly, denies said allegations.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, accordingly, denies said allegations.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, accordingly, denies said allegations.

13.     Defendant denies the allegations of Paragraph 13.

14.     Defendant denies each and every allegation of Paragraph 14, including subparagraphs (a) through (t).

15.     Defendant denies the allegations of Paragraph 15.

## FIRST AFFIRMATIVE DEFENSE

As its First Affirmative Defense an affirmative, Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT states:

1.      Defendant is a manufacturer of motor vehicles.

2.      Defendant is not required to protect all occupants from all injuries regardless of the type or severity of the collision, but instead owes a duty of due care for the safety of

Plaintiff by designing and manufacturing a motor vehicle that will provide a reasonable level of protection of occupants in reasonably foreseeable vehicular collisions.

    3.    The U.S. Department of Transportation's National Highway Traffic Safety Administration has designed, developed and promulgated specific safety standards ("FMVSS standards") that impose on the manufacturer the legal obligation to design, test and certify any vehicle intended for sale in the United States meets such standards. Included in those standards are standards directed to the vehicle systems and parts that Plaintiff alleges were not reasonably safe in the crash in which plaintiff and the subject vehicle were involved, including but not limited to those found at 49 C.F.R. 471.201 *et seq.*, Standard Nos. 201, 207, 208, and 301. These standards provide:

a.  "**Standard No. 201; Occupant protection in interior impact.** *S1. Purpose and scope.* This standard specifies requirements to afford impact protection for occupants."

b.  "**Standard No. 207; Seating systems.** *S1. Purpose and scope.* This standard establishes requirements for seats, their attachment assemblies, and their installation to minimize the possibility of their failure by forces acting on them as a result of vehicle impact."

c.  "**Standard No. 208; Occupant crash protection.** *S1. Scope.* This standard specifies performance requirements for the protection of vehicle occupants in crashes."
*S2. Purpose.* The purpose of this standard is to reduce the number of deaths of vehicle occupants, and the severity of injuries, by specifying vehicle crashworthiness requirements in terms of forces and accelerations measured on anthropomorphic dummies in test crashes, and by specifying equipment requirements for active and passive restraint systems.

d.  "**Standard No. 301; Fuel system integrity.** *S1. Scope.* This standard specifies requirements for the integrity of motor vehicle fuel systems.

*S2. Purpose.* The purpose of this standard is to reduce deaths and injuries occurring from fires that result from fuel spillage during and after motor vehicle crashes...."

4.      In order to meet its obligation under Rule 301, Defendant is required to test the design of the vehicle fuel system by crashing a 4,000 lb. barrier moving at 30 mph into the rear of the test model without leakage of fuel greater than allowed by the test standard.

5.      Compliance with federal safety standards is relevant to the determination of whether the product was reasonably safe.

6.      The 2008 BMW Model 335i convertible passed all required certification testing prior to the date BMW released it for sale in the United States, including, specifically, FMVSS Standards 201, 207, 208 and 301.

7.      On information and belief, at the time and place alleged in Plaintiff's complaint, the subject vehicle was impacted by a tractor semi-trailer weighing at or near 50,000 lbs. at or near a speed of 50 mph. Based on those numbers, the tractor semi-trailer impacted the subject vehicle with approximately 35 times more kinetic energy than the fuel system must withstand under FMVSS Standard 301. The accident forces transferred approximately 93% of the accident forces to the subject vehicle, causing it to change velocity at the moment of impact from 0 miles per hour to more than 45 mph, and reducing the impact speed of the tractor-trailer less than 5 mph.

8.      The vehicular crash described in Plaintiff's complaint was of such enormity that it was legally unforeseeable as a matter of Illinois law, and, as such, any alleged disruption of the integrity of the fuel system, or seats or occupant protection systems, as alleged, provides no evidence at all that BMW AG breached its duty of reasonable care owed to Plaintiff.

WHEREFORE, Plaintiff's complaint should be dismissed with costs, Plaintiffs should take nothing from this suit, and judgment should be entered in favor of BAYERISCHE MOTOREN WERKE AKTIENGESELLCHAFT and against Plaintiffs.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

As its Second Affirmative Defense an affirmative, Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT states:

1-8. BMW AG repeats and realleges the allegations of Paragraphs 1 through 8 of its First Affirmative Defense as paragraphs 1 through 8 of this affirmative defense.

9. The conduct of the operator of the truck in driving his loaded tractor-semitrailer at highway speed as it approached a red light and the vehicle stopped on the highway at the light without slowing, stopping or taking any evasive measure prior to impact into the rear of the stopped BMW 335i was the sole proximate cause of the collision, including any leakage and ignition of fuel or compromise to the seat or occupant space in the vehicle that may have occurred.

WHEREFORE, Plaintiff's complaint should be dismissed with costs, Plaintiffs should take nothing from this suit, and judgment should be entered in favor of BAYERISCHE MOTOREN WERKE AKTIENGESELLCHAFT and against Plaintiffs.

JOHNSON & BELL, LTD.,

By: _____

Timothy R. Couture
One of the Attorneys for Defendant
BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT

James K. Toohey
Timothy R. Couture
JOHNSON & BELL, LTD.,
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 984-0280
Doc No. 2591669

Case: 1:09-cv-05340 Document #: 53  Filed: 02/01/10 Page 1 of 22 PageID #:276

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MURRAY SCHEINMAN, Plenary )
Guardian of the Estate and Person of )
JEFFREY J. SCHEINMAN, a Disabled )
Person, )
           )
         Plaintiffs, )
vs. )    Case No.:09 cv 5340
          )
MARTIN'S BULK MILK SERVICE, INC., )    Honorable John A. Nordberg
SAMUEL G. FRANKE, CSX INTERMODAL, )
INC., CELTIC CARTAGE INC., )    Magistrate Susan E. Cox
CELTIC EXPRESS, INC., TRAC LEASING, INC., )
INTERNATIONAL PAPER COMPANY, )
OVERNITE EXPRESS, INC., OVERNITE )
LOGISTICS, INC., OX LLC, UNIVERSAL AM )
CAM LTD., )
          )
         Defendants. )

## FOURTH AMENDED COMPLAINT AT LAW

### COUNT I - NEGLIGENCE

### MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY

J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES,

P.C., complaining of Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter

"MARTIN'S") and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

      1.     On and before July 3, 2008, Skokie Valley Road was a public way running generally

in north and south directions through Highland Park, Illinois.

      2.     On and before July 3, 2008, Half Day Road was a public way running generally in

east and west directions in Highland Park, Illinois.

      3.     On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in



the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

4.    On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.    On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.    On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

7.    On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8.    On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

9.    On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

2

Case: 1:09-cv-05340 Document #: 53  Filed: 02/01/10 Page 3 of 22 PageID #:278

    10.    On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and

FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant

MARTIN'S, were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicles in front of them;

    i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

    j.    failed to slow down their vehicle so as to avoid a rear end collision;

    k.    failed to keep a proper look out for vehicles traveling in front of them;

    l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

m.     were otherwise negligent.

11.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT II-NEGLIGENCE

### CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, CSX INTERMODAL, INC. (hereinafter "CSX"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.     On and before July 3, 2008, Defendant, CSX, was a corporation engaged in the business of truck transportation of consumer goods in tractor trailer trucks in and throughout Cook

4

County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.      On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, CSX, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.      On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendant CSX provided Defendant FRANKE with a CSX trailer for the transportation of paper products.

7.      On July 3, 2008, Defendants, CSX and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a trailer, number CSXU 937987, which was attached to a truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8.      On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.      On July 3, 2008, Defendants, CSX and FRANKE, and each of them, operated and drove their tractor trailer truck  in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused

5

serious personal injury to JEFFREY J. SCHEINMAN.

      10.     On and before July 3, 2008, and at all times mentioned herein, Defendants, CSX and

FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including

JEFFREY J. SCHEINMAN.

      11.     On July 3, 2008, and at all times mentioned herein, Defendants, CSX and FRANKE,

and each of them, individually and as agents, employees or apparent agents of Defendant CSX, were

negligent in one or more of the following respects:

    a.     negligently operated, managed, maintained and controlled their motor vehicle;

    b.     operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.     operated their motor vehicle without keeping a proper and sufficient lookout;

    d.     operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.     proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.     failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.     failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.     failed to maintain an adequate lookout for motor vehicles in front of them;

    i.     drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

      j.      failed to slow down their vehicle so as to avoid a rear end collision;

      k.      failed to keep a proper look out for vehicles traveling in front of them;

      l.      failed to maintain a proper distance and speed between their tractor trailer truck  and the vehicle in front of them so as to avoid a rear end collision, and

      m.      were otherwise negligent.

12.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, CSX,  and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, CSX INTERMODAL, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT III-NEGLIGENCE

## CELTIC CARTAGE INC., CELTIC EXPRESS, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, CELTIC CARTAGE, INC., a corporation, (hereinafter "CARTAGE"), and CELTIC EXPRESS, INC., (hereinafter "EXPRESS"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

7

2.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.      On and before July 3, 2008, Defendants, CARTAGE and EXPRESS, were corporations engaged in the business of truck transportation of consumer goods in tractor trailer trucks and in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.      On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendants, CARTAGE and EXPRESS, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.      On and before July 3, 2008 Defendants CARTAGE and EXPRESS leased, interchanged, provided and authorized usage of the container CSXU 937987, and chassis to Defendants MARTINS, FRANKE, CSX, and INTERNATIONAL.

7.      On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendants CARTAGE, EXPRESS, and CSX provided Defendant FRANKE with a CSX container and a chassis for the transportation of paper products.

8.      On July 3, 2008, Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, owned, operated, managed, leased, maintained and/or controlled a container, number CSXU 937987, and a chassis which was attached to a Freightliner Classic cab bearing vin number

8

1FUJF6CKX4DM02330, that Defendant FRANKE operated in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.      On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10.     On July 3, 2008, Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

11.     On and before July 3, 2008, and at all times mentioned herein, Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

12.     On July 3, 2008, and at all times mentioned herein, Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendants CARTAGE and EXPRESS, were negligent in one or more of the following respects:

      a.     negligently operated, managed, maintained and controlled their motor vehicle;

      b.     operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

      c.     operated their motor vehicle without keeping a proper and sufficient lookout;

      d.     operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

9

e.  proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.  failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.  failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  failed to maintain an adequate lookout for motor vehicles in front of them;

i.  drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.  failed to slow down their vehicle so as to avoid a rear end collision;

k.  failed to keep a proper look out for vehicles traveling in front of them;

l.  failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision;

m.  failed to maintain their chassis, including its brakes, in a proper and safe condition;

n.  failed to properly inspect, maintain, and repair their chassis which was given to Samuel Franke for transportation of goods on July 3, 2008;

o.  negligently operated, managed, maintained and controlled their chassis; and

p.  were otherwise negligent.

13.  As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the

10

Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, CELTIC CARTAGE, INC., a corporation, CELTIC EXPRESS, INC., a corporation, and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

### COUNT IV-NEGLIGENCE

### TRAC LEASING, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, TRAC LEASING INC., (hereinafter "TRAC"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.      On and before July 3, 2008, Defendant, TRAC,  was a corporation engaged in the business of truck transportation of consumer goods in tractor trailer trucks in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout

11

Cook County, Illinois.

5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant TRAC, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.     On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendants INTERNATIONAL, CSX, CARTAGE, EXPRESS, and TRAC provided Defendant FRANKE with a CSX container, number CSXU 937987, and TRAC also provided Defendant FRANKE with a chassis for the transportation of paper products.

7.     On July 3, 2008, Defendant, TRAC, owned, operated, managed, leased, maintained and/or controlled a chassis which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 which Defendant FRANKE operated in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.     On July 3, 2008, Defendant, TRAC, through its agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer truck, including the aforesaid container and chassis, in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

10.     On and before July 3, 2008, and at all times mentioned herein, Defendants, TRAC

12

and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others,
including JEFFREY J. SCHEINMAN.

11.     On July 3, 2008, and at all times mentioned herein, Defendants, TRAC and
FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant
TRAC, were negligent in one or more of the following respects:

a.     negligently operated, managed, maintained and controlled their motor
       vehicle;

b.     negligently operated, managed, maintained and controlled their chassis;

c.     operated, managed, maintained, controlled and drove a motor vehicle into a
       collision with the rear end of the vehicle then and there operated by
       JEFFREY J. SCHEINMAN;

d.     operated their motor vehicle without keeping a proper and sufficient lookout;

e.     operated their motor vehicle with a wilful or wanton disregard for the safety
       of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
       5, Section 11-503;

f.     proceeded at a speed which was greater than reasonable and proper with
       regard to traffic conditions and the use of the highway, or which endangered
       the safety of persons or property, in violation of Illinois Compiled Statutes,
       1992, Chapter 625, Act 5, Section 11-601;

g.     failed to give audible warning with their horn when such warning was
       reasonably necessary to ensure safety, in violation of Illinois Compiled
       Statutes, 1992, Chapter 625, Act 5, Section 12-601;

h.     failed to exercise due care to avoid colliding with Plaintiff upon a roadway,
       and failed to give warning by sounding the horn, in violation of Illinois
       Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

i.     failed to maintain an adequate lookout for motor vehicles in front of them;

j.     drove their tractor trailer truck into the rear end of JEFFREY J.
       SCHEINMAN's passenger car;

k.     failed to slow down their vehicle so as to avoid a rear end collision;

13

l. failed to keep a proper look out for vehicles traveling in front of them;

m. failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision;

n. failed to maintain their chassis, including its brakes, in a proper and safe condition;

o. failed to properly inspect, maintain, and repair their chassis which was given to Samuel Franke for transportation of goods on July 3, 2008; and

p. were otherwise negligent.

12. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, TRAC, and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, TRAC LEASING, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT V-NEGLIGENCE

## INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, INTERNATIONAL PAPER COMPANY, a corporation, (hereinafter "INTERNATIONAL"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states

14

as follows:

1.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.      On and before July 3, 2008, Defendant, INTERNATIONAL, was a corporation engaged in the business of selling paper and packaging products in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.      On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, INTERNATIONAL, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.      On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of trailer number CSXU 937987, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7.      On July 3, 2008, Defendant FRANKE drove the tractor trailer truck to Defendant INTERNATIONAL's facility at 2501 165th Street, Hammond, Indiana, where INTERNATIONAL loaded the aforesaid trailer with paper products.

15

8.    On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendant INTERNATIONAL, Defendant FRANKE drove the aforesaid tractor trailer truck containing INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.    On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10.    On July 3, 2008, Defendant, INTERNATIONAL, and its agent and/or apparent agent, Defendant, FRANKE, and each of them, operated and drove their tractor trailer truck  in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

11.    On and before July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

12.    On July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, INTERNATIONAL, were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

16

      d.     operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

      e.     proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

      f.     failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

      g.     failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

      h.     failed to maintain an adequate lookout for motor vehicles in front of them;

      i.     drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

      j.     failed to slow down their vehicle so as to avoid a rear end collision;

      k.     failed to keep a proper look out for vehicles traveling in front of them;

      l.     failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

      m.    were otherwise negligent.

13.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, INTERNATIONAL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

     WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants

INTERNATIONAL PAPER COMPANY, a corporation, and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT VI-NEGLIGENCE

### OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, UNIVERSAL AM CAM LTD., AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, OVERNITE EXPRESS, INC., a corporation, (hereinafter "OVERNITE"), OVERNITE LOGISTICS, INC., a corporation, (hereinafter "LOGISTICS"), OX LLC, a limited liability company, (hereinafter "OX"), UNIVERSAL AM CAM, LTD., a corporation (hereinafter "UACL"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.    On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.    On and before July 3, 2008, Defendant, OVERNITE, LOGISTICS, OX and UACL were corporations engaged in the business of interstate transportation, including truck transportation of goods in and throughout Cook County, Illinois, and maintained the office of its registered agent at 105 West Madison Street, 23rd Floor, City of Chicago, County of Cook, State of Illinois.

4.    On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.    On and before July 3, 2008, Defendant FRANKE was a duly authorized employee,

18

agent and/or apparent agent of Defendant, OVERNITE, LOGISTICS, OX and UACL and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of container number CSXU 937987, on a chassis, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7.     On and before July 3, 2008, Defendants OVERNITE, LOGISTICS, OX and UACL engaged in the business of requesting, organizing, coordinating, authorizing and arranging the transportation of goods by tractor trailer trucks through various employees, agents and apparent agents.

8.     On and before July 3, 2008, Defendants OVERNITE, LOGISTICS, OX and UACL offered, agreed, and contracted with Defendant INTERNATIONAL to transport paper products that were in Defendant INTERNATIONAL's possession, through their duly authorized employees, agents and/or apparent agents.

9.     On or about July 3, 2008 Defendants OVERNITE, LOGISTICS, OX and UACL, requested and directed Defendant MARTIN and FRANKE to pick up INTERNATIONAL'S paper product goods at a Hammond, Indiana warehouse, and transport those goods to various locations in Minnesota.

10.     On or about July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants, OVERNITE, LOGISTICS, OX and UACL, Defendant MARTIN'S and its employee Defendant FRANKE drove to a warehouse owned by Defendant INTERNATIONAL

19

to pick up a load of paper product goods for delivery in Minnesota.

11.     On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants OVERNITE, LOGISTICS, OX and UACL, Defendant FRANKE drove the aforesaid tractor trailer truck containing Defendant INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

13.     On July 3, 2008, Defendants, OVERNITE, LOGISTICS, OX , UACL, through their agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

14.     On and before July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, LOGISTICS, OX, UACL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

15.     On July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, LOGISTICS, OX, UACL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, OVERNITE, LOGISTICS, OX and UACL were negligent in one or more of the following respects:

    a.     negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicles in front of them;

    i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

    j.    failed to slow down their vehicle so as to avoid a rear end collision;

    k.    failed to keep a proper look out for vehicles traveling in front of them;

    l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

    m.    were otherwise negligent.

16.    As a proximate result of one or more of the aforesaid negligent acts or omissions of

Defendants, OVERNITE, LOGISTICS, OX, UACL and FRANKE, and each of them, JEFFREY J.

SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a

disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary

Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, OVERNITE EXPRESS, INC., a corporation, OVERNITE LOGISTICS, INC., a corporation, OX LLC, a limited liability company, UNIVERSAL AM CAM, LTD., a corporation and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

/s/ Richard F. Burke, Jr.
One of Plaintiff's Attorneys
Richard F. Burke, Jr.
ARDC No: 03121588

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160