EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of Jeffrey SCHEINMAN, a Disabled Person, | ) ) ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| -vs- | ) | Case No.: 11 cv 2687 |
|  | ) | |
| BMW of NORTH AMERICA, LLC, a Corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a Corporation, | ) ) ) ) | Judge:  Magistrate |
|  | ) | |
| Defendants and Third Party Plaintiffs, | ) ) | |
|  | ) | |
| -vs- | ) | |
|  | ) | |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, UNIVERSAL AM CAM, LTD., | ) ) ) ) ) ) ) | |
|  | ) | |
| Third Party Defendants. | ) | |

## NOTICE OF REMOVAL

NOW COME Defendants/Third Party Plaintiffs BMW of NORTH AMERICA, LLC ("BMW NA") and BAYERISCHE MOTOREN WERKE AG ("BMW AG"), by and through their attorneys, James K. Toohey and Timothy R. Couture, and pursuant to *Title 28 U.S.C. §1441, et seq. 28 U.S.C. §1332 and 28 U.S.C.§1367,* hereby give notice of removal of the above-captioned action from the Circuit Court of Cook County, Cause No. 2010 L 007496, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, state the following:

1.      On or about June 28, 2010, Plaintiff, Murray Scheinman, initiated the above captioned lawsuit by the filing of a Complaint in the Circuit Court of Cook County, Illinois, entitled *Murray Scheinman, Plenary Guardian Of The Estate And Person Of Jeffrey Scheinman, A Disabled Person v. BMW of North America, LLC, Bayerische Motoren Werke Aktiengesellschaft, Karl Knauz Motors, Inc., Knauz Motor Sales, Inc., Knauz Mini, Karl Knauz BMW, Knauz Automotive Group, Inc. and Knauz Continental Autos, Inc.*, Docket No. 2010 L 007496. The allegations set forth in Plaintiff's Complaint arise out of a vehicular collision that occurred on July 3, 2008 in Highland Park, Lake County, Illinois. In this action, Plaintiff claims that the vehicle designed and manufactured by BMW AG and imported into the United States by BMW NA was unreasonably dangerous in that it failed to protect Plaintiff from injuries and damages when Jeffrey Scheinman's BMW automobile, which was stopped at a traffic control signal, was struck from behind by a semi-tractor/trailer truck. A copy of the initial Complaint at Law is attached hereto as Exhibit A.

2.      In July 2008, Plaintiff filed a separate action in the Circuit Court of Cook County, Illinois, Docket No 08 L 007344 for the same injuries and arising from the same truck-automobile collision, against Martin's Bulk Milk Service, Inc. and Samuel Franke, alleging that Franke negligently drove the Martin's Bulk Milk truck into the rear of Scheinman's car. Defendants removed that case to the United States District Court, Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441. That case is currently pending before the District Chief Judge James Holderman. Scheinman v. Martin's Bulk Milk Service, Inc., Samuel G. Franke, CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, Universal AM CAM Ltd., Docket No. 09 C 05340. On information and belief, despite the age of the case, the Court in that case has recently

ruled on various parties' motions to dismiss, and the matter is set for an April 28, 2011 status hearing to set a discovery schedule.

3.    On August 2, 2010, Defendants BMW of North America, Inc., Karl Knauz Motors, Inc., Knauz Motor Sales, Inc., Knauz Mini, Karl Knauz BMW, Knauz Automotive Group, Inc. and Knauz Continental Autos, Inc. ("Knaus Defendants") filed a Notice of Removal of Circuit Court of Cook County, Illinois Cause No. 2010 L 007496 to this district court. In the Notice and related papers, Defendants asserted that the Knauz Defendants, all Illinois corporations, had been fraudulently joined to defeat diversity, further, the Court should summarily dismiss those defendants and it should find that complete diversity exists between the plaintiffs and defendants against whom a case and controversy exists and relief is being sought. *See* Docket No. 10 cv 4848, DKT ##1, 5.

4.    On September 30, 2010, District Judge Suzanne B. Conlon entered an order remanding the case to the Circuit Court of Cook County. The remand was based on Judge Conlon's determination that BMW NA had not fully identified the members of its limited liability corporation and therefore did not meet its burden of proof to establish complete diversity. The Court additionally found that had "serious doubts about the applicability of fraudulent joinder as the lynchpin of federal jurisdiction" in light of 735 ILCS 5/2-621 (Illinois' Distributor's Statute), she was required to resolve those doubts in favor or remand. *See* Docket 10 cv 4848 DKT # 47, pp. 7-8.

5.    On February 7, 2011, after the case was remanded to the Circuit Court of Cook County, the Court entered an order granting Defendants leave to file a third-party complaint on or before April 1, 2011. A Copy of that Order is attached hereto as Exhibit B.

3

6.     On December 10, 2011, after the case was remanded, the Knaus defendants filed a motion for their dismissal from the case.

7.     On March 25, 2011, Illinois State Circuit Court Judge Jeffrey Lawrence entered an order:

    a.  dismissing Count I (strict liability) against Karl Knaus Motors, Inc. based on 735 ILCS 5/2-621, and dismissing Count II (negligence) based on 735 ILCS 5/2-615 and 735 ILCS 5/2-619;

    b.  voluntarily dismissing of Knauz Motor Sales, Inc.", "Knauz Automotove Group, Inc.", "Knauz Mini", "Karl Knauz BMW", and "Knauz Continental Autos, Inc." by agreement of the parties based on their agreement that such parties had been improperly named and, in fact, had no connection to the sale of the subject vehicle.

    c.  ordering that the action would continue only as against BMW NA and Bayerische Motoren Werke AG.

A copy of that order dated March 25, 2011 is attached hereto as Exhibit C.

8.     On March 31, Defendants BMW NA and BMW AG filed a third-party complaint in the Circuit Court of Cook County, Illinois for contribution under the Illinois Contribution Act against each defendant named in Plaintiff's Fourth Amended Complaint, which complaint is now pending before District Judge Holderman under U.S. District Court, Northern District of Illinois Docket No. 09 C 5340.  A copy of that Third-Party Complaint is attached hereto as Exhibit D

9.     Whereas Judge Conlon held that she could not conclusively find that diversity existed as of September 30, 2010, complete diversity now exists between Plaintiff and all Defendants and Third-Party Defendants. The Knauz defendants are no longer parties to the case. Further, BMW NA herewith tenders the declaration of David Cordero of BMW NA setting forth that the sole member of BMW NA's limited liability corporation is BMW (USA) Holding Corp., a Delaware corporation with its principle place of business in New Jersey. See Declaration of David Cordero, attached hereto as Exhibit E.  Likewise, the  Declaration of Cedrik Thiele and

4

Jens Roessing, attached as Exhibit F, establishes that BMW AG is a citizen of Germany, a foreign state, incorporated in Germany and having its principal place of business in Munich, Germany.

10.    The undersigned represents both Defendants remaining in the case that it is removing and both consent to removal.   The Third-Party Defendants have not yet been served with summons and third-party complaint, but each such defendant is already before this court based on their having previously filed their own petition for removal and their own prior motions before this Court objecting to Plaintiff's attempt to add defendants for the purpose of defeating diversity. See Docket No. 09 cv 0534, DKT #1 Notice of Removal, #63-64.

11.    The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above-described action pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, for the following reasons:

    (a)    Plaintiff has filed two separate lawsuits against different defendants claiming in each suit that on July 3, 2008, Jeffrey Scheinman was stopped at a traffic signal in his BMW motor vehicle when it was struck from behind by a semi-tractor/trailer truck owned by Martin's Bulk Milk Service, Inc. and operated by Samuel Franke.

    (b)    In the first filed suit, Plaintiff Sued Martin's Bulk Service, Samuel Franke, International Paper Company, and CSX Intermodal, Inc. in 2008 in the Circuit Court of Cook County, Illinois, Docket No 2008 L 007344, alleging that their tortious conduct caused his injuries. That complaint was removed to the United States District Court, Northern District of Illinois, Eastern Division, on August 28, 2009 pursuant to pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.

    (c)    The first filed suit is currently pending before the Honorable Judge James Holderman based on Plaintiff's Fourth Amended Complaint, entitled Scheinman v. Martin's Bulk Milk Service, Inc., Samuel G. Franke, CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, Universal AM CAM Ltd., Docket No. 09 cv 05340, DKT #91.

(d)    In that case, the court has determined that it has diversity jurisdiction and has denied Plaintiff's motion to remand and to defeat diversity jurisdiction by seeking leave to join non-diverse defendants. See Order and memorandum opinion dated September 9, 2010. Docket No. 09 cv 05340, DKT # 88.

(e)    The second filed suit was filed on June 28, 2010 in the Circuit Court of Cook County, Illinois, Docket No. 2010 L 7496 brought against Defendants BMW NA LLC, Bayerische Motoren Werke Aktiengessellschaft, Karl Knaus Motors, Inc., Knaus Motor Sales, Inc., Knaus Automotive Group, Inc., Knaus Mini, Karl Knaus BMW, and Knaus Continental Autos, Inc. Plaintiff pleads a his two-count claim for relief, the first claiming that the defendants were strictly liable for selling a vehicle that was unreasonably dangerous in its design in that it did not protect him from injury in the subject collision and the second claiming that defendants were negligent in designing the vehicle that did not protect him against injury in that collision.

(f)    Defendants filed a notice of removal with an accompanying motion to dismiss the Knaus entities, asserting that they were fraudulently joined to defeat diversity. Plaintiffs moved to remand asserting that the Knaus entities were Illinois residents properly joined.

(g)    On September 30, 2010, District Judge Suzanne B. Conlon entered an order and memorandum opinion remanding the case based on lack of diversity and denying the motion to dismiss the Knaus entities based on lack of jurisdiction. See Docket No. 10 cv 4848 DKT # 47.

(h)    Following remand, the Knaus defendants were dismissed as defendants by Cook County Circuit Court Judge Jeffrey Lawrence. He dismissed the non-diverse seller-defendant Karl Knaus Motors, Inc., from the strict liability claim based on the Illinois distributor's Statute, 735 ILCS 5/2-621. He dismissed that defendant from the negligence count based on affidavits filed under 735 ILCS 5/2-619 establishing that the selling dealer had no duty in the design of the vehicle.

(i)    Complete diversity now exists between plaintiff and the remaining defendants and all other conditions for removal required by *28 U.S.C §1332(a)* to wit:

      i.  Plaintiff, Murray Scheinman, and the purported disabled individual on whose behalf he is suing, Jeffrey Scheinman, are residents and citizens of Lake County in the State of Illinois.

    ii.   BMW NA LLC, which is a limited liability corporation organized under the laws of Delaware with its principal place of business in New Jersey. The sole member of the LLC is BMW (U.S.) Holding Corp., a Delaware Corporation with its principal place of business in New Jersey. See Exhibit E.

    iii.  The Defendant, BMW AG is a corporation established under the laws of the Federal Republic of Germany, with its principal place of business in Munich, Germany.  See Exhibit F.

    iv.  According to the allegations in the Complaint, the amount of damages sought in this action is an unspecified amount in excess of $50,000.00, which is the jurisdictional limitation of the Circuit Court of Cook County, Law Division. However, there is no doubt that Plaintiff suffered catastrophic injuries, including major brain damage and third degree scarring over much of his body, thus the amount in controversy surely exceeds $75,000.00 exclusive of interest and costs;

(j)    This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division, in compliance with *28 U.S.C. §1446(b)* within thirty (30) days of the date on which the order was entered creating complete diversity of citizenship between plaintiff and all defendants.

(k)    Defendants note for this Court that in remanding the case to the Circuit Court, District Judge Conlon cited a case, which is at odds with defendants' view of federal diversity under 28 U.S.C. 1332(a).  In her earlier remand order in this case, Judge Conlon cited *Ciaccio v. Playtex* (D.C N.D. Ill. 1988) for the proposition that the state court will never lose jurisdiction over a dealer dismissed under the retailer's statute, because the dismissal is without prejudice and there remains a possibility that the dealer might be reinstated as a defendant up to final disposition of the case.    Defendants view this as an erroneous construction of 28 U.S.C. 1332 and 735 ILCS 5/2-621.    The better view is that when diversity exists under Art. III, Section 2 of the U.S. Constitution, and 28 U.S.C. 1332 in any action brought by a local resident against a citizen of another State or Foreign state against a partisan result in the local state court.  Once the local party is dismissed and the matter is headed toward trial between citizens of different states, diversity exists.    The mere fact that there exists a remote possibility of reinstatement is pure speculation in the absence of any facts suggesting the real possibility. This position was recently supported in the case of *Steel v. Ford Motor Company,* 11 C 00460, which is more applicable to the instant matter than *Ciaccio.*  In *Steel,* Ford removed the case after the Circuit Court of Cook County had

involuntarily dismissed the Illinois resident dealer. Plaintiff contended that removal can never be proper if an Illinois resident initially was named as a party and dismissed under 735 ILCS 5/2-621. Relying primarily on *Poulos v. Naas Foods,* 959 F.2d 69, 73 (7th Cir. 1992), Judge Edmond Chang discussed the cases, including Judge Conlon's decision in *Scheinman v. BMW,* concluded that Plaintiffs' position was incorrect, and held that the case was properly removed based on the fraudulent joinder of the dismissed dealer defendant. *Steel v. Ford Motor Company,* 11 C 00460, Memorandum Opinion and Order, Case: 1:11-cv-00460 Document # 24, filed: 04/19/11. Further, Plaintiff's right is protected in the event the contingency occurs. The court can remand the case to state court if the condition occurs that justifies its being brought back into the case.

12. In the alternative, and in the event that this Court finds that there is not complete diversity, the United States District Court for the Northern District of Illinois, Eastern Division, has supplemental jurisdiction over the above-described actions pursuant to 28 U.S.C. §1367 pursuant to which the entire controversy can be determined most fairly, with the greatest judicial economy, and in a manner that will protect against the possibility of inconsistent rulings and double recovery, to wit:

(a) Plaintiff has filed two separate lawsuits against different defendants. In each, he claims that on July 3, 2008, Jeffrey Scheinman was stopped at a traffic signal in his BMW motor vehicle when it was struck from behind by a semi-tractor/trailer truck owned by Martin's Bulk Milk Service, Inc. and operated by Samuel Franke.

(b) In the suit initially filed by Plaintiff, he sued Martin's Bulk Service, Samuel Franke, International Paper Company, and CSX Intermodal, Inc. in 2008 in the Circuit Court of Cook County, Illinois, Docket No 2008 L 007344, alleging that their tortious conduct caused his injuries. Defendants removed that case to the United States District Court, Northern District of Illinois, Eastern Division, on August 28, 2009 pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441. The first filed suit is currently pending before the Honorable Judge James Holderman based on Plaintiff's Fourth Amended Complaint, entitled <u>Scheinman v. Martin's Bulk Milk Service, Inc., Samuel G. Franke, CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, Universal AM CAM Ltd.,</u> Docket No. 09 C 05340, Document #91. In that first filed case, the district court

8

determined that it has diversity jurisdiction and denied Plaintiff's motion seeking leave to join non-diverse defendants to defeat diversity jurisdiction and require remand.  See Order and memorandum opinion dated September 9, 2010. Docket No. 09 C 05340, Document # 88.

(c)    Plaintiff filed this instant second filed case arising out of the same occurrence on June 28, 2010 in the Circuit Court of Cook County, Illinois, Docket No. 2010 L 7496 against Defendants BMW NA LLC, Bayerische Motoren Werke AG, as well as against the now-dismissed Karl Knaus Motors, Inc., Knaus Motor Sales, Inc., Knaus Automotive Group, Inc., Knaus Mini, Karl Knaus BMW, and Knaus Continental Autos, Inc.  In this second filed suit, Plaintiff pleads for relief in two-counts.  In Count I, he claims that the defendants are strictly liable for selling a vehicle that was unreasonably dangerous in its design in that it did not protect him from injury in the subject collision.  In Count II, he claims that defendants were negligent in designing the vehicle that did not protect him against injury in that collision.

(d)    In this second suit, Defendants have filed a third-party complaint against all of the defendants currently named in the case now pending before Judge Holderman, Docket No. 09 C 05340, by which they seek contribution under the Illinois Contribution Act based on the jury's finding of the proportionate fault of any defendant and any third-p[arty defendant in causing plaintiff's injuries.

As such, both suits are brought by the same Plaintiff, arise out of the same motor vehicle accident, plead the same indivisible injuries and damages, will require the same discovery and witness depositions, and both will require a jury to consider and rule upon the alleged negligence of Martin's Bulk Milk Service, Inc., Samuel G. Franke, CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, Universal AM CAM Ltd. This more than satisfies the requirement that supplemental jurisdiction "derive from a common nucleus of operative facts." *Sanchez and Daniels v. Koresko*, 503 F. 3d 610, 614 (7th Cir. 2007).[1]

13.    In light of the fact that the two cases arise out of the same accident, involve the same indivisible injuries, and derive from a common nucleus of operative facts,

---

[1] The basis of supplemental jurisdiction is more fully addressed in the Memorandum in Support of Defendants' Motion to Consolidate filed contemporaneously with this Notice of Removal.

contemporaneous with the filing of this Notice of Removal, Defendants BMW NA and BMW AG have filed a Motion To Consolidate the two actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure along with a Memorandum in support of said motion.

14.     Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants/Third Party Plaintiffs BMW of NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG respectfully request that this case proceed before this Court as an action properly removed.

Respectfully submitted,

JOHNSON & BELL, LTD.,


By:   _/s/ Timothy R. Couture_
      One of the Attorneys for Defendants
      BMW of NORTH AMERICA, LLC, and
      BAYERISCHE MOTOREN WERKE AG



James K. Toohey
Timothy R. Couture
Rebecca L. Matthews
JOHNSON & BELL, LTD.,
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770



Doc 2482623

10

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **NOTICE OF REMOVAL** was filed with the Court via electronic file and serve and served on all Counsel of Record, by depositing true and correct copies of same in the United States Mail, first class postage prepaid, this 21st day of April, 2011.

_____

*I certify that the statements set forth herein are true and correct*

# EXHIBIT A

2010L007496
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS CALENDAR/ROOM D
COUNTY DEPARTMENT, LAW DIVISION   TIME 00:00
Product Liability

MURRAY SCHEINMAN, Plenary          )
Guardian of the Estate and Person of )
JEFFREY J. SCHEINMAN, a Disabled    )
Person,                             )
                                    )
            Plaintiffs,             )
                                    )      No.
vs.                                 )
                                    )
BMW of NORTH AMERICA, LLC,          )
a corporation; BAYERISCHE MOTOREN   )
WERKE AKTIENGESELLSCHAFT,           )
a corporation; BMW AG, a corporation; )
KARL KNAUZ MOTORS, INC.,            )
a corporation; KNAUZ AUTOMOTIVE     )
GROUP, INC., a corporation; KNAUZ   )
MOTOR SALES, INC., a corporation;   )
KNAUZ MINI, a corporation;          )
KARL KNAUZ BMW, a corporation, and  )
KNAUZ CONTINENTAL AUTOS, INC.,      )
a corporation,                      )
                                    )
            Defendants.             )

## COMPLAINT AT LAW

### COUNT I - STRICT LIABILITY

**BMW of NORTH AMERICA, LLC, a corporation;**
**BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation;**
**BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation;**
**KNAUZ AUTOMOTIVE GROUP, INC., a corporation;**
**KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation;**
**KARL KNAUZ BMW, a corporation; and**
**KNAUZ CONTINENTAL AUTOS, INC., a corporation**

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY

J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES,

P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter


EXHIBIT
A

referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation (hereinafter collectively referred to as "KNAUZ"), state as follows:

1.      On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.      On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.      On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.    On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.    Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.    On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.    On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to ensure that the aforesaid 2008 BMW convertible vehicle, and its component parts, were not designed, manufactured, engineered, tested, assembled, marketed, distributed and sold in such a manner and condition so as to be in an unreasonably dangerous condition.

8.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.    On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.    On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled

3

a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14.     On and before July 3, 2008, and at the time the aforementioned 2008 BMW convertible vehicle left the control of Defendants BMW, BMW AG, BMW NA, and KNAUZ, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects, where Defendants:

> a.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;
>
> b.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;
>
> c.     Designed, manufactured, engineered, tested, assembled, distributed and sold

4

the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.    Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr.

5

Scheinman's body in the immediate proximity of the post-collision fire.

l.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.  Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.  Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a condition that was otherwise unreasonably dangerous.

15.  As a proximate result of one or more of the aforesaid unreasonably dangerous conditions caused by Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them,

6

JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

## COUNT II- NEGLIGENCE

**BMW of NORTH AMERICA, LLC, a corporation;
BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation;
BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation;
KNAUZ AUTOMOTIVE GROUP, INC., a corporation;
KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation;
KARL KNAUZ BMW, a corporation; and
KNAUZ CONTINENTAL AUTOS, INC., a corporation**

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a

7

corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation (hereinafter collectively referred to as "KNAUZ"), state as follows:

1.     On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.     On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.     On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.     On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was

8

engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.     Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.     On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.     On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN, in their design, manufacture, engineering, testing, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle.

8.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.     On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in

9

Highland Park, Illinois.

11. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12. On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13. On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14. On and before July 3, 2008, Defendants BMW, BMW AG, BMW NA, and KNAUZ, and each of them, were negligent in their design, manufacture, engineering, testing, inspection, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle in one or more of the following respects, where Defendants:

    a. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

    b. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

    c. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.  Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the

11

      spread of fire from the fuel system to the occupant compartment of the vehicle;

m.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.    Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.    Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.    Were otherwise negligent in their design, manufacture, engineering, testing, assembly, distribution and sale of the 2008 BMW convertible vehicle.

15.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly

12

appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

One of the Attorneys for Plaintiff

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney A. Boho-Marincsin
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 (Fax)
Attorney No. 32640

13

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. |
| | ) | |
| BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### AFFIDAVIT REGARDING DAMAGES SOUGHT

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by one of his attorneys, RICHARD F. BURKE, JR., being first duly sworn under oath, states as follows:

1.     That the affiant is one of the attorneys of record for the Plaintiff in this matter.

2.     That the total money damages sought in this civil action exceed the amount of $50,000.00.

FURTHER AFFIANT SAYETH NOT.

_____
RICHARD F. BURKE, JR.

[X]     Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

# EXHIBIT B

Case: 1:11-cv-02687 Document #: 1-2  Filed: 04/21/11 Page 2 of 2 PageID #:28     # 32

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

*Scherman*                )
                          )
        v.                )      CASE NO.  10 C 7496
                          )
*BMW, et al*              )
                          )

## ORDER

**THIS MATTER coming on to be heard** on the motion(s) of the ___Def't KNR+Z___

for (to)_____*Dismiss*_____, and the Court being fully advised in

premises, hereby set the following schedule:

1.  Movant's initial brief shall be filed in ____ days, on or before _____,
    200_;

2.  The Respondent shall have ____ days, until __3-11-11__ to respond;

3.  The Movant shall have ____ days thereafter, until __3-18-11__ to reply;

4.  The Hearing on said motion(s) is set for __3-25-11__ at _11:00_.m.
    without further notice;

5.  **The Movant(s) shall furnish courtesy** copies of all pleadings, motions, briefs,
    transcripts or other documents relevant to the motion(s) **not less than seven (7)
    days, on or before** __3-18-11__ to Judge Lawrence in Room 2208.

*for _____ _____ To 4/1/11 to File Third Party Complaint*

**NOTICE:** The Moving Party shall be responsible for timely delivery of courtesy copies
of the above-referenced briefs. The attorney representing the **moving party must
write his or her name and telephone number in the Court's Motion Book** on the
date set for the hearing.

ENTER: _____

Atty No.: _32640_
Name: _____
Address: _____
City, St. Zip: _____
Telephone: _312-699-6969_

EXHIBIT
B

ENTERED
FEB 07 2011
JUDGE JEFFREY LAWRENCE

# EXHIBIT C

Order                                                (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MURRAY SCHEINMAN, etc.

v.                                }    No. 10 L 7496

BMW of North America, Inc., et al

### ORDER

This cause coming before the Court on Defendant Karl Knauz Motors, Inc.'s motion to dismiss based on 735/LCS 2-621 as to Count I and 735/LCS 2-615 and 2-619 as to Count II, the matter having been duly noticed and briefed by the parties and the Court having heard oral argument and being advised in the premises:

It is ordered that Defendants Knauz Motor Sales, Inc., Knauz Mini, Karl Knauz BMW, Knauz Automotive Group, Inc., and Knauz Continental Autos, Inc. are dismissed voluntarily by agreement of the parties.

It is ordered that Karl Knauz Motors, Inc.'s motion to dismiss is granted as to both Counts I and II; and

It is ordered that the Plaintiffs' cause shall proceed against BMW of North America, LLC and Bayerische Motoren Werke Aktiengesellschaft only.

Atty. No.: 40344

Name: James Toohey
Johnson & Bell, Ltd.
Atty. for: Defendants

Address: 33 W. Monroe

City/State/Zip: Chicago, IL 60603

Telephone: 312-984-0283

ENTERED:

Dated:

ENTERED

MAR 2 5 2011

JUDGE JEFFREY LAWRENCE

Judge                         Judge's No.

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY



EXHIBIT
C

# EXHIBIT D

JKT/TRC/RRM                          7873-10001                    Firm ID 06347

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| MURRAY SCHEINMAN, Plenary guardian of the Estate and Person of JEFFREY SCHEINMAN, a disabled Person, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 L 7496 |
| BMW OF NORTH AMERICA, LLC, a Corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| BMW of NORTH AMERICA, LLC, a Corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a Corporation, | ) ) ) ) ) | |
| Third Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, UNIVERSAL AM CAM, LTD., | ) ) ) ) ) ) ) ) | |
| Third Party Defendants. | ) ) | |

### THIRD-PARTY COMPLAINT FOR CONTRIBUTION

NOW COME Defendants/Third Party Plaintiffs BMW OF NORTH AMERICA, LLC

("BMW NA") and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT

("BMW AG"), by and through their attorneys, JOHNSON & BELL, LTD., and for their

Third-Party Complaint for Contribution against MARTIN'S BULK SERVICE, INC.,

EXHIBIT
D

Case: 1:11-cv-02687 Document #: 1-4 Filed: 04/21/11 Page 3 of 64 PageID #:33

SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER
COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, and
UNIVERSAL AM CAM. LTD., state as follows:

      1.    Plaintiff has filed a two-count Complaint at Law against the Third Party
Plaintiffs BMW NA and BMW AG, alleging in Count I that both are strictly liable for alleged
design, manufacturing or warning defects in a 2008 135i Series BMW that was sold to
Plaintiff, and alleging in Count II that both negligently designed the vehicle and failed to warn
Plaintiff of defects in the design. Plaintiff further alleges that on July 3, 2008 in the
northbound lanes of Skokie Valley Road at Half Day Road in Highland Park, Illinois, he
suffered injuries and damages caused by such defects or negligence when the subject vehicle
was struck in the rear while at rest at a traffic control light by a fully-loaded semi-
tractor/trailer combination owned by Martin's Bulk Milk Service, Inc. and operated by
Samuel Franke. (A copy of the Complaint is attached hereto as Exhibit A.)

      2.    BMW NA and BMW AG have filed Answers and Affirmative Defenses to
Plaintiff's Complaint denying all material allegations contained therein. (Copies of the
Answers filed by BMW NA and BMW AG to Plaintiff's Complaint are attached hereto as
Exhibits B and C.)

      3.    Plaintiff also has filed a Fourth Amended Complaint in the United States
District Court for the Northern District of Illinois, Eastern Division, No. 09 C 5340, against
Martin's Bulk Service, Inc., Samuel G. Franke, CSX Intermodal, Inc., International Paper
Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, and Universal AM
CAM. Ltd., for the same injuries in the same vehicular collision, alleging that his injuries
were caused by the negligent operation of the semi-tractor/trailer combination by Samuel

2

Franke, who allegedly acted at the time as an agent or employee of each of the other defendants named in that suit. (A copy of that Complaint is attached hereto as Exhibit D.)

4.    By Plaintiff's two separate complaints, he alleges that the indivisible injuries Plaintiff suffered were caused by the tortious acts or omissions of each alleged tortfeasor.

5.    At all times relevant, there was in existence a statute commonly known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/01, *et. seq.*, which provides for the assessment of damages among joint tortfeasors found liable to an injured plaintiff in proportion to their respective percentage of fault.

5.    If the Third Party Plaintiffs are found liable to the Plaintiff based on Plaintiff's theory of vehicle crashworthiness, said liability being expressly denied, then the Third Party Plaintiff is entitled to contribution from any and each Third Party Defendant also found liable in an amount in proportion to the percentage of fault assigned to any and each Third Party Defendant in accordance with the Joint Tortfeasors Contribution Act.

WHEREFORE, Third Party Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT pray that if Plaintiff has proven that a defect in the subject vehicle or negligence of one or both Third Party Plaintiffs was a cause of Plaintiff's injuries and damages, either or both Third Party Plaintiffs will be entitled to recovery against any or each Third Party Defendant, including MARTIN'S BULK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, and UNIVERSAL AM CAM. LTD., that is found to have been a joint cause of the injuries and damages in an amount based on the percentage of fault assigned to him or it to the extent that such Third Party Defendant is liable under 735 ILCS 5/2-1117 and 740 ILCS

3

100/01, *et seq.*,, and that judgment be entered in favor of Third Party Plaintiffs and against Third-Party Defendants in such amounts as it may recover from any or each of them under the 740 ILCS 100/01, *et seq.* and 735 ILCS 5/2-1117.

JOHNSON & BELL, LTD.

By _____
One of the Attorneys for Third Party Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

James K. Toohey
Timothy Couture
Rebecca Matthews
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770

4

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary<br>Guardian of the Estate and Person of<br>JEFFREY J. SCHEINMAN, a Disabled<br>Person, | ) ) ) ) ) | 2010L007496<br>CALENDAR/ROOM D<br>TIME 00:00<br>Product Liability |
| Plaintiffs, | ) ) | |
| vs. | ) | No. |
| | ) | |
| BMW of NORTH AMERICA, LLC,<br>a corporation; BAYERISCHE MOTOREN<br>WERKE AKTIENGESELLSCHAFT,<br>a corporation; BMW AG, a corporation;<br>KARL KNAUZ MOTORS, INC.,<br>a corporation; KNAUZ AUTOMOTIVE<br>GROUP, INC., a corporation; KNAUZ<br>MOTOR SALES, INC., a corporation;<br>KNAUZ MINI, a corporation;<br>KARL KNAUZ BMW, a corporation, and<br>KNAUZ CONTINENTAL AUTOS, INC.,<br>a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COMPLAINT AT LAW

COUNT I - STRICT LIABILITY

BMW of NORTH AMERICA, LLC, a corporation;
BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation;
BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation;
KNAUZ AUTOMOTIVE GROUP, INC., a corporation;
KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation;
KARL KNAUZ BMW, a corporation; and
KNAUZ CONTINENTAL AUTOS, INC., a corporation

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY

J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES,

P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter



referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation (hereinafter collectively referred to as "KNAUZ"), state as follows:

1.    On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.    On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.    On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

2

4.    On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.    Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.    On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.    On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to ensure that the aforesaid 2008 BMW convertible vehicle, and its component parts, were not designed, manufactured, engineered, tested, assembled, marketed, distributed and sold in such a manner and condition so as to be in an unreasonably dangerous condition.

8.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.    On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.    On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled

3

a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14.     On and before July 3, 2008, and at the time the aforementioned 2008 BMW convertible vehicle left the control of Defendants BMW, BMW AG, BMW NA, and KNAUZ, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects, where Defendants:

        a.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

        b.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

        c.    Designed, manufactured, engineered, tested, assembled, distributed and sold

4

the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.  Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr.

5

Scheinman's body in the immediate proximity of the post-collision fire.

l. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r. Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s. Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a condition that was otherwise unreasonably dangerous.

15. As a proximate result of one or more of the aforesaid unreasonably dangerous conditions caused by Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them,

6

JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

## COUNT II- NEGLIGENCE

### BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation; and KNAUZ CONTINENTAL AUTOS, INC., a corporation

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a

7

corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation (hereinafter collectively referred to as "KNAUZ"), state as follows:

1.     On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.     On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.     On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.     On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was

8

engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.      Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.      On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.      On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN, in their design, manufacture, engineering, testing, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle.

8.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.      On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in

9

Highland Park, Illinois.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14.     On and before July 3, 2008, Defendants BMW, BMW AG, BMW NA, and KNAUZ, and each of them, were negligent in their design, manufacture, engineering, testing, inspection, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle in one or more of the following respects, where Defendants:

   a.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

   b.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

   c.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

10

d.    Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the

11

spread of fire from the fuel system to the occupant compartment of the vehicle;

m.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.  Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.  Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.  Were otherwise negligent in their design, manufacture, engineering, testing, assembly, distribution and sale of the 2008 BMW convertible vehicle.

15.  As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly

12

appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

      WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

One of the Attorneys for Plaintiff

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney A. Boho-Marincsin
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 (Fax)
Attorney No. 32640

13

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. |
| BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; KARL KNAUZ MOTORS, INC., a corporation; KNAUZ AUTOMOTIVE GROUP, INC., a corporation; KNAUZ MOTOR SALES, INC., a corporation; KNAUZ MINI, a corporation; KARL KNAUZ BMW, a corporation, and KNAUZ CONTINENTAL AUTOS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**AFFIDAVIT REGARDING DAMAGES SOUGHT**

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by one of his attorneys, RICHARD F. BURKE, JR., being first duly sworn under oath, states as follows:

1.    That the affiant is one of the attorneys of record for the Plaintiff in this matter.

2.    That the total money damages sought in this civil action exceed the amount of $50,000.00.

FURTHER AFFIANT SAYETH NOT.

_____
RICHARD F. BURKE, JR.

[X]    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

# EXHIBIT B

Firm No. 06347            7873-10001          JKT/TRC

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

MURRAY SCHEINMAN, Plenary Guardian )
of the Estate and Person of Jeffrey )
SCHEINMAN, a Disabled Person, )
           Plaintiff, )
       -vs- )    No. 10 L 7496
BMW of NORTH AMERICA, LLC, a )
Corporation, BAYERISCHE MOTOREN )
WERKE AKTIENGESELLSCHAFT, a )
Corporation, KARL KNAUZ MOTORS, INC., )
a Corporation, KNAUZ MOTOR SALES, INC., )
a Corporation, KNAUZ MINI, a Corporation, )
KARL KNAUZ BMW, a Corporation, and )
KNAUZ CONTINENTAL AUTOS, INC., )
a Corporation )
       Defendants )

### BMW NA'S ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, BMW of NORTH AMERICA, LLC ("BMW NA"), by and

its attorneys, JOHNSON & BELL, Ltd., and for its Answer to Plaintiff's Complaint at Law,

state as follows:

### COUNT I

1.     The allegations of paragraph 1 are not directed against the answering

Defendant and, accordingly, said Defendant neither admits nor denies said allegations.

2.     BMW NA admits that BMW NA is a Delaware corporation with a

Registered Agent in Cook County, Illinois engaged in the business of marketing and

distributing motor vehicles, including the motor vehicle specified in Plaintiff's paragraph

2, but denies the further allegations of paragraph 2.

3.     BMW NA denies the allegations of paragraph 3.



4.     BMW NA admits that on or before July 3, 2008, Defendant, KARL KNAUZ MOTORS, INC. was an Illinois corporation engaged in the business of selling motor vehicles, including the vehicle specified in Plaintiff's paragraph 4, but denies the remaining allegations of paragraph 4.

5.     BMW NA admits that KARL KNAUZ MOTORS, INC. sold the vehicle specified in Plaintiff's paragraph 5 to Jeffrey J. Scheinman before July 3, 2008, but denies the remaining allegations of paragraph 5.

6.     BMW NA admits that on July 3, 2008, Jeffrey J. Scheinman owned the vehicle specified in paragraph 6, admits on information and belief that said vehicle had been designed, manufactured, engineered and inspected by BMW AG, admits that BMW AG sold said vehicle to BMW NA, admits that BMW NA distributed said vehicle to KARL KNAUZ MOTORS, INC., and admits KARL KNAUZ MOTORS, INC. sold said vehicle to Jeffrey Scheinman prior to July 3, 2008.  BMW NA lack knowledge or information sufficient to form a belief to admit or deny Plaintiff's assertion that Jeffrey J. Scheinman was operating said motor vehicle on the date specified, and deny all other allegations of paragraph 6 not specifically admitted herein.

7.     BMW NA admits only those duties specified by law, denies that paragraph 7 properly states said duties, and therefore denies each and every allegation of paragraph 7.

8.     BMW NA admits the allegations of paragraph 8.

9.     BMW NA admits the allegations of paragraph 9.

10.     BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 10.

2

11.    BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11.

12.    BMW NA BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12.

13.    BMW NA denies each and every allegation of paragraph 13.

14.    BMW NA denies each and every allegation of paragraph 14 including subparagraphs (a) through (t).

15.    BMW NA denies each and every allegation of paragraph 15.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC    prays this Honorable Court dismiss Plaintiff's Complaint at Law so wrongfully brought, with prejudice, and award costs to Defendants.

<u>**COUNT II**</u>

1.    The allegations of paragraph 1 are not directed against the answering Defendant and, accordingly, said Defendant neither admits nor denies said allegations.

2.    BMW NA admits that BMW NA is a Delaware corporation with a Registered Agent in Cook County, Illinois engaged in the business of marketing and distributing motor vehicles, including the motor vehicle specified in Plaintiff's paragraph 2, but denies the further allegations of paragraph 2.

3.    BMW NA denies the allegations of paragraph 3.

4.    BMW NA admits that on or before July 3, 2008, Defendant, KARL KNAUZ MOTORS, INC. was an Illinois corporation engaged in the business of selling motor vehicles, including the vehicle specified in Plaintiff's paragraph 4, but denies the remaining allegations of paragraph 4.

3

5.     BMW NA admits that KARL KNAUZ MOTORS, INC. sold the vehicle specified in Plaintiff's paragraph 5 to Jeffrey J. Scheinman before July 3, 2008, but denies the remaining allegations of paragraph 5.

6.     BMW NA admits that on July 3, 2008, Jeffrey J. Scheinman owned the vehicle specified in paragraph 6, admits on information and belief that said vehicle had been designed, manufactured, engineered and inspected by BMW AG, admits that BMW AG sold said vehicle to BMW NA, admits that BMW NA distributed said vehicle to KARL KNAUZ MOTORS, INC., and admits KARL KNAUZ MOTORS, INC. sold said vehicle to Jeffrey Scheinman prior to July 3, 2008.   BMW NA lack knowledge or information sufficient to form a belief to admit or deny Plaintiff's assertion that Jeffrey J. Scheinman was operating said motor vehicle on the date specified, and deny all other allegations of paragraph 6 not specifically admitted herein.

7.     BMW NA admits only those duties specified by law, denies that paragraph 7 properly states said duties, and therefore denies each and every allegation of paragraph 7.

8.     BMW NA admits the allegations of paragraph 8.

9.     BMW NA admits the allegations of paragraph 9.

10.    BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 10.

11.    BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11.

12.    BMW NA BMW NA lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12.

4

13.    BMW NA denies each and every allegation of paragraph 13.

14.    BMW NA denies each and every allegation of paragraph 14 including subparagraphs (a) through (t).

15.    BMW NA denies each and every allegation of paragraph 15.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC    prays this Honorable Court dismiss Plaintiff's Complaint at Law so wrongfully brought, with prejudice, and award costs to Defendants.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, BMW of NORTH AMERICA, LLC  pleading in the alternative and without prejudice to the denials set forth in their Answer to Plaintiff's Complaint at Law, state the  following Affirmative Defenses:

### First Affirmative Defense

1.    Upon information and belief, on July 3, 2008, JEFFREY J. SCHEINMAN was operating his BMW automobile in a northbound direction on Skokie Valley Road at or near the intersection with Half Day Road in Highland Park, Illinois.

2.    Upon information and belief, on July 3, 2008, SAMUEL FRANKE operated and controlled a fully loaded semi tractor-trailer truck in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

3.    Upon information and belief, at said time and place, SAMUEL FRANKE operated his motor vehicle in such a manner so as to cause a collision at highway speed between the front end of his fully loaded semi tractor-trailer and the rear end of

5

the stopped BMW vehicle occupied by JEFREY J. SCHEINMAN causing injuries and damages to JEFFREY J. SCHEINMAN.

4. The acts/omissions of SAMUEL FRANKE, and/or those owners and lessors of the truck driven by SAMUEL FRANKE were the sole proximate cause of the injuries alleged in Plaintiff's Complaint at Law.

## Second Affirmative Defense

1-3. Defendant BMW NA reasserts and realleges paragraphs 1-3 of its First Affirmative Defense as Paragraphs 1-3 of this Second Affirmative Defense.

4. At all times relevant there were in effect certain government safety standards for the design, manufacture, and sale of motor vehicles sold in the United States of America that were directed to the issue of providing occupant protection in foreseeable motor vehicle crashes, including standards directed to defining the reasonable level of protection to be provided by the vehicle, structures and components specified in Plaintiff's Complaint at Count I, ¶ 14 (a) – (t) and Count II, ¶ 14 (a) – (t). *See* U.S. Department of Transportation, National Highway Safety Administration Federal Motor Vehicle Safety Standards, including FMVSs 201, 202, 205, 206, 207, 208, 209, 210, 214, 216, 223, 224, 301, 302 and 303 at 49 C.F. R. 571.201 *et seq.*

5. At the time that BMW NA purchased the subject motor vehicle from BMW AG, and at the time that it sold said vehicle to Karl Knauz Motors, Inc., the vehicle was certified by the manufacturer as having been designed, engineered, manufactured, and tested such that it met or exceeded all federal motor vehicle safety standards.

6

6.     The Court must determine as a matter of law the meaning of the federal standards, whether the standards are applicable to the challenged design, and whether the vehicle met those standards.

7.     If BMW NA establishes that the federal motor vehicle safety standards were intended to provide a reasonable level of protection in foreseeable vehicle collisions, and finds that the vehicle met all applicable federal motor vehicle safety standards, then the Court must instruct the jury concerning the purpose of the standards and the fact that the design and construction of the subject vehicle met those standards.

8.     IF BMW NA establishes that the vehicle complies with the applicable federal standards, Plaintiff must prove by competent evidence that the design was unreasonably dangerous under Illinois law in some way not covered by the applicable federal standards, that an alternative design would have provided materially better protection, and that such unreasonably dangerous condition in the BMW caused Plaintiff's injury.

9.     Plaintiff will not establish that the design of the BMW vehicle was unreasonably dangerous or that any such alleged condition caused his injuries.

### Third Affirmative Defense

1-5.     Defendant BMW NA reasserts and realleges paragraphs 1-5 of its Second Affirmative Defense as Paragraphs 1-5 of this Third Defense.

6.     The crash forces delivered by the striking vehicle were double the forces that a reasonably safe passenger vehicle is required by law to withstand.

7.     Accordingly, the collision complained of was legally unforeseeable as a matter of law.

7

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC prays this

Honorable Court dismiss Plaintiff's Complaint so wrongfully brought and award costs to

Defendants.

JOHNSON & BELL, LTD.

By: _____
      Timothy R. Couture
      One of the Attorneys for Defendants
      BMW of NORTH AMERICA, LLC


James K. Toohey
Timothy R. Couture
JOHNSON & BELL, LTD.,
33 West Monroe Street
Suite 2700
Chicago, IL 60603
(312) 372-0770
Doc No. 2591648

8

# EXHIBIT C

Firm No. 06347                    7873-10001              JKT/TRC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

MURRAY SCHEINMAN, Plenary Guardian )
of the Estate and Person of Jeffrey      )
SCHEINMAN, a Disabled Person,          )
              Plaintiff,     )
        -vs-                                 )     No. 10 L 7496
BMW of NORTH AMERICA, LLC, a        )
Corporation, BAYERISCHE MOTOREN )
WERKE AKTIENGESELLSCHAFT, a        )
Corporation, KARL KNAUZ MOTORS, INC., )
a Corporation, KNAUZ MOTOR SALES, INC., )
a Corporation, KNAUZ MINI, a Corporation, )
KARL KNAUZ BMW, a Corporation, and )
KNAUZ CONTINENTAL AUTOS, INC.,      )
a Corporation                              )
          Defendants               )

## BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW    COMES    Defendant    BAYERISCHE    MOTOREN    WERKE
AKTIENGESELLSCHAFT, informally known as "BMW AG", by its attorneys, JOHNSON
& BELL, LTD., and in answer to the allegations contained  in Plaintiff's Complaint at Law
directed against it, states:

### COUNT I

1.    Defendant admits that it is engaged in the business of designing, engineering,
testing, and manufacturing certain parts and subassemblies, and assembling motor vehicles,
including a 2008 BMW convertible bearing the vehicle identification number identified in
paragraph 1, admits that it offers such vehicles for distribution and that it sells such vehicles
to BMW NA, LLC for distribution in North America, and is without knowledge sufficient to
form a belief as to whether it manufactured any unspecified "component parts" or whether
such vehicle is owned by Jeffrey Scheinman.

2.      Defendant makes no response to allegations of Paragraph 2 not directed to it, except that it denies that BMW NA designed, manufactured, engineered, tested or assembled the subject vehicle.

3.      Defendant admits those allegations in Paragraph 3 that repeat allegations made in paragraph, but denies that it sold vehicles in Cook County, Illinois, or sold vehicles at any dealerships located in Cook County, Illinois.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, accordingly, denies said allegations.

5.      Defendant denies the allegations of Paragraph 5.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, accordingly, denies said allegations.

7.      Defendant makes no response to the allegations of Paragraph 7, which is merely a legal conclusion that improperly states this Defendant's duty under Illinois law.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, accordingly, denies said allegations.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, accordingly, denies said allegations.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, accordingly, denies said allegations.

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph11 and, accordingly, denies said allegations.

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, accordingly, denies said allegations.

13.    Defendant denies the allegations of Paragraph 13.

14.    Defendant denies each and every allegation of Paragraph 14, including subparagraphs (a) through (t).

15.    Defendant denies the allegations of Paragraph 15.

### FIRST AFFIRMATIVE DEFENSE

As its first affirmative defense, Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT states:

1.    Defendant is a manufacturer of motor vehicles.

2.    Such vehicles are not required to protect all occupants from all injuries regardless of the type or severity of the collision, but each must include in the design a reasonable level of protection of occupants in reasonably foreseeable vehicular collisions.

3.    The U.S. Department of Transportation's National Highway Traffic Safety Administration has designed, developed and promulgated specific safety standards ("FMVSS standards") that impose on the manufacturer the legal obligation to design and test any vehicle intended for sale in the United States and to certify that it meets such standards. Included therein those standards are standards directed to the vehicle systems and parts which Plaintiff alleges were not reasonably safe in the crash in which plaintiff and the subject vehicle were involved, including but not limited to, those found at 49 C.F.R. 471.201 *et seq.*, Standard Nos. 201, 207, 208, and 301. These standards provide:

> a. **"Standard No. 201; Occupant protection in interior impact.** *S1. Purpose and scope.* This standard specifies requirements to afford impact protection for occupants."
>
> b. **"Standard No. 207; Seating systems.** *S1. Purpose and scope.* This standard establishes requirements for seats, their attachment assemblies, and their installation to minimize the possibility of their failure by forces acting on them as a result of vehicle impact."

3

    c. **"Standard No. 208; Occupant crash protection.** *S1. Scope.* This standard specifies performance requirements for the protection of vehicle occupants in crashes."

    *S2. Purpose.* The purpose of this standard is to reduce the number of deaths of vehicle occupants, and the severity of injuries, by specifying vehicle crashworthiness requirements in terms of forces and accelerations measured on anthropomorphic dummies in test crashes, and by specifying equipment requirements for active and passive restraint systems.

    d. **"Standard No. 301; Fuel system integrity.** *S1. Scope.* This standard specifies requirements for the integrity of motor vehicle fuel systems.

    *S2. Purpose.* The purpose of this standard is to reduce deaths and injuries occurring from fires that result from fuel spillage during and after motor vehicle crashes...."

    4.    In order to meet its obligation under Rule 301, Defendant is required to test the design of the vehicle fuel system by crashing a 4,000 lb. barrier moving at 30 mph into the rear of the test model without leakage of fuel greater than allowed by the test standard. 49 C.F.R. 471.301.

    5.    Compliance with federal safety standards is relevant to the determination of whether the product is reasonably safe.

    6.    The 2008 BMW Model 335i convertible passed all required certification testing prior to the date BMW released it for sale in the United States, including, specifically, FMVSS Standards 201, 207, 208 and 301.

    7.    On information and belief, at the time and place alleged in Plaintiff's complaint, the subject vehicle was impacted by a tractor semi-trailer weighing at or near 50,000 lbs. at or near a speed of 50 mph. Based on those numbers, the tractor semi-trailer impacted the subject vehicle with approximately 35 times more kinetic energy than the fuel system must withstand under FMVSS Standard 301. The accident forces transferred

approximately 93% of the accident forces to the subject vehicle, causing it to change velocity at the moment of impact from 0 miles per hour to more than 45 mph and reducing the impact speed of the tractor-trailer less than 5 mph.

8.     The vehicular crash described in Plaintiff's complaint was of such enormity that it was legally unforeseeable as a matter of Illinois law and, as such, any alleged disruption of the integrity of the fuel system, seats, or occupant protection systems, as alleged, provides no evidence at all that the subject vehicle was unreasonably dangerous.

WHEREFORE, Plaintiff's complaint should be dismissed with costs, Plaintiff should take nothing from this suit, and judgment should be entered in favor of Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and against Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

As its Second Affirmative Defense an affirmative, Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT states:

1-8.    BMW AG repeats and realleges the allegations of Paragraphs 1 through 8 of its First Affirmative Defense.

9.     The conduct of the operator of the truck in driving his loaded tractor-semitrailer at highway speed as it approached a red light and the vehicle stopped on the highway at the light without slowing, stopping or taking any evasive measure prior to impact into the rear of the stopped BMW 335i was the sole proximate cause of the collision, including any leakage and ignition of fuel or compromise to the seat or occupant space upon such collision.

WHEREFORE, Plaintiff's complaint should be dismissed with costs, Plaintiff should take nothing from this suit, and judgment should be entered in favor of Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and against Plaintiffs.

<u>COUNT II</u>

1.     Defendant admits that it is engaged in the design, engineering, testing, manufacture of certain parts and subassemblies, and assembly of motor vehicles, including a 2008 BMW convertible bearing the vehicle identification number identified in paragraph 1, admits that it offers such vehicles for distribution and that it sells such vehicles to BMW NA, LLC for distribution in North America, and is without knowledge sufficient to form a belief as to whether it manufactured any unspecified "component parts" or whether such vehicle is owned by Jeffrey Scheinman.

2.     Defendant makes no response to allegations of Paragraph 2 not directed to it, except that it denies that BMW NA designed, manufactured, engineered, tested or assembled the subject vehicle.

3.     Defendant admits those allegations in Paragraph 3 that repeat allegations made in paragraph, but denies that it sold vehicles in Cook County, Illinois, or sold vehicles at any dealerships located in Cook County, Illinois.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, accordingly, denies said allegations.

5.     Defendant denies the allegations of Paragraph 5.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, accordingly, denies said allegations.

6

7.     Defendant makes no response to the allegations of Paragraph 7, which is merely a legal conclusion that improperly states this Defendant's duty under Illinois law.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, accordingly, denies said allegations.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, accordingly, denies said allegations.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, accordingly, denies said allegations.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, accordingly, denies said allegations.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, accordingly, denies said allegations.

13.     Defendant denies the allegations of Paragraph 13.

14.     Defendant denies each and every allegation of Paragraph 14, including subparagraphs (a) through (t).

15.     Defendant denies the allegations of Paragraph 15.

## FIRST AFFIRMATIVE DEFENSE

As its First Affirmative Defense an affirmative, Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT states:

1.     Defendant is a manufacturer of motor vehicles.

2.     Defendant is not required to protect all occupants from all injuries regardless of the type or severity of the collision, but instead owes a duty of due care for the safety of

Plaintiff by designing and manufacturing a motor vehicle that will provide a reasonable level of protection of occupants in reasonably foreseeable vehicular collisions.

       3.     The U.S. Department of Transportation's National Highway Traffic Safety Administration has designed, developed and promulgated specific safety standards ("FMVSS standards") that impose on the manufacturer the legal obligation to design, test and certify any vehicle intended for sale in the United States meets such standards. Included in those standards are standards directed to the vehicle systems and parts that Plaintiff alleges were not reasonably safe in the crash in which plaintiff and the subject vehicle were involved, including but not limited to those found at 49 C.F.R. 471.201 *et seq.*, Standard Nos. 201, 207, 208, and 301. These standards provide:

     a.   "**Standard No. 201; Occupant protection in interior impact.** *S1. Purpose and scope.* This standard specifies requirements to afford impact protection for occupants."

     b.   "**Standard No. 207; Seating systems.** *S1. Purpose and scope.* This standard establishes requirements for seats, their attachment assemblies, and their installation to minimize the possibility of their failure by forces acting on them as a result of vehicle impact."

     c.   "**Standard No. 208; Occupant crash protection.** *S1. Scope.* This standard specifies performance requirements for the protection of vehicle occupants in crashes."
*S2. Purpose.* The purpose of this standard is to reduce the number of deaths of vehicle occupants, and the severity of injuries, by specifying vehicle crashworthiness requirements in terms of forces and accelerations measured on anthropomorphic dummies in test crashes, and by specifying equipment requirements for active and passive restraint systems.

     d.   "**Standard No. 301; Fuel system integrity.** *S1. Scope.* This standard specifies requirements for the integrity of motor vehicle fuel systems.

     *S2. Purpose.* The purpose of this standard is to reduce deaths and injuries occurring from fires that result from fuel spillage during and after motor vehicle crashes...."

8

4.      In order to meet its obligation under Rule 301, Defendant is required to test the design of the vehicle fuel system by crashing a 4,000 lb. barrier moving at 30 mph into the rear of the test model without leakage of fuel greater than allowed by the test standard.

5.      Compliance with federal safety standards is relevant to the determination of whether the product was reasonably safe.

6.      The 2008 BMW Model 335i convertible passed all required certification testing prior to the date BMW released it for sale in the United States, including, specifically, FMVSS Standards 201, 207, 208 and 301.

7.      On information and belief, at the time and place alleged in Plaintiff's complaint, the subject vehicle was impacted by a tractor semi-trailer weighing at or near 50,000 lbs. at or near a speed of 50 mph.  Based on those numbers, the tractor semi-trailer impacted the subject vehicle with approximately 35 times more kinetic energy than the fuel system must withstand under FMVSS Standard 301.  The accident forces transferred approximately 93% of the accident forces to the subject vehicle, causing it to change velocity at the moment of impact from 0 miles per hour to more than 45 mph, and reducing the impact speed of the tractor-trailer less than 5 mph.

8.      The vehicular crash described in Plaintiff's complaint was of such enormity that it was legally unforeseeable as a matter of Illinois law, and, as such, any alleged disruption of the integrity of the fuel system, or seats or occupant protection systems, as alleged, provides no evidence at all that BMW AG breached its duty of reasonable care owed to Plaintiff.

WHEREFORE, Plaintiff's complaint should be dismissed with costs, Plaintiffs should take nothing from this suit, and judgment should be entered in favor of BAYERISCHE MOTOREN WERKE AKTIENGESELLCHAFT and against Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

As its Second Affirmative Defense an affirmative, Defendant BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT states:

1-8.    BMW AG repeats and realleges the allegations of Paragraphs 1 through 8 of its First Affirmative Defense as paragraphs 1 through 8 of this affirmative defense.

9.    The conduct of the operator of the truck in driving his loaded tractor-semitrailer at highway speed as it approached a red light and the vehicle stopped on the highway at the light without slowing, stopping or taking any evasive measure prior to impact into the rear of the stopped BMW 335i was the sole proximate cause of the collision, including any leakage and ignition of fuel or compromise to the seat or occupant space in the vehicle that may have occurred.

10

WHEREFORE, Plaintiff's complaint should be dismissed with costs, Plaintiffs should take nothing from this suit, and judgment should be entered in favor of BAYERISCHE MOTOREN WERKE AKTIENGESELLCHAFT and against Plaintiffs.

JOHNSON & BELL, LTD.,

By: _____
Timothy R. Couture
One of the Attorneys for Defendant
BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT

James K. Toohey
Timothy R. Couture
JOHNSON & BELL, LTD.,
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 984-0280
Doc No. 2591669

11

# EXHIBIT D

Case: 1:11-cv-02687 Document #: 1-4 Filed: 04/21/11 Page 43 of 64 PageID #:73

Case: 1:09-cv-05340 Document #: 53 Filed: 02/01/10 Page 1 of 22 PageID #:276

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MURRAY SCHEINMAN, Plenary )
Guardian of the Estate and Person of )
JEFFREY J. SCHEINMAN, a Disabled )
Person, )
)
         Plaintiffs, )
vs. )   Case No.:09 cv 5340
)
MARTIN'S BULK MILK SERVICE, INC., )   Honorable John A. Nordberg
SAMUEL G. FRANKE, CSX INTERMODAL, )
INC., CELTIC CARTAGE INC., )   Magistrate Susan E. Cox
CELTIC EXPRESS, INC., TRAC LEASING, INC., )
INTERNATIONAL PAPER COMPANY, )
OVERNITE EXPRESS, INC., OVERNITE )
LOGISTICS, INC., OX LLC, UNIVERSAL AM )
CAM LTD., )
)
         Defendants. )

### FOURTH AMENDED COMPLAINT AT LAW

### COUNT I - NEGLIGENCE

### MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY

J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES,

P.C., complaining of Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter

"MARTIN'S") and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

     1.     On and before July 3, 2008, Skokie Valley Road was a public way running generally

in north and south directions through Highland Park, Illinois.

     2.     On and before July 3, 2008, Half Day Road was a public way running generally in

east and west directions in Highland Park, Illinois.

     3.     On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in



the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

     4.    On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

     5.    On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

     6.    On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

     7.    On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

     8.    On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

     9.    On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

10.    On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant MARTIN'S, were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicles in front of them;

    i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

    j.    failed to slow down their vehicle so as to avoid a rear end collision;

    k.    failed to keep a proper look out for vehicles traveling in front of them;

    l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

3

m.    were otherwise negligent.

11.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

### COUNT II-NEGLIGENCE

### CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, CSX INTERMODAL, INC. (hereinafter "CSX"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.    On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.    On and before July 3, 2008, Defendant, CSX, was a corporation engaged in the business of truck transportation of consumer goods in tractor trailer trucks in and throughout Cook

4

County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.      On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, CSX, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.      On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendant CSX provided Defendant FRANKE with a CSX trailer for the transportation of paper products.

7.      On July 3, 2008, Defendants, CSX and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a trailer, number CSXU 937987, which was attached to a truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8.      On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.      On July 3, 2008, Defendants, CSX and FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused

5

serious personal injury to JEFFREY J. SCHEINMAN.

      10.    On and before July 3, 2008, and at all times mentioned herein, Defendants, CSX and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

      11.    On July 3, 2008, and at all times mentioned herein, Defendants, CSX and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant CSX, were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicles in front of them;

    i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

6

    j.       failed to slow down their vehicle so as to avoid a rear end collision;

    k.      failed to keep a proper look out for vehicles traveling in front of them;

    l.       failed to maintain a proper distance and speed between their tractor trailer truck  and the vehicle in front of them so as to avoid a rear end collision, and

    m.    were otherwise negligent.

12.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, CSX, and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, CSX INTERMODAL, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT III-NEGLIGENCE

## CELTIC CARTAGE INC., CELTIC EXPRESS, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, CELTIC CARTAGE, INC., a corporation, (hereinafter "CARTAGE"), and CELTIC EXPRESS, INC., (hereinafter "EXPRESS"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

7

2.    On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.    On and before July 3, 2008, Defendants, CARTAGE and EXPRESS, were corporations engaged in the business of truck transportation of consumer goods in tractor trailer trucks and in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.    On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.    On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendants, CARTAGE and EXPRESS, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.    On and before July 3, 2008 Defendants CARTAGE and EXPRESS leased, interchanged, provided and authorized usage of the container CSXU 937987, and chassis to Defendants MARTINS, FRANKE, CSX, and INTERNATIONAL.

7.    On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendants CARTAGE, EXPRESS, and CSX provided Defendant FRANKE with a CSX container and a chassis for the transportation of paper products.

8.    On July 3, 2008, Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, owned, operated, managed, leased, maintained and/or controlled a container, number CSXU 937987, and a chassis which was attached to a Freightliner Classic cab bearing vin number

8

1FUJF6CKX4DM02330, that Defendant FRANKE operated in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

      9.    On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

      10.    On July 3, 2008, Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

      11.    On and before July 3, 2008, and at all times mentioned herein, Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

      12.    On July 3, 2008, and at all times mentioned herein, Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendants CARTAGE and EXPRESS, were negligent in one or more of the following respects:

      a.    negligently operated, managed, maintained and controlled their motor vehicle;

      b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

      c.    operated their motor vehicle without keeping a proper and sufficient lookout;

      d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

9

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicles in front of them;

    i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

    j.    failed to slow down their vehicle so as to avoid a rear end collision;

    k.    failed to keep a proper look out for vehicles traveling in front of them;

    l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision;

    m.    failed to maintain their chassis, including its brakes, in a proper and safe condition;

    n.    failed to properly inspect, maintain, and repair their chassis which was given to Samuel Franke for transportation of goods on July 3, 2008;

    o.    negligently operated, managed, maintained and controlled their chassis; and

    p.    were otherwise negligent.

13.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, CARTAGE, EXPRESS and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the

10

Case: 1:11-cv-02687 Document #: 1-4 Filed: 04/21/11 Page 53 of 64 PageID #:83

Case: 1:09-cv-05340 Document #: 53 Filed: 02/01/10 Page 11 of 22 PageID #:286

Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, CELTIC CARTAGE, INC., a corporation, CELTIC EXPRESS, INC., a corporation, and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT IV-NEGLIGENCE

### TRAC LEASING, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, TRAC LEASING INC., (hereinafter "TRAC"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.      On and before July 3, 2008, Defendant, TRAC,  was a corporation engaged in the business of truck transportation of consumer goods in tractor trailer trucks in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout

11

Case: 1:11-cv-02687 Document #: 1-4  Filed: 04/21/11 Page 54 of 64 PageID #:84

Case: 1:09-cv-05340 Document #: 53  Filed: 02/01/10 Page 12 of 22 PageID #:287

Cook County, Illinois.

     5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant TRAC, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

     6.     On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendants INTERNATIONAL, CSX, CARTAGE, EXPRESS, and TRAC provided Defendant FRANKE with a CSX container, number CSXU 937987, and TRAC also provided Defendant FRANKE with a chassis for the transportation of paper products.

     7.     On July 3, 2008, Defendant, TRAC, owned, operated, managed, leased, maintained and/or controlled a chassis which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 which Defendant FRANKE operated in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

     8.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

     9.     On July 3, 2008, Defendant, TRAC, through its agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer truck, including the aforesaid container and chassis, in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

     10.     On and before July 3, 2008, and at all times mentioned herein, Defendants, TRAC

12

and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

11.    On July 3, 2008, and at all times mentioned herein, Defendants, TRAC and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant TRAC, were negligent in one or more of the following respects:

a.    negligently operated, managed, maintained and controlled their motor vehicle;

b.    negligently operated, managed, maintained and controlled their chassis;

c.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

d.    operated their motor vehicle without keeping a proper and sufficient lookout;

e.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

f.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

g.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

h.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

i.    failed to maintain an adequate lookout for motor vehicles in front of them;

j.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

k.    failed to slow down their vehicle so as to avoid a rear end collision;

13

Case: 1:11-cv-02687 Document #: 1-4 Filed: 04/21/11 Page 56 of 64 PageID #:86

Case: 1:09-cv-05340 Document #: 53 Filed: 02/01/10 Page 14 of 22 PageID #:289

    l.      failed to keep a proper look out for vehicles traveling in front of them;

    m.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision;

    n.    failed to maintain their chassis, including its brakes, in a proper and safe condition;

    o.    failed to properly inspect, maintain, and repair their chassis which was given to Samuel Franke for transportation of goods on July 3, 2008; and

    p.    were otherwise negligent.

12.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, TRAC, and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, TRAC LEASING, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

**COUNT V-NEGLIGENCE**

**INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE**

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, INTERNATIONAL PAPER COMPANY, a corporation, (hereinafter "INTERNATIONAL"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states

14

as follows:

    1.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

    2.    On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

    3.    On and before July 3, 2008, Defendant, INTERNATIONAL, was a corporation engaged in the business of selling paper and packaging products in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

    4.    On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

    5.    On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, INTERNATIONAL, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

    6.    On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of trailer number CSXU 937987, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

    7.    On July 3, 2008, Defendant FRANKE drove the tractor trailer truck to Defendant INTERNATIONAL's facility at 2501 165th Street, Hammond, Indiana, where INTERNATIONAL loaded the aforesaid trailer with paper products.

Case: 1:11-cv-02687 Document #: 1-4  Filed: 04/21/11 Page 58 of 64 PageID #:88

Case: 1:09-cv-05340 Document #: 53  Filed: 02/01/10 Page 16 of 22 PageID #:291

8.      On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendant INTERNATIONAL, Defendant FRANKE drove the aforesaid tractor trailer truck containing INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.      On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10.     On July 3, 2008, Defendant, INTERNATIONAL, and its agent and/or apparent agent, Defendant, FRANKE, and each of them, operated and drove their tractor trailer truck  in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

11.     On and before July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

12.     On July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, INTERNATIONAL, were negligent in one or more of the following respects:

a.      negligently operated, managed, maintained and controlled their motor vehicle;

b.      operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c.      operated their motor vehicle without keeping a proper and sufficient lookout;

16

d.  operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.  proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.  failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.  failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  failed to maintain an adequate lookout for motor vehicles in front of them;

i.  drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.  failed to slow down their vehicle so as to avoid a rear end collision;

k.  failed to keep a proper look out for vehicles traveling in front of them;

l.  failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.  were otherwise negligent.

13.  As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, INTERNATIONAL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants

17

INTERNATIONAL PAPER COMPANY, a corporation, and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT VI-NEGLIGENCE

### OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, UNIVERSAL AM CAM LTD., AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, OVERNITE EXPRESS, INC., a corporation, (hereinafter "OVERNITE"), OVERNITE LOGISTICS, INC., a corporation, (hereinafter "LOGISTICS"), OX LLC, a limited liability company, (hereinafter "OX"), UNIVERSAL AM CAM, LTD., a corporation (hereinafter "UACL"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.      On and before July 3, 2008, Defendant, OVERNITE, LOGISTICS, OX and UACL were corporations engaged in the business of interstate transportation, including truck transportation of goods in and throughout Cook County, Illinois, and maintained the office of its registered agent at 105 West Madison Street, 23rd Floor, City of Chicago, County of Cook, State of Illinois.

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.      On and before July 3, 2008, Defendant FRANKE was a duly authorized employee,

18

Case: 1:11-cv-02687 Document #: 1-4  Filed: 04/21/11 Page 61 of 64 PageID #:91

Case: 1:09-cv-05340 Document #: 53  Filed: 02/01/10 Page 19 of 22 PageID #:294

agent and/or apparent agent of Defendant, OVERNITE, LOGISTICS, OX and UACL and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

      6.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of container number CSXU 937987, on a chassis, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

      7.     On and before July 3, 2008, Defendants OVERNITE, LOGISTICS, OX and UACL engaged in the business of requesting, organizing, coordinating, authorizing and arranging the transportation of goods by tractor trailer trucks through various employees, agents and apparent agents.

      8.     On and before July 3, 2008, Defendants OVERNITE, LOGISTICS, OX and UACL offered, agreed, and contracted with Defendant INTERNATIONAL to transport paper products that were in Defendant INTERNATIONAL's possession, through their duly authorized employees, agents and/or apparent agents.

      9.     On or about July 3, 2008 Defendants OVERNITE, LOGISTICS, OX and UACL, requested and directed Defendant MARTIN and FRANKE to pick up INTERNATIONAL'S paper product goods at a Hammond, Indiana warehouse, and transport those goods to various locations in Minnesota.

      10.    On or about July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants, OVERNITE, LOGISTICS, OX and UACL, Defendant MARTIN'S and its employee Defendant FRANKE drove to a warehouse owned by Defendant INTERNATIONAL

19

Case: 1:11-cv-02687 Document #: 1-4   Filed: 04/21/11 Page 62 of 64 PageID #:92

Case: 1:09-cv-05340 Document #: 53   Filed: 02/01/10 Page 20 of 22 PageID #:295

to pick up a load of paper product goods for delivery in Minnesota.

11.     On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants OVERNITE, LOGISTICS, OX and UACL, Defendant FRANKE drove the aforesaid tractor trailer truck containing Defendant INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

13.     On July 3, 2008, Defendants, OVERNITE, LOGISTICS, OX , UACL, through their agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

14.     On and before July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, LOGISTICS, OX, UACL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

15.     On July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, LOGISTICS, OX, UACL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, OVERNITE, LOGISTICS, OX and UACL were negligent in one or more of the following respects:

        a.     negligently operated, managed, maintained and controlled their motor vehicle;

b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c. operated their motor vehicle without keeping a proper and sufficient lookout;

d. operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e. proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f. failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g. failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h. failed to maintain an adequate lookout for motor vehicles in front of them;

i. drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j. failed to slow down their vehicle so as to avoid a rear end collision;

k. failed to keep a proper look out for vehicles traveling in front of them;

l. failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m. were otherwise negligent.

16. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, OVERNITE, LOGISTICS, OX, UACL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary

21

Case: 1:11-cv-02687 Document #: 1-4  Filed: 04/21/11 Page 64 of 64 PageID #:94

Case: 1:09-cv-05340 Document #: 53  Filed: 02/01/10 Page 22 of 22 PageID #:297

Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, OVERNITE EXPRESS, INC., a corporation, OVERNITE LOGISTICS, INC., a corporation, OX LLC, a limited liability company, UNIVERSAL AM CAM, LTD., a corporation and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

/s/ Richard F. Burke, Jr.
One of Plaintiff's Attorneys
Richard F. Burke, Jr.
ARDC No: 03121588

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160

22

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MURRAY SCHEINMAN, Plenary Guardian )
of the Estate and Person of Jeffrey )
SCHEINMAN, a Disabled Person, )
                         )
         Plaintiffs, )
                         )
     -vs-                    )   NO.
                         )
BMW of NORTH AMERICA, LLC, a )
Corporation, BAYERISCHE MOTOREN )
WERKE AKTIENGESELLSCHAFT, a )
Corporation, et al., )
                         )
         Defendants. )

## DECLARATION OF DAVID CORDERO IN SUPPORT OF BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL

I, David Cordero, state and declare as follows:

1.      I am Corporate Counsel and Assistant Secretary at BMW of North America, LLC ("BMW NA"). My business address is 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677-7731. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness to any of its contents, I could and would do so under oath.

2.      I submit this Declaration in support of BMW NA and BMW AG's Notice of Removal submitted contemporaneously herewith.

### BMW NA'S STATE OF CITIZENSHIP

3.      I have reviewed the Complaint in this action titled *Murray Scheinman, Plenary Guardian of the Estate and Person of Jeffrey Scheinman, a Disabled Person v. BMW of North America, LLC and Bayerische Motoren Werke AG*, filed on June 28, 2010 in the Circuit Court of Cook County, Illinois, and am familiar with its contents.



EXHIBIT
E

4.     BMW NA is a Delaware limited liability company and has its headquarters and principal place of business in Woodcliff Lake, New Jersey.  BMW NA is not a citizen of the State of Illinois and has never been incorporated or had its principal place of business there.  The sole member of BMW NA is BMW (US) Holding Corp., a Delaware corporation that maintained, and still maintains, its headquarters and principal place of business in New Jersey. BMW (US) Holding Corp. is not a citizen of the State of Illinois and has never been incorporated or had its principal place of business there.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this __30__ day of March, 2011 at Woodcliff Lake, New Jersey.

_____
DAVID CORDERO

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of Jeffrey SCHEINMAN, a Disabled Person,<br><br>        Plaintiffs,<br><br>-vs-<br><br>BMW of NORTH AMERICA, LLC, a Corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a Corporation, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF CEDRIK THIELE AND JENS ROESSING IN SUPPORT OF NOTICE OF REMOVAL

We, Cedrik Thiele and Jens Roessing, state and declare as follows:

1.    We are Corporate Counsel at Bayerische Motoren Werke Aktiengesellschaft. Our business address is Petuelring 130, 80788 Munich, Germany. We have personal knowledge of the facts set forth in this declaration and, if called to testify as witnesses to any of its contents, we could and would do so under oath.

2.    We submit this Declaration in support of BMW of North America LLC's and Bayerische Motoren Werke Aktiengesellschaft's Notice of Removal submitted contemporaneously herewith.

### BMW AG'S CITIZENSHIP

3.    We have reviewed the Complaint in this action titled *Murray Scheinman, Plenary Guardian of the Estate and Person of Jeffrey Scheinman, a Disabled Person v. BMW of North*



EXHIBIT
F

*America, LLC and Bayerische Motoren Werke AG*, filed on June 28, 2010 in the Circuit Court of Cook County, Illinois, and are familiar with its contents.

    4.      Bayerische Motoren Werke Aktiengesellschaft is a corporation established under the laws of the Federal Republic of Germany, with its principal place of business in Munich, Germany. Bayerische Motoren Werke Aktiengesellschaft is not a citizen of the State of Illinois and has never been incorporated or had its principal place of business in Illinois.

    We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of our knowledge.

    Executed this 19 day of April, 2011 in Munich, Germany.

JENS ROESSING

CEDRIK THIELE