IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, UNIVERSAL AM CAM LTD.,<br><br>    Defendants. | Case No.: 09 cv 5340<br><br>Honorable James F. Holderman |

## INTERNATIONAL PAPER COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FOURTH AMENDED COMPLAINT, AND COUNTERCLAIMS FOR SETOFF AND CONTRIBUTION

NOW COMES Defendant, International Paper Company ("IPC"), by its attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for its Answer to Plaintiff's Fourth Amended Complaint and Affirmative Defenses, and counterclaims for setoff and contribution, states as follows:

### COUNT I – NEGLIGENCE
### MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

IPC makes no answer to Count I of Plaintiff's Fourth Amended Complaint at Law as it is not directed to IPC. To the extent that the allegations in Count I can be construed against IPC, such allegations are denied.

### COUNT II – NEGLIGENCE
### CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

IPC makes no answer to Count II of Plaintiff's Fourth Amended Complaint at Law as it is not directed to IPC. To the extent that the allegations in Count II can be construed against IPC, such allegations are denied.

## COUNT III – NEGLIGENCE
## INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE

1. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, illinois.

**ANSWER: IPC admits the allegations of Paragraph 1 of Count III of Plaintiff's Fourth Amended Complaint at Law.**

2. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, illinois.

**ANSWER: IPC admits the allegations of Paragraph 2 of Count III of Plaintiff's Fourth Amended Complaint at Law.**

3. On and before July 3, 2008, Defendant, INTERNATIONAL, was a corporation engaged in the business of selling paper and packaging products in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

**ANSWER: IPC admits the allegations of Paragraph 3 of Count III of Plaintiff's Fourth Amended Complaint at Law.**

4. On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, illinois.

**ANSWER: IPC admits that Franke was a driver of a commercial motor vehicle in interstate commerce. IPC has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 4 of Count III of Plaintiff's Fourth Amended Complaint at Law and therefore neither admits nor denies such allegations.**

2

5. On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, INTERNATIONAL, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

**ANSWER: IPC denies the allegations of Paragraph 5 of Count III of Plaintiff's Fourth Amended Complaint at law.**

6. On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of trailer number CSXU 937987, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

**ANSWER: IPC admits that at the referenced time and place Franke was operating a vehicle. IPC denies the remaining allegations in Paragraph 6 of Count III of Plaintiff's Fourth Amended Complaint at Law.**

7. On July 3, 2008, Defendant FRANKE drove the tractor trailer truck to Defendant INTERNATIONAL's facility at 2501 165th Street, Hammond, Indiana, where INTERNATIONAL loaded the aforesaid trailer with paper products.

**ANSWER: IPC admits the allegations of Paragraph 7 of Count III of Plaintiff's Fourth Amended Complaint at Law.**

8. On July 3, 2008, pursuant to the direction and supervision of Defendant INTERNATIONAL, Defendant FRANKE drove the aforesaid tractor trailer truck containing INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**ANSWER: IPC denies the allegations of Paragraph 8 of Count III of Plaintiff's Fourth Amended Complaint at law.**

130096595v1 0903067 53587

9. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**ANSWER: IPC admits that at the time and place alleged, Plaintiff, Jeffrey J. Scheinman, was operating a car northbound on Skokie Valley Road, at or near the intersection with Half Day Road in Highland Park, Illinois. IPC denies all remaining allegations of Paragraph 9 of Count III of Plaintiff's Fourth Amended Complaint.**

10. On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY 1. SCHEINMAN.

**ANSWER: IPC denies the allegations of Paragraph 10 of Count III of Plaintiff's Fourth Amended Complaint at law.**

11. On and before July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

**ANSWER: IPC denies the allegations contained in Paragraph 11 of Count III of Plaintiff's Fourth Amended Complaint, and admits to owing only those duties imposed upon it by law.**

12. On July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, INTERNATIONAL, were negligent in one or more of the following respects:

    a. negligently operated, managed, maintained and controlled their motor vehicle;

b.  operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c.  operated their motor vehicle without keeping a proper and sufficient lookout;

d.  operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.  proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.  failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.  failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  failed to maintain an adequate lookout for motor vehicles in front of them;

1.  drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.  failed to slow down their vehicle so as to avoid a rear end collision;

k.  failed to keep a proper look out for vehicles traveling in front of them;

l.  failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.  were otherwise negligent.

**ANSWER:  IPC denies the allegations of Paragraph 12 of Count III of Plaintiff's Fourth Amended Complaint at law including subparagraphs (a) through (m) inclusive.**

13.  As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, INTERNATIONAL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a

disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**ANSWER:** **IPC denies the allegations of Paragraph 13 of Count III of Plaintiff's Fourth Amended Complaint at law.**

**WHEREFORE**, Defendant, International Paper Company, prays that judgment be entered in its favor and against the plaintiff.

### COUNT IV – NEGLIGENCE
### OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, UNIVERSAL AM CAM LTD., AND SAMUEL G. FRANKE

IPC makes no answer to Count IV of Plaintiff's Fourth Amended Complaint at Law as it is not directed to IPC. To the extent that the allegations in Count IV can be construed against IPC, such allegations are denied.

### FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, International Paper Company, by its attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for its Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

1. Plaintiff's injury and damages, if any, were caused in whole or in part by the fault of other tortfeasors, including but not limited to the negligence or other fault of plaintiff Jeffrey J. Scheinman, and other persons and/or entities.

2. In the event that defendants, or any of them, are found liable to plaintiff, or any of them, such liability is less than 25% of the total cause of the fault contributing to each plaintiff's injuries and, therefore, the defendants' liability, if they are liable at all, is limited as set for in Section 2-1117 of the Illinois Code of Civil Procedure.

**WHEREFORE**, Defendant, International Paper Company, respectfully requests that if, and only if, it is found liable to the plaintiff, then any judgment against it be based on the

provisions contained in Section 2-1117 of the Illinois Code of Civil Procedure in the event that the defendants' fault is less than 25% of the fault causing plaintiff's alleged injuries and/or damages, if any.

## SECOND AFFIRMATIVE DEFENSE

1. At the time and place as alleged in the Plaintiff's Fourth Amended Complaint at Law, it was the duty of Jeffrey J. Scheinman to exercise ordinary care for his own safety and for others on the roadway.

2. Notwithstanding said duty and in direct violation thereof, Jeffrey J. Scheinman was guilty of one or more of the following negligent acts and/or omissions to act which were a proximate cause of the Plaintiff's claimed damages:

   a. Failed to keep a proper lookout to indicate his intended direction of travel;

   b. Failed to utilize proper signals to indicate his intended direction of travel;

   c. Came to a sudden and abrupt stop;

   d. Failed to follow warning and caution signs for road traffic;

   e. Traveled too fast for road conditions then and there existing; and

   f. Was otherwise careless and negligent at the time and place as alleged in the Plaintiff's Fourth Amended Complaint at Law.

WHEREFORE, Defendant, International Paper Company, denies that the plaintiff is entitled to judgment in any amount whatsoever, and prays for judgment in favor of the defendant, International Paper Company, and against the plaintiff, plus costs.

## COUNTERCLAIM FOR SETOFF

NOW COMES the Defendant, International Paper Company, by its attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for its Counterclaim for Setoff, states as follows:

130096595v1 0903067 53587

1. On or about September 30, 2010, Plaintiff, Jeffrey J. Scheinman, filed a Fourth Amended Complaint at Law against defendant, International Paper Company, alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc. No. 91).

2. IPC has denied and continues to deny all material allegations of Plaintiff's' Complaint, and specifically denied and continues to deny that IPC was negligent in causing the Plaintiff's claimed injuries and/or damages.

3. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., IPC is entitled to a setoff in the amount of any settlement paid by any party named in this action, including and Defendant or third-Party Defendant, in that settlement was paid for the same injury for which the Plaintiff now seeks recovery against IPC.

4. In the event that any party named in this action, including any Defendant or Third-Party Defendant, settles separately with the Plaintiff, IPC will be entitled to a setoff in the amount of any such settlement against any verdict returned against IPC pursuant to 740 ILCS 100/2(c) and 735 ILCS 5/2-608.

WHEREFORE, Defendant, International Paper Company, respectfully requests that in the event judgment is entered against it herein, that the judgment be reduced by the amount of any settlement entered into and between the Plaintiff and any other party.

## COUNTERCLAIM FOR CONTRIBUTION – MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

NOW COMES the Defendant, International Paper Company, by its attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for its Counterclaim for Contribution against Martin's Bulk Milk Service, Inc. and Samuel G. Franke, states as follows:

130096595v1 0903067 53587

1. On or about September 30, 2010, Plaintiff, Jeffrey J. Scheinman, filed a Fourth Amended Complaint at Law against defendant, International Paper Company, alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc No. 91).

2. Plaintiff's Complaint alleges that certain acts and/or omissions of negligence on the part of the Defendant, including, International Paper Company proximately caused Plaintiff's injuries and damages.

3. Defendant/Counter-Plaintiff, IPC has denied and continue to deny all material allegations of Plaintiff's' Complaint, and specifically denied and continues to deny that IPC was negligent in causing the Plaintiff's claimed injuries and/or damages.

4. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., was in full force and effect.

5. At all times relevant times in the Plaintiff's complaint, Samuel G. Franke was acting as an agent and employee of Martin's Bulk Milk Service, Inc.

6. At all times relevant times, Samuel G. Franke as an agent and employee of Martin's Bulk Milk Service, Inc. had a duty to exercise ordinary care and caution in the operation of his vehicle.

7. Notwithstanding the aforesaid duty, Samuel G. Franke, as an agent and employee of Martin's Bulk Milk Service, Inc. was then and there guilty of the following careless and negligent acts and / or omissions:

    a. Carelessly and negligently failed to keep his vehicle under control;

    b. Carelessly and negligently failed to maintain a proper lookout for other vehicles about said roadway;

    c. Was otherwise careless or negligent.

9

8. In the event that judgment is entered in favor of Plaintiff against this defendant, IPC, said judgment will be due in whole or in part to the negligence or other fault of Samuel G. Franke and Martin's Bulk Milk Service, Inc.

9. In the event this defendant, IPC is held liable to the Plaintiff, which liability this defendant expressly denies, then this defendant is entitled to contribution from Samuel G. Franke and Martin's Bulk Milk Service, Inc. in an amount equal to Samuel G. Franke's and Martin's Bulk Milk Service, Inc.'s pro rata share of liability under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq.

WHEREFORE, Defendant/Counter-Plaintiff International Paper Company respectfully requests that in the event judgment is entered in favor of the Plaintiff, and against this Defendant/Counter-Plaintiff, that judgment also be entered against Martin's Bulk Milk Service, Inc. and Samuel G. Franke and in favor of this Defendant/Counter-Plaintiff, by way of contribution in such an amount as is commensurate with the pro rata share of liability of Martin's Bulk Milk Service, Inc. and Samuel G. Franke, under the Illinois Contribution Among Joint Tortfeasors Act, in causing or contributing to the cause of the injuries and/or damages, if any, sustained by the Plaintiff, and Martin's Bulk Milk Service, Inc. and Samuel G. Franke. Defendant/Counter-Plaintiff International Paper Company further requests that it be awarded its recoverable costs of suit.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/William Yu
William Yu

Carlton D. Fisher
William Yu
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450
cfisher@hinshawlaw.com
wyu@hinshawlaw.com

11

130096595v1 0903067 53587

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2011, I electronically filed the attached **Answer and Affirmative Defenses to Plaintiff's Fourth Amended Complaint at Law, and Counterclaims for Setoff and Contribution** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By   /s/William Yu
William Yu
Attorney Bar No. 6238406
HINSHAW & CULBERTSON
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000
wyu@hinshawlaw.com

130096595v1 0903067 53587