IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, UNIVERSAL AM CAN LTD.,<br><br>Defendants. | Case No.: 09 cv 5340<br><br>Honorable James F. Holderman |

## UNIVERSAL AM CAN LTD. D/B/A AND SUCCESSOR TO OVERNITE EXPRESS, OVERNITE EXPRESS, AND OX LLC,'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FOURTH AMENDED COMPLAINT, AND COUNTERCLAIMS FOR SETOFF AND CONTRIBUTION

NOW COMES Defendant, UNIVERSAL AM CAN LTD. d/b/a and Successor to OVERNITE EXPRESS, OVERNITE EXPRESS, and OX LLC ("UACL/OEI/OX"), by its attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for their Answer to Plaintiff's Fourth Amended Complaint and Affirmative Defenses, and counterclaims for setoff and contribution, state as follows:

### COUNT I – NEGLIGENCE
### MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

Defendant, UACL/OEI/OX, makes no answer to Count I of Plaintiff's Fourth Amended Complaint at Law as it is not directed to UACL/OEI/OX. To the extent that the allegations in Count I can be construed against UACL/OEI/OX, such allegations are denied and proof is demanded thereof.

## COUNT II – NEGLIGENCE
## CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

Defendant, UACL/OEI/OX makes no answer to Count II of Plaintiff's Fourth Amended Complaint at Law as it is not directed to UACL/OEI/OX. To the extent that the allegations in Count II can be construed against UACL/OEI/OX, such allegations are denied and proof is demanded thereof.

## COUNT III – NEGLIGENCE
## INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE

Defendant, UACL/OEI/OX, makes no answer to Count III of Plaintiff's Fourth Amended Complaint at Law as it is not directed to UACL/OEI/OX. To the extent that the allegations in Count III can be construed against it such allegations are denied and proof is demanded thereof.

## COUNT IV – NEGLIGENCE
## OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, UNIVERSAL AM CAN LTD., AND SAMUEL G. FRANKE

1. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, illinois.

**ANSWER: UACL/OEI/OX admits the allegations of Paragraph 1 of Count IV of Plaintiff's Fourth Amended Complaint at Law.**

2. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

**ANSWER: UACL/OEI/OX admits the allegations of Paragraph 2 of Count IV of Plaintiff's Fourth Amended Complaint at Law.**

3. On and before July 3,2008, Defendant, OVERNITE, LOGISTICS, OX and UACL were corporations engaged in the business of interstate transportation, including truck transportation of goods in and throughout Cook County, illinois, and maintained the office of its

registered agent at 105 West Madison Street, 23rd Floor, City of Chicago, County of Cook, State of Illinois.

**ANSWER: UACL/OEI/OX only admits that it maintained the office of its registered agent at the referenced place. UACL/OEI/OX denies the remaining allegations in Paragraph 3 of Count IV of Plaintiff's Fourth Amended Complaint at Law.**

4. On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

**ANSWER: UACL/OEI/OX admits that Franke was a driver of a commercial motor vehicle in interstate commerce and has insufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 4 of Plaintiff's Fourth Amended Complaint at Law.**

5. On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, OVERNITE, LOGISTICS, OX and UACL and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

**ANSWER: UACL/OEI/OX denies the allegations of Paragraph 5 of Count IV of Plaintiff's Fourth Amended Complaint at Law.**

6. On July 3, 2008, Defendants, MARTIN'S and FRANKE, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of container number CSXU 937987, on a chassis, which was attached to a Freightliner Classic cab bearing vin number IFUJF6CKX4DM02330.

130098359v1 0903067 53587

ANSWER: UACL/OEI/OX admits that at the referenced time and place Franke was operating a vehicle and has insufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 6 of Plaintiff's Fourth Amended Complaint at Law.

7. On and before July 3, 2008, Defendants OVERNITE, LOGISTICS, OX and UACL engaged in the business of requesting, organizing, coordinating, authorizing and arranging the transportation of goods by tractor trailer trucks through various employees, agents and apparent agents.

ANSWER: UACL/OEI/OX admits only that it was operating as a transportation broker pursuant to its contracts with IPC and MBMS on July 3, 2008, and denies the remaining allegations contained in Paragraph 7 of Count IV of Plaintiff's Fourth Amended Complaint at Law as unsupported conclusions of law.

8. On and before July 3, 2008, Defendants OVERNITE, LOGISTICS, OX and UACL offered, agreed, and contracted with Defendant INTERNATIONAL to transport paper products that were in Defendant INTERNATIONAL's possession, through their duly authorized employees, agents and/or apparent agents.

ANSWER: UACL/OEI/OX admits only that it was operating as a transportation broker pursuant to its contracts with IPC and MBMS on July 3, 2008, and denies the remaining allegations contained in Paragraph 8 of Count IV of Plaintiff's Fourth Amended Complaint at Law as unsupported conclusions of law.

9. On or about July 3, 2008 Defendants OVERNITE, LOGISTICS, OX and UACL, requested and directed Defendant MARTIN and FRANKE to pick up INTERNATIONAL'S paper product goods at a Hammond, Indiana warehouse, and transport those goods to various locations in Minnesota.

130098359v1 0903067 53587

**ANSWER:** **UACL/OEI/OX admits only that it was operating as a transportation broker pursuant to its contracts with IPC and MBMS on July 3, 2008, and denies the remaining allegations contained in Paragraph 9 of Count IV of Plaintiff's Fourth Amended Complaint at Law as unsupported conclusions of law.**

10. On or about July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants, OVERNITE, LOGISTICS, OX and UACL, Defendant MARTIN'S and its employee Defendant FRANKE drove to a warehouse owned by Defendant INTERNATIONAL to pick up a load of paper product goods for delivery in Minnesota.

**ANSWER:** **UACL/OEI/OX admits only that it was operating as a transportation broker pursuant to its contracts with IPC and MBMS on July 3, 2008, and denies the remaining allegations contained in Paragraph 10 of Count IV of Plaintiff's Fourth Amended Complaint at Law as unsupported conclusions of law.**

11. On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants OVERNITE, LOGISTICS, OX and UACL, Defendant FRANKE drove the aforesaid tractor trailer truck containing Defendant INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**ANSWER:** **UACL/OEI/OX admits only that it was operating as a transportation broker pursuant to its contracts with IPC and MBMS on July 3, 2008, and denies the remaining allegations contained in Paragraph 11 of Count IV of Plaintiff's Fourth Amended Complaint at Law as unsupported conclusions of law.**

12. On July 3, 2008, JEFFREY 1. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

130098359v1 0903067 53587

**ANSWER:** UACL/OEI/OX admits that at the time and place alleged, Plaintiff, Jeffrey J. Scheinman, was operating a car northbound on Skokie Valley Road, at or near the intersection with Half Day Road in Highland Park, Illinois. UACL/OEI/OX denies all remaining allegations of Paragraph 12 of Count IV of Plaintiff's Fourth Amended Complaint.

13. On July 3, 2008, Defendants, OVERNITE, LOGISTICS, OX, UACL, through their agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

**ANSWER:** UACL/OEI/OX denies the allegations of Paragraph 13 of Count IV of Plaintiff's Fourth Amended Complaint at Law.

14. On and before July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, LOGISTICS, OX, UACL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

**ANSWER:** UACL/OEI/OX denies the allegations contained in Paragraph 14 of Count IV of Plaintiff's Fourth Amended Complaint, and admits to owing only those duties imposed upon it by law.

15. On July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, LOGISTICS, OX, UACL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, OVERNITE, LOGISTICS, OX and UACL were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

130098359v1 0903067 53587

b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c. operated their motor vehicle without keeping a proper and sufficient lookout;

d. operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e. proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f. failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g. failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h. failed to maintain an adequate lookout for motor vehicles in front of them;

i. drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j. failed to slow down their vehicle so as to avoid a rear end collision;

k. failed to keep a proper look out for vehicles traveling in front of them;

l. failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m. were otherwise negligent.

**ANSWER:** **UACL/OEI/OX denies the allegations of Paragraph 15 of Count IV of Plaintiff's Fourth Amended Complaint at law including subparagraphs (a) through (m) inclusive.**

16. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, OVERNITE, LOGISTICS, OX, UACL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing

him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**ANSWER:** UACL/OEI/OX denies the allegations of Paragraph 13 of Count IV of Plaintiff's Fourth Amended Complaint at law.

**WHEREFORE**, Defendant, UACL/OEI/OX, prays that judgment be entered in its favor and against the plaintiff.

### FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, UACL/OEI/OX, by its attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for their Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

1. Plaintiff's injury and damages, if any, were caused in whole or in part by the fault of other tortfeasors, including but not limited to the negligence or other fault of plaintiff Jeffrey J. Scheinman, and other persons and/or entities.

2. In the event that defendant, or any of them, are found liable to plaintiff, or any of them, such liability is less than 25% of the total cause of the fault contributing to each plaintiff's injuries and, therefore, the defendants' liability, if they are liable at all, is limited as set for in Section 2-1117 of the Illinois Code of Civil Procedure.

**WHEREFORE**, Defendant, UACL/OEI/OX, respectfully requests that if, and only if, it is found liable to the plaintiff, then any judgment against it be based on the provisions contained in Section 2-1117 of the Illinois Code of Civil Procedure in the event that the defendants' fault is less than 25% of the fault causing plaintiff's alleged injuries and/or damages, if any.

130098359v1 0903067 53587

## SECOND AFFIRMATIVE DEFENSE

1. At the time and place as alleged in the Plaintiff's Fourth Amended Complaint at Law, it was the duty of Jeffrey J. Scheinman to exercise ordinary care for his own safety and for others on the roadway.

2. Notwithstanding said duty and in direct violation thereof, Jeffrey J. Scheinman was guilty of one or more of the following negligent acts and/or omissions to act which were a proximate cause of the Plaintiff's claimed damages:

   a. Failed to keep a proper lookout to indicate his intended direction of travel;

   b. Failed to utilize proper signals to indicate his intended direction of travel;

   c. Came to a sudden and abrupt stop;

   d. Failed to follow warning and caution signs for road traffic;

   e. Traveled too fast for road conditions then and there existing; and

   f. Was otherwise careless and negligent at the time and place as alleged in the Plaintiff's Fourth Amended Complaint at Law.

WHEREFORE, Defendant, UACL/OEI/OX, denies that the plaintiff is entitled to judgment in any amount whatsoever, and prays for judgment in favor of the defendant, UACL/OEI/OX, and against the plaintiff, plus costs.

## COUNTERCLAIM FOR SETOFF

NOW COMES the Defendant, UACL/OEI/OX, by its attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for its Counterclaim for Setoff, states as follows:

1. On or about September 30, 2010, Plaintiff, Jeffrey J. Scheinman, filed a Fourth Amended Complaint at Law against Defendant UACL/OEI/OX, alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley

130098359v1 0903067 53587

Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc. No. 91).

2. UACL/OEI/OX has denied and continues to deny all material allegations of Plaintiff's Complaint, and specifically denied and continues to deny that UACL/OEI/OX was negligent in causing the Plaintiff's claimed injuries and/or damages.

3. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., IPC is entitled to a setoff in the amount of any settlement paid by any party named in this action, including and Defendant or third-Party Defendant, in that settlement was paid for the same injury for which the Plaintiff now seeks recovery against IPC.

4. In the event that any party named in this action, including any Defendant or Third-Party Defendant, settles separately with the Plaintiff, UACL/OEI/OX will be entitled to a setoff in the amount of any such settlement against any verdict returned against UACL/OEI/OX pursuant to 740 ILCS 100/2(c) and 735 ILCS 5/2-608.

WHEREFORE, Defendant, UACL/OEI/OX, respectfully requests that in the event judgment is entered against it herein, that the judgment be reduced by the amount of any settlement entered into and between the Plaintiff and any other party.

## COUNTERCLAIM FOR CONTRIBUTION – MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

NOW COMES the Defendant, UACL/OEI/OX, by its attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for its Counterclaim for Contribution against Martin's Bulk Milk Service, Inc. and Samuel G. Franke, states as follows:

1. On or about September 30, 2010, Plaintiff, Jeffrey J. Scheinman, filed a Fourth Amended Complaint at Law against defendant, UACL/OEI/OX, alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley

Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc No. 91).

2. Plaintiff's Complaint alleges that certain acts and/or omissions of negligence on the part of the Defendants, including, UACL/OEI/OX proximately caused Plaintiff's injuries and damages.

3. Defendant/Counter-Plaintiff, UACL/OEI/OX has denied and continue to deny all material allegations of Plaintiff's Complaint, and specifically denied and continues to deny that UACL/OEI/OX was negligent in causing the Plaintiff's claimed injuries and/or damages.

4. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., was in full force and effect.

5. At all times relevant times in the Plaintiff's complaint, Samuel G. Franke was acting as an agent and employee of Martin's Bulk Milk Service, Inc.

6. At all times relevant times, Samuel G. Franke as an agent and employee of Martin's Bulk Milk Service, Inc. had a duty to exercise ordinary care and caution in the operation of his vehicle.

7. Notwithstanding the aforesaid duty, Samuel G. Franke, as an agent and employee of Martin's Bulk Milk Service, Inc. was then and there guilty of the following careless and negligent acts and / or omissions:

    a. Carelessly and negligently failed to keep his vehicle under control;

    b. Carelessly and negligently failed to maintain a proper lookout for other vehicles about said roadway;

    c. Was otherwise careless or negligent.

8. In the event that judgment is entered in favor of Plaintiff against this Defendant, UACL/OEI/OX, said judgment will be due in whole or in part to the negligence or other fault of Samuel G. Franke and Martin's Bulk Milk Service, Inc.

130098359v1 0903067 53587

9. In the event this defendant, UACL/OEI/OX is held liable to the Plaintiff, which liability this defendant expressly denies, then this defendant is entitled to contribution from Samuel G. Franke and Martin's Bulk Milk Service, Inc. in an amount equal to Samuel G. Franke's and Martin's Bulk Milk Service, Inc.'s pro rata share of liability under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq.

WHEREFORE, Defendant/Counter-Plaintiff, UACL/OEI/OX respectfully requests that in the event judgment is entered in favor of the Plaintiff, and against this Defendant/Counter-Plaintiff, that judgment also be entered against Martin's Bulk Milk Service, Inc. and Samuel G. Franke and in favor of this Defendant/Counter-Plaintiff, by way of contribution in such an amount as is commensurate with the pro rata share of liability of Martin's Bulk Milk Service, Inc. and Samuel G. Franke, under the Illinois Contribution Among Joint Tortfeasors Act, in causing or contributing to the cause of the injuries and/or damages, if any, sustained by the Plaintiff, and Martin's Bulk Milk Service, Inc. and Samuel G. Franke. Defendant/Counter-Plaintiff, UACL/OEI/OX further requests that it be awarded its recoverable costs of suit.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/William Yu
William Yu

Carlton D. Fisher
William Yu
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450
cfisher@hinshawlaw.com
wyu@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2011, I electronically filed on behalf of **Defendant, UACL/OEI/OX, its Answer and Affirmative Defenses to Plaintiff's Fourth Amended Complaint at Law, and Counterclaims for Setoff and Contribution** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By   /s/William Yu
William Yu
Attorney Bar No. 6238406
HINSHAW & CULBERTSON
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000
wyu@hinshawlaw.com