UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,

Plaintiff,

vs.

MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, and UNIVERSAL AM CAM, LTD.

Defendants.

Case No.: 09 CV 05340

**ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT, INTERNATIONAL PAPER COMPANY'S, COUNTERCLAIM FOR CONTRIBUTION**

NOW COME the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Answer and Affirmative Defenses to the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution, state as follows:

1. On or about September 30, 2010, Plaintiff, Jeffrey J. Scheinman, filed a Fourth Amended Complaint at Law against defendant, International Paper Company, alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley Road at or near its interaction with Half Day Road in Highland, Park, Illinois. (ECF Doc No. 91).

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**

**G. FRANKE, admit that Plaintiff has filed a Fourth Amended Complaint at Law against the Defendants, including UACL/OEI/OX. The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the remaining allegations contained in Paragraph 1 of INTERNATIONAL PAPER COMPANY's Counterclaim for Contribution.**

2. Plaintiff's Complaint alleges that certain acts and/or omissions of negligence on the part of the Defendant, including, International Paper Company proximately caused Plaintiff's injuries and damages.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit that Plaintiff has filed a Fourth Amended Complaint at Law against the Defendants, including UACL/OEI/OX. The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the remaining allegations contained in Paragraph 2 of UACL/OEI/OX's Counterclaim for Contribution.**

3. Defendant/Counter-Plaintiff, IPC has denied and continue to deny all material allegations of Plaintiff's Complaint, and specifically denied and continues to deny that IPC was negligent in causing the Plaintiff's claimed injuries and/or damages.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the allegations contained in Paragraph 3 of INTERNATIONAL PAPER COMPANY's Counterclaim for Contribution.**

4. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., was in full force and effect.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**

**G. FRANKE, admit the existence of the Act, but deny its applicability to the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, in this matter.**

5. At all times relevant times in the Plaintiff's Complaint, Samuel G. Franke was acting as an agent and employee of Martin's Bulk Milk Service, Inc.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the referenced employment relationship and admit only that at the referenced time and place Defendant, FRANKE, was operating a vehicle pursuant to operating authority granted to Defendant, MARTIN'S BULK MILK SERVICE, INC., by the United States Department of Transportation. The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the remaining allegations contained in Paragraph 5 of INTERNATIONAL PAPER COMPANY's Counterclaim for Contribution.**

6. At all times relevant times, Samuel G. Franke as an agent and employee of Martin's Bulk Milk Service, Inc. had a duty to exercise ordinary care and caution in the operation of his vehicle.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the referenced employment relationship and admit only that at the referenced time and place Defendant, FRANKE, was operating a vehicle pursuant to operating authority granted to Defendant, MARTIN'S BULK MILK SERVICE, INC., by the United States Department of Transportation. The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit all duties imposed by law and none other; to the extent that the allegations**

**set forth in Paragraph 6 of INTERNATIONAL PAPER COMPANY's Counterclaim for Contribution are at variance therewith, these Defendants deny the same.**

7. Notwithstanding the aforesaid duty, Samuel G. Franke, as an agent and employee of Martin's Bulk Milk Service, Inc. was then and there guilty of the following careless and negligent acts and/or omissions:

a. Carelessly and negligently failed to keep his vehicle under control;

b. Carelessly and negligently failed to maintain a proper lookout for other vehicles about said roadway;

c. Was otherwise careless or negligent.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the allegations contained in Paragraph 7 of INTERNATIONAL PAPER COMPANY's Counterclaim for Contribution, and further deny sub-paragraphs (a) through (c) of Paragraph 7 of Count I of INTERNATIONAL PAPER COMPANY's Counterclaim for Contribution.**

8. In the event that judgment is entered in favor of Plaintiff against this defendant, IPC, said judgment will be due in whole or in part to the negligence or other fault of Samuel G. Franke and Martin's Bulk Milk Service, Inc.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the allegations contained in Paragraph 8 of INTERNATIONAL PAPER COMPANY's Counterclaim for Contribution.**

9. In the event this defendant, IPC is held liable to the Plaintiff, which liability this defendant expressly denies, then this defendant is entitled to contribution from Samuel G. Franke and Martin's Bulk Milk Service, Inc. in an amount equal to Samuel G.

Franke's and Martin's Bulk Milk Service, Inc.'s pro rata share of liability under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the allegations contained in Paragraph 9 of INTERNATIONAL PAPER COMPANY's Counterclaim for Contribution.**

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

**AFFIRMATIVE DEFENSES**

**ALL COUNTS**

**FIRST AFFIRMATIVE DEFENSE**

The Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution fails to state a cause of action.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff failed to mitigate his damages.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by the relevant statute of limitations.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

**FOURTH AFFIRMATIVE DEFENSE**

1. At the time and place as alleged in the Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution, it was the duty of JEFFREY J. SCHEINMAN to exercise ordinary care for his own safety and for others on the roadway.

2. Notwithstanding said duty and in direct violation thereof, JEFFREY J. SCHEINMAN was guilty of one or more of the following negligent acts and/or omissions to act which were a proximate cause of the Plaintiff's claimed damages:

a. Failed to keep a proper lookout for other vehicles, and equipment, lawfully upon the roadway;

b. Failed to utilize proper signals to indicate his intended direction of travel;

c. Came to a sudden and abrupt stop;

d. Failed to follow warning and caution signs for road traffic;

e. Traveled too fast for road conditions then and there existing; and

f. Was otherwise careless and negligent at the time and place as alleged in the Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution.

3. As a result of JEFFREY J. SCHEINMAN's careless and negligent acts, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, pray as follows:

A. In the event JEFFREY J. SCHEINMAN's negligence contributed to Plaintiff's alleged injuries and damages in an amount of fifty-one percent (51%) or more, that judgment be entered in favor of the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, and against the Plaintiff, or in the alternative;

B. In the event JEFFREY J. SCHEINMAN's negligence contributed to Plaintiff's alleged injuries and damages in an amount less than fifty-one percent (51%), that any recovery by the Plaintiff shall be reduced by an amount equal to the share of the negligence attributable to JEFFREY J. SCHEINMAN.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary

Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

**FIFTH AFFIRMATIVE DEFENSE**

1. At the time and place alleged in the Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution, there was in full force and effect a statute known as 735 ILCS 5/2-1117, which provided as follows:

> Except as provided in Section 2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence or product liability based on strict tort liability, all Defendants found liable are jointly and severally liable for Plaintiffs past and future medical and medically related expenses. Any Defendants whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any Third-Party Defendants who could have been sued by the Plaintiff, shall be severally liable for all other damages. Any Defendants whose fault, as determined by the trier of fact is 25% or greater of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any Third-Party Defendants who could have been sued by the Plaintiff shall be jointly and severally liable for all other damages.

2. At the time of and/or immediately prior to the occurrence alleged in the Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution, JEFFREY J. SCHEINMAN was under a duty to act with ordinary and due care and caution for his own safety and in a manner so as to not injure or cause injury or damage to himself or others.

3. The alleged liability of MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, if any, which alleged liability they deny under the allegations contained in the Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution, is less than 25% of the total fault attributable to the Plaintiff, JEFFREY J. SCHEINMAN, the Defendants sued by the Plaintiff, and any Third-Party Defendants or any persons or entities that could have been sued by the Plaintiff.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, request that in the event that there is a finding of fault against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, which liability they deny, under the Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution, that the Court enter an Order limiting the alleged liability, if any, of Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, to that percentage of their alleged fault under 25%, if any, for alleged damages under Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution, other than any alleged proven past and future medical and medically related expense pursuant to 735 ILCS 5/2-1117.

**SIXTH AFFIRMATIVE DEFENSE**

1. On or about September 30, 2010, the Plaintiff filed a Fourth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, seeking recovery for alleged damages suffered by

the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person.

2. At the time of the subject occurrence as alleged in the Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution, there was in full force and effect in the State of Illinois a certain Act entitled "Joint Tortfeasor Contribution Act," 740 ILCS 100/0.01 et seq., which applies to actions for contribution accruing on or after March 1, 1978.

3. Should any, or all, of the Defendants, Third-Party Defendants and/or any other parties, persons or entities that may be liable to the Plaintiff in tort resolve or settle the Plaintiff's claim against them, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, are entitled to a set-off and reduction of any judgment entered against it in an amount equal to the consideration paid by the settling Defendants, Third-Party Defendants and/or any other parties, persons, or entities.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, request that in the event that there is a finding of fault against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, if any, liability for which Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny, under the Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution, that the Court enter an Order reducing any judgment against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, in an amount equivalent to consideration paid by any, or all, settling Defendants, Third-Party

Defendants and/or any other parties, persons, or entities that may be liable to the Plaintiff in tort, individually or collectively, and joint tortfeasors in settlement of the Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution against them.

**SEVENTH AFFIRMATIVE DEFENSE**

1. On or about September 30, 2010, the Plaintiff filed a Fourth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, seeking recovery for alleged damages suffered by the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person.

2. The fault of any settling Defendants, Third-Party Defendants and/or any other parties, persons or entities that may be liable to the Plaintiff in tort were the sole proximate cause of the injuries and damages claimed in Plaintiff's Fourth Amended Complaint at Law and the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, hereby incorporate and rely upon all affirmative defenses incorporated in Federal Rules of Civil Procedure 8(c).

**DEMAND FOR A TRIAL BY JURY**

The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, hereby demand a trial by jury on all Counts and claims triable to a jury of the Defendant, INTERNATIONAL PAPER COMPANY's, Counterclaim for Contribution.

**COUNTERCLAIM FOR CONTRIBUTION**

NOW COME the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Counterclaim for Contribution, state as follows:

1. On or about September 30, 2010, the Plaintiff filed a Fourth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, seeking recovery for alleged damages suffered by the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person.

2. On the date, time, and place as alleged in the Plaintiff's Fourth Amended Complaint at Law, INTERNATIONAL PAPER COMPANY had the duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

3. Notwithstanding said duties and in direct violation thereof, INTERNATIONAL PAPER COMPANY was allegedly guilty of the following negligent acts and/or omissions to act:

a. Allegedly negligently operated, managed, maintained and controlled their motor vehicle;

b. Allegedly operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c. Allegedly operated their motor vehicle without keeping a proper and sufficient lookout;

d. Allegedly operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e. Allegedly proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes,1992, Chapter 625, Act 5, Section 11-601;

f. Allegedly failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g. Allegedly failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h. Allegedly failed to maintain an adequate lookout for motor vehicles in front of them;

i. Allegedly drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j. Allegedly failed to slow down their vehicle so as to avoid a rear end collision;

k. Allegedly failed to keep a proper look out for vehicles traveling in

front of them;

l. Allegedly failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m. Was otherwise allegedly careless and negligent.

4. At the time of the subject occurrence as alleged in the Fourth Amended Complaint at Law, there was in full force and effect in the State of Illinois a certain Act entitled "Joint Tortfeasor Contribution Act," 740 ILCS 100/0.01 et seq., which applies to actions for contribution accruing on or after March 1, 1978.

5. If the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, are found liable to the Plaintiff for any alleged damages in connection with the Fourth Amended Complaint at Law it will be due in whole or substantial part to the negligent acts and/or omissions to act of INTERNATIONAL PAPER COMPANY.

6. If the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, are found liable to the Plaintiff for any amount whatsoever, which liability is denied by the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, then the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, are entitled to contribution from INTERNATIONAL PAPER COMPANY for INTERNATIONAL PAPER COMPANY's pro rata share of fault as is allowable pursuant to statute and applicable case law, and the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, further entitled to contribution from INTERNATIONAL PAPER COMPANY.

WHEREFORE, Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, respectfully request that in the event the trier of fact renders a

judgment against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, that this Court enter an Order granting the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, the right of contribution as against the Defendant, INTERNATIONAL PAPER COMPANY, in an amount commensurate with the pro rata share of liability attributable against INTERNATIONAL PAPER COMPANY, and for any other relief that this Court deems appropriate under the circumstances.

MULHERIN, REHFELDT & VARCHETTO, P.C.

By: _s/ Joseph G. Skryd __________

MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, IL 60187
630/653-9300

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
Courtney A. Marincsin
Shannon Marie McNulty
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
312-899-9090
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

Robert J. Golden
Dowd & Dowd, Ltd.
617 West Fulton
Chicago, Illinois 60661
312-704-4400
rgolden@dowdanddowd.com

Evan Karnes, II
Neil D. O'Connor, Sr.
O'Connor & Karnes
177 North State
3rd Floor
Chicago, Illinois 60601
312-629-8900
Fax: 312-629-0109
ekarnes@oconnorkarnes.com

Carlton Fisher
William Yu
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
312-704-3000
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

Scott C. Bentivenga
Michael S. Haggerty
**Lewis Brisbois Bisgaard & Smith, LLP**
550 W. Adams Street, Suite 300
Chicago, IL 60661
312-463-3341
Fax: 312-345-1778
mhaggerty@lbbslaw.com
sbentivenga@lbbslaw.com

__s/ Joseph G. Skryd__