Case: 1:11-cv-02687 Document #: 25 Filed: 06/28/11 Page 1 of 2 PageID #:562
Case: 1:09-cv-05348 Document #: 463-2 Filed: 06/29/11 Page 1 of 2 PageID #:1891
Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2687 | **DATE** | 6/28/2011 |
| **CASE TITLE** | MURRAY SCHEINMAN v. BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT *et al.* | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to remand [8] is denied. Status hearing is set for July 14, 2011 at 9:00 A.M. to set the discovery and trial schedule. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon*

■ [ For further details see text below.]

Notices mailed by Judicial staff.
Telephone notice to counsel.

### STATEMENT

Murray Scheinman, guardian of Jeffrey Scheinman, sued BMW of North America, LLC ("BMW NA"), Bayerische Motoren Werke Aktiengesellschaft ("BMW AG"), and Karl Knauz Motors, Inc. in state court for product liability. Jeffrey Scheinman was injured in a rear-end collision and claimed the BMW convertible he was driving was unreasonably dangerous. Defendants removed the case to federal court based on diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. They contended complete diversity existed despite the presence of Karl Knauz Motors, a defendant who shared Scheinman's Illinois citizenship, because Karl Knauz Motors was fraudulently joined. Defendants argued that under Illinois' "seller's exception," 735 ILCS 5/2-621 ("§ 2-621"), Karl Knauz Motors, a nonmanufacturing seller of the car, was entitled to dismissal because the car's manufacturer was part of the litigation. This court concluded defendants had not met their heavy burden to show fraudulent joinder. *See Scheinman v. BMW of N. Am., LLC*, No. 10 C 4848, 2010 WL 3937489 (N.D. Ill. Sept. 30, 2010) (Conlon, J.). A dismissal under § 2-621 is nonfinal; a seller may be brought back into the litigation if the manufacturer is unable to satisfy a judgment or settlement. § 2-621(b). The court concluded a dismissal under § 2-621 does not automatically establish fraudulent joinder and defendants had not discussed the possibility of Karl Knauz Motors' reinstatement as a defendant. The case was remanded to state court.

On remand, the state court dismissed Karl Knauz Motors under § 2-621, and the BMW defendants again removed the action to federal court on the basis of diversity. They contend diversity is present because Scheinman is a citizen of Illinois; BMW AG is a foreign corporation with a foreign principal place of business; and BMW NA is a citizen of Delaware and New Jersey because the sole member of the LLC is BMW (U.S.) Holding Corporation, organized in Delaware with a principal place of business in New Jersey. Scheinman moves to remand to state court, arguing the involuntary dismissal of Karl Knauz Motors does not create complete diversity due to the potential for reinstatement.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

## STATEMENT

An involuntary dismissal of nondiverse defendants does not necessarily establish diversity for purposes of removal. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71–72 (7th Cir. 1992). The BMW defendants have now satisfied their burden of showing the fraudulent joinder of Karl Knauz Motors. Fraudulent joinder exists if the claims against the nondiverse defendant have no chance of success, regardless of plaintiff's good faith in naming that defendant. *Id.* at 73. Karl Knauz Motors may be reinstated if an action against the manufacturer is time-barred, the manufacturer was incorrectly identified, the manufacturer is not subject to the court's jurisdiction, or the manufacturer cannot satisfy a judgment or settlement. § 2-621(b); *Kellerman v. Crowe*, 518 N.E.2d 116, 117–19 (Ill. 1987). BMW NA and BMW AG are part of the lawsuit and do not contest timeliness, jurisdiction, or that they manufactured the car at issue. The only remaining issue is whether they can satisfy a judgment or settlement.

BMW NA and BMW AG submit BMW Group's 2010 report showing strong sales and net profits of more than 3,000 million euros. *See* http://geschaeftsbericht.bmwgroup.com/2010/gb/en/facts-and-figures-2010/financial-statements.html (last visited June 28, 2011). BMW's financial situation is stable and defendants would be able to satisfy a judgment if necessary. Scheinman offers nothing to the contrary. There is no reasonable possibility that Scheinman will prevail against Karl Knauz Motors. *See Steel v. Ford Motor Co.*, No. 11 C 460, 2011 WL 1485380, at *3–4 (N.D. Ill. Apr. 19, 2011) (Chang, J.) (examining manufacturer's financial situation before finding fraudulent joinder under § 2-621). Complete diversity is established.

*Suzanne B. Conlon*