**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 09 CV 5340 |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | Honorable James F. Holderman |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIFTH AMENDED COMPLAINT AT LAW**

NOW COME the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL

G. FRANKE, by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO,

P.C., and for their Answer and Affirmative Defenses to Plaintiff's Fifth Amended Complaint

at Law, state as follows:

**COUNT I - NEGLIGENCE**

**MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE**

1.      On and before July 3, 2008, Skokie Valley Road was a public way running

generally in north and south directions through Highland Park, Illinois.

1

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the allegations contained in Paragraph 1 of Count I of Plaintiff's Fifth Amended Complaint at Law.**

2.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the allegations contained in Paragraph 2 of Count I of Plaintiff's Fifth Amended Complaint at Law.**

3.      On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the referenced corporate status and admit only that it is a commercial motor carrier transporting goods in interstate commerce;  these Defendants deny the remaining allegations contained in Paragraph 3 of Count I of Plaintiff's Fifth Amended Complaint at Law.**

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit only that Defendant, FRANKE, was a driver of a commercial**

2

**motor vehicle in interstate commerce; these Defendants deny the remaining allegations contained in Paragraph 4 of Count I of Plaintiff's Fifth Amended Complaint at Law.**

5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the referenced employment relationship and admit only that at the referenced time and place Defendant, FRANKE, was operating a vehicle pursuant to operating authority granted to Defendant, MARTIN'S BULK MILK SERVICE, INC., by the United States Department of Transportation; these Defendants deny the remaining allegations contained in Paragraph 5 of Count I of Plaintiff's Fifth Amended Complaint at Law as unsupported conclusions of law.**

6.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit that Defendant, MARTIN'S BULK MILK SERVICE, INC., was the owner of the tractor vehicle referenced in Paragraph 6 of Count I of Plaintiff's**

3

**Fifth Amended Complaint at Law; these Defendants further admit that at the referenced time and place Defendant, FRANKE, was operating a vehicle pursuant to operating authority granted to Defendant, MARTIN'S BULK MILK SERVICE, INC., by the United States Department of Transportation; these Defendants deny the remaining allegations contained in Paragraph 6 of Count I of Plaintiff's Fifth Amended Complaint at Law.**

7.      On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE:  For want of sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Count I of Plaintiff's Fifth Amended Complaint at Law, Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, neither admit nor deny same but demand strict proof thereof.**

8.      On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit that a contact occurred between its vehicle and a passenger car at the time and placed identified but deny the remaining allegations contained**

4

**in Paragraph 8 of Count I of Plaintiff's Fifth Amended Complaint at Law.**

9.     On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit all duties imposed by law and none other; to the extent that the allegations set forth in Paragraph 9 of Count I of Plaintiff's Fifth Amended Complaint at Law are at variance therewith, these Defendants deny same.**

10.     On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant MARTIN'S, were negligent in one or more of the following respects:

    a.     negligently operated, managed, maintained and controlled their motor vehicle;

    b.     operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.     operated their motor vehicle without keeping a proper and sufficient lookout;

    d.     operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.     proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.     failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.  failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  failed to maintain an adequate lookout for motor vehicles in front of them;

i.  drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.  failed to slow down their vehicle so as to avoid a rear end collision;

k.  failed to keep a proper look out for vehicles traveling in front of them;

l.  failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

m.  were otherwise negligent.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the allegations contained in Paragraph 10 of Count I of Plaintiff's Fifth Amended Complaint at Law, and further deny sub-paragraphs (a) through (m) of Paragraph 10 of Count I of Plaintiff's Fifth Amended Complaint at Law.**

11.  As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN,, a Disabled Person.

6

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**

**G. FRANKE, deny the allegations contained in Paragraph 11 of Count I of**

**Plaintiff's Fifth Amended Complaint at Law.**

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and

SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary

Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, is

entitled to judgment in any amount whatsoever, and prays for judgment in their favor

and against the Plaintiff, plus costs.

<u>**COUNT II-NEGLIGENCE**</u>

<u>**CSX INTERMODAL, INC. AND SAMUEL G. FRANKE**</u>

1.      On and before July 3, 2008, Skokie Valley Road was a public way running

generally in north and south directions through Highland Park, Illinois.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, admits the allegations**

**contained in Paragraph 1 of Count II of Plaintiff's Fifth Amended Complaint at**

**Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

2.      On and before July 3, 2008, Half Day Road was a public way running

generally in east and west directions in Highland Park, Illinois.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, admits the allegations**

**contained in Paragraph 2 of Count II of Plaintiff's Fifth Amended Complaint at**

**Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

3.      On and before July 3, 2008, Defendant, CSX, was a corporation engaged in

the business of truck transportation of consumer goods in tractor trailer trucks in and

throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, neither admits nor denies the allegations contained in Paragraph 3 of Count II of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

4.     On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, admits only that he was a driver of a commercial motor vehicle in interstate commerce; this Defendant denies the remaining allegations contained in Paragraph 4 of Count II of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, CSX, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, denies the referenced**

8

**employment relationship; as to the remaining allegations contained in Paragraph 5 of Count II of Plaintiff's Fifth Amended Complaint at Law, for want of sufficient knowledge and information to form a belief as to the truth or falsity of said allegations, Defendant, SAMUEL G. FRANKE, neither admits nor denies same but demands strict proof thereof.**

6.    On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendant CSX provided Defendant FRANKE with a CSX trailer for the transportation of paper products.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits that he delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, on the date referenced; as to the remaining allegations contained in Paragraph 6 of Count II of Plaintiff's Fifth Amended Complaint at Law, for want of sufficient knowledge and information to form a belief as to the truth or falsity of said allegations, Defendant, SAMUEL G. FRANKE, neither admits nor denies same but demands strict proof thereof.**

7.    On July 3, 2008, Defendants, CSX and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a trailer, number CSXU 937987, which was attached to a truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits that he was operating the referenced vehicle but denies the remaining allegations contained in**

9

**Paragraph 7 of Count II of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

8.      On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, neither admits nor denies the allegations contained in Paragraph 8 of Count II of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

9.      On July 3, 2008, Defendants, CSX and FRANKE, and each of them, operated and drove their tractor trailer truck  in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits that a contact occurred between the vehicle he was operating and a passenger car but denies the remaining allegations contained in Paragraph 9 of Count II of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

10.      On and before July 3, 2008, and at all times mentioned herein, Defendants, CSX and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of

others, including JEFFREY J. SCHEINMAN.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, admit all duties imposed by law and none other on behalf of the Defendant, SAMUEL G. FRANKE, only; to the extent that the allegations set forth in Paragraph 10 of Count II of Plaintiff's Fifth Amended Complaint at Law are at variance therewith, this Defendant denies the same on behalf of the Defendant, SAMUEL G. FRANKE, only.**

11.    On July 3, 2008, and at all times mentioned herein, Defendants, CSX and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant CSX, were negligent in one or more of the following respects:

a.    negligently operated, managed, maintained and controlled their motor vehicle;

b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c.    operated their motor vehicle without keeping a proper and sufficient lookout;

d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-

1003.1;

h.  failed to maintain an adequate lookout for motor vehicles in front of them;

i.  drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.  failed to slow down their vehicle so as to avoid a rear end collision;

k.  failed to keep a proper look out for vehicles traveling in front of them;

l.  failed to maintain a proper distance and speed between their tractor trailer truck  and the vehicle in front of them so as to avoid a rear end collision, and

m.  were otherwise negligent.

**RESPONSE:  For want of sufficient knowledge and information to form a belief as to the truth or falsity of the allegation of an agency or master-servant relationship between him and the identified corporate defendant, Defendant, SAMUEL G. FRANKE, neither admits nor denies said relationship but demands strict proof thereof;  as to the remaining allegations the Defendant, SAMUEL G. FRANKE, denies the allegations contained in Paragraph 11 of Count II of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, and further denies sub-paragraphs (a) through (m) of Paragraph 11 of Count II of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

12.  As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, CSX, and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to

be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, denies the allegations contained in Paragraph 12 of Count II of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, is entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff, plus costs.

## COUNT III - NEGLIGENCE

## INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE

1.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits the allegations contained in Paragraph 1 of Count III of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

2.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits the allegations contained in Paragraph 2 of Count III of Plaintiff's Fifth Amended Complaint at**

Law on behalf of the Defendant, SAMUEL G. FRANKE, only.

3.      On and before July 3, 2008, Defendant, INTERNATIONAL, was a corporation engaged in the business of selling paper and packaging products in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of  Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, neither admits nor denies the allegations contained in Paragraph 3 of Count III of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits only that he was a driver of a commercial motor vehicle in interstate commerce; this Defendant denies the remaining allegations contained in Paragraph 4 of Count III of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

5.      On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, INTERNATIONAL, and at all times mentioned herein was acting in the course and scope of said employment, agency and

apparent agency.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, denies the referenced**

**employment relationship;  as to the remaining allegations contained in Paragraph**

**5 of Count III of Plaintiff's Fifth Amended Complaint at Law, for want of sufficient**

**knowledge and information to form a belief as to the truth or falsity of said**

**allegations, Defendant, SAMUEL G. FRANKE, neither admits nor denies same but**

**demands strict proof thereof.**

6.    On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of

them, owned, operated, managed, maintained and/or controlled a tractor trailer truck,

consisting of trailer number CSXU 937987, which was attached to a Freightliner Classic

cab bearing vin number 1FUJF6CKX4DM02330.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits that he was operating**

**the referenced vehicle but denies the remaining allegations contained in**

**Paragraph 6 of Count III of Plaintiff's Fifth Amended Complaint at Law on behalf**

**of the Defendant, SAMUEL G. FRANKE, only.**

7.    On July 3, 2008, Defendant FRANKE drove the tractor trailer truck to

Defendant INTERNATIONAL's facility at 2501 165th Street, Hammond, Indiana, where

INTERNATIONAL loaded the aforesaid trailer with paper products.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits that he was operating**

**the referenced vehicle; as to the remaining allegations the Defendant, SAMUEL G.**

**FRANKE, neither admits nor denies the allegations contained in Paragraph 7 of**

**Count III of Plaintiff's Fifth Amended Complaint at Law on behalf of the**

15

**Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

8.     On July 3, 2008, pursuant to the direction and supervision of Defendant INTERNATIONAL, Defendant FRANKE drove the aforesaid tractor trailer truck containing INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits that he was operating the referenced vehicle; as to the remaining allegations the Defendant, SAMUEL G. FRANKE, neither admits nor denies the allegations contained in Paragraph 8 of Count III of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

9.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, neither admits nor denies the allegations contained in Paragraph 9 of Count III of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof**

thereof.

10.     On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits that a contact**

**occurred between the vehicle he was operating and a passenger car.  For want of**

**sufficient knowledge and information to form a belief as to the truth or falsity of**

**the allegation of an agency or master-servant relationship between him and the**

**identified corporate defendant, Defendant, SAMUEL G. FRANKE, neither admits**

**nor denies said relationship but demands strict proof thereof;  as to the**

**remaining allegations the Defendant, SAMUEL G. FRANKE, denies the allegations**

**contained in Paragraph 10 of Count III of Plaintiff's Fifth Amended Complaint at**

**Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

11.     On and before July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits all duties imposed by**

**law and none other on behalf of the Defendant, SAMUEL G. FRANKE, only; to the**

**extent that the allegations set forth in Paragraph 11 of Count III of Plaintiff's Fifth**

**Amended Complaint at Law are at variance therewith, this Defendant denies the**

17

**same on behalf of the Defendant, SAMUEL G. FRANKE, only.**

12. On July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, INTERNATIONAL, were negligent in one or more of the following respects:

a. negligently operated, managed, maintained and controlled their motor vehicle;

b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c. operated their motor vehicle without keeping a proper and sufficient lookout;

d. operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e. proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f. failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g. failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h. failed to maintain an adequate lookout for motor vehicles in front of them;

i. drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j. failed to slow down their vehicle so as to avoid a rear end collision;

18

k.  failed to keep a proper look out for vehicles traveling in front of them;

l.  failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.  were otherwise negligent.

**RESPONSE: For want of sufficient knowledge and information to form a belief as to the truth or falsity of the allegation of an agency or master-servant relationship between him and the identified corporate defendant, Defendant, SAMUEL G. FRANKE, neither admits nor denies said relationship but demands strict proof thereof; as to the remaining allegations the Defendant, SAMUEL G. FRANKE, denies the allegations contained in Paragraph 12 of Count III of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, and further denies sub-paragraphs (a) through (m) of Paragraph 12 of Count III of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

13.  As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, INTERNATIONAL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, denies the allegations contained in Paragraph 13 of Count III of Plaintiff's Fifth Amended Complaint at**

19

Law on behalf of the Defendant, SAMUEL G. FRANKE, only.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, is entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff, plus costs.

## COUNT IV-NEGLIGENCE

### UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. and OX LLC, AND SAMUEL G. FRANKE

1.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits the allegations contained in Paragraph 1 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

2.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits the allegations contained in Paragraph 2 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

3.      On and before July 3, 2008, Defendant, OVERNITE, OX and UACL were corporations engaged in the business of interstate transportation, including truck transportation of goods in and throughout Cook County, Illinois, and maintained the office of its registered agent at 105 West Madison Street, 23rd Floor, City of Chicago, County of

Cook, State of Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, neither admits nor denies the allegations contained in Paragraph 3 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits only that he was a driver of a commercial motor vehicle in interstate commerce; this Defendant denies the remaining allegations contained in Paragraph 4 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

5.      On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, OVERNITE, OX and UACL and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, denies the referenced employment relationship;  as to the remaining allegations contained in Paragraph 5 of Count IV of Plaintiff's Fifth Amended Complaint at Law, for want of sufficient**

21

**knowledge and information to form a belief as to the truth or falsity of said allegations, Defendant, SAMUEL G. FRANKE, neither admits nor denies same but demands strict proof thereof.**

6.      On July 3, 2008, Defendants, MARTIN'S and FRANKE, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of container number CSXU 937987, on a chassis, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits that he was operating the referenced vehicle but denies the remaining allegations contained in Paragraph 6 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

7.      On and before July 3, 2008, Defendants OVERNITE, OX and UACL engaged in the business of requesting, organizing, coordinating, authorizing and arranging the transportation of goods by tractor trailer trucks through various employees, agents and apparent agents.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, neither admits nor denies the allegations contained in Paragraph 7 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

8.      On and before July 3, 2008, Defendants OVERNITE, OX and UACL offered,

agreed, and contracted with Defendant INTERNATIONAL to transport paper products that were in Defendant INTERNATIONAL's possession, through their duly authorized employees, agents and/or apparent agents.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, neither admits nor denies the allegations contained in Paragraph 8 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

9.      On or about July 3, 2008 Defendants OVERNITE, OX and UACL, requested and directed Defendant MARTIN and FRANKE to pick up INTERNATIONAL'S paper product goods at a Hammond, Indiana warehouse, and transport those goods to various locations in Minnesota.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, neither admits nor denies the allegations contained in Paragraph 9 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

10.      On or about July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants, OVERNITE, OX and UACL, Defendant MARTIN'S and its employee Defendant FRANKE drove to a warehouse owned by Defendant

INTERNATIONAL to pick up a load of paper product goods for delivery in Minnesota.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, admits that he was operating the referenced vehicle; as to the remaining allegations contained in Paragraph 10 of Count IV of Plaintiff's Fifth Amended Complaint at Law, for want of sufficient knowledge and information to form a belief as to the truth or falsity of said allegations, Defendant, SAMUEL G. FRANKE, neither admits nor denies same but demands strict proof thereof.**

11.    On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants OVERNITE, OX and UACL, Defendant FRANKE drove the aforesaid tractor trailer truck containing Defendant INTERNATIONAL'S paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, admits that he was operating the referenced vehicle; as to the remaining allegations contained in Paragraph 11 of Count IV of Plaintiff's Fifth Amended Complaint at Law, for want of sufficient knowledge and information to form a belief as to the truth or falsity of said allegations, Defendant, SAMUEL G. FRANKE, neither admits nor denies same but demands strict proof thereof.**

12.    On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, neither admits nor denies the**

24

**allegations contained in Paragraph 12 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, for lack of sufficient knowledge and information upon which to base an opinion as to the truth or falsity of the allegations contained therein, but demands strict proof thereof.**

13.     On July 3, 2008, Defendants, OVERNITE, OX, UACL, through their agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, admits that a contact occurred between the vehicle he was operating and a passenger car.  For want of sufficient knowledge and information to form a belief as to the truth or falsity of the allegation of an agency or master-servant relationship between him and the identified corporate defendant, Defendant, SAMUEL G. FRANKE, neither admits nor denies said relationship but demands strict proof thereof;  as to the remaining allegations the Defendant, SAMUEL G. FRANKE, denies the allegations contained in Paragraph 13 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

14.     On and before July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

**RESPONSE: The Defendant, SAMUEL G. FRANKE, admits all duties imposed by law and none other on behalf of the Defendant, SAMUEL G. FRANKE, only; to the extent that the allegations set forth in Paragraph 14 of Count IV of Plaintiff's Fifth Amended Complaint at Law are at variance therewith, this Defendant denies the same on behalf of the Defendant, SAMUEL G. FRANKE, only.**

15.     On July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, OVERNITE, OX and UACL were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-

1003.1;

h.    failed to maintain an adequate lookout for motor vehicles in front of them;

i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.    failed to slow down their vehicle so as to avoid a rear end collision;

k.    failed to keep a proper look out for vehicles traveling in front of them;

l.    failed to maintain a proper distance and speed between their tractor trailer truck  and the vehicle in front of them so as to avoid a rear end collision, and

m.    were otherwise negligent.

**RESPONSE:  For want of sufficient knowledge and information to form a belief as to the truth or falsity of the allegation of an agency or master-servant relationship between him and the identified corporate defendant, Defendant, SAMUEL G. FRANKE, neither admits nor denies said relationship but demands strict proof thereof;  as to the remaining allegations the Defendant, SAMUEL G. FRANKE, denies the allegations contained in Paragraph 15 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only, and further denies sub-paragraphs (a) through (m) of Paragraph 15 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

16.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature,

causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**RESPONSE:  The Defendant, SAMUEL G. FRANKE, denies the allegations contained in Paragraph 16 of Count IV of Plaintiff's Fifth Amended Complaint at Law on behalf of the Defendant, SAMUEL G. FRANKE, only.**

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, is entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff, plus costs.

## COUNT V - STRICT LIABILITY

### BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation

1.     On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in**

28

**Paragraph 1 of Count V of Plaintiff's Fifth Amended Complaint at Law as Paragraph 1 of Count V is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

2.     On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 2 of Count V of Plaintiff's Fifth Amended Complaint at Law as Paragraph 2 of Count V is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

3.     On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in**

29

Paragraph 3 of Count V of Plaintiff's Fifth Amended Complaint at Law as
Paragraph 3 of Count V is not directed to or against the Defendants, MARTIN'S
BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.

4.     On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that
was engaged in the business of designing, manufacturing, engineering, testing,
assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW
convertible, and its component parts bearing vehicle identification number
WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL
G. FRANKE, make no answer or other response to the allegations contained in
Paragraph 4 of Count V of Plaintiff's Fifth Amended Complaint at Law as
Paragraph 4 of Count V is not directed to or against the Defendants, MARTIN'S
BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

5.     Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ
provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW
convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL
G. FRANKE, make no answer or other response to the allegations contained in
Paragraph 5 of Count V of Plaintiff's Fifth Amended Complaint at Law as
Paragraph 5 of Count V is not directed to or against the Defendants, MARTIN'S
BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

6.     On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008

BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 6 of Count V of Plaintiff's Fifth Amended Complaint at Law as Paragraph 6 of Count V is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

7.      On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to ensure that the aforesaid 2008 BMW convertible vehicle, and its component parts, were not designed, manufactured, engineered, tested, assembled, marketed, distributed and sold in such a manner and condition so as to be in an unreasonably dangerous condition.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 7 of Count V of Plaintiff's Fifth Amended Complaint at Law as Paragraph 7 of Count V is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

8.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in**

Paragraph 8 of Count V of Plaintiff's Fifth Amended Complaint at Law as

Paragraph 8 of Count V is not directed to or against the Defendants, MARTIN'S

BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.

9.      On and before July 3, 2008, Half Day Road was a public way running

generally in east and west directions in Highland Park, Illinois.

RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL

G. FRANKE, make no answer or other response to the allegations contained in

Paragraph 9 of Count V of Plaintiff's Fifth Amended Complaint at Law as

Paragraph 9 of Count V is not directed to or against the Defendants, MARTIN'S

BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.

10.     On July 3, 2008, Samuel Franke, operated, managed, maintained and/or

controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number

1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its

intersection with Half Day Road in Highland Park, Illinois.

RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL

G. FRANKE, admit that at the referenced time and place Defendant, FRANKE, was

operating a vehicle pursuant to operating authority granted to Defendant,

MARTIN'S BULK MILK SERVICE, INC., by the United States Department of

Transportation; these Defendants deny the remaining allegations contained in

Paragraph 10 of Count V of Plaintiff's Fifth Amended Complaint at Law.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult,

operated his passenger car in a northbound direction on Skokie Valley Road at or near its

intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 11 of Count V of Plaintiff's Fifth Amended Complaint at Law as Paragraph 11 of Count V is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit that a contact occurred between its vehicle and a passenger car at the time and placed identified but deny the remaining allegations contained in Paragraph 12 of Count V of Plaintiff's Fifth Amended Complaint at Law.**

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 13 of Count V of Plaintiff's Fifth Amended Complaint at Law as Paragraph 13 of Count V is not directed to or against the Defendants, MARTIN'S**

33

**BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

14.     On and before July 3, 2008, and at the time the aforementioned 2008 BMW convertible vehicle left the control of Defendants BMW, BMW AG, BMW NA, and KNAUZ, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects, where Defendants:

      a.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

      b.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

      c.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

      d.    Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle=s fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

      e.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

      f.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

      g.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the

likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that

compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.    Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.    Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle=s fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a condition that was otherwise unreasonably dangerous.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 14 of Count V of Plaintiff's Fifth Amended Complaint at Law as Paragraph 14 of Count V is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

15.    As a proximate result of one or more of the aforesaid unreasonably dangerous conditions caused by Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**

**G. FRANKE, make no answer or other response to the allegations contained in Paragraph 15 of Count V of Plaintiff's Fifth Amended Complaint at Law as Paragraph 15 of Count V is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, is entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff, plus costs.

## COUNT VI- NEGLIGENCE

### BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation

1.      On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 1 of Count VI of Plaintiff's Fifth Amended Complaint at Law as Paragraph 1 of Count VI is not directed to or against the Defendants, MARTIN'S**

37

BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.

2.      On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 2 of Count VI of Plaintiff's Fifth Amended Complaint at Law as Paragraph 2 of Count VI is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

3.      On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 3 of Count VI of Plaintiff's Fifth Amended Complaint at Law as Paragraph 3 of Count VI is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

4.     On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**

**G. FRANKE, make no answer or other response to the allegations contained in**

**Paragraph 4 of Count VI of Plaintiff's Fifth Amended Complaint at Law as**

**Paragraph 4 of Count VI is not directed to or against the Defendants, MARTIN'S**

**BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

5.     Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**

**G. FRANKE, make no answer or other response to the allegations contained in**

**Paragraph 5 of Count VI of Plaintiff's Fifth Amended Complaint at Law as**

**Paragraph 5 of Count VI is not directed to or against the Defendants, MARTIN'S**

**BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

6.     On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**

**G. FRANKE, make no answer or other response to the allegations contained in Paragraph 6 of Count VI of Plaintiff's Fifth Amended Complaint at Law as Paragraph 6 of Count VI is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

7.      On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN, in their design, manufacture, engineering, testing, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 7 of Count VI of Plaintiff's Fifth Amended Complaint at Law as Paragraph 7 of Count VI is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

8.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 8 of Count VI of Plaintiff's Fifth Amended Complaint at Law as Paragraph 8 of Count VI is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

9.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**

**G. FRANKE, make no answer or other response to the allegations contained in**
**Paragraph 9 of Count VI of Plaintiff's Fifth Amended Complaint at Law as**
**Paragraph 9 of Count VI is not directed to or against the Defendants, MARTIN'S**
**BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

10.     On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**
**G. FRANKE, admit that at the referenced time and place Defendant, FRANKE, was**
**operating a vehicle pursuant to operating authority granted to Defendant,**
**MARTIN'S BULK MILK SERVICE, INC., by the United States Department of**
**Transportation; these Defendants deny the remaining allegations contained in**
**Paragraph 10 of Count VI of Plaintiff's Fifth Amended Complaint at Law.**

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**
**G. FRANKE, make no answer or other response to the allegations contained in**
**Paragraph 11 of Count VI of Plaintiff's Fifth Amended Complaint at Law as**
**Paragraph 11 of Count VI is not directed to or against the Defendants, MARTIN'S**
**BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic

tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit that a contact occurred between its vehicle and a passenger car at the time and placed identified but deny the remaining allegations contained in Paragraph 12 of Count VI of Plaintiff's Fifth Amended Complaint at Law.**

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN=s BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 13 of Count VI of Plaintiff's Fifth Amended Complaint at Law as Paragraph 13 of Count VI is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

14.     On and before July 3, 2008, Defendants BMW, BMW AG, BMW NA, and KNAUZ, and each of them, were negligent in their design, manufacture, engineering, testing, inspection, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle in one or more of the following respects, where Defendants:

      a.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

      b.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed

to provide safe and adequate protection to occupants during foreseeable rear end collisions;

c.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.  Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle=s fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

43

k.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.  Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.  Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle=s fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.  Were otherwise negligent in their design, manufacture, engineering, testing, assembly, distribution and sale of the 2008 BMW convertible vehicle.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 14 of Count VI of Plaintiff's Fifth Amended Complaint at Law as Paragraph 14 of Count VI is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

15.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 15 of Count VI of Plaintiff's Fifth Amended Complaint at Law as Paragraph 15 of Count VI is not directed to or against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, is entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff, plus costs.

## **AFFIRMATIVE DEFENSES**

## **ALL COUNTS**

## <u>FIRST AFFIRMATIVE DEFENSE</u>

Counts I-IV of the Plaintiff's Fifth Amended Complaint fail to state a cause of action.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, is entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff, plus costs.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

The Plaintiff failed to mitigate his damages.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, is entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff, plus costs.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

The Plaintiff's claims are barred by the relevant statute of limitations.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, is entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff, plus costs.

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

1.      At the time and place as alleged in the Plaintiff's Fifth Amended Complaint at Law, it was the duty of JEFFREY J. SCHEINMAN to exercise ordinary care for his own safety and for others on the roadway.

2.      Notwithstanding said duty and in direct violation thereof, JEFFREY J. SCHEINMAN was guilty of one or more of the following negligent acts and/or omissions to act which were a proximate cause of the Plaintiff's claimed damages:

a.      Failed to keep a proper lookout for other vehicles, and equipment, lawfully upon the roadway;

b.      Failed to utilize proper signals to indicate his intended direction of travel;

c.      Came to a sudden and abrupt stop;

d.      Failed to follow warning and caution signs for road traffic;

e.      Traveled too fast for road conditions then and there existing; and

f.      Was otherwise careless and negligent at the time and place as alleged in the Plaintiff's Fifth Amended Complaint at Law.

3.      As a result of JEFFREY J. SCHEINMAN's careless and negligent acts, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, pray as follows:

A.      In the event JEFFREY J. SCHEINMAN's negligence contributed to Plaintiff's alleged injuries and damages in an amount of fifty-one percent (51%) or more, that judgment be entered in favor of the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, and against the Plaintiff, or in the alternative;

B.      In the event JEFFREY J. SCHEINMAN's negligence contributed to Plaintiff's alleged injuries and damages in an amount less than fifty-one percent (51%), that any recovery by the Plaintiff shall be reduced by an amount equal to the share of the

negligence attributable to JEFFREY J. SCHEINMAN.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff is entitled to judgment in any amount whatsoever, and pray for judgment in favor of the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, and against the Plaintiff, plus costs.

## FIFTH AFFIRMATIVE DEFENSE

1.     At the time and place alleged in the Plaintiff's Fifth Amended Complaint at Law, there was in full force and effect a statute known as 735 ILCS 5/2-1117, which provided as follows:

> Except as provided in Section 2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence or product liability based on strict tort liability, all Defendants found liable are jointly and severally liable for Plaintiffs past and future medical and medically related expenses. Any Defendants whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any Third-Party Defendants who could have been sued by the Plaintiff, shall be severally liable for all other damages. Any Defendants whose fault, as determined by the trier of fact is 25% or greater of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any Third-Party Defendants who could have been sued by the Plaintiff shall be jointly and severally liable for all other damages.

2.     At the time of and/or immediately prior to the occurrence alleged in the Plaintiff's Fifth Amended Complaint at Law, JEFFREY J. SCHEINMAN was under a duty to act with ordinary and due care and caution for his own safety and in a manner so as to not injure or cause injury or damage to himself or others.

3.     The alleged liability of MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, if any, which alleged liability they deny under the allegations contained in the

Plaintiff's Fifth Amended Complaint at Law, is less than 25% of the total fault attributable to the Plaintiff, JEFFREY J. SCHEINMAN, the Defendants sued by the Plaintiff, and any Third-Party Defendants or any persons or entities that could have been sued by the Plaintiff.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, request that in the event that there is a finding of fault against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, which liability they deny, under the Plaintiff's Fifth Amended Complaint at Law, that the Court enter an Order limiting the alleged liability, if any, of Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, to that percentage of their alleged fault under 25%, if any, for alleged damages under Plaintiff's Fifth Amended Complaint at Law, other than any alleged proven past and future medical and medically related expense pursuant to 735 ILCS 5/2-1117.

## SIXTH AFFIRMATIVE DEFENSE

1.      On or about July 26, 2011, the Plaintiff filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, seeking recovery for alleged damages suffered by the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person.

2.      At the time of the subject occurrence as alleged in the Plaintiff's Fifth Amended Complaint at Law, there was in full force and effect in the State of Illinois a certain Act entitled "Joint Tortfeasor Contribution Act," 740 ILCS 100/0.01 et seq., which applies to actions for contribution accruing on or after March 1, 1978.

3.      Should any, or all, of the Defendants, Third-Party Defendants and/or any other parties, persons or entities that may be liable to the Plaintiff in tort resolve or settle the Plaintiff's claim against them, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, are entitled to a set-off and reduction of any judgment entered against it in an amount equal to the consideration paid by the settling Defendants, Third-Party Defendants and/or any other parties, persons, or entities.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, request that in the event that there is a finding of fault against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, if any, liability for which Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny, under the Plaintiff's Fifth Amended Complaint at Law, that the Court enter an Order reducing any judgment against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, in an amount equivalent to consideration paid by any, or all, settling Defendants, Third-Party Defendants and/or any other parties, persons, or entities that may be liable to the Plaintiff in tort, individually or collectively, and joint tortfeasors in settlement of the Plaintiff's Fifth Amended Complaint at Law against them.

## SEVENTH AFFIRMATIVE DEFENSE

1.      On or about July 26, 2011, the Plaintiff filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, seeking recovery for alleged damages suffered by the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person.

2.      The fault of any settling Defendants, Third-Party Defendants and/or any other parties, persons or entities that may be liable to the Plaintiff in tort were the sole proximate cause of the injuries and damages claimed in Plaintiff's Fifth Amended Complaint at Law.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff is entitled to judgment in any amount whatsoever, and pray for judgment in favor of the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, and against the Plaintiff, plus costs.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, hereby incorporate and rely upon all affirmative defenses incorporated in Federal Rules of Civil Procedure 8(c).

## DEMAND FOR A TRIAL BY JURY

The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, hereby demand a trial by jury on all Counts and claims triable to a jury of Plaintiff's Fifth Amended Complaint at Law, including Counts I, II, III, and IV.

## COUNTERCLAIM FOR SETOFF

NOW COME the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Counterclaim for Setoff, state as follows:

1.      On or about July 26, 2011, the Plaintiff filed a Fifth Amended Complaint at

Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, seeking recovery for alleged damages suffered by the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person.

2.    Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, have filed their answer and affirmative defenses to Plaintiff's Complaints denying all material allegations therein.

3.    Pursuant to the provisions of the "Joint Tortfeasor Contribution Act," 740 ILCS 100/0.01 et seq., these Defendants are entitled to a setoff in the amount of any settlement paid by any party named in this action, including any Defendant or Third-Party Defendant, in that settlement was paid for the same injury for which the Plaintiff now seeks recovery against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.

4.    In the event that any party named in this action, including any Defendant or Third-Party Defendant, settles separately with the Plaintiff, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, will be entitled to a setoff in the amount of any such settlement against any verdict returned against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, pursuant to 740 ILCS 100/2(c) and 735 ILCS 5/2-608.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, request that in the event judgment is entered against it herein, that the judgment be reduced by the amount of any settlement entered into and between the Plaintiff and any other party.

MULHERIN, REHFELDT & VARCHETTO, P.C.


By: _s/ Joseph G. Skryd_____

MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, IL  60187
630/653-9300

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
Courtney A. Marincsin
Shannon Marie McNulty
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
312-899-9090
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

Robert J. Golden
Dowd & Dowd, Ltd.
617 West Fulton
Chicago, Illinois 60661
312-704-4400
rgolden@dowdanddowd.com

Evan Karnes, II
Neil D. O'Connor, Sr.
O'Connor & Karnes
177 North State
3rd Floor
Chicago, Illinois 60601
312-629-8900
Fax: 312-629-0109
ekarnes@oconnorkarnes.com

Carlton Fisher
William Yu
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
312-704-3000
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

Scott C. Bentivenga
Michael S. Haggerty
**Lewis Brisbois Bisgaard & Smith, LLP**
550 W. Adams Street, Suite 300
Chicago, IL 60661
312-463-3341
Fax:  312-345-1778
mhaggerty@lbbslaw.com
sbentivenga@lbbslaw.com

James K. Toohey
Timothy R. Couture
**Johnson & Bell, Ltd.**
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-984-0280
Fax:  312-372-9818
mcpheetersg@jbltd.com
tooheyj@jbltd.com
couture@jbltd.com

   s/ Joseph G. Skryd   