UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | Case No. 09 cv 5340 |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW OF NORTH AMERICA, LLC, a Corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**BMW OF NORTH AMERICA, LLC's ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIFTH AMENDED COMPLAINT AT LAW**

NOW COMES Defendant BMW OF NORTH AMERICA, LLC ("BMW NA"), by and through its attorneys, James K. Toohey and Timothy R. Couture of Johnson & Bell, Ltd., and for its Answer to Plaintiff's Fifth Amended Complaint at Law, states as follows:

**COUNT I – NEGLIGENCE
MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE**

As the allegations contained in Count I of Plaintiff's Fifth Amended Complaint are not directed against Defendant BMW NA, said Defendant makes no answer thereto. To the extent that any of the allegations contained in Plaintiff's Count I are construed as being pled against said Defendant, they are denied.

### COUNT II-NEGLIGENCE
### CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

As the allegations contained in Count II of Plaintiff's Fifth Amended Complaint are not directed against Defendant BMW NA, said Defendant makes no answer thereto. To the extent that any of the allegations contained in Plaintiff's Count II are construed as being pled against said Defendant, they are denied.

### COUNT III - NEGLIGENCE
### INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE

As the allegations contained in Count III of Plaintiff's Fifth Amended Complaint are not directed against Defendant BMW NA, said Defendant makes no answer thereto. To the extent that any of the allegations contained in Plaintiff's Count III are construed as being pled against said Defendant, they are denied.

### COUNT IV-NEGLIGENCE
### UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. and OX LLC, AND SAMUEL G. FRANKE

As the allegations contained in Count IV of Plaintiff's Fifth Amended Complaint are not directed against Defendant BMW NA, said Defendant makes no answer thereto. To the extent that any of the allegations contained in Plaintiff's Count IV are construed as being pled against said Defendant, they are denied.

### COUNT V - STRICT LIABILITY
### BMW OF NORTH AMERICA, LLC, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, BMW AG, and KARL KNAUZ MOTORS, INC.

As Plaintiff's Complaint against non-entity "BMW AG" was dismissed pursuant to order of Court on September 14, 2010, and as Plaintiff's Complaint against KARL KNAUZ MOTORS, INC. ("KNAUZ") was dismissed with prejudice on March 25, 2011, BMW NA makes no answer to the allegations pled in Count V against said dismissed parties.

NOW COMES Defendant BMW OF NORTH AMERICA, LLC ("BMW NA"), and for its answer and affirmative defenses to Count V of Plaintiff's Fifth Amended Complaint states:

1.      On and before July 3, 2008, Defendants, Bayerische Motoren Werke Aktiengesellschaft and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

**ANSWER:**  The allegations of paragraph 1 are not directed against the answering Defendant and, accordingly, said Defendant neither admits nor denies said allegations.

2.      On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

**ANSWER:**  BMW NA admits that it is a Delaware corporation with a Registered Agent for service of process in Chicago, Illinois, and admits that it was engaged in the business of marketing and selling motor vehicles, including the motor vehicle specified in Plaintiff's paragraph 2, but denies the further allegations of paragraph 2.

3

3.      On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

**ANSWER:**  BMW NA admits that its business includes marketing motor vehicles in the United States, including Cook County, Illinois, and that it distributed motor vehicles to BMW dealerships located in Chicago, Illinois, but denies each and every further allegation of paragraph 3.

4.      On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

**ANSWER:**  BMW NA makes no response to the allegations made against KNAUZ, which has been dismissed as a party to this action, except that it admits that KNAUZ is and was an authorized dealer of BMW automobiles; and, based on information and belief, KNAUZ sold the motor vehicle specified in Plaintiff's Complaint, but performed none of the other acts described in paragraph 4.

5.      Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number

WBAWL73528PX57418.

**ANSWER:** BMW NA admits that it purchased and imported the motor vehicle specified in paragraph 5 from Bayerische Motoren Werke AG ("BMW AG") and sold it to KNAUZ, and on information and belief, that KNAUZ sold it to JEFFREY SCHEIMAN, and denies the remaining allegations of paragraph 5.

6. On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

**ANSWER:** On information and belief, BMW NA admits that on July 3, 2008, Jeffrey J. Scheinman owned the vehicle specified in paragraph 6, that said vehicle had been designed, manufactured, engineered and inspected by BMW AG. BMW NA admits that BMW AG sold said vehicle to BMW NA, admits that BMW NA distributed said vehicle to KNAUZ, and on information and belief, admits that KNAUZ sold said vehicle to Jeffrey Scheinman prior to July 3, 2008. On information and belief based on investigation and inquiry only, BMW NA admits that Jeffrey J. Scheinman was operating said motor vehicle on the date specified. BMW NA denies all other allegations of paragraph 6 not specifically admitted herein.

7. On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to ensure that the aforesaid 2008 BMW convertible vehicle, and its component parts, were not designed, manufactured, engineered, tested, assembled, marketed, distributed and sold in such a manner and

condition so as to be in an unreasonably dangerous condition.

**ANSWER:** BMW NA admits only those duties specified by law, denies that paragraph 7 properly states said duties, and therefore denies each and every allegation of paragraph 7.

8. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

**ANSWER:** On information and belief based on investigation and inquiry only, BMW NA admits the allegations of paragraph 8.

9. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

**ANSWER:** On information and belief based on investigation and inquiry only, BMW NA admits the allegations of paragraph 9.

10. On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1 FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**ANSWER:** On information and belief based on investigation and inquiry only, BMW NA admits the allegations contained in paragraph 10.

11. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**ANSWER:** BMW NA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

**ANSWER:**   On information and belief based on investigation and inquiry only, BMW NA admits the allegations contained in paragraph 12.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

**ANSWER:**   BMW NA denies each and every allegation of paragraph 13.

14.     On and before July 3, 2008, and at the time the aforementioned 2008 BMW convertible vehicle left the control of Defendants BMW, BMW AG, BMW NA, and KNAUZ, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects, where Defendants:

a.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

b.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

c.     Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d. Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.  Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.  Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a condition that was otherwise unreasonably dangerous.

**ANSWER:**  BMW NA denies each and every allegation of paragraph 14, including subparagraphs (a) through (t).

9

15.     As a proximate result of one or more of the aforesaid unreasonably dangerous conditions caused by Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**ANSWER:**    BMW NA denies each and every allegation of paragraph 15.

WHEREFORE, Defendant BMW OF NORTH AMERICA, LLC prays that Count V of Plaintiff's Fifth Amended Complaint at Law be dismissed in its entirety, with prejudice, and that costs be awarded to Defendants.

### First Affirmative Defense

1.     Plaintiff's Count V alleges a cause of action sounding in product liability, pleading that Defendants BMW NA and BMW AG designed, manufactured, engineered, tested, assembled, distributed and sold a certain BMW vehicle to Jeffrey Scheinman, and further pleading that said vehicle was defective so as to cause injury and damages to Jeffrey Scheinman.

2.     The subject vehicle was designed and manufactured by BMW AG, BMW NA was its distributor, and Knauz was its retail seller.

3.     At all times relevant, there was in force in the State of Illinois a statute commonly known as the "Distributor's Statute", 735 ILCS 5/2-621, which dictates that in any product liability action commenced against a defendant other than the manufacturer, the non-manufacturing defendant shall be promptly dismissed upon (1) certification of the correct identity of the manufacturer of the product allegedly causing

injury, death or damage (2) the filing of a complaint by Plaintiff against the manufacturer (3) the filing of an appearance and responsive pleading by the manufacturer.

4.     BMW AG has been certified as the vehicle's manufacturer, has been sued by Plaintiff, and has appeared as a defendant in this suit, satisfying the requirements of dismissal of a product liability claim against a non-manufacturing defendant.

WHEREFORE, Defendant BMW of NORTH AMERICA, LLC prays this Honorable Court that Count V of Plaintiff's Fifth Amended Complaint be dismissed in its entirety, with prejudice, and that costs be awarded to Defendant.

## Second Affirmative Defense

1.     On information and belief, on July 3, 2008, JEFFREY J. SCHEINMAN was operating his BMW automobile in a northbound direction on U.S. Route 41, also known as Skokie Valley Road, and was stopped at a traffic control signal lighted red for northbound traffic, at or near the intersection with U.S. Route 22, also known as Half Day Road in Highland Park, Illinois.

2.     On information and belief, on July 3, 2008, SAMUEL FRANKE operated and controlled a fully loaded semi tractor-trailer truck in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

3.     On information and belief, at said time and place, SAMUEL FRANKE operated his motor vehicle in such a reckless manner in utter disregard for the red light signal to stop, in utter disregard for vehicles stopped facing northbound on Route 41 and traffic crossing with a green light in easterly and westerly directions on Route 22, in

criminal disregard for the laws and regulations dictating conduct in the operation of motor vehicles on Illinois roads, including 625 ILCS § 5/11-202 and 625 ILCS § 5/11-601(a) and (b), and in utter and reckless disregard for the safety of such persons properly using said roadways, so as to cause the loaded semi-tractor trailer he was operating at highway speed to collide the rear end of the stopped BMW vehicle occupied by JEFFREY J. SCHEINMAN causing injuries and damages to JEFFREY J. SCHEINMAN.

4.     The aforesaid acts/omissions committed with utter and reckless disregard and constituting willful and wanton misconduct under Illinois law by SAMUEL FRANKE, and/or those owners and lessors of the truck driven by SAMUEL FRANKE, were the sole proximate cause of the injuries alleged in Plaintiff's Complaint at Law.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC prays that Count V of Plaintiff's Fifth Amended Complaint, be dismissed in its entirety, with prejudice, and that costs be awarded to Defendant.

## Third Affirmative Defense

1-3.     Defendant BMW NA reasserts and re-alleges paragraphs 1-3 of its Second Affirmative Defense as Paragraphs 1-3 of this Third Affirmative Defense.

4.     At all times relevant there were in effect certain government safety standards for the design, manufacture, and sale of motor vehicles sold in the United States of America that were directed to the issue of providing occupant protection in foreseeable motor vehicle crashes, including standards directed to defining scope and extent of the manufacturer and certifying seller of a passenger car vehicle in providing a reasonably safe vehicle for use on roads and highways in the United States, including

the subject BMW vehicle occupied by Plaintiff as he travelled on the subject highway, which Federal Motor Vehicle safety Standards include the reasonable level of protection to be provided by the vehicle, structures and components specified in Plaintiff's Complaint at Count I ¶ 14 (a) – (t) and Count II, ¶ 14 (a) – (t). *See* U.S. Department of Transportation, National Highway Safety Administration Federal Motor Vehicle Safety Standards, including FMVSs 201, 202, 205, 206, 207, 208, 209, 210, 214, 216, 223, 224, 301, 302 and 303 at 49 C.F. R. 571.201 *et seq.*

5.      At the time that BMW NA purchased the subject motor vehicle from BMW AG, and at the time that it sold said vehicle to Knauz, the vehicle was certified by the manufacturer as having been designed, engineered, manufactured, and tested such that it met or exceeded all federal motor vehicle safety standards.

6.      The Court must determine as a matter of law the meaning of the federal standards, whether the standards are applicable to the challenged design, and whether the vehicle met those standards.

7.      If BMW NA establishes that the federal motor vehicle safety standards were intended to provide a reasonable level of protection in foreseeable vehicle collisions, and finds that the vehicle met all applicable federal motor vehicle safety standards, then the Court must instruct the jury concerning the purpose of the standards and the fact that the design and construction of the subject vehicle met those standards.

8.      IF BMW NA establishes that the vehicle complies with the applicable federal standards, Plaintiff must prove by competent evidence that the design was unreasonably dangerous under Illinois law in some way not covered by the applicable federal standards, that an alternative design would have provided materially better

13

protection, and that such unreasonably dangerous condition in the BMW vehicle caused Plaintiff's injury.

9.      Plaintiff will not establish that the design of the BMW vehicle was unreasonably dangerous or that any such alleged condition caused his injuries.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC prays that Count V of Plaintiff's Fifth Amended Complaint be dismissed in its entirety, with prejudice, and that costs be awarded to Defendant.

## Fourth Affirmative Defense

1-5.      Defendant BMW NA reasserts and re-alleges paragraphs 1-5 of its Third Affirmative Defense as Paragraphs 1-5 of this Fourth Affirmative Defense.

6.      The striking vehicle impacted the subject BMW vehicle at such speed and with such enormous weight that the energy transferred to the BMW and the acceleration forces applied at the instant of impact were many times higher than the energy exchange and acceleration forces that a reasonably safe vehicle must withstand to meet the Federal Motor Vehicle Safety Standards and against which a reasonably safe design can be judged under the law.

7.      Accordingly, the collision complained of was legally unforeseeable as a matter of law.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC prays that Count V of Plaintiff's Fifth Amended Complaint be dismissed in its entirety, with prejudice, and that costs be awarded to Defendant.

## COUNT VI- NEGLIGENCE
## BMW OF NORTH AMERICA, LLC, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, BMW AG, AND KARL KNAUZ MOTORS, INC.

As Plaintiff's Complaint against non-entity "BMW AG" was dismissed pursuant to order of Court on September 14, 2010, and as Plaintiff's Complaint against KARL KNAUZ MOTORS, INC. was dismissed with prejudice on March 25, 2011, BMW NA makes no answer to the allegations pled in Count VI against said dismissed parties.

NOW COMES Defendant BMW OF NORTH AMERICA, LLC ("BMW NA"), and for its answer and affirmative defenses to Count VI of Plaintiff's Fifth Amended Complaint states:

1.     On and before July 3, 2008, Defendants, Bayerische Motoren Werke Aktiengesellschaft and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

**ANSWER:**   The allegations of paragraph 1 are not directed against the answering Defendant and, accordingly, said Defendant neither admits nor denies said allegations.

2.     On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

**ANSWER:**   BMW NA admits that it is a Delaware corporation with a Registered Agent for service of process in Chicago, Illinois, and admits that it was

engaged in the business of marketing and selling motor vehicles, including the motor vehicle specified in Plaintiff's paragraph 2, but denies the further allegations of paragraph 2.

3.     On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

**ANSWER:**  BMW NA admits that its business includes marketing motor vehicles in the United States, including Cook County, Illinois, and that it distributed motor vehicles to BMW dealerships located in Chicago, Illinois, but denies each and every further allegation of paragraph 3.

4.     On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

**ANSWER:**  BMW NA makes no response to the allegations made against KNAUZ, which has been dismissed as a party to this action, except that it admits that KNAUZ is and was an authorized dealer of BMW automobiles; and, based on information and belief, KNAUZ sold the motor vehicle specified in Plaintiff's Complaint, but performed none of the other acts described in paragraph 4.

16

5.      Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

**ANSWER:**  BMW NA admits that it purchased and imported the motor vehicle specified in paragraph 5 from BMW AG and sold it to KNAUZ, and on information and belief that KNAUZ sold it to JEFFREY SCHEIMAN, and denies the remaining allegations of paragraph 5.

6.      On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

**ANSWER:**   On information and belief, BMW NA admits that on July 3, 2008, Jeffrey J. Scheinman owned the vehicle specified in paragraph 6, and that said vehicle had been designed, manufactured, engineered and inspected by BMW AG. BMW NA admits that BMW AG sold said vehicle to BMW NA, admits that BMW NA distributed said vehicle to KNAUZ, and on information and belief admits that KNAUZ sold said vehicle to Jeffrey Scheinman prior to July 3, 2008.  On information and belief based on investigation and inquiry only, BMW NA admits that Jeffrey J. Scheinman was operating said motor vehicle on the date specified.  BMW NA denies all other allegations of paragraph 6 not specifically admitted herein.

7.      On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN, in their design, manufacture,

engineering, testing, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle.

**ANSWER:**   BMW NA admits only those duties specified by law, denies that paragraph 7 properly states said duties, and therefore denies each and every allegation of paragraph 7.

8.   On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

**ANSWER:**   On information and belief based on investigation and inquiry only, BMW NA admits the allegations of paragraph 8.

9.   On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

**ANSWER:**   On information and belief based on investigation and inquiry only, BMW NA admits the allegations of paragraph 9.

10.   On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1 FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**ANSWER:**   On information and belief based on investigation and inquiry only, BMW NA admits the allegations of paragraph 10.

11.   On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**ANSWER:** BMW NA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

**ANSWER:** On information and belief based on investigation and inquiry only, BMW NA admits the allegations of paragraph 12.

13. On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

**ANSWER:** BMW NA denies each and every allegation of paragraph 13.

14. On and before July 3, 2008, Defendants BMW, BMW AG, BMW NA, and KNAUZ, and each of them, were negligent in their design, manufacture, engineering, testing, inspection, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle in one or more of the following respects, where Defendants:

    a.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

    b.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

c.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.   Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.   Designed, manufactured, engineered, tested, assembled,

20

distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.    Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.    Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.    Were otherwise negligent in their design, manufacture, engineering, testing, assembly, distribution and sale of the 2008 BMW convertible

vehicle.

**ANSWER:**     BMW NA denies each and every allegations of paragraph 14, including subparagraphs (a) through (t).

15.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**ANSWER:**     BMW NA denies each and every allegations of paragraph 15.

WHEREFORE, Defendant BMW of NORTH AMERICA, LLC prays that Count VI of Plaintiff's Fifth Amended Complaint be dismissed in its entirety, with prejudice, and that costs be awarded to Defendant.

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, BMW of NORTH AMERICA, LLC, pleading in the alternative and without prejudice to the denials set forth in its Answer to Plaintiff's Complaint at Law, states the following Affirmative Defenses:

### **First Affirmative Defense**

1.     On information and belief, on July 3, 2008, JEFFREY J. SCHEINMAN was operating his BMW automobile in a northbound direction on U.S. 41 at or near the intersection with Illinois Route 22 in Highland Park, Illinois.

2.     On information and belief, on July 3, 2008, SAMUEL FRANKE operated and controlled a fully loaded semi tractor-trailer truck in a northbound direction on

Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

3.     On information and belief, at said time and place, SAMUEL FRANKE operated his motor vehicle in such a reckless manner in utter disregard for the red light signal to stop, in utter disregard for vehicles stopped facing northbound on Route 41 and traffic crossing with a green light in easterly and westerly directions on Route 22, in criminal disregard for the laws and regulations dictating conduct in the operation of motor vehicles on Illinois roads, including  625 ILCS § 5/11-202 and 625 ILCS § 5/11-601(a) and (b), and in utter and reckless disregard for the safety of such persons properly using said roadways, so as to cause the loaded semi-tractor trailer he was operating at highway speed to collide the rear end of the stopped BMW vehicle occupied by JEFFREY J. SCHEINMAN causing injuries and damages to JEFFREY J. SCHEINMAN.

4.     The aforesaid acts/omissions committed with utter and reckless disregard and constituting willful and wanton misconduct under Illinois law by SAMUEL FRANKE, and/or those owners and lessors of the truck driven by SAMUEL FRANKE, were the sole proximate cause of the injuries alleged in Plaintiff's Complaint at Law.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC prays that Count VI of Plaintiff's Fifth Amended Complaint be dismissed in its entirety, with prejudice, and that costs be awarded to Defendant.

### Second Affirmative Defense

1-3.     Defendant BMW NA reasserts and realleges paragraphs 1-3 of its Second Affirmative Defense as Paragraphs 1-3 of this Third Affirmative Defense.

23

4.     At all times relevant there were in effect certain government safety standards for the design, manufacture, and sale of motor vehicles sold in the United States of America that were directed to the issue of providing occupant protection in foreseeable motor vehicle crashes, including standards directed to defining scope and extent of the manufacturer and certifying seller of a passenger car vehicle in providing a reasonably safe vehicle for use on roads and highways in the United States, including the subject BMW vehicle occupied by Plaintiff as he travelled on the subject highway, which Federal Motor Vehicle safety Standards include the reasonable level of protection to be provided by the vehicle, structures and components specified in Plaintiff's Complaint at Count I ¶ 14 (a) – (t) and Count II, ¶ 14 (a) – (t).  *See*  U.S. Department of Transportation, National Highway Safety Administration Federal Motor Vehicle Safety Standards, including FMVSs 201, 202, 205, 206, 207, 208, 209, 210, 214, 216, 223, 224, 301, 302 and 303 at 49 C.F. R. 571.201 *et seq*.

5.     At the time that BMW NA purchased the subject motor vehicle from BMW AG, and at the time that it sold said vehicle to Knauz, the vehicle was certified by the manufacturer as having been designed, engineered, manufactured, and tested such that it met or exceeded all federal motor vehicle safety standards.

6.     The Court must determine as a matter of law the meaning of the federal standards, whether the standards are applicable to the challenged design, and whether the vehicle met those standards.

7.     If BMW NA establishes that the federal motor vehicle safety standards were intended to provide a reasonable level of protection in foreseeable vehicle collisions, and finds that the vehicle met all applicable federal motor vehicle safety

24

standards, then the Court must instruct the jury concerning the purpose of the standards and the fact that the design and construction of the subject vehicle met those standards.

8.    IF BMW NA establishes that the vehicle complies with the applicable federal standards, Plaintiff must prove by competent evidence that the design was unreasonably dangerous under Illinois law in some way not covered by the applicable federal standards, that an alternative design would have provided materially better protection, and that such unreasonably dangerous condition in the BMW vehicle caused Plaintiff's injury.

9.    Plaintiff will not establish that the design of the BMW vehicle was unreasonably dangerous or that any such alleged condition caused his injuries.

WHEREFORE, Defendant BMW of NORTH AMERICA, LLC, prays this Honorable Court that Count VI of Plaintiff's Fifth Amended Complaint, so wrongfully brought, be dismissed in its entirety with prejudice and award costs to Defendant.

## Third Affirmative Defense

1-5.    Defendant BMW NA reasserts and realleges paragraphs 1-5 of its Second Affirmative Defense as Paragraphs 1-5 of this Third Affirmative Defense.

6.    The striking vehicle impacted the subject BMW vehicle at such speed and with such enormous weight that the energy transferred to the BMW and the acceleration forces applied at the instant of impact were many times higher than the energy exchange and acceleration forces that a reasonably safe vehicle must withstand to meet the Federal Motor Vehicle Safety Standards and against which a reasonably safe design can be judged under the law.

7.      Accordingly, the collision complained of was legally unforeseeable as a matter of law.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC prays that Count VI of Plaintiff's Fifth Amended Complaint be dismissed in its entirety, with prejudice, and that costs be awarded to Defendant.

### Fourth Affirmative Defense

Defendant BMW NA was an intermediate seller of the subject vehicle that was not engaged in the design, manufacture, or testing of the subject vehicle.   Each allegation of Plaintiff's complaint alleges a defect that was latent and undiscoverable by reasonable commercial inspection.   Defendant BMW NA owed no duty under the law to discovery such latent alleged defects.

WHEREFORE, Defendant, BMW of NORTH AMERICA, LLC prays that Count VI of Plaintiff's Fifth Amended Complaint be dismissed in its entirety, with prejudice, and that costs be awarded to Defendant.

.                                              Respectfully submitted,

JOHNSON & BELL, LTD.,


By: ___ /s/ Timothy R. Couture _____
        One of the Attorneys for Defendant
        BMW of NORTH AMERICA, LLC

James K. Toohey
Timothy R. Couture
JOHNSON & BELL, LTD.,
33 West Monroe Street, Suite 2700
Chicago, IL  60603
(312) 372-0770

_____ /s/ Timothy R. Couture _____
        I certify that the statements set forth herein to be
        true and correct in accordance with Rule 11.

Doc 2783751

26

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
Courtney A. Marincsin
Shannon Marie McNulty
Clifford Law Offices
120 North LaSalle Street - Suite 3100
Chicago, Illinois 60602
312-899-9090
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

William Yu
Carlton Fisher
Hinshaw & Culbertson
222 North LaSalle Street - Suite 300
Chicago, Illinois 60601
312-704-3000
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

**Attorneys for CSX Intermodal, Inc.**
Scott C. Bentivenga
Michael S. Haggerty
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street – Suite 300
Chicago, IL 60661
312/463-3353
sbentivanga@lbbslaw.com
jnelson@lbbslaw.com

**Attorney for Franke and Martins**
Joseph Gerard Skryd
Matthew Richard Schreck
Mulherin Rehfeldt & Varchetto PC
211 South Wheaton Avenue – Suite 200
Wheaton, IL 60187
630/653-9300 **Fax: 630/653-9316**
jskryd@mrvlaw.com
mschreck@mrvlaw.com

Daniel Laurence Polsby
Robert James Golden
Dowd & Dowd
617 West Fulton Street
Chicago, IL 60661
800/451-5238 **Fax: 312/704-4500**
dpolsby@dowdandodwd.com
rgolden@dowdanddowd.com