IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>        Plaintiff,<br>v.<br>d<br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Case No.: 09 cv 5340<br><br>Judge James F. Holderman |

**DEFENDANTS UACL/OE/OX'S ANSWERS TO PLAINTIFF'S FIFTH AMENDED COMPLAINT AND THEIR CROSS CLAIMS FOR CONTRIBUTION AND INDEMNITY AGAINST THE CO-DEFENDANTS**

NOW COME the Defendants, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., OVERNITE EXPRESS and OX LLC ("UACL/OE/OX"), by their attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for their Answers to Plaintiff's Fifth Amended Complaint and Cross Claims for Contribution and Indemnity Against the Co-Defendants, they state as follows:

**COUNT I – NEGLIGENCE**

**MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE**

Defendants UACL/OE/OX make no answer to Count I of Plaintiff's Fifth Amended Complaint as it is not directed to UACL/OE/OX. To the extent that the allegations in Count I can be construed against UACL/OE/OX, such allegations are denied.

## COUNT II – NEGLIGENCE

## CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

Defendants UACL/OE/OX make no answer to Count II of Plaintiff's Fifth Amended Complaint as it is not directed to UACL/OE/OX. To the extent that the allegations in Count II can be construed against UACL/OE/OX, such allegations are denied.

## COUNT III - NEGLIGENCE

## INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE

Defendants UACL/OE/OX make no answer to Count III of Plaintiff's Fifth Amended Complaint as it is not directed to UACL/OE/OX. To the extent that the allegations in Count III can be construed against UACL/OE/OX, such allegations are denied.

## COUNT IV-NEGLIGENCE

## UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, AND SAMUEL G. FRANKE

1. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

**ANSWER: UACL/OEI/OX admit the allegations of Paragraph 1 of Count IV of Plaintiff's Fifth Amended Complaint.**

2. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

**ANSWER: UACL/OEI/OX admit the allegations of Paragraph 2 of Count IV of Plaintiff's Fifth Amended Complaint.**

3. On and before July 3, 2008, Defendant, OVERNITE, OX and UACL were corporations engaged in the business of interstate transportation, including truck transportation of goods in and throughout Cook County, Illinois, and maintained the office of its registered agent at 105 West Madison Street, 23rd Floor, City of Chicago, County of Cook, State of Illinois.

**ANSWER: UACL/OEI/OX only admit that some of them were engaged in the business of transportation and maintained an office of its registered agent at the referenced**

2

130130677v1 0903067 53587

place. **UACL/OEI/OX deny the remaining allegations in Paragraph 3 of Count IV of Plaintiff's Fifth Amended Complaint.**

4. On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

**ANSWER: UACL/OEI/OX admit that Franke was a driver of a commercial motor vehicle in interstate commerce and has insufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 4 of Plaintiff's Fifth Amended Complaint.**

5. On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, OVERNITE, OX and UACL and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

**ANSWER: UACL/OEI/OX deny the allegations of Paragraph 5 of Count IV of Plaintiff's Fifth Amended Complaint.**

6. On July 3, 2008, Defendants, MARTIN'S and FRANKE, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of container number CSXU 937987, on a chassis, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DMO2330.

**ANSWER: UACL/OEI/OX admit that at the referenced time and place FRANKE was operating a vehicle solely on behalf of his employer, Martin's Bulk Milk Service ("MBMS"), and they have insufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 6 of Plaintiff's Fifth Amended Complaint.**

7. On and before July 3, 2008, Defendants OVERNITE, OX and UACL engaged in the business of requesting, organizing, coordinating, authorizing and arranging the transportation of goods by tractor trailer trucks through various employees, agents and apparent agents.

**ANSWER: UACL/OEI/OX admit only that some of them were operating as a transportation broker pursuant to their contracts with IPC and MBMS on July 3, 2008,**

3

and they deny the remaining allegations contained in Paragraph 7 of Count IV of Plaintiff's Fifth Amended Complaint.

8. On and before July 3, 2008, Defendants OVERNITE, OX and UACL offered, agreed, and contracted with Defendant INTERNATIONAL to transport paper products that were in Defendant INTERNATIONAL's possession, through their duly authorized employees, agents and/or apparent agents.

**ANSWER:** UACL/OEI/OX admit only that some of them were operating as a transportation broker pursuant to their contracts with IPC and MBMS on July 3, 2008, and they deny the remaining allegations contained in Paragraph 8 of Count IV of Plaintiff's Fifth Amended Complaint.

9. On or about July 3, 2008 Defendants OVERNITE, OX and UACL, requested and directed Defendant MARTIN and FRANKE to pick up INTERNATIONAL'S paper product goods at a Hammond, Indiana warehouse, and transport those goods to various locations in Minnesota.

**ANSWER:** UACL/OEI/OX admit only that some of them were operating as a transportation broker pursuant to their contracts with IPC and MBMS on July 3, 2008, and denies the remaining allegations contained in Paragraph 9 of Count IV of Plaintiff's Fifth Amended Complaint.

10. On or about July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants, OVERNITE, OX and UACL, Defendant MARTIN'S and its employee Defendant FRANKE drove to a warehouse owned by Defendant INTERNATIONAL to pick up a load of paper product goods for delivery in Minnesota.

**ANSWER:** UACL/OEI/OX admit only that some of them were operating as a transportation broker pursuant to their contracts with IPC and MBMS on July 3, 2008, and they deny the remaining allegations contained in Paragraph 10 of Count IV of Plaintiff's Fifth Amended Complaint.

11. On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants OVERNITE, OX and UACL, Defendant FRANKE drove the aforesaid tractor trailer truck containing Defendant INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

4

**ANSWER:** **UACL/OEI/OX admit only that some of them were operating as a transportation broker pursuant to their contracts with IPC and MBMS on July 3, 2008, and they deny the remaining allegations contained in Paragraph 11 of Count IV of Plaintiff's Fifth Amended Complaint.**

12. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

**ANSWER:** **UACL/OEI/OX admit the allegations of Paragraph 12 of Count IV of Plaintiff's Fifth Amended Complaint**.

13. On July 3, 2008, Defendants, OVERNITE, OX, UACL, through their agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

**ANSWER:** **UACL/OEI/OX deny the allegations of Paragraph 13 of Count IV of Plaintiff's Fifth Amended Complaint.**

14. On and before July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

**ANSWER:** **UACL/OEI/OX deny the allegations contained in Paragraph 14 of Count IV of Plaintiff's Fifth Amended Complaint, and admit to owing only those duties imposed upon them by law.**

15. On July 3, 2008, and at all times mentioned herein; Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, OVERNITE, OX and UACL were negligent in one or more of the following respects:

    a. negligently operated, managed, maintained and controlled their motor vehicle;

    b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicles in front of them;

    i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

    j.    failed to slow down their vehicle so as to avoid a rear end collision;

    k.    failed to keep a proper look out for vehicles traveling in front of them;

    l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

    m.    were otherwise negligent.

**ANSWER:** **UACL/OEI/OX deny the allegations of Paragraph 15 of Count IV of Plaintiff's Fifth Amended Complaint including subparagraphs (a) through (m) inclusive.**

16.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

**ANSWER:** **UACL/OEI/OX deny the allegations of Paragraph 16 of Count IV of Plaintiff's Fifth Amended Complaint.**

130130677v1 0903067 53587

**WHEREFORE**, Defendants UACL/OEI/OX pray that judgment be entered in their favor and against the plaintiff.

### COUNT V - STRICT LIABILITY

### BMW OF NORTH AMERICA, LLC, A CORPORATION., BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT% A CORPORATION, BMW AG, A CORPORATION, AND KARL KNAUZ MOTORS, INC., A CORPORATION

Defendants UACL/OE/OX make no answer to Count V of Plaintiff's Fifth Amended Complaint as it is not directed to UACL/OE/OX. To the extent that the allegations in Count V can be construed against UACL/OE/OX, such allegations are denied.

### COUNT VI- NEGLIGENCE

### BMW OF NORTH AMERICA, LLC, A CORPORATION, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, A CORPORATION, BMW AG, A CORPORATION, AND KARL KNAUZ MOTORS, INC., A CORPORATION

Defendants UACL/OE/OX make no answer to Count VI of Plaintiff's Fifth Amended Complaint as it is not directed to UACL/OE/OX. To the extent that the allegations in Count I can be construed against UACL/OE/OX, such allegations are denied.

### FIRST AFFIRMATIVE DEFENSE

**NOW COME** the Defendants UACL/OEI/OX by their attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for their Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

1. Plaintiff's injury and damages, if any, were caused in whole or in part by the fault of other tortfeasors, including but not limited to the negligence or other fault of other persons and/or entities.

2. In the event that the defendants UACL/OE/OX, or any of them, are found liable to plaintiff and such liability is less than 25% of the total cause of the fault

130130677v1 0903067 53587

contributing to plaintiff's injuries, then the defendants' liability, if they are liable at all, is limited as set for in Section 2-1117 of the Illinois Code of Civil Procedure governing modified joint and several liability.

WHEREFORE, Defendants UACL/OEI/OX respectfully request that if, and only if, they are found liable to the plaintiff, then any judgment against them be based on the provisions contained in Section 2-1117 of the Illinois Code of Civil Procedure in the event that the defendants' fault is less than 25% of the fault causing plaintiff's alleged injuries and/or damages, if any.

## SECOND AFFIRMATIVE DEFENSE

1. At the time and place as alleged in the Plaintiff's Fifth Amended Complaint, it was the duty of Jeffrey J. Scheinman to exercise ordinary care for his own safety and for others on the roadway and to mitigate his damages.

2. To the extent that the evidence shows, if it shows at all, that Jeffrey J. Scheinman was guilty of any negligent acts and/or omissions, or failed to mitigate his damages, then his recovery, if any, should be barred or limited depending on the percentage of fault attributable to such acts or omissions.

WHEREFORE, Defendants UACL/OEI/OX claim that plaintiff's recovery should be barred or limited to the extent shown by the evidence and law applicable to the concepts of contributory negligence or failure to mitigate.

## COUNTERCLAIM FOR SETOFF

NOW COME the Defendants UACL/OE/OX by their attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for their Counterclaim for Setoff, they state as follows:

8

1.	On or about July 26, 2011, Plaintiff, Jeffrey J. Scheinman, filed a Fifth Amended Complaint against Defendants UACL/OE/OX alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc. No. 168).

2.	UACL/OE/OX has denied and continues to deny all material allegations of Plaintiff's Complaint, and specifically denied and continues to deny that UACL/OE/OX was negligent in causing the Plaintiff's claimed injuries and/or damages.

3.	At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., provides that UACL/OE/OX are entitled to a setoff in the amount of any settlement paid by any party named in this action, including any Defendant or Third-Party Defendant, if that settlement was paid for the same injury for which the Plaintiff now seeks recovery against UACL/OE/OX.

4.	In the event that any party named in this action, including any Defendant or Third-Party Defendant, settles separately with the Plaintiff, UACL/OE/OX will be entitled to a setoff in the amount of any such settlement against any verdict returned against UACL/OEI/OX pursuant to 740 ILCS 100/2(c) and 735 ILCS 5/2-608.

WHEREFORE, Defendants UACL/OE/OX respectfully request that in the event judgment is entered against it herein, that the judgment be reduced by the amount of any settlement entered into and between the Plaintiff and any other party.

### CROSSCLAIM FOR CONTRIBUTION #1– ALL CO-DEFENDANTS EXCEPT MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

NOW COME the Defendants/Crossclaimants UACL/OE/OX by their attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for their Crossclaim for Contribution against all Co-Defendants except Martin's Bulk Milk Service, Inc. ("MBMS") and Samuel G. Franke, they state as follows:

1. On or about July 26, 2011, Plaintiff, Jeffrey J. Scheinman, filed a Fifth Amended Complaint against defendants UACL/OE/OX alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc No. 168).

2. Plaintiff's Complaint alleges that certain acts and/or omissions of negligence on the part of the Defendants UACL/OEI/OX proximately caused Plaintiff's injuries and damages.

3. Defendants/Crossclaimants UACL/OEI/OX have denied and continue to deny all material allegations of Plaintiff's Complaint, and specifically denied and continues to deny that UACL/OEI/OX were negligent in causing the Plaintiff's claimed injuries and/or damages.

4. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., was in full force and effect.

5. As alleged in the Plaintiff's complaint, CSX Intermodal, Inc., BMW of North America, LLC, Bayerische Motoren Werke Aktiengesellschaft, BMW AG, and Karl Knauz Motors, Inc. committed negligent acts or omissions or put into the stream of commerce an unreasonably dangerous product.

6. In the event that judgment is entered in favor of Plaintiff against these Defendants, UACL/OEI/OX, then said judgment may be due in whole or in part to the negligence or other fault of the co-defendants other than Samuel G. Franke and MBMS.

7. In the event these defendants UACL/OEI/OX are held liable to the Plaintiff, which liability these defendants expressly deny, then these defendants are entitled to contribution from the co-defendants other than Samuel G. Franke and MBMS in an amount equal to the pro rata share of liability of the co-defendants other than Samuel G. Franke and MBMS under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq.

130130677v1 0903067 53587

WHEREFORE, Defendants/Crossclaimants UACL/OEI/OX respectfully request that in the event judgment is entered in favor of the Plaintiff and against these Defendants/Crossclaimants, that judgment also be entered against the co-defendants other than Martin's Bulk Milk Service, Inc. and Samuel G. Franke and in favor of these Defendants/Crossclaimants by way of contribution in such an amount as is commensurate with the pro rata share of liability of the co-defendants other than Martin's Bulk Milk Service, Inc. and Samuel G. Franke, under the Illinois Contribution Among Joint Tortfeasors Act, in causing or contributing to the cause the injuries and/or damages, if any, sustained by the Plaintiff.

## CROSSCLAIM FOR CONTRIBUTION #2 – MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

NOW COME the Defendants UACL/OE/OX by their attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for their Crossclaim for Contribution against Martin's Bulk Milk Service, Inc. ("MBMS") and Samuel G. Franke, they state as follows:

1. On or about July 26, 2011, Plaintiff, Jeffrey J. Scheinman, filed a Fifth Amended Complaint against defendants UACL/OE/OX alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc No. 168).

2. Plaintiff's Complaint alleges that certain acts and/or omissions of negligence on the part of the Defendants UACL/OEI/OX proximately caused Plaintiff's injuries and damages.

3. Defendants/Crossclaimants UACL/OEI/OX have denied and continue to deny all material allegations of Plaintiff's Complaint, and specifically denied and continues to deny that UACL/OEI/OX were negligent in causing the Plaintiff's claimed injuries and/or damages.

4. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., was in full force and effect.

5. At all times in the Plaintiff's complaint, Samuel G. Franke was acting as an agent and employee of MBMS.

6. At all times, Samuel G. Franke as an agent and employee of MBMS had a duty to exercise ordinary care and caution in the operation of his vehicle.

7. Notwithstanding the aforesaid duty, Samuel G. Franke, as an agent and employee of MBMS, was then and there guilty of the following careless and negligent acts and / or omissions:

    a. Carelessly and negligently failed to keep his vehicle under control;

    b. Carelessly and negligently failed to maintain a proper lookout for other vehicles about said roadway;

    c. Was otherwise careless or negligent.

8. In the event that judgment is entered in favor of Plaintiff against these Defendants, UACL/OEI/OX, said judgment will be due in whole or in part to the negligence or other fault of Samuel G. Franke and MBMS.

9. In the event these defendants UACL/OEI/OX are held liable to the Plaintiff, which liability these defendants expressly deny, then these defendants are entitled to contribution from Samuel G. Franke and MBMS in an amount equal to Samuel G. Franke's and MBMS pro rata share of liability under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq.

WHEREFORE, Defendants/Crossclaimants UACL/OEI/OX respectfully request that in the event judgment is entered in favor of the Plaintiff and against these Defendants/Crossclaimants, that judgment also be entered against Martin's Bulk Milk Service, Inc. and Samuel G. Franke and in favor of this Defendants/Crossclaimants by way of contribution in such an amount as is commensurate with the pro rata share of liability of Martin's Bulk Milk Service, Inc. and Samuel G. Franke, under the Illinois Contribution Among Joint

Tortfeasors Act, in causing or contributing to the cause of the injuries and/or damages, if any, sustained by the Plaintiff.

**CROSSCLAIM FOR INDEMNIFICATION – MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE**

NOW COME the Defendants/Crossclaimants UACL/OE/OX by their attorneys, Carlton D. Fisher and William Yu of Hinshaw & Culbertson LLP, and for their Crossclaim for Indemnification against Martin's Bulk Milk Service, Inc. and Samuel G. Franke, they state as follows:

1. On or about July 26, 2011, Plaintiff, Jeffrey J. Scheinman, filed a Fifth Amended Complaint against the defendants UACL/OE/OX alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc No. 168).

2. Plaintiff's Complaint alleges that certain acts and/or omissions of negligence on the part of the Defendants UACL/OE/OX proximately caused Plaintiff's injuries and damages.

3. In Plaintiff's Complaint, Plaintiff has alleged, in part, that UACL/OE/OX was negligent in that they:

    a. negligently operated, managed, maintained and controlled their motor vehicle;

    b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c. operated their motor vehicle without keeping a proper and sufficient lookout;

    d. operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e. proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which

        endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.     failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.     failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.     failed to maintain an adequate lookout for motor vehicles in front of them;

i.     drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.     failed to slow down their vehicle so as to avoid a rear end collision;

k.     failed to keep a proper look out for vehicles traveling in front of them;

l.     failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.     were otherwise negligent.

4.     At all relevant times in the Plaintiff's Complaint, Samuel G. Franke was acting as an agent and employee of MBMS.

5.     MBMS and UACL/OE/OX entered into contracts by which UACL/OE/OX were operating as a transportation broker and MBMS and its drivers were operating as a carrier.

6.     The indemnification clause within the contracts entered into between MBMS and UACL/OE/OX contains the following language:

> CARRIER shall defend, indemnify, and hold UACL harmless from and against all loss, liability, damage, claim, fine, cost or expense, including reasonable attorney's fees, arising out of or in any way related to the performance or breach of this Agreement by CARRIER, its employees or independent contractors working for CARRIER (collectively, the "Claims"), including, but not limited to, Claims for or related to personal injury (including death), property damage and CARRIER's possession, use, maintenance, custody or operation of the Equipment; provided, however, that CARRIER's indemnification and hold harmless obligations under

14

        this paragraph will not apply to any portion of such claim attributable to the tortious conduct of UACL.

7.    Based on the plain language of the contractual obligations contained in the contract between MBMS and UACL/OEI/OX, if Plaintiff's injuries were caused by MBMS' performance of its obligations under the agreements between UACL/OE/OX and MBMS, then MBMS must contractually indemnify UACL/OE/OX for all loss, liability, damage, claim, fine, cost or expense, including reasonable attorney's fees, they sustained by reason of Plaintiff's claim for personal injury.

WHEREFORE, Defendants/Crossclaimants UACL/OE/OX respectfully request that MBMS and Franke "defend, indemnify, and hold UACL/OE/OX harmless from and against all loss, liability, damage, claim, fine, cost or expense, including reasonable attorney's fees, arising out of or in any way related to the performance of the Agreement" by and between MBMS and UACL/OE/OX and the claims for personal injury brought by the Plaintiff against these Defendants/Crossclaimants UACL/OE/OX and that judgment be entered on this Crossclaim for Indemnification in favor of Defendants/Crossclaimants UACL/OE/OX and against Defendant/Counter-Defendant Martin's Bulk Milk Service, Inc. and its employee Franke.

                      Respectfully submitted,

                      HINSHAW & CULBERTSON LLP

                      By:  s/Carlton D. Fisher
                              Carlton D. Fisher
                              One of the Attorneys for Universal Am-Can Ltd., successor to Overnite Express, Overnite Express, and OX LLC

Carlton D. Fisher
William Yu
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450

cfisher@hinshawlaw.com

130130677v1 0903067 53587