UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br>　　　　　　　　Plaintiff,<br>　vs.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW OF NORTH AMERICA, LLC, a Corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC.,<br><br>　　　　　　　　Defendants. | Case No. 09 cv 5340 |

**CROSSCLAIMS FOR CONTRIBUTION**

NOW COME Defendants/Cross Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA") and BAYERISCHE MOTOREN WERKE AG (informally hereinafter "BMW AG"), by and through their attorneys, James K. Toohey and Timothy R. Couture of JOHNSON & BELL, LTD., and for their Crossclaims for Contribution against MARTIN'S BULK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, and UNIVERSAL AM CAM. LTD., state as follows:

1.　　Plaintiff has filed a six count Fifth Amended Complaint at Law alleging that on July 3, 2008 in the northbound lanes of Skokie Valley Road at Half Day Road in Highland Park, Illinois, Jeffrey Scheinman suffered injuries and damages caused by the negligence of Samuel Franke and Martin's Bulk Milk Service, Inc. when the 2008 335i

Series BMW automobile driven by Jeffrey Scheinman was struck in the rear while at rest at a traffic control light by a fully-loaded semi-tractor/trailer combination owned by Martin's Bulk Milk Service, Inc. and operated by Samuel Franke. (See dkt #168, Count 1).

2.  Plaintiff's Fifth Amended Complaint further alleges that Jeffrey Scheinman's injuries were caused by the negligent operation of the semi-tractor/trailer combination by Samuel Franke, who allegedly acted at the time as an agent or employee of CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, and Universal AM CAM. Ltd., (See dkt #168, Counts II-IV).

3.  Count V of Plaintiff's Fifth Amended Complaint alleges that BMW NA and BMW AG are strictly liable for alleged design, manufacturing or warning defects in Jeffrey Scheinman's 2008 335i Series BMW automobile.

4.  Count VI of Plaintiff's Fifth Amended Complaint alleges II that BMW NA and BMW AG negligently designed Jeffrey Scheinman's 2008 335i Series BMW automobile and failed to warn Jeffrey Scheinman of defects in the design of same.

5.  BMW NA and BMW AG have filed Answers and Affirmative Defenses to Plaintiff's Complaint denying all material allegations directed against it. (See dkt # #172 and 173.)

6.  In his Fifth Amended Complaint Plaintiff, alleges that the indivisible injuries Plaintiff suffered were caused by the tortious acts or omissions of each alleged tortfeasor.

7. At all times relevant, there was in existence a statute commonly known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/01, *et. seq.*, which provides for the assessment of damages among joint tortfeasors found liable to an injured plaintiff in proportion to their respective percentage of fault.

8. If either or both Cross-Plaintiffs BMW NA and/or BMW AG are found liable to the Plaintiff based on Plaintiff's theories of product liability or negligence, said liability being expressly denied, and each or any Cross Defendant is also found liable to Plaintiff, the Cross Plaintiffs will be entitled to contribution from any and each Cross Defendant also found liable in an amount in proportion to the percentage of fault assigned to any and each Cross Defendant for their negligent and/or willful and wanton conduct in accordance with the Joint Tortfeasors Contribution Act.

9. At the time and place specified in Plaintiff's Fifth Amended Complaint, Samuel Franke conduct and the conduct of those on whose behalf he was acting can be adjudged as negligent, as alleged, and an assessment of that liability can be made based on such negligence.

10. However, at that time and place, on information and belief, Samuel Franke's conduct was so reckless and in such utter disregard for the safety of Plaintiff's incompetent person that assessment of fault against him, and those on whose behalf he was legally acting at that time, can be judged to constitute willful and wanton misconduct, in that: a) he drove a fully loaded semi tractor-trailer weighing an estimated 50,000 pounds into an intersection between a federal and a state highway that was controlled at that time by a red traffic control signal warning him to reduce his speed to a stop to prevent any contact with any vehicles waiting at that red traffic control signal and

3

before entering an intersection in which easterly and westerly traffic was or was entitled to be crossing in utter disregard for the laws in effect at that time requiring him to reduce his speed to avoid an accident (625 ILCS 5/11-601 (a) and (b) and his statutory obligation to observe and comply with traffic control lights (625 ILCS 5/11-202; b) but instead and with an unobstructed view of the intersection, stopped traffic and a red traffic control signal, he drove his semi tractor-trailer combination at full highway speed and without application of his brakes into an impact between the front of his semi tractor-trailer combination and the rear of the vehicle occupied by plaintiff's incompetent person, c) he caused his semi tractor-trailer combination to strike the stopped vehicle, propelling it across the intersection, over a curb, and hundreds of feet north of the intersection all the time with his tractor-trailer in full contact with the struck vehicle, d) he caused the combination of his tractor-trailer and the struck vehicle to go over a curb, knocking down a road sign and causing the struck vehicle to catch fire starting in the rear of the vehicle during the extended run-out of both vehicles after initial impact, e) when he finally brought his vehicle to a halt or it was otherwise caused to stop, he acted only for his own safety and in disregard of the safety of the person in the vehicle he had struck by backing his truck down the road away from the burning vehicle and made no effort to aid in extricating the unconscious driver of the struck vehicle before the fire reached the unconscious driver's seated position in the vehicle.

11. In the event that either cross-plaintiff is adjudged liable as a cause of any of Plaintiff's damages, the reckless and willful conduct of Samuel Franke and those on whose behalf he was acting at the time should bear responsibility based on such wrongful causative behavior.

WHEREFORE, Defendants/Cross Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG pray that if Plaintiff has proven that a defect in the subject vehicle or negligence of one or both Cross Plaintiffs was a cause of Plaintiff's injuries and damages, either or both Cross Plaintiffs will be entitled to recovery against any or each Cross Defendant, including MARTIN'S BULK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, and UNIVERSAL AM CAM. LTD., that is found to have been a joint cause of the injuries and damages in an amount based on the percentage of fault assigned to him or it to the extent that such Cross Defendant is liable under 735 ILCS 5/2-1117 and 740 ILCS 100/01, *et seq.,*, and that judgment be entered in favor of Cross Plaintiffs and against Cross Defendants in such amounts as it may recover from any or each of them under the 740 ILCS 100/01, *et seq.* and 735 ILCS 5/2-1117.

JOHNSON & BELL, LTD.

By  s/ Timothy R. Couture
One of the Attorneys for Defendants/Cross Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG

James K. Toohey
Timothy Couture
Rebecca Matthews
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770

5