**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 09 CV 5340 |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) | Honorable James F. Holderman |
| Defendants. | ) | |

**MOTION FOR REASSIGNMENT AND CONSOLIDATION OF RELATED CASES**

NOW COME the Defendants, MARTIN'S BULK MILK SERVICE, INC., and SAMUEL G. FRANKE, by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Motion for Reassignment and Consolidation of Related Cases, state as follows:

1. On or about July 7, 2008, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed an action in the Circuit Court of Cook County, Illinois, entitled <u>MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC.</u>, Docket No. 2008 L

7344, seeking recovery for alleged injuries and damages suffered by MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, on or about July 3, 2008.  This action arises from an alleged vehicular collision that occurred on July 3, 2008 in Highland Park, Lake County, Illinois.  On or about July 23, 2009, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a Second Amended Complaint at Law naming CSX INTERMODAL, INC. and INTERNATIONAL PAPER COMPANY.  On or about August 19, 2009, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a Third Amended Complaint at Law naming OVERNITE EXPRESS, INC.  On or about August 28, 2009, the Defendants removed the action to the United States District Court for the Northern District of Illinois and the action was assigned Docket No. 2009 CV 5340.

  2. On or about June 28, 2010, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a products liability action in the Circuit Court of Cook County, Illinois entitled <u>MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, et. al.</u>, under General Docket No. 2010 L 7496, seeking recovery for alleged damages suffered by MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, on or about July 3, 2008.   This claim arose from the same alleged vehicular collision that occurred on July 3, 2008 in Highland Park, Lake

County, Illinois. On or about April 21, 2011, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT removed the action to the United States District Court for the Northern District of Illinois and the action was assigned Docket No. 2011 CV 2687.

3. On or about June 30, 2010, the Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN, commenced an action by filing a Complaint at Law in the Circuit Court of Cook County, Illinois under General Docket No. 2010 L 7595, (see attached Exhibit "A"), seeking recovery for alleged damages suffered by the Plaintiff, TRAVELERS PERSONAL INSURANCE, on or about July 3, 2008. TRAVELERS PERSONAL INSURANCE's claim arises from the same alleged vehicular collision that occurred on July 3, 2008 in Highland Park, Lake County, Illinois. On or about August 10, 2011, the Defendants, SAMUEL G. FRANKE and MARTIN'S BULK MILK SERVICE, INC., filed a Third-Party Complaint for contribution under the Illinois Contribution Act against the Defendants, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, which are also named in the action filed by MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, (see attached Exhibit "B"). On August 11, 2011, the Defendants, SAMUEL G. FRANKE and MARTIN'S BULK MILK SERVICE, INC., removed the action to the United States District Court for the Northern District of Illinois and the action was assigned Docket No. 2011 CV 5457, (see attached Exhibit "C").

4. On or about July 12, 2011, Honorable Judge James F. Holderman consolidated the MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of

JEFFREY J. SCHEINMAN, a disabled person v. BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, et. al., Docket No. 2011 CV 2687 with MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, Docket No. 2009 CV 5340 (see attached Exhibit "D").

5. On or about July 26, 2011, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket No. 09 CV 5340, (see attached Exhibit "E"), under the caption of MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, consolidating his claims against the various Defendants from the previously separate lawsuits.

6. The two pending actions arise out of the same alleged vehicular collision that occurred on July 3, 2008 in Highland Park, Lake County, Illinois, as well as the same alleged injuries and damages, and involve common issues of fact and law.

7. Local Rule 40.4(b) states:

A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

    (1)    both cases are pending in this Court;

    (2)    the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

    (3)    the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

    (4)    the cases are susceptible of disposition in a single proceeding.

8. Further, Rule 42(a) of the Federal Rules of Civil Procedure provides:

If actions before the court involve a common question of law or fact, the court may:

    (1)    join for hearing or trial any or all maters at issue in the actions;

    (2)    consolidate the actions; or

    (3)    issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).

9. Here, both actions are properly before this Court. The <u>MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT</u>, action was removed from state court and this Court denied the Plaintiff's Motions to Remand. The Defendants, SAMUEL G. FRANKE and MARTIN'S BULK MILK SERVICE, INC., removed the <u>TRAVELERS PERSONAL INSURANCE COMPANY, as</u>

Subrogee of JEFFREY SCHEINMAN v. MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE action from state court pursuant to 28 U.S.C. § 1367 and based upon this Court's Order of July 12, 2011.

10. In general, supplemental jurisdiction is appropriate over the claims where the issues "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The "case or controversy" requirement is satisfied when the state and federal claims "derive from a common nucleus of operative facts." Sanchez & Daniels v. Koresko, 503 F.3d 610, 614 (7th Cir. 2007). The Seventh Circuit requires a "loose factual connection" between claims to support exercise of supplemental jurisdiction." Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995). The claims may be based on different legal theories. Lynam v. Foot First Podiatry Ctrs, P.C., 919 F. Supp. 1141, 1148 (N.D. Ill. 1996).

11. Common questions of law and fact exist between MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN v. MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE. Both cases will need to answer the same questions about the same accident, including but not limited to those issues relating to causation, alleged negligence of the parties, and damages.

The actions seek related damages from the same accident by related Plaintiffs.  With the Seventh Circuit's requirement that only a "loose factual connection" is required, the two cases clearly have the requisite "common nucleus of operative facts" for the Court to exercise supplemental jurisdiction.

12. In order for a case to qualify for reassignment, Local Rule 40.4 requires that the handling of both cases by the same judge is likely to result in substantial judicial efficiency, that the cases are susceptible of disposition in a single proceeding, and that the reassignment would not be likely to substantially delay the earlier filed proceeding. Similarly, under Rule 42(a) of the Federal Rules of Civil Procedure, two cases may be consolidated if they have "common questions of law or fact."

13. The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to all parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).  A Court has discretion to consolidate related cases involving common questions of law and fact "under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event. Ikerd v. Lapworth, 435 F. 2d 197, 204 (7th Cir. 1970). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause.  Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).   Consolidation of related cases conserves scarce judicial resources and reduces the resources ultimately expended by the litigants.  Keppen v. Burlington N. R. Co., 749 F. Supp. 181, 183 (N.D. Ill. 1990).

14. <u>MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT</u> and <u>TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN v. MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE</u> have a myriad of common issues of fact, and consolidating them together will allow for better judicial (and litigant) efficiency and economy.  The two cases arise out of the **same event**, namely a July 3, 2008 automobile accident.  The Plaintiffs in both cases are related as they are both brought on or on behalf of JEFFREY SCHEINMAN.  Both cases seek damages suffered by JEFFREY SCHEINMAN and/or his insurance carrier.  All of the Defendants and/or Third-Party Defendants in the <u>TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN v. MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE</u> are Defendants in <u>MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT</u>.

15. No party will suffer any prejudice by the reassignment and consolidation of the two cases, and the reassignment and consolidation would not cause any delay in

the earlier filed case as it was recently consolidated with another related matter. Despite the time differential in the filing of the two matters, only limited discovery has been completed in the earlier filed action and the Court has not yet entered a discovery schedule in the matter. As such, the consolidation of the cases will not cause undue delay in either matter. Instead, a failure to consolidate the cases would delay potentially both cases and cause prejudice to the parties as it would require: (1) the defense of the same claims for negligence against the same parties in two different suits before two different courts; (2) unnecessary duplicative depositions; (3) unnecessary waste of judicial resources; and (4) the potential of inconsistent verdicts for the same accident.

16. Instead, as <u>TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN v. MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE</u> and <u>MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT</u> satisfy all the requirements of Local Rule 40.4 and Rule 42(a), <u>TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN v. MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE</u> should be reassigned to this Court and consolidated with <u>MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO</u>

OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT for discovery and trial.

17.    For the reasons stated herein, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, move pursuant to Local Rule 40.4 to have the matter of TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN v. MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, Docket No. 2011 CV 5457, reassigned, and pursuant to Federal Rule of Civil Procedure 42(a), consolidated with the earlier-filed, related case currently assigned to Judge James Holderman, entitled MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, Docket No. 09 CV 5340.  Further, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, move Rule 42(a) of the Federal Rules of Civil Procedure to consolidate the two cases for discovery and trial.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, respectfully request that this Honorable Court TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN v. MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, Docket No. 2011 CV 5457, be reassigned to Judge James Holderman as a related case to MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK

<u>SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT</u>, Docket No. 09 CV 5340, under Local Rule 40.4, and that the cases be consolidated for discovery and trial, and grant such further relief as this Court deems just.

                      Respectfully Submitted,

                      _s/ Matthew R. Schreck_____
                      Matthew R. Schreck, One of the Attorneys for
                      Defendants, MARTIN'S BULK MILK SERVICE,
                      INC. and SAMUEL G. FRANKE

MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue
Suite 200
Wheaton, IL 60187
(630) 653-9300

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 11, 2011 I electronically filed the foregoing Motion for the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
Courtney A. Marincsin
Shannon Marie McNulty
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago, Illinois  60602
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

Robert J. Golden
Dowd & Dowd, Ltd.
617 West Fulton
Chicago, Illinois 60661
rgolden@dowdanddowd.com

Evan Karnes, II
Neil D. O'Connor, Sr.
O'Connor & Karnes
177 North State
3rd Floor
Chicago, Illinois 60601
ekarnes@oconnorkarnes.com

Carlton Fisher
William Yu
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

                                                                     s/ Matthew R. Schreck