IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

TRAVELERS PERSONAL INSURANCE )
COMPANY, as Subrogee of JEFFREY )
SCHEINMAN, )
                            )
             Plaintiff, )
                            )
      vs. )
                            ) NO. 2010 L 7595
MARTIN'S BULK MILK SERVICE, INC. and )
SAMUEL G. FRANKE, )
                            )
             Defendants. )
_____ )
MARTIN'S BULK MILK SERVICE, INC. and )
SAMUEL G. FRANKE, )
                            )
      Defendants/Third-Party Plaintiffs, )
                            )
      vs. )
                            )
INTERNATIONAL PAPER COMPANY and )
UNIVERSAL AM CAN, LTD., SUCCESOR )
TO OVERNIGHT EXPRESS, INC., and )
OX LLC, )
                            )
             Third-Party Defendants. )

## THIRD PARTY COMPLAINT

NOW COME the Defendants/Third-Party Plaintiffs, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE (hereinafter referred to as "MARTIN'S BULK"), by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Third Party Complaint against the Third-Party Defendants, INTERNATIONAL PAPER COMPANY, and UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, state as follows:



<u>COUNT I</u>

1.    On or about June 30, 2010, the Plaintiff filed a Complaint at Law in the Circuit Court of Cook County, Illinois under General Docket #2010 L 7595, (see attached Exhibit "A"), seeking recovery for alleged damages suffered by the Plaintiff, TRAVELERS PERSONAL INSURANCE, on or about July 3, 2008.

2.    On or about July 26, 2011, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, (attached hereto as Exhibit "B"), seeking recovery for alleged damages suffered by MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, alleging in Count II that the Defendant, SAMUEL G. FRANKE, was a duly authorized employee, agent and/or apparent agent of the Third-Party Defendant, INTERNATIONAL PAPER COMPANY, and negligently operated his tractor trailer truck so as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN.

3.    Notwithstanding said duties and in direct violation thereof, the Third-Party Defendant, INTERNATIONAL PAPER COMPANY, was allegedly guilty of the following negligent acts and/or omissions to act:

a.    Allegedly negligently operated, managed, maintained and controlled their motor vehicle;

b.    Allegedly operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c.    Allegedly operated their motor vehicle without keeping a proper and sufficient lookout;

d. Allegedly operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e. Allegedly proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes,1992, Chapter 625, Act 5, Section 11-601;

f. Allegedly failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g. Allegedly failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h. Allegedly failed to maintain an adequate lookout for motor vehicles in front of them;

i. Allegedly drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j. Allegedly failed to slow down their vehicle so as to avoid a rear end collision;

k. Allegedly failed to keep a proper look out for vehicles traveling in front of them;

l. Allegedly failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m. Was otherwise allegedly careless and negligent.

4. At the time of the subject occurrence as alleged in the Plaintiff's Complaint at Law, there was in full force and effect in the State of Illinois a certain Act entitled "Joint Tortfeasor Contribution Act," 740 ILCS 100/0.01 et seq., which applies to actions for contribution accruing on or after March 1, 1978.

3

5.     If Defendants/Third Party Plaintiffs, MARTIN'S BULK, are found liable to the Plaintiff for any alleged damages in connection with the Plaintiff's Complaint at Law it will be due in whole or substantial part to the negligent acts and/or omissions to act of the Third-Party Defendant, INTERNATIONAL PAPER COMPANY.

6.     If Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are found liable to the Plaintiff in any amount whatsoever, which liability is denied by Defendants/Third-Party Plaintiffs, MARTIN'S BULK, then Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are entitled to contribution from INTERNATIONAL PAPER COMPANY for INTERNATIONAL PAPER COMPANY's pro rata share of fault **as** is allowable pursuant to statute and applicable case law, and Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are further entitled to contribution from the Third-Party Defendant, INTERNATIONAL PAPER COMPANY.

WHEREFORE, the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, respectfully request that in the event the trier of fact renders a judgment against the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, that this Court enter an Order granting the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, the right of contribution as against the Third-Party Defendant, INTERNATIONAL PAPER COMPANY, in an amount commensurate with the pro rata share of liability attributable against the Third-Party Defendant, INTERNATIONAL PAPER COMPANY, and for any other relief that this Court deems appropriate under the circumstances.

## COUNT II

1.     On or about June 30, 2010, the Plaintiff filed a Complaint at Law in the Circuit Court of Cook County, Illinois under General Docket #2010 L 7595, (see

4

attached Exhibit "A"), seeking recovery for alleged damages suffered by the Plaintiff, TRAVELERS PERSONAL INSURANCE, on or about July 3, 2008.

2.     On or about July 26, 2011, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, (attached hereto as Exhibit "B"), seeking recovery for alleged damages suffered by MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, alleging in Count IV that the Defendant, SAMUEL G. FRANKE, was a duly authorized employee, agent and/or apparent agent of the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, and negligently operated his tractor trailer truck so as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN.

3.     Notwithstanding said duties and in direct violation thereof, the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, was allegedly guilty of the following negligent acts and/or omissions to act:

      a.    Allegedly negligently operated, managed, maintained and controlled their motor vehicle;

      b.    Allegedly operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

      c.    Allegedly operated their motor vehicle without keeping a proper and sufficient lookout;

      d.    Allegedly operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled

5

Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.  Allegedly proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes,1992, Chapter 625, Act 5, Section 11-601;

f.  Allegedly failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.  Allegedly failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  Allegedly failed to maintain an adequate lookout for motor vehicles in front of them;

i.  Allegedly drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.  Allegedly failed to slow down their vehicle so as to avoid a rear end collision;

k.  Allegedly failed to keep a proper look out for vehicles traveling in front of them;

l.  Allegedly failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.  Was otherwise allegedly careless and negligent.

4.  At the time of the subject occurrence as alleged in the Plaintiff's Complaint at Law, there was in full force and effect in the State of Illinois a certain Act entitled "Joint Tortfeasor Contribution Act," 740 ILCS 100/0.01 et seq., which applies to actions for contribution accruing on or after March 1, 1978.

6

5.      If Defendants/Third Party Plaintiffs, MARTIN'S BULK, are found liable to the Plaintiff for any alleged damages in connection with the Plaintiff's Complaint at Law it will be due in whole or substantial part to the negligent acts and/or omissions to act of the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC.

6.      If Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are found liable to the Plaintiff in any amount whatsoever, which liability is denied by Defendants/Third-Party Plaintiffs, MARTIN'S BULK, then Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are entitled to contribution from UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC for UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC's, pro rata share of fault as is allowable pursuant to statute and applicable case law, and Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are further entitled to contribution from the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC.

WHEREFORE, the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, respecifully request that in the event the trier of fact renders a judgment against the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, that this Court enter an Order granting the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, the right of contribution as against the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, in an amount commensurate with the pro rata share of liability attributable against the Third-Party Defendant, UNIVERSAL AM

CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, and for any other relief that this Court deems appropriate under the circumstances.

Respectfully submitted,

MULHERIN, REHFELDT & VARCHETTO, P.C.

By: _____

Joseph G. Skryd, One of the Attorneys for Defendants/Third-Party Plaintiffs, SAMUEL G. FRANKE and MARTIN'S BULK MILK SERVICE, INC.

MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, Illinois 60187
630/653-9300

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MURRAY SCHEINMAN, Plenary
Guardian of the Estate and Person of
JEFFREY J. SCHEINMAN, a Disabled
Person,

                Plaintiffs,

vs.

MARTIN'S BULK MILK SERVICE, INC.,
SAMUEL G. FRANKE, CSX INTERMODAL,
INC., INTERNATIONAL PAPER COMPANY,
UNIVERSAL AM CAN LTD., Successor to
OVERNITE EXPRESS, INC. and OX LLC,
BMW of NORTH AMERICA, LLC,
a corporation, BAYERISCHE MOTOREN
WERKE AKTIENGESELLSCHAFT,
a corporation, BMW AG, a corporation, and
KARL KNAUZ MOTORS, INC.,
a corporation,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 09 cv 5340

Honorable James F Holderman

### FIFTH AMENDED COMPLAINT AT LAW

### COUNT I - NEGLIGENCE

### MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter "MARTIN'S") and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

    1.    On and before July 3, 2008, Skokie Valley Road was a public way running



generally in north and south directions through Highland Park, Illinois.

2.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.     On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

4.     On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

7.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting

2

in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

9.     On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

10.     On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant MARTIN'S, were negligent in one or more of the following respects:

a.     negligently operated, managed, maintained and controlled their motor vehicle;

b.     operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c.     operated their motor vehicle without keeping a proper and sufficient lookout;

d.     operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.     proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.     failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.     failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.     failed to maintain an adequate lookout for motor vehicles in front of them;

i.     drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.     failed to slow down their vehicle so as to avoid a rear end collision;

k.     failed to keep a proper look out for vehicles traveling in front of them;

l.     failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

m.     were otherwise negligent.

11.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, **Plenary** Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT II-NEGLIGENCE

## CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

[The allegations of Count II against CSX INTERMODAL, INC. have been dismissed pursuant to Judge Holderman's order of April 12, 2011. The allegations of Count II are included herein, not as realleged, but so as to preserve all of Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the following allegations is expected from Defendant CSX INTERMODAL, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of

JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW

OFFICES, P.C., complaining of Defendants, CSX  INTERMODAL, INC. (hereinafter "CSX"),

and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.    On and before July 3, 2008, Skokie Valley Road was a public way running

generally in north and south directions through Highland Park, Illinois.

2.    On and before July 3, 2008, Half Day Road was a public way running generally in

east and west directions in Highland Park, Illinois.

3.    On and before July 3, 2008, Defendant, CSX, was a corporation engaged in the

business of truck transportation of consumer goods in tractor trailer trucks in and throughout

Cook County, Illinois, and maintained the office of its registered agent at CT Corporation

System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.    On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in

the transportation of milk products and paper products in tractor trailer trucks in and throughout

Cook County, Illinois.

5.    On and before July 3, 2008, Defendant FRANKE was a duly authorized

employee, agent and/or apparent agent of Defendant, CSX, and at all times mentioned herein was

acting in the course and scope of said employment, agency and apparent agency.

6.    On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant

CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendant CSX

provided Defendant FRANKE with a CSX trailer for the transportation of paper products.

7.    On July 3, 2008, Defendants, CSX and FRANKE, and each of them, owned,

operated, managed, maintained and/or controlled a trailer, number CSXU 937987, which was

attached to a truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330
in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road
in Highland Park, Illinois.

8.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult,
operated his passenger car in a northbound direction on Skokie Valley Road at or near its
intersection with Half Day Road in Highland Park, Illinois.

9.     On July 3, 2008, Defendants, CSX and FRANKE, and each of them, operated and
drove their tractor trailer truck  in such a manner as to cause it to collide with the rear end of the
passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused
serious personal injury to JEFFREY J. SCHEINMAN.

10.    On and before July 3, 2008, and at all times mentioned herein, Defendants, CSX
and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others,
including JEFFREY J. SCHEINMAN.

11.    On July 3, 2008, and at all times mentioned herein, Defendants, CSX and
FRANKE, and each of them, individually and as agents, employees or apparent agents of
Defendant CSX, were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a wilful or wanton disregard for the

6

safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.    failed to maintain an adequate lookout for motor vehicles in front of them;

i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.    failed to slow down their vehicle so as to avoid a rear end collision;

k.    failed to keep a proper look out for vehicles traveling in front of them;

l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.    were otherwise negligent.

12.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, CSX, and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and

Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, CSX INTERMODAL, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT III - NEGLIGENCE

## INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, INTERNATIONAL PAPER COMPANY, a corporation, (hereinafter "INTERNATIONAL"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3. On and before July 3, 2008, Defendant, INTERNATIONAL, was a corporation engaged in the business of selling paper and packaging products in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4. On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5. On and before July 3, 2008, Defendant FRANKE was a duly authorized

8

employee, agent and/or apparent agent of Defendant, INTERNATIONAL, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.     On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of trailer number CSXU 937987, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7.     On July 3, 2008, Defendant FRANKE drove the tractor trailer truck to Defendant INTERNATIONAL's facility at 2501 165th Street, Hammond, Indiana, where INTERNATIONAL loaded the aforesaid trailer with paper products.

8.     On July 3, 2008, pursuant to the direction and supervision of Defendant INTERNATIONAL, Defendant FRANKE drove the aforesaid tractor trailer truck containing INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10.    On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, operated and drove their tractor trailer truck   in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

11.    On and before July 3, 2008, and at all times mentioned herein, Defendants,

INTERNATIONAL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

12. On July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, INTERNATIONAL, were negligent in one or more of the following respects:

   a.  negligently operated, managed, maintained and controlled their motor vehicle;

   b.  operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

   c.  operated their motor vehicle without keeping a proper and sufficient lookout;

   d.  operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

   e.  proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

   f.  failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

   g.  failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

   h.  failed to maintain an adequate lookout for motor vehicles in front of them;

   i.  drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

10

j.      failed to slow down their vehicle so as to avoid a rear end collision;

k.      failed to keep a proper look out for vehicles traveling in front of them;

l.      failed to maintain a proper distance and speed between their tractor trailer truck  and the vehicle in front of them so as to avoid a rear end collision, and

m.     were otherwise negligent.

13.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, INTERNATIONAL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants INTERNATIONAL PAPER COMPANY, a corporation, and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT IV-NEGLIGENCE

### UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. and OX LLC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, UNIVERSAL AM CAN LTD., (hereinafter UACL) Successor to OVERNITE EXPRESS, INC. (hereinafter OVERNITE) and Successor to OX LLC (hereinafter OX) and SAMUEL G. FRANKE (hereinafter FRANKE), states as follows:

1.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.     On and before July 3, 2008, Defendant, OVERNITE, OX and UACL were corporations engaged in the business of interstate transportation, including truck transportation of goods in and throughout Cook County, Illinois, and maintained the office of its registered agent at 105 West Madison Street, 23rd Floor, City of Chicago, County of Cook, State of Illinois.

4.     On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, OVERNITE, OX and UACL and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of container number CSXU 937987, on a chassis, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7.     On and before July 3, 2008, Defendants OVERNITE, OX and UACL engaged in the business of requesting, organizing, coordinating, authorizing and arranging the transportation of goods by tractor trailer trucks through various employees, agents and apparent

agents.

8.     On and before July 3, 2008, Defendants OVERNITE, OX and UACL offered, agreed, and contracted with Defendant INTERNATIONAL to transport paper products that were in Defendant INTERNATIONAL's possession, through their duly authorized employees, agents and/or apparent agents.

9.     On or about July 3, 2008 Defendants OVERNITE, OX and UACL, requested and directed Defendant MARTIN and FRANKE to pick up INTERNATIONAL'S paper product goods at a Hammond, Indiana warehouse, and transport those goods to various locations in Minnesota.

10.     On or about July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants, OVERNITE, OX and UACL, Defendant MARTIN'S and its employee Defendant FRANKE drove to a warehouse owned by Defendant INTERNATIONAL to pick up a load of paper product goods for delivery in Minnesota.

11.     On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants OVERNITE, OX and UACL, Defendant FRANKE drove the aforesaid tractor trailer truck containing Defendant INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

13.     On July 3, 2008, Defendants, OVERNITE, OX, UACL, through their agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer

13

truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

14.     On and before July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

15.     On July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, OVERNITE, OX and UACL were negligent in one or more of the following respects:

  a.   negligently operated, managed, maintained and controlled their motor vehicle;

  b.   operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

  c.   operated their motor vehicle without keeping a proper and sufficient lookout;

  d.   operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

  e.   proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

  f.   failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicles in front of them;

    i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

    j.    failed to slow down their vehicle so as to avoid a rear end collision;

    k.    failed to keep a proper look out for, vehicles traveling in front of them;

    l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

    m.    were otherwise negligent.

16.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendant, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and Successor to OX LLC, and Defendant SAMUEL G. FRANKE, Individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

15

## COUNT V - STRICT LIABILITY

### BMW of NORTH AMERICA, LLC, a corporation,
### BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation,
### BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation

[The allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. have been dismissed by the order of Judge Jeffrey Lawrence of the Circuit Court of Cook County entered on March 25, 2011. The allegations of Counts V and VI against Defendant KARL KNAUZ MOTORS, INC. are included herein, not as realleged, but so as to preserve all of the Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. is expected from KARL KNAUZ MOTORS, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); and KARL KNAUZ MOTORS, INC., a corporation (hereinafter referred to as "KNAUZ"), states as follows:

1.      On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.      On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling,

marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.    On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.    On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.    Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.    On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.    On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and

KNAUZ, and each of them, had a duty to ensure that the aforesaid 2008 BMW convertible vehicle, and its component parts, were not designed, manufactured, engineered, tested, assembled, marketed, distributed and sold in such a manner and condition so as to be in an unreasonably dangerous condition.

8.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.     On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his

18

vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14. On and before July 3, 2008, and at the time the aforementioned 2008 BMW convertible vehicle left the control of Defendants BMW, BMW AG, BMW NA, and KNAUZ, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects, where Defendants:

a.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

b.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

c.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.    Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and

securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.  Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.  Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a condition that was otherwise unreasonably dangerous.

15.  As a proximate result of one or more of the aforesaid unreasonably dangerous conditions caused by Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; and KARL

21

KNAUZ MOTORS, INC., a corporation, and each of them, in an amount in excess of FIFTY

THOUSAND ($50,000.00.) DOLLARS.

## COUNT VI- NEGLIGENCE

### BMW of NORTH AMERICA, LLC, a corporation,
### BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation,
### BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation

[The allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. have been dismissed by the order of Judge Jeffrey Lawrence of the Circuit Court of Cook County entered on March 25, 2011. The allegations of Counts V and VI against Defendant KARL KNAUZ MOTORS, INC. are included herein, not as realleged, but so as to preserve all of the Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. is expected from KARL KNAUZ MOTORS, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of

JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW

OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation

(hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE

AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a

corporation (hereinafter referred to as "BMW AG"); and KARL KNAUZ MOTORS, INC., a

corporation (hereinafter referred to as "KNAUZ"), states as follows:

1.     . On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE

AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of

designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling

motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle

identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.     On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a

Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.    On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.    On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.    Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.    On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.    On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN, in their design, manufacture, engineering, testing, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle.

8.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.    On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.    On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11.    On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.    On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.    On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

24

14. On and before July 3, 2008, Defendants BMW, BMW AG, BMW NA, and KNAUZ, and each of them, were negligent in their design, manufacture, engineering, testing, inspection, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle in one or more of the following respects, where Defendants:

    a. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

    b. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

    c. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

    d. Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

    e. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

    f. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

    g. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

25

h.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.  Designed, manufactured, engineered, tested, assembled, distributed and

sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.   Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.   Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.   Were otherwise negligent in their design, manufacture, engineering, testing, assembly, distribution and sale of the 2008 BMW convertible vehicle.

15.   As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; and KARL KNAUZ MOTORS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

/s/ Richard F. Burke, Jr.
One of Plaintiff's Attorneys
ARDC No: 03121588

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 09 cv 5340 |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) | Honorable James F. Holderman |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on **July 26, 2011**, he caused **Plaintiff's Fifth Amended Complaint At Law** to be filed electronically through the CM/ECF system which will send notification of such filing to the attorneys listed on the attached Service List.

s//Richard F. Burke, Jr.
Richard F. Burke, Jr. Bar Number 03121588
Attorney for Plaintiff MURRAY SCHEINMAN,
Plenary Guardian of the Estate and Person of
JEFFREY J. SCHEINMAN, a Disabled
Person

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160

Case Name: Scheinman v. Martins Bulk Milk Service, Inc., et al.
Our File No.: 08-0066
Case No. 09-cv-05340

## SERVICE LIST

Mr. Joseph Skryd
Mr. Matthew Schreck
Mr. James Temple
Ms. Kristen C. Leppert
MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, Illinois  60187
(630) 653-9300
(630) 653-9316 (Fax)
jskryd@mrvlaw.com
mschreck@mrvlaw.com
jtemple@mrvlaw.com

Mr. Robert J. Golden
Mr. Daniel Polsby
DOWD & DOWD, LTD.
617 West Fulton
Chicago, Illinois 60661
(312) 704-4400
(312) 704-4500 (Fax)
rgolden@dowdanddowd.com
dpolsby@dowdanddowd.com
**_Attorneys for Defendants: Martin's Bulk Milk Service, Inc. And Samuel G. Franke_**

Neil O'Connor
Evan B. Karnes, Ii
O'CONNOR & KARNES
177 North State Street, 3rd Floor
Chicago, Illinois 60601
(312) 629-8900
(312) 629-0109 (Fax)
noconnor@oconnorkarnes.com
ekarnes@oconnorkarnes.com

Scott C. Bentivenga
Michael S. Haggerty
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
(312) 463-3341
(312) 345-1778 (Fax)
sbentivenga@lbbslaw.com
**_Attorneys for Defendant: CSX Intermodal, Inc._**

Carlton D. Fisher
William Yu
HINSHAW AND CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois  60601
(312)704-3000
(312) 704-3001 (Fax)
cfisher@hinshawlaw.com
wyu@hinshawlaw.com
*Attorneys for Defendants: International Paper Company and Universal Am Can, Ltd.,*
*Successor to Overnite Express Inc. and OX, LLC*

Mr. James K. Toohey
Mr. Timothy R. Couture
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9818 (Fax)
tooheyj@jbltd.com
couturet@jbltd.com
*Attorneys for Defendants: Karl Knauz Motors, Inc., a corporation;BMW of North America,*
*LLC, a corporation; Bayerische Motoren Werke Aktiengesellschaft, a corporation; and BMW*
*AG, a corporation*