IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN, <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, <br><br> Defendants. <br> ———————————————— <br> MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, <br><br> Defendants/Third-Party Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL PAPER COMPANY and UNIVERSAL AM CAN, LTD., SUCCESOR TO OVERNIGHT EXPRESS, INC., and OX LLC, <br><br> Third-Party Defendants. | No. 11 CV 5457 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, please take notice that the Defendants, SAMUEL

G. FRANKE and MARTIN'S BULK MILK SERVICE, INC., by and through their

attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., have removed this case

from the Circuit Court of Cook County (Cook County Case No. 2010 L 7595), in which it

is currently pending, to the United States District Court for the Northern District of

Illinois, Eastern Division. In support of this removal the Defendants, SAMUEL G.

FRANKE and MARTIN'S BULK MILK SERVICE, INC., state as follows:



EXHIBIT
C

1.     This action is removable pursuant to 28 U.S.C. § 1367 and § 1441,
governing the removal of cases which are part of the same case or controversy of an
action which the district court has original jurisdiction.  The Defendant, MARTIN'S BULK
MILK SERVICE, INC., is incorporated in Wisconsin, with its corporate headquarters and
"principal place of business" in Wilton, Wisconsin.  The Defendant, SAMUEL G.
FRANKE, is a resident and citizen of Mauston, Wisconsin.  The Plaintiff, TRAVELERS
PERSONAL INSURANCE COMPANY, is incorporated in Minnesota, with its corporate
headquarters and "principal place of business" in St. Paul, Minnesota.

2.     On or about July 7, 2008, MURRAY SCHEINMAN, Plenary Guardian of
the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed an action
in the Circuit Court of Cook County, Illinois, entitled MURRAY SCHEINMAN, Plenary
Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v.
SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., Docket No. 2008 L
7344, seeking recovery for alleged injuries and damages suffered by MURRAY
SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J.
SCHEINMAN, a disabled person, on or about July 3, 2008.  This action arises from an
alleged vehicular collision that occurred on July 3, 2008 in Highland Park, Lake County,
Illinois.  On or about July 23, 2009, MURRAY SCHEINMAN, Plenary Guardian of the
Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a Second
Amended Complaint at Law naming CSX INTERMODAL, INC. and INTERNATIONAL
PAPER COMPANY.  On or about August 19, 2009, MURRAY SCHEINMAN, Plenary
Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person,
filed a Third Amended Complaint at Law naming OVERNITE EXPRESS, INC.  On or
about August 28, 2009, the Defendants removed the action to the United States District

Court for the Northern District of Illinois and the action was assigned Docket No. 2009
CV 5340.

    3.      On or about June 28, 2010, MURRAY SCHEINMAN, Plenary Guardian of
the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a products
liability action in the Circuit Court of Cook County, Illinois entitled <u>MURRAY
SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J.
SCHEINMAN, a disabled person v. BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, et. al.</u>, under General
Docket No. 2010 L 7496, seeking recovery for alleged damages suffered by MURRAY
SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J.
SCHEINMAN, a disabled person, on or about July 3, 2008.   This claim arose from the
same alleged vehicular collision that occurred on July 3, 2008 in Highland Park, Lake
County, Illinois.  On or about April 21, 2011, BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT removed the action to
the United States District Court for the Northern District of Illinois and the action was
assigned Docket No. 2011 CV 2687.

    4.      On or about June 30, 2010, the Plaintiff, TRAVELERS PERSONAL
INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN, commenced this
action by filing a Complaint at Law in the Circuit Court of Cook County, Illinois under
General Docket No. 2010 L 7595, (see attached Exhibit "A"), seeking recovery for
alleged damages suffered by the Plaintiff, TRAVELERS PERSONAL INSURANCE, on
or about July 3, 2008.  The Plaintiff, TRAVELERS PERSONAL INSURANCE's, claim
arises from the same alleged vehicular collision that occurred on July 3, 2008 in
Highland Park, Lake County, Illinois.

5.      On or about July 12, 2011, Honorable Judge James F. Holderman consolidated the MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, et. al., Docket No. 2011 CV 2687 with MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, Docket No. 2009 CV 5340 (see attached Exhibit "B").

6.      On or about July 26, 2011, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket No. 09 CV 5340, (see attached Exhibit "C"), under the caption of MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, consolidating his claims against the various Defendants from the previously separate lawsuits.

7.      On or about August 10, 2011, the Defendants, SAMUEL G. FRANKE and MARTIN'S BULK MILK SERVICE, INC., filed a Third-Party Complaint for contribution under the Illinois Contribution Act against the Defendants, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, which are also named in the action filed by MURRAY SCHEINMAN,

Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled

person, (see attached Exhibit "D").

8.      The undersigned represents the Defendants, SAMUEL G. FRANKE and

MARTIN'S BULK MILK SERVICE, INC., in the case that it is removing and both consent

to removal.  The Third-Party Defendants have not yet been served with Summons and

the Third-Party Complaint, but each Third-Party Defendant is already before this Court

based on their having previously filed their own petition for removal.

9.      The United States District Court for the Northern District of Illinois, Eastern

Division, has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, for the following

reasons:

(a)      Two separate lawsuits against the Defendants have been filed claiming in
         each suit that on July 3, 2008 the Plaintiffs' sustained injuries and
         damages as a result of an alleged vehicular collision that occurred on July
         3, 2008 in Highland Park, Lake County, Illinois;

(b)      In the first filed suit, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of
         the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person,
         named the Defendants, SAMUEL G. FRANKE and MARTIN'S BULK MILK
         SERVICE, INC., alleging that their tortuous conduct caused his injuries.
         That action was removed to the United States District Court for the
         Northern District of Illinois, Eastern Division, on August 28, 2009 pursuant
         to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

(c)      The first filed suit is currently pending before the Honorable Judge James
         Holderman based on Plaintiff's Fifth Amended Complaint at Law, entitled
         MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of
         JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE,
         MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER
         COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT
         EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and
         BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, Docket
         No. 2009 CV 5340.  In that case, this Court has determined that it has
         diversity jurisdiction and had denied the Plaintiff's Motions to Remand the
         previously separate lawsuits.

(d)      The second filed suit was filed on June 30, 2010 in the Circuit Court of
         Cook County, Illinois, Docket No. 2010 L 7595, brought against the
         Defendants, SAMUEL G. FRANKE and MARTIN'S BULK MILK SERVICE,
         INC., by the Plaintiff, TRAVELERS PERSONAL INSURANCE

COMPANY, as Subrogee of JEFFREY SCHEINMAN, alleging that the Defendants' tortuous conduct caused it damages.

(e)    Both suits are brought by related Plaintiffs, arise out of the same motor vehicle accident, plead the same injuries and damages, will require the same discovery and witness depositions, and both will require a jury to consider and rule upon the alleged negligence of MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT.

10.    This Court has supplemental jurisdiction over this matter as it "derives from a common nucleus of operative facts" as those in MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, Docket No. 2009 CV 5340, pending before this Court.

11    Written notification of the filing of this Notice of Removal, together with a copy of this Notice of Removal, has been provided to the Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY,  through its counsel, Robert Spinazzola of Maisel & Associates, and will be filed with the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1446(d).

12.    No prohibition exists that would prevent removal of this action.

13.    In light of the fact that the two cases arise out of the same motor vehicle accident, involve the same injuries and damages, and derive from a common nucleus of operative facts, contemporaneous with the filing of this Notice of Removal, the Defendants, SAMUEL G. FRANKE and MARTIN'S BULK MILK SERVICE, INC., have filed a Motion to Consolidate the two actions pursuant to Rule 42(a) of the Federal

Rules of Civil Procedure. The removal of this action and its consolidation into the action pending before Honorable Judge James F. Holderman will not destroy complete diversity in <u>MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person v. SAMUEL G. FRANKE, MARTIN'S BULK MILK SERVICE, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. AND OX LLC, BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT</u>, Docket No. 2009 CV 5340, pending before this Court.

WHEREFORE, the Defendants, SAMUEL G. FRANKE and MARTIN'S BULK MILK SERVICE, INC., request that this matter be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and that there be no further proceeding in Cook County, Illinois Case No. 2010 L 7595, previously filed in the Circuit Court of Cook County, Illinois.

Respectfully submitted,

s/ Matthew R. Schreck
Matthew R. Schreck, One of the Attorneys for
Defendants, SAMUEL G. FRANKE and MARTIN'S
BULK MILK SERVICE, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on August 11, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Robert Spinazzola
**Maisel & Associates**
200 North LaSalle
Suite 2000
Chicago, Illinois  60601


                     s/ Matthew R. Schreck

Attorney No.: 41127

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN, | |
| Plaintiff, | No: |
| vs. | Amount Claimed: $67,779.38 |
| MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, , | |
| Defendants. | |

2010L007595
CALENDAR/ROOM F
TIME 00:00
PI Motor Vehicle

**COMPLAINT AT LAW**

NOW COMES Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN, by and through its attorneys, MAISEL & ASSOCIATES, and for its Complaint against Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter MARTIN'S) and SAMUEL G. FRANKE (hereinafter FRANKE), states as follows:

1.    That the Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, is a corporation duly organized and licensed to do business in the State of Illinois, engaged in the business of providing insurance coverage, including automobile insurance coverage.

2.    That prior to and on July 3, 2008, the Plaintiff issued a certain policy of insurance to JEFFREY SCHEINMAN, which provided among other things, automobile insurance coverage for property damage and medical payments.

3.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

4.    On and before July 3, 2008, Half Day Road was a public way running generally in



EXHIBIT

A

east and west directions in Highland Park, Illinois.

5.     On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

6.     On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

7.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

8.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DMO2330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.     On July 3, 2008, JEFFREY J. SCHEINMAN, operated his 2008 BMW passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused property damage to JEFFREY J. SCHEINMAN'S passenger car and personal injury to JEFFREY J. SCHEINMAN.

11.     On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S

and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including

JEFFREY J. SCHEINMAN.

    12.    On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and

FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant

MARTIN'S, were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicles in front of them;

    i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

    j.    failed to slow down their vehicle so as to avoid a rear end collision;

    k.    failed to keep a proper look out for vehicles traveling in front of them;

    l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

m.      were otherwise negligent.

13.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe personal injuries and JEFFREY J. SCHEINMAN'S passenger car sustained severe property damage.

14.     That TRAVELERS PERSONAL INSURANCE COMPANY is the actual bona fide subrogee by virtue of a contract with JEFFREY J. SCHEINMAN in effect at the time of the incident at issue and is a real party in interest to this suit.

15.     Pursuant to the policy of insurance, TRAVELERS PERSONAL INSURANCE COMPANY made payment to or on behalf of its insured in the amount of $61,779.38 for property damage; $5,000 in medical payment benefits and, in addition, Plaintiff's insured incurred a $1,000.00 deductible.

WHEREFORE Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN, prays for judgment against Defendants MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, individually, and each of them, in the sum of $67,779.38, plus interest and costs of suit, as provided by statute.

_____
Robert J. Spinazzola, Attorney for Plaintiff

MAISEL & ASSOCIATES
Attorney for Plaintiff
200 N. LaSalle, Suite 2000
Chicago, IL 60601-1014
(312) 917-1400

4

Attorney No.: 41127

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

TRAVELERS PERSONAL INSURANCE
COMPANY, as Subrogee of JEFFREY
SCHEINMAN,
    Plaintiff,

vs.

MARTIN'S BULK MILK SERVICE, INC. and
SAMUEL G. FRANKE,
    Defendants.

No:

Amount Claimed: $67,779.38

## AFFIDAVIT OF DAMAGES

I, Robert J. Spinazzola, attorney for the plaintiff, TRAVELERS PERSONAL INSURANCE

COMPANY, as Subrogee of JEFFREY SCHEINMAN individually swear under oath that based on my

understanding of the plaintiff's damages received as a result of defendants' conduct, damages are greater

than Fifty Thousand and No/100 Dollars ($50,000.00).

**Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil
Procedure, the undersigned certifies that the statements set forth in this instrument are true and
correct, except as to matters therein stated to be on information and belief and as to such matters
the undersigned certifies as aforesaid that he/she believes the same to be true.**

_____
Robert J. Spinazzola, Attorney for Plaintiff

**MAISEL & ASSOCIATES**
Attorney for Plaintiff
200 N. LaSalle, Suite 2000
Chicago, IL 60601-1014
(312) 917-1400

Attorney No.: 41127

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TRAVELERS PERSONAL INSURANCE
COMPANY, as Subrogee of JEFFREY
SCHEINMAN,

    Plaintiff,

    vs.

MARTIN'S BULK MILK SERVICE, INC. and
SAMUEL G. FRANKE, ,

    Defendants.

No:  2010L007595
CALENDAR/ROOM F
TIME 00:00
PI Motor Vehicle

Amount Claimed: $67,779.38

## COMPLAINT AT LAW

NOW COMES Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of

JEFFREY SCHEINMAN, by and through its attorneys, MAISEL & ASSOCIATES, and for its Complaint

against Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter MARTIN'S) and SAMUEL

G. FRANKE (hereinafter FRANKE), states as follows:

    1.    That the Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, is a corporation

duly organized and licensed to do business in the State of Illinois, engaged in the business of providing

insurance coverage, including automobile insurance coverage.

    2.    That prior to and on July 3, 2008, the Plaintiff issued a certain policy of insurance to

JEFFREY SCHEINMAN, which provided among other things, automobile insurance coverage for

property damage and medical payments.

    3.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in

north and south directions through Highland Park, Illinois.

    4.    On and before July 3, 2008, Half Day Road was a public way running generally in



EXHIBIT

A

east and west directions in Highland Park, Illinois.

5.      On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

6.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

7.      On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

8.      On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DMO2330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.      On July 3, 2008, JEFFREY J. SCHEINMAN, operated his 2008 BMW passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused property damage to JEFFREY J. SCHEINMAN'S passenger car and personal injury to JEFFREY J. SCHEINMAN.

11.     On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S

and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including

JEFFREY J. SCHEINMAN.

    12.     On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and

FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant

MARTIN'S, were negligent in one or more of the following respects:

      a.     negligently operated, managed, maintained and controlled their motor vehicle;

      b.     operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

      c.     operated their motor vehicle without keeping a proper and sufficient lookout;

      d.     operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

      e.     proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

      f.     failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

      g.     failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

      h.     failed to maintain an adequate lookout for motor vehicles in front of them;

      i.     drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

      j.     failed to slow down their vehicle so as to avoid a rear end collision;

      k.     failed to keep a proper look out for vehicles traveling in front of them;

      l.     failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

m.      were otherwise negligent.

13.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe personal injuries and JEFFREY J. SCHEINMAN'S passenger car sustained severe property damage.

14.     That TRAVELERS PERSONAL INSURANCE COMPANY is the actual bona fide subrogee by virtue of a contract with JEFFREY J. SCHEINMAN in effect at the time of the incident at issue and is a real party in interest to this suit.

15.     Pursuant to the policy of insurance, TRAVELERS PERSONAL INSURANCE COMPANY made payment to or on behalf of its insured in the amount of $61,779.38 for property damage; $5,000 in medical payment benefits and, in addition, Plaintiff's insured incurred a $1,000.00 deductible.

WHEREFORE Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN, prays for judgment against Defendants MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, individually, and each of them, in the sum of $67,779.38, plus interest and costs of suit, as provided by statute.

_____
Robert J. Spinazzola, Attorney for Plaintiff

MAISEL & ASSOCIATES
Attorney for Plaintiff
200 N. LaSalle, Suite 2000
Chicago, IL 60601-1014
(312) 917-1400

4

Attorney No.: 41127

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TRAVELERS PERSONAL INSURANCE
COMPANY, as Subrogee of JEFFREY
SCHEINMAN,
    Plaintiff,

vs.

MARTIN'S BULK MILK SERVICE, INC. and
SAMUEL G. FRANKE,
    Defendants.

No:

Amount Claimed:  $67,779.38

## AFFIDAVIT OF DAMAGES

I, Robert J. Spinazzola, attorney for the plaintiff, TRAVELERS PERSONAL INSURANCE

COMPANY, as Subrogee of JEFFREY SCHEINMAN individually swear under oath that based on my

understanding of the plaintiff's damages received as a result of defendants' conduct, damages are greater

than Fifty Thousand and No/100 Dollars ($50,000.00).

**Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil
Procedure, the undersigned certifies that the statements set forth in this instrument are true and
correct, except as to matters therein stated to be on information and belief and as to such matters
the undersigned certifies as aforesaid that he/she believes the same to be true.**

_____
Robert J. Spinazzola, Attorney for Plaintiff

**MAISEL & ASSOCIATES**
Attorney for Plaintiff
200 N. LaSalle, Suite 2000
Chicago, IL 60601-1014
(312) 917-1400

5

Case: 1:11-cv-05457 Document #: 1-2 Filed: 08/11/11 Page 1 of 1 PageID #:14
Case: 1:09-cv-05340 Document #: 167 Filed: 07/12/11 Page 1 of 1 PageID #:1897

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 4.2
**Eastern Division**

Murray Scheinman

                                        Plaintiff,

v.                                                          Case No.: 1:09–cv–05340
                                                            Honorable James F. Holderman
Martin's Bulk Milk Service, Inc., et al.

                                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 12, 2011:

    MINUTE entry before Honorable James F. Holderman: Status hearing held on 7/12/2011. BMW of North America and Bayerische Motoren Werke's motion for reassignment and consolidation of related cases [152] is granted. Case number 11 C 2687 (Scheinman v. Bayerische Motoren Werke et al) will be consolidated for all purposes. Plaintiff to file a Fifth Amended Complaint by 7/26/2011; defendants are given until 8/9/2011 to answer or otherwise plead to the Fifth Amended Complaint. Parties are to meet and prepare Form 52 by 8/18/2011. Scheduling Conference set for 8/23/2011 at 9:00 AM for entry of scheduling order. Mailed notice (am)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.



EXHIBIT

B

Case: 1:11-cv-05457 Document #: 1-3  Filed: 08/11/11 Page 1 of 31 PageID #:15
Case: 1:09-cv-05340 Document #: 168  Filed: 07/26/11 Page 1 of 28 PageID #:1898

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MURRAY SCHEINMAN, Plenary
Guardian of the Estate and Person of
JEFFREY J. SCHEINMAN, a Disabled
Person,

           Plaintiffs,

vs.

MARTIN'S BULK MILK SERVICE, INC.,
SAMUEL G. FRANKE, CSX INTERMODAL,
INC., INTERNATIONAL PAPER COMPANY,
UNIVERSAL AM CAN LTD., Successor to
OVERNITE EXPRESS, INC. and OX LLC,
BMW of NORTH AMERICA, LLC,
a corporation, BAYERISCHE MOTOREN
WERKE AKTIENGESELLSCHAFT,
a corporation, BMW AG, a corporation, and
KARL KNAUZ MOTORS, INC.,
a corporation,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 09 cv 5340

Honorable James F. Holderman

## FIFTH AMENDED COMPLAINT AT LAW

## COUNT I - NEGLIGENCE

## MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of

JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW

OFFICES, P.C., complaining of Defendants, MARTIN'S BULK MILK SERVICE, INC.

(hereinafter "MARTIN'S") and SAMUEL G. FRANKE (hereinafter "FRANKE") states as

follows:

    1.     On and before July 3, 2008, Skokie Valley Road was a public way running

1



EXHIBIT

C

Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 2 of 31 PageID #:16
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 2 of 28 PageID #:1899

generally in north and south directions through Highland Park, Illinois.

2.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.     On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

4.     On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

7.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8.     On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting

2

in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

9.    On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

10.    On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant MARTIN'S, were negligent in one or more of the following respects:

a.    negligently operated, managed, maintained and controlled their motor vehicle;

b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c.    operated their motor vehicle without keeping a proper and sufficient lookout;

d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.    failed to maintain an adequate lookout for motor vehicles in front of them;

3

i.      drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.      failed to slow down their vehicle so as to avoid a rear end collision;

k.      failed to keep a proper look out for vehicles traveling in front of them;

l.      failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

m.     were otherwise negligent.

11.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, **Plenary** Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT II-NEGLIGENCE

## CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

[The allegations of Count II against CSX INTERMODAL, INC. have been dismissed pursuant to Judge Holderman's order of April 12, 2011. The allegations of Count II are included herein, not as realleged, but so as to preserve all of Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the following allegations is expected from Defendant CSX INTERMODAL, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 24 of 94 PageID #:2161
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 5 of 31 PageID #:19
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 5 of 28 PageID #:1902

JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, CSX INTERMODAL, INC. (hereinafter "CSX"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.     On and before July 3, 2008, Defendant, CSX, was a corporation engaged in the business of truck transportation of consumer goods in tractor trailer trucks in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.     On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, CSX, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.     On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendant CSX provided Defendant FRANKE with a CSX trailer for the transportation of paper products.

7.     On July 3, 2008, Defendants, CSX and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a trailer, number CSXU 937987, which was

5

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 25 of 94 PageID #:2162
Case: 1:11-cv-05457 Document #: 1-3  Filed: 08/11/11 Page 6 of 31 PageID #:20
Case: 1:09-cv-05340 Document #: 168  Filed: 07/26/11 Page 6 of 28 PageID #:1903

attached to a truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330
in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road
in Highland Park, Illinois.

8.      On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult,
operated his passenger car in a northbound direction on Skokie Valley Road at or near its
intersection with Half Day Road in Highland Park, Illinois.

9.      On July 3, 2008, Defendants, CSX and FRANKE, and each of them, operated and
drove their tractor trailer truck   in such a manner as to cause it to collide with the rear end of the
passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused
serious personal injury to JEFFREY J. SCHEINMAN.

10.     On and before July 3, 2008, and at all times mentioned herein, Defendants, CSX
and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others,
including JEFFREY J. SCHEINMAN.

11.     On July 3, 2008, and at all times mentioned herein, Defendants, CSX and
FRANKE, and each of them, individually and as agents, employees or apparent agents of
Defendant CSX, were negligent in one or more of the following respects:

> a.      negligently operated, managed, maintained and controlled their motor
> vehicle;
>
> b.      operated, managed, maintained, controlled and drove a motor vehicle into
> a collision with the rear end of the vehicle then and there operated by
> JEFFREY J. SCHEINMAN;
>
> c.      operated their motor vehicle without keeping a proper and sufficient
> lookout;
>
> d.      operated their motor vehicle with a wilful or wanton disregard for the

6

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 26 of 94 PageID #:2163
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 7 of 31 PageID #:21
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 7 of 28 PageID #:1904

safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.  proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.  failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.  failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  failed to maintain an adequate lookout for motor vehicles in front of them;

i.  drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.  failed to slow down their vehicle so as to avoid a rear end collision;

k.  failed to keep a proper look out for vehicles traveling in front of them;

l.  failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.  were otherwise negligent.

12.  As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, CSX, and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and

Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, CSX INTERMODAL, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

<u>COUNT III - NEGLIGENCE</u>

<u>INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE</u>

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, INTERNATIONAL PAPER COMPANY, a corporation, (hereinafter "INTERNATIONAL"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3. On and before July 3, 2008, Defendant, INTERNATIONAL, was a corporation engaged in the business of selling paper and packaging products in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4. On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5. On and before July 3, 2008, Defendant FRANKE was a duly authorized

8

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 28 of 94 PageID #:2165
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 9 of 31 PageID #:23
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 9 of 28 PageID #:1906

employee, agent and/or apparent agent of Defendant, INTERNATIONAL, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.     On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of trailer number CSXU 937987, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7.     On July 3, 2008, Defendant FRANKE drove the tractor trailer truck to Defendant INTERNATIONAL's facility at 2501 165th Street, Hammond, Indiana, where INTERNATIONAL loaded the aforesaid trailer with paper products.

8.     On July 3, 2008, pursuant to the direction and supervision of Defendant INTERNATIONAL, Defendant FRANKE drove the aforesaid tractor trailer truck containing INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10.     On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, operated and drove their tractor trailer truck   in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

11.     On and before July 3, 2008, and at all times mentioned herein, Defendants,

9

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 29 of 94 PageID #:2166
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 10 of 31 PageID #:24
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 10 of 28 PageID #:1907

INTERNATIONAL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

12. On July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, INTERNATIONAL, were negligent in one or more of the following respects:

a. negligently operated, managed, maintained and controlled their motor vehicle;

b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c. operated their motor vehicle without keeping a proper and sufficient lookout;

d. operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e. proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f. failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g. failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h. failed to maintain an adequate lookout for motor vehicles in front of them;

i. drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

10

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 30 of 94 PageID #:2167
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 11 of 31 PageID #:25
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 11 of 28 PageID #:1908

j.    failed to slow down their vehicle so as to avoid a rear end collision;

k.    failed to keep a proper look out for vehicles traveling in front of them;

l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.    were otherwise negligent.

13.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, INTERNATIONAL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants INTERNATIONAL PAPER COMPANY, a corporation, and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT IV-NEGLIGENCE

## UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. and OX LLC, AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, UNIVERSAL AM CAN LTD., (hereinafter UACL) Successor to OVERNITE EXPRESS, INC. (hereinafter OVERNITE) and Successor to OX LLC (hereinafter OX) and SAMUEL G. FRANKE (hereinafter FRANKE), states as follows:

11

Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 12 of 31 PageID #:26
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 12 of 28 PageID #:1909

1.  On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.  On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.  On and before July 3, 2008, Defendant, OVERNITE, OX and UACL were corporations engaged in the business of interstate transportation, including truck transportation of goods in and throughout Cook County, Illinois, and maintained the office of its registered agent at 105 West Madison Street, 23rd Floor, City of Chicago, County of Cook, State of Illinois.

4.  On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.  On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, OVERNITE, OX and UACL and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.  On July 3, 2008, Defendants, MARTIN'S and FRANKE, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of container number CSXU 937987, on a chassis, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7.  On and before July 3, 2008, Defendants OVERNITE, OX and UACL engaged in the business of requesting, organizing, coordinating, authorizing and arranging the transportation of goods by tractor trailer trucks through various employees, agents and apparent

agents.

8.     On and before July 3, 2008, Defendants OVERNITE, OX and UACL offered, agreed, and contracted with Defendant INTERNATIONAL to transport paper products that were in Defendant INTERNATIONAL's possession, through their duly authorized employees, agents and/or apparent agents.

9.     On or about July 3, 2008 Defendants OVERNITE, OX and UACL, requested and directed Defendant MARTIN and FRANKE to pick up INTERNATIONAL'S paper product goods at a Hammond, Indiana warehouse, and transport those goods to various locations in Minnesota.

10.     On or about July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants, OVERNITE, OX and UACL, Defendant MARTIN'S and its employee Defendant FRANKE drove to a warehouse owned by Defendant INTERNATIONAL to pick up a load of paper product goods for delivery in Minnesota.

11.     On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants OVERNITE, OX and UACL, Defendant FRANKE drove the aforesaid tractor trailer truck containing Defendant INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

13.     On July 3, 2008, Defendants, OVERNITE, OX, UACL, through their agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 33 of 94 PageID #:2170
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 14 of 31 PageID #:28
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 14 of 28 PageID #:1911

truck in such a manner as to cause it to collide with the rear end of the passenger car driven by

JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury

to JEFFREY J. SCHEINMAN.

     14.    On and before July 3, 2008, and at all times mentioned herein, Defendants,

OVERNITE, OX, UACL and FRANKE, and each of them, had a duty to exercise ordinary care

for the safety of others, including JEFFREY J. SCHEINMAN.

     15.    On July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, OX,

UACL and FRANKE, and each of them, individually and as agents, employees or apparent

agents of Defendant, OVERNITE, OX and UACL were negligent in one or more of the following

respects:

        a.    negligently operated, managed, maintained and controlled their motor vehicle;

        b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

        c.    operated their motor vehicle without keeping a proper and sufficient lookout;

        d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

        e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

        f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.    failed to maintain an adequate lookout for motor vehicles in front of them;

i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.    failed to slow down their vehicle so as to avoid a rear end collision;

k.    failed to keep a proper look out for vehicles traveling in front of them;

l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.    were otherwise negligent.

16.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendant, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and Successor to OX LLC, and Defendant SAMUEL G. FRANKE, Individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT V - STRICT LIABILITY

### BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation

[The allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. have been dismissed by the order of Judge Jeffrey Lawrence of the Circuit Court of Cook County entered on March 25, 2011. The allegations of Counts V and VI against Defendant KARL KNAUZ MOTORS, INC. are included herein, not as realleged, but so as to preserve all of the Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. is expected from KARL KNAUZ MOTORS, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); and KARL KNAUZ MOTORS, INC., a corporation (hereinafter referred to as "KNAUZ"), states as follows:

1.      On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.      On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling,

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 36 of 94 PageID #:2173
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 17 of 31 PageID #:31
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 17 of 28 PageID #:1914

marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.       On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.       On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.       Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.       On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.       On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and

17

KNAUZ, and each of them, had a duty to ensure that the aforesaid 2008 BMW convertible vehicle, and its component parts, were not designed, manufactured, engineered, tested, assembled, marketed, distributed and sold in such a manner and condition so as to be in an unreasonably dangerous condition.

8.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.     On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his

18

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 38 of 94 PageID #:2175
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 19 of 31 PageID #:33
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 19 of 28 PageID #:1916

vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14.    On and before July 3, 2008, and at the time the aforementioned 2008 BMW convertible vehicle left the control of Defendants BMW, BMW AG, BMW NA, and KNAUZ, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects, where Defendants:

a.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

b.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

c.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.    Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and

19

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 39 of 94 PageID #:2176
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 20 of 31 PageID #:34
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 20 of 28 PageID #:1917

securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

20

    p.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

    q.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

    r.      Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

    s.      Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

    t.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a condition that was otherwise unreasonably dangerous.

15.    As a proximate result of one or more of the aforesaid unreasonably dangerous conditions caused by Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; and KARL

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 41 of 94 PageID #:2178
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 22 of 31 PageID #:36
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 22 of 28 PageID #:1919

KNAUZ MOTORS, INC., a corporation, and each of them, in an amount in excess of FIFTY

THOUSAND ($50,000.00.) DOLLARS.

## COUNT VI- NEGLIGENCE

### BMW of NORTH AMERICA, LLC, a corporation,
### BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation,
### BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation

[The allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. have been dismissed by the order of Judge Jeffrey Lawrence of the Circuit Court of Cook County entered on March 25, 2011. The allegations of Counts V and VI against Defendant KARL KNAUZ MOTORS, INC. are included herein, not as realleged, but so as to preserve all of the Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. is expected from KARL KNAUZ MOTORS, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of

JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW

OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation

(hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE

AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a

corporation (hereinafter referred to as "BMW AG"); and KARL KNAUZ MOTORS, INC., a

corporation (hereinafter referred to as "KNAUZ"), states as follows:

1.    On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE

AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of

designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling

motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle

identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.    On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a

22

Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.  On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.  On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.  Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.  On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

23

7.     On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN, in their design, manufacture, engineering, testing, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle.

8.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.     On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

24

Case: 1:09-cv-05340 Document #: 173-3 Filed: 08/11/11 Page 44 of 94 PageID #:2181
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 25 of 31 PageID #:39
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 25 of 28 PageID #:1922

14.     On and before July 3, 2008, Defendants BMW, BMW AG, BMW NA, and KNAUZ, and each of them, were negligent in their design, manufacture, engineering, testing, inspection, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle in one or more of the following respects, where Defendants:

a.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

b.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

c.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.      Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.      Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

25

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 45 of 94 PageID #:2182

Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 26 of 31 PageID #:40
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 26 of 28 PageID #:1923

h.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.   Designed, manufactured, engineered, tested, assembled, distributed and

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 46 of 94 PageID #:2183

Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 27 of 31 PageID #:41
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 27 of 28 PageID #:1924

sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.   Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.   Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.   Were otherwise negligent in their design, manufacture, engineering, testing, assembly, distribution and sale of the 2008 BMW convertible vehicle.

15.   As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; and KARL KNAUZ MOTORS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

/s/ Richard F. Burke, Jr.
One of Plaintiff's Attorneys
ARDC No: 03121588

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 (Fax)

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 48 of 94 PageID #:2185
Case: 1:11-cv-05457 Document #: 1-3 Filed: 08/11/11 Page 29 of 31 PageID #:43
Case: 1:09-cv-05340 Document #: 168-1 Filed: 07/26/11 Page 1 of 3 PageID #:1926

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MURRAY SCHEINMAN, Plenary )
Guardian of the Estate and Person of )
JEFFREY J. SCHEINMAN, a Disabled )
Person, )
)
             Plaintiffs, )
vs. )  No. 09 cv 5340
)
MARTIN'S BULK MILK SERVICE, INC., )
SAMUEL G. FRANKE, CSX INTERMODAL, )
INC., INTERNATIONAL PAPER COMPANY, )  Honorable James F. Holderman
UNIVERSAL AM CAN LTD., Successor to )
OVERNITE EXPRESS, INC. and OX LLC, )
BMW of NORTH AMERICA, LLC, a corporation, )
BAYERISCHE MOTOREN WERKE )
AKTIENGESELLSCHAFT, a corporation, )
BMW AG, a corporation, and )
KARL KNAUZ MOTORS, INC., a corporation, )
)
           Defendants. )

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that on **July 26, 2011**, he caused **Plaintiff's Fifth Amended Complaint At Law** to be filed electronically through the CM/ECF system which will send notification of such filing to the attorneys listed on the attached Service List.

                        s//Richard F. Burke, Jr.
                        Richard F. Burke, Jr. Bar Number 03121588
                        Attorney for Plaintiff MURRAY SCHEINMAN,
                        Plenary Guardian of the Estate and Person of
                        JEFFREY J. SCHEINMAN, a Disabled
                        Person

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 49 of 94 PageID #:2186

Case: 1:11-cv-05457 Document #: 1-3  Filed: 08/11/11 Page 30 of 31 PageID #:44
Case: 1:09-cv-05340 Document #: 168-1  Filed: 07/26/11 Page 2 of 3 PageID #:1927

Case Name: Scheinman v. Martins Bulk Milk Service, Inc., et al.
Our File No.: 08-0066
Case No. 09-cv-05340

## SERVICE LIST

Mr. Joseph Skryd
Mr. Matthew Schreck
Mr. James Temple
Ms. Kristen C. Leppert
MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, Illinois  60187
(630) 653-9300
(630) 653-9316 (Fax)
jskryd@mrvlaw.com
mschreck@mrvlaw.com
jtemple@mrvlaw.com

Mr. Robert J. Golden
Mr. Daniel Polsby
DOWD & DOWD, LTD.
617 West Fulton
Chicago, Illinois 60661
(312) 704-4400
(312) 704-4500 (Fax)
rgolden@dowdanddowd.com
dpolsby@dowdanddowd.com
***Attorneys for Defendants: Martin's Bulk Milk Service, Inc. And Samuel G. Franke***

Neil O'Connor
Evan B. Karnes, II
O'CONNOR & KARNES
177 North State Street, 3rd Floor
Chicago, Illinois 60601
(312) 629-8900
(312) 629-0109 (Fax)
noconnor@oconnorkarnes.com
ekarnes@oconnorkarnes.com

Scott C. Bentivenga
Michael S. Haggerty
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
(312) 463-3341
(312) 345-1778 (Fax)
sbentivenga@lbbslaw.com
***Attorneys for Defendant: CSX Intermodal, Inc.***

Carlton D. Fisher
William Yu
HINSHAW AND CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
(312)704-3000
(312) 704-3001 (Fax)
cfisher@hinshawlaw.com
wyu@hinshawlaw.com
***Attorneys for Defendants: International Paper Company and Universal Am Can, Ltd.,
Successor to Overnite Express Inc. and OX, LLC***

Mr. James K. Toohey
Mr. Timothy R. Couture
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9818 (Fax)
tooheyj@jbltd.com
couturet@jbltd.com
***Attorneys for Defendants: Karl Knauz Motors, Inc., a corporation; BMW of North America,
LLC, a corporation; Bayerische Motoren Werke Aktiengesellschaft, a corporation; and BMW
AG, a corporation***

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, | ) ) ) | NO. 2010 L 7595 |
| Defendants. | ) ) | |
| MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, | ) ) ) | |
| Defendants/Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| INTERNATIONAL PAPER COMPANY and UNIVERSAL AM CAN, LTD., SUCCESOR TO OVERNIGHT EXPRESS, INC., and OX LLC, | ) ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

## THIRD PARTY COMPLAINT

NOW COME the Defendants/Third-Party Plaintiffs, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE (hereinafter referred to as "MARTIN'S BULK"), by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Third Party Complaint against the Third-Party Defendants, INTERNATIONAL PAPER COMPANY, and UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, state as follows:



EXHIBIT

D

## COUNT I

1.      On or about June 30, 2010, the Plaintiff filed a Complaint at Law in the Circuit Court of Cook County, Illinois under General Docket #2010 L 7595, (see attached Exhibit "A"), seeking recovery for alleged damages suffered by the Plaintiff, TRAVELERS PERSONAL INSURANCE, on or about July 3, 2008.

2.      On or about July 26, 2011, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, (attached hereto as Exhibit "B"), seeking recovery for alleged damages suffered by MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, alleging in Count III that the Defendant, SAMUEL G. FRANKE, was a duly authorized employee, agent and/or apparent agent of the Third-Party Defendant, INTERNATIONAL PAPER COMPANY, and negligently operated his tractor trailer truck so as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN.

3.      Notwithstanding said duties and in direct violation thereof, the Third-Party Defendant, INTERNATIONAL PAPER COMPANY, was allegedly guilty of the following negligent acts and/or omissions to act:

        a.      Allegedly negligently operated, managed, maintained and controlled their motor vehicle;

        b.      Allegedly operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

        c.      Allegedly operated their motor vehicle without keeping a proper and sufficient lookout;

d.   Allegedly operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.   Allegedly proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes,1992, Chapter 625, Act 5, Section 11-601;

f.   Allegedly failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.   Allegedly failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.   Allegedly failed to maintain an adequate lookout for motor vehicles in front of them;

i.   Allegedly drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.   Allegedly failed to slow down their vehicle so as to avoid a rear end collision;

k.   Allegedly failed to keep a proper look out for vehicles traveling in front of them;

l.   Allegedly failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.   Was otherwise allegedly careless and negligent.

4.   At the time of the subject occurrence as alleged in the Plaintiff's Complaint at Law, there was in full force and effect in the State of Illinois a certain Act entitled "Joint Tortfeasor Contribution Act," 740 ILCS 100/0.01 et seq., which applies to actions for contribution accruing on or after March 1, 1978.

3

5.    If Defendants/Third Party Plaintiffs, MARTIN'S BULK, are found liable to the Plaintiff for any alleged damages in connection with the Plaintiff's Complaint at Law it will be due in whole or substantial part to the negligent acts and/or omissions to act of the Third-Party Defendant, INTERNATIONAL PAPER COMPANY.

6.    If Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are found liable to the Plaintiff in any amount whatsoever, which liability is denied by Defendants/Third-Party Plaintiffs, MARTIN'S BULK, then Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are entitled to contribution from INTERNATIONAL PAPER COMPANY for INTERNATIONAL PAPER COMPANY's pro rata share of fault as is allowable pursuant to statute and applicable case law, and Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are further entitled to contribution from the Third-Party Defendant, INTERNATIONAL PAPER COMPANY.

WHEREFORE, the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, respectfully request that in the event the trier of fact renders a judgment against the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, that this Court enter an Order granting the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, the right of contribution as against the Third-Party Defendant, INTERNATIONAL PAPER COMPANY, in an amount commensurate with the pro rata share of liability attributable against the Third-Party Defendant, INTERNATIONAL PAPER COMPANY, and for any other relief that this Court deems appropriate under the circumstances.

### COUNT II

1.    On or about June 30, 2010, the Plaintiff filed a Complaint at Law in the Circuit Court of Cook County, Illinois under General Docket #2010 L 7595, (see

attached Exhibit "A"), seeking recovery for alleged damages suffered by the Plaintiff, TRAVELERS PERSONAL INSURANCE, on or about July 3, 2008.

2.      On or about July 26, 2011, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, (attached hereto as Exhibit "B"), seeking recovery for alleged damages suffered by MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, alleging in Count IV that the Defendant, SAMUEL G. FRANKE, was a duly authorized employee, agent and/or apparent agent of the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, and negligently operated his tractor trailer truck so as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN.

3.      Notwithstanding said duties and in direct violation thereof, the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, was allegedly guilty of the following negligent acts and/or omissions to act:

      a.      Allegedly negligently operated, managed, maintained and controlled their motor vehicle;

      b.      Allegedly operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

      c.      Allegedly operated their motor vehicle without keeping a proper and sufficient lookout;

      d.      Allegedly operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled

5

Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.    Allegedly proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.    Allegedly failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.    Allegedly failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.    Allegedly failed to maintain an adequate lookout for motor vehicles in front of them;

i.    Allegedly drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.    Allegedly failed to slow down their vehicle so as to avoid a rear end collision;

k.    Allegedly failed to keep a proper look out for vehicles traveling in front of them;

l.    Allegedly failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.    Was otherwise allegedly careless and negligent.

4.    At the time of the subject occurrence as alleged in the Plaintiff's Complaint at Law, there was in full force and effect in the State of Illinois a certain Act entitled "Joint Tortfeasor Contribution Act," 740 ILCS 100/0.01 et seq., which applies to actions for contribution accruing on or after March 1, 1978.

5.      If Defendants/Third Party Plaintiffs, MARTIN'S BULK, are found liable to the Plaintiff for any alleged damages in connection with the Plaintiff's Complaint at Law it will be due in whole or substantial part to the negligent acts and/or omissions to act of the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC.

6.      If Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are found liable to the Plaintiff in any amount whatsoever, which liability is denied by Defendants/Third-Party Plaintiffs, MARTIN'S BULK, then Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are entitled to contribution from UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC for UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC's, pro rata share of fault as is allowable pursuant to statute and applicable case law, and Defendants/Third-Party Plaintiffs, MARTIN'S BULK, are further entitled to contribution from the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC.

WHEREFORE,    the    Defendants/Third-Party    Plaintiffs,    MARTIN'S    BULK, respectfully request that in the event the trier of fact renders a judgment against the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, that this Court enter an Order granting the Defendants/Third-Party Plaintiffs, MARTIN'S BULK, the right of contribution as against the Third-Party Defendant, UNIVERSAL AM CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, in an amount commensurate with the pro rata share of liability attributable against the Third-Party Defendant, UNIVERSAL AM

CAN, LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC., and OX LLC, and for any other relief that this Court deems appropriate under the circumstances.

Respectfully submitted,

MULHERIN, REHFELDT & VARCHETTO, P.C.

By: _____
Joseph G. Skryd, One of the Attorneys for
Defendants/Third-Party Plaintiffs, SAMUEL G.
FRANKE and MARTIN'S BULK MILK
SERVICE, INC.

MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, Illinois  60187
630/653-9300

Attorney No.: 41127

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

TRAVELERS PERSONAL INSURANCE
COMPANY, as Subrogee of JEFFREY
SCHEINMAN,

Plaintiff,

vs.

MARTIN'S BULK MILK SERVICE, INC. and
SAMUEL G. FRANKE, .

Defendants.

No:

Amount Claimed: $67,779.38

## COMPLAINT AT LAW

NOW COMES Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of

JEFFREY SCHEINMAN, by and through its attorneys, MAISEL & ASSOCIATES, and for its Complaint

against Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter MARTIN'S) and SAMUEL

G. FRANKE (hereinafter FRANKE), states as follows:

1.    That the Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, is a corporation

duly organized and licensed to do business in the State of Illinois, engaged in the business of providing

insurance coverage, including automobile insurance coverage.

2.    That prior to and on July 3, 2008, the Plaintiff issued a certain policy of insurance to

JEFFREY SCHEINMAN, which provided among other things, automobile insurance coverage for

property damage and medical payments.

3.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in

north and south directions through Highland Park, Illinois.

4.    On and before July 3, 2008, Half Day Road was a public way running generally in



EXHIBIT

A

east and west directions in Highland Park, Illinois.

5.    On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

6.    On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

7.    On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

8.    On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DMO2330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.    On July 3, 2008, JEFFREY J. SCHEINMAN, operated his 2008 BMW passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10.    On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused property damage to JEFFREY J. SCHEINMAN'S passenger car and personal injury to JEFFREY J. SCHEINMAN.

11.    On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S

and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including

JEFFREY J. SCHEINMAN.

12.     On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and

FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant

MARTIN'S, were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicles in front of them;

    i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

    j.    failed to slow down their vehicle so as to avoid a rear end collision;

    k.    failed to keep a proper look out for vehicles traveling in front of them;

    l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

    m.     were otherwise negligent.

    13.    As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe personal injuries and JEFFREY J. SCHEINMAN'S passenger car sustained severe property damage.

    14.    That TRAVELERS PERSONAL INSURANCE COMPANY is the actual bona fide subrogee by virtue of a contract with JEFFREY J. SCHEINMAN in effect at the time of the incident at issue and is a real party in interest to this suit.

    15.    Pursuant to the policy of insurance, TRAVELERS PERSONAL INSURANCE COMPANY made payment to or on behalf of its insured in the amount of $61,779.38 for property damage; $5,000 in medical payment benefits and, in addition, Plaintiff's insured incurred a $1,000.00 deductible.

    WHEREFORE Plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN, prays for judgment against Defendants MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, individually, and each of them, in the sum of $67,779.38, plus interest and costs of suit, as provided by statute.

_____
Robert J. Spinazzola, Attorney for Plaintiff

MAISEL & ASSOCIATES
Attorney for Plaintiff
200 N. LaSalle, Suite 2000
Chicago, IL 60601-1014
(312) 917-1400

Attorney No.: 41127

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TRAVELERS PERSONAL INSURANCE
COMPANY, as Subrogee of JEFFREY
SCHEINMAN,
    Plaintiff,

vs.

MARTIN'S BULK MILK SERVICE, INC. and
SAMUEL G. FRANKE,
    Defendants.

No:

Amount Claimed:  $67,779.38

## AFFIDAVIT OF DAMAGES

I, Robert J. Spinazzola, attorney for the plaintiff, TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN individually swear under oath that based on my understanding of the plaintiff's damages received as a result of defendants' conduct, damages are greater than Fifty Thousand and No/100 Dollars ($50,000.00).

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she believes the same to be true.

                                             _____
                                    Robert J. Spinazzola, Attorney for Plaintiff

MAISEL & ASSOCIATES
Attorney for Plaintiff
200 N. LaSalle, Suite 2000
Chicago, IL 60601-1014
(312) 917-1400

5

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MURRAY SCHEINMAN, Plenary
Guardian of the Estate and Person of
JEFFREY J. SCHEINMAN, a Disabled
Person,

                Plaintiffs,

vs.

MARTIN'S BULK MILK SERVICE, INC.,
SAMUEL G. FRANKE, CSX INTERMODAL,
INC., INTERNATIONAL PAPER COMPANY,
UNIVERSAL AM CAN LTD., Successor to
OVERNITE EXPRESS, INC. and OX LLC,
BMW of NORTH AMERICA, LLC,
a corporation, BAYERISCHE MOTOREN
WERKE AKTIENGESELLSCHAFT,
a corporation, BMW AG, a corporation, and
KARL KNAUZ MOTORS, INC.,
a corporation,

                Defendants.

)
)
)
)
)
)
)
)
)    No. 09 cv 5340
)
)
)
)    Honorable James F. Holderman
)
)
)
)
)
)
)
)
)

### FIFTH AMENDED COMPLAINT AT LAW

### COUNT I - NEGLIGENCE

### MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of
JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW
OFFICES, P.C., complaining of Defendants, MARTIN'S BULK MILK SERVICE, INC.
(hereinafter "MARTIN'S") and SAMUEL G. FRANKE (hereinafter "FRANKE") states as
follows:

    1.    On and before July 3, 2008, Skokie Valley Road was a public way running

1



Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 65 of 94 PageID #:2202

Case: 1:11-cv-05457 Document #: 1-4  Filed: 08/11/11 Page 15 of 44 PageID #:60
Case: 1:09-cv-05340 Document #: 168  Filed: 07/26/11 Page 2 of 28 PageID #:1899

generally in north and south directions through Highland Park, Illinois.

2.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.      On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

4.      On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.      On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.      On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

7.      On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8.      On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting

2

in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

    9.    On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

    10.    On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant MARTIN'S, were negligent in one or more of the following respects:

    a.    negligently operated, managed, maintained and controlled their motor vehicle;

    b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c.    operated their motor vehicle without keeping a proper and sufficient lookout;

    d.    operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    failed to maintain an adequate lookout for motor vehicies in front of them;

3

    i.      drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

    j.      failed to slow down their vehicle so as to avoid a rear end collision;

    k.      failed to keep a proper look out for vehicles traveling in front of them;

    l.      failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

    m.      were otherwise negligent.

11.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, **Plenary** Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT II-NEGLIGENCE

### CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

[The allegations of Count II against CSX INTERMODAL, INC. have been dismissed pursuant to Judge Holderman's order of April 12, 2011. The allegations of Count II are included herein, not as realleged, but so as to preserve all of Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the following allegations is expected from Defendant CSX INTERMODAL, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of

4

JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, CSX  INTERMODAL, INC. (hereinafter "CSX"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.     On and before July 3, 2008, Defendant, CSX, was a corporation engaged in the business of truck transportation of consumer goods in tractor trailer trucks in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.     On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, CSX, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.     On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendant CSX provided Defendant FRANKE with a CSX trailer for the transportation of paper products.

7.     On July 3, 2008, Defendants, CSX and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a trailer, number CSXU 937987, which was

attached to a truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8.    On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.    On July 3, 2008, Defendants, CSX and FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

10.    On and before July 3, 2008, and at all times mentioned herein, Defendants, CSX and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

11.    On July 3, 2008, and at all times mentioned herein, Defendants, CSX and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant CSX, were negligent in one or more of the following respects:

        a.    negligently operated, managed, maintained and controlled their motor vehicle;

        b.    operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

        c.    operated their motor vehicle without keeping a proper and sufficient lookout;

        d.    operated their motor vehicle with a wilful or wanton disregard for the

safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.   proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.   failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.   failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.   failed to maintain an adequate lookout for motor vehicles in front of them;

i.   drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.   failed to slow down their vehicle so as to avoid a rear end collision;

k.   failed to keep a proper look out for vehicles traveling in front of them;

l.   failed to maintain a proper distance and speed between their tractor trailer truck  and the vehicle in front of them so as to avoid a rear end collision, and

m.   were otherwise negligent.

12.   As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, CSX, and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 71 of 94 PageID #:2208

Case: 1:11-cv-05457 Document #: 1-4 Filed: 08/11/11 Page 21 of 44 PageID #:66
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 8 of 28 PageID #:1905

Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, CSX INTERMODAL, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

<u>COUNT III - NEGLIGENCE</u>

<u>INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE</u>

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, INTERNATIONAL PAPER COMPANY, a corporation, (hereinafter "INTERNATIONAL"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1.     On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.     On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.     On and before July 3, 2008, Defendant, INTERNATIONAL, was a corporation engaged in the business of selling paper and packaging products in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4.     On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.     On and before July 3, 2008, Defendant FRANKE was a duly authorized

8

employee, agent and/or apparent agent of Defendant, INTERNATIONAL, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.      On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of trailer number CSXU 937987, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7.      On July 3, 2008, Defendant FRANKE drove the tractor trailer truck to Defendant INTERNATIONAL's facility at 2501 165th Street, Hammond, Indiana, where INTERNATIONAL loaded the aforesaid trailer with paper products.

8.      On July 3, 2008, pursuant to the direction and supervision of Defendant INTERNATIONAL, Defendant FRANKE drove the aforesaid tractor trailer truck containing INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9.      On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10.      On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, operated and drove their tractor trailer truck  in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

11.      On and before July 3, 2008, and at all times mentioned herein, Defendants,

9

INTERNATIONAL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

12.  On July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, INTERNATIONAL, were negligent in one or more of the following respects:

a.  negligently operated, managed, maintained and controlled their motor vehicle;

b.  operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

c.  operated their motor vehicle without keeping a proper and sufficient lookout;

d.  operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.  proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.  failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.  failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  failed to maintain an adequate lookout for motor vehicles in front of them;

i.  drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.     failed to slow down their vehicle so as to avoid a rear end collision;

k.     failed to keep a proper look out for vehicles traveling in front of them;

l.     failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.     were otherwise negligent.

13.     As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, INTERNATIONAL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants INTERNATIONAL PAPER COMPANY, a corporation, and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT IV-NEGLIGENCE

### UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. and OX LLC, AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, UNIVERSAL AM CAN LTD., (hereinafter UACL) Successor to OVERNITE EXPRESS, INC. (hereinafter OVERNITE) and Successor to OX LLC (hereinafter OX) and SAMUEL G. FRANKE (hereinafter FRANKE), states as follows:

1. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3. On and before July 3, 2008, Defendant, OVERNITE, OX and UACL were corporations engaged in the business of interstate transportation, including truck transportation of goods in and throughout Cook County, Illinois, and maintained the office of its registered agent at 105 West Madison Street, 23rd Floor, City of Chicago, County of Cook, State of Illinois.

4. On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5. On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, OVERNITE, OX and UACL and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6. On July 3, 2008, Defendants, MARTIN'S and FRANKE, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of container number CSXU 937987, on a chassis, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7. On and before July 3, 2008, Defendants OVERNITE, OX and UACL engaged in the business of requesting, organizing, coordinating, authorizing and arranging the transportation of goods by tractor trailer trucks through various employees, agents and apparent

12

agents.

8.    On and before July 3, 2008, Defendants OVERNITE, OX and UACL offered, agreed, and contracted with Defendant INTERNATIONAL to transport paper products that were in Defendant INTERNATIONAL's possession, through their duly authorized employees, agents and/or apparent agents.

9.    On or about July 3, 2008 Defendants OVERNITE, OX and UACL, requested and directed Defendant MARTIN and FRANKE to pick up INTERNATIONAL'S paper product goods at a Hammond, Indiana warehouse, and transport those goods to various locations in Minnesota.

10.    On or about July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants. OVERNITE, OX and UACL, Defendant MARTIN'S and its employee Defendant FRANKE drove to a warehouse owned by Defendant INTERNATIONAL to pick up a load of paper product goods for delivery in Minnesota.

11.    On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants OVERNITE, OX and UACL, Defendant FRANKE drove the aforesaid tractor trailer truck containing Defendant INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.    On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

13.    On July 3, 2008, Defendants, OVERNITE, OX, UACL. through their agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer

13

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 77 of 94 PageID #:2214
Case: 1:11-cv-05457 Document #: 1-4 Filed: 08/11/11 Page 27 of 44 PageID #:72
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 14 of 28 PageID #:1911

truck in such a manner as to cause it to collide with the rear end of the passenger car driven by

JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury

to JEFFREY J. SCHEINMAN.

14.    On and before July 3, 2008, and at all times mentioned herein, Defendants,

OVERNITE, OX, UACL and FRANKE, and each of them, had a duty to exercise ordinary care

for the safety of others, including JEFFREY J. SCHEINMAN.

15.    On July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, OX,

UACL and FRANKE, and each of them, individually and as agents, employees or apparent

agents of Defendant, OVERNITE, OX and UACL were negligent in one or more of the following

respects:

a.    negligently operated, managed, maintained and controlled their motor
vehicle;

b.    operated, managed, maintained, controlled and drove a motor vehicle into
a collision with the rear end of the vehicle then and there operated by
JEFFREY J. SCHEINMAN;

c.    operated their motor vehicle without keeping a proper and sufficient
lookout;

d.    operated their motor vehicle with a wilful or wanton disregard for the
safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter
625, Act 5, Section 11-503;

e.    proceeded at a speed which was greater than reasonable and proper with
regard to traffic conditions and the use of the highway, or which
endangered the safety of persons or property, in violation of Illinois
Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.    failed to give audible warning with their horn when such warning was
reasonably necessary to ensure safety, in violation of Illinois Compiled
Statutes, 1992, Chapter 625, Act 5, Section 12-601;

14

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 78 of 94 PageID #:2215

Case: 1:11-cv-05457 Document #: 1-4  Filed: 08/11/11 Page 28 of 44 PageID #:73
Case: 1:09-cv-05340 Document #: 168  Filed: 07/26/11 Page 15 of 28 PageID #:1912

g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.    failed to maintain an adequate lookout for motor vehicles in front of them;

i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.    failed to slow down their vehicle so as to avoid a rear end collision;

k.    failed to keep a proper look out for, vehicles traveling in front of them;

l.    failed to maintain a proper distance and speed between their tractor trailer truck  and the vehicle in front of them so as to avoid a rear end collision, and

m.    were otherwise negligent.

16.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendant, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and Successor to OX LLC, and Defendant SAMUEL G. FRANKE, Individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

15

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 79 of 94 PageID #:2216
Case: 1:11-cv-05457 Document #: 1-4 Filed: 08/11/11 Page 29 of 44 PageID #:74
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 16 of 28 PageID #:1913

## COUNT V - STRICT LIABILITY

### BMW of NORTH AMERICA. LLC. a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT. a corporation, BMW AG. a corporation, and KARL KNAUZ MOTORS, INC., a corporation

[The allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. have been dismissed by the order of Judge Jeffrey Lawrence of the Circuit Court of Cook County entered on March 25, 2011. The allegations of Counts V and VI against Defendant KARL KNAUZ MOTORS, INC. are included herein, not as realleged, but so as to preserve all of the Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. is expected from KARL KNAUZ MOTORS, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation (hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a corporation (hereinafter referred to as "BMW AG"); and KARL KNAUZ MOTORS, INC., a corporation (hereinafter referred to as "KNAUZ"), states as follows:

1.     On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.     On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling,

16

marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.      On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.      On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.      Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.      On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

7.      On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and

KNAUZ, and each of them, had a duty to ensure that the aforesaid 2008 BMW convertible vehicle, and its component parts, were not designed, manufactured, engineered, tested, assembled, marketed, distributed and sold in such a manner and condition so as to be in an unreasonably dangerous condition.

8.      On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.      On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.     On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11.     On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.     On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.     On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his

18

vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

14.    On and before July 3, 2008, and at the time the aforementioned 2008 BMW convertible vehicle left the control of Defendants BMW, BMW AG, BMW NA, and KNAUZ, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects, where Defendants:

a.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

b.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

c.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

d.    Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

f.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

g.    Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and

securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o.   Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

20

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 84 of 94 PageID #:2221

Case: 1:11-cv-05457 Document #: 1-4 Filed: 08/11/11 Page 34 of 44 PageID #:79
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 21 of 28 PageID #:1918

p.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r.  Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s.  Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t.  Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a condition that was otherwise unreasonably dangerous.

15.  As a proximate result of one or more of the aforesaid unreasonably dangerous conditions caused by Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; and KARL

21

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 85 of 94 PageID #:2222
Case: 1:11-cv-05457 Document #: 1-4 Filed: 08/11/11 Page 35 of 44 PageID #:80
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 22 of 28 PageID #:1919

KNAUZ MOTORS, INC., a corporation, and each of them, in an amount in excess of FIFTY

THOUSAND ($50,000.00.) DOLLARS.

### COUNT VI- NEGLIGENCE

### BMW of NORTH AMERICA, LLC, a corporation,
### BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation,
### BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation

[The allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. have been dismissed by the order of Judge Jeffrey Lawrence of the Circuit Court of Cook County entered on March 25, 2011. The allegations of Counts V and VI against Defendant KARL KNAUZ MOTORS, INC. are included herein, not as realleged, but so as to preserve all of the Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the allegations of Counts V and VI against KARL KNAUZ MOTORS, INC. is expected from KARL KNAUZ MOTORS, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of

JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW

OFFICES, P.C., complaining of Defendants, BMW of NORTH AMERICA, LLC, a corporation

(hereinafter referred to as "BMW NA"); BAYERISCHE MOTOREN WERKE

AKTIENGESELLSCHAFT, a corporation (hereinafter referred to as "BMW"); BMW AG, a

corporation (hereinafter referred to as "BMW AG"); and KARL KNAUZ MOTORS, INC., a

corporation (hereinafter referred to as "KNAUZ"), states as follows:

1.    On and before July 3, 2008, Defendants, BAYERISCHE MOTOREN WERKE

AKTIENGESELLSCHAFT and BMW AG were German corporations engaged in the business of

designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling

motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle

identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

2.    On and before July 3, 2008, Defendant, BMW of NORTH AMERICA, was a

22

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 86 of 94 PageID #:2223

Case: 1:11-cv-05457 Document #: 1-4 Filed: 08/11/11 Page 36 of 44 PageID #:81
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 23 of 28 PageID #:1920

Delaware corporation, with a registered agent in Chicago, Cook County, Illinois, that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418 that was owned by JEFFREY J. SCHEINMAN.

3.      On and before July 3, 2008, Defendants BMW, BMW AG, and BMW NA engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles in and throughout Cook County, Illinois, including at dealership facilities located at 1035 North Clark Street, Chicago, Illinois, 60610, 700 East Golf Road, Schaumburg, Illinois, 60173, and 700 West Frontage Road, Northfield, Illinois, 60093.

4.      On and before July 3, 2008 Defendant KNAUZ was an Illinois corporation that was engaged in the business of designing, manufacturing, engineering, testing, assembling, marketing, distributing and selling motor vehicles, including a 2008 BMW convertible, and its component parts bearing vehicle identification number WBAWL73528PX57418, that was owned by JEFFREY J. SCHEINMAN.

5.      Prior to July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ provided, distributed and sold to JEFFREY J. SCHEINMAN the aforesaid 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418.

6.      On July 3, 2008 JEFFREY J. SCHEINMAN owned and operated the 2008 BMW convertible vehicle bearing vehicle identification number WBAWL73528PX57418 that had been designed, manufactured, engineered, tested, assembled, inspected, marketed, distributed, and sold by Defendants, BMW, BMW AG, BMW NA and KNAUZ.

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 87 of 94 PageID #:2224

Case: 1:11-cv-05457 Document #: 1-4 Filed: 08/11/11 Page 37 of 44 PageID #:82
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 24 of 28 PageID #:1921

7.    On and before July 3, 2008, Defendants, BMW, BMW AG, BMW NA and KNAUZ, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN, in their design, manufacture, engineering, testing, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle.

8.    On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

9.    On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

10.    On July 3, 2008, Samuel Franke, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

11.    On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12.    On July 3, 2008, Samuel Franke, operated and drove his Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in serious personal injury to JEFFREY J. SCHEINMAN.

13.    On July 3, 2008, at the time of the aforesaid collision, various systems and components of JEFFREY J. SCHEINMAN's BMW vehicle failed, including the fuel system, seat back and body structure, resulting in a post-collision fire in the occupant compartment of his vehicle that caused serious burn injuries to JEFFREY J. SCHEINMAN.

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 88 of 94 PageID #:2225

Case: 1:11-cv-05457 Document #: 1-4 Filed: 08/11/11 Page 38 of 44 PageID #:83
Case: 1:09-cv-05340 Document #: 168 Filed: 07/26/11 Page 25 of 28 PageID #:1922

14. On and before July 3, 2008, Defendants BMW, BMW AG, BMW NA, and KNAUZ, and each of them, were negligent in their design, manufacture, engineering, testing, inspection, assembly, distribution and sale of the aforesaid 2008 BMW convertible vehicle in one or more of the following respects, where Defendants:

    a. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a lack of adequate crashworthiness during foreseeable rear end collisions;

    b. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide safe and adequate protection to occupants during foreseeable rear end collisions;

    c. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that failed to provide adequate and safe survival space to the occupants during foreseeable rear end collisions;

    d. Failed to properly test, monitor and inspect the condition, operation and performance of the 2008 BMW convertible vehicle's fuel system, seat back, body structure, and crash protection system, to ensure that it was safe, suitable, and appropriate for use on the roadway;

    e. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without proper and safe protection and guarding of the fuel system component parts so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions;

    f. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the fuel system, including fuel tanks, fuel lines and other component parts to fail during a foreseeable rear end collision, resulting in the release of gasoline and a post-collision fire;

    g. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without adequate and safe guarding and securing of the fuel system component parts, which increased the likelihood of damage and a post-collision fire during reasonably foreseeable rear end collisions;

h. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with an inadequate and unsafe sheet metal design, resulting in body seam weld failures that allowed the fire to spread to the occupant compartment;

i. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that resulted in body structure failures, which allowed the fire to spread to the occupant compartment;

j. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a seat and seatback that was of inadequate strength, support and durability to withstand a reasonably foreseeable rear end collision;

k. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle in a manner and condition that caused the seat back to fail during a reasonably foreseeable rear end collision, and placed Mr. Scheinman's body in the immediate proximity of the post-collision fire.

l. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without safe and adequate protection against the spread of fire from the fuel system to the occupant compartment of the vehicle;

m. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without providing safe and adequate means to protect the occupant compartment from fire in the event of a post-collision fire during reasonably foreseeable rear impact collisions;

n. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle without a crashworthy occupant compartment;

o. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that interfered with the safe placement and protection of the component parts of the fuel system;

p. Designed, manufactured, engineered, tested, assembled, distributed and sold the 2008 BMW vehicle with a retractable convertible top that compromised the integrity and performance of the fuel system during a reasonably foreseeable rear end collision;

q. Designed, manufactured, engineered, tested, assembled, distributed and

sold the 2008 BMW convertible vehicle with a fuel system, seats and body structure that increased the likelihood of injury during a foreseeable rear end collision;

r. Failed to provide proper and adequate warnings about defects in the 2008 BMW convertible vehicle, including its fuel system, seats and body structure;

s. Failed to provide proper and adequate warnings about the risk of injury to occupants resulting from the failure of the vehicle's fuel system, seats and body structure during reasonably foreseeable rear end collisions;

t. Were otherwise negligent in their design, manufacture, engineering, testing, assembly, distribution and sale of the 2008 BMW convertible vehicle.

15. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants BMW, BMW AG, BMW NA and KNAUZ, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, the duly appointed Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE, Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, BMW of NORTH AMERICA, LLC, a corporation; BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation; BMW AG, a corporation; and KARL KNAUZ MOTORS, INC., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND ($50,000.00.) DOLLARS.

Case: 1:09-cv-05340 Document #: 177-3 Filed: 08/11/11 Page 91 of 94 PageID #:2228
Case: 1:11-cv-05457 Document #: 1-4  Filed: 08/11/11 Page 41 of 44 PageID #:86
Case: 1:09-cv-05340 Document #: 168  Filed: 07/26/11 Page 28 of 28 PageID #:1925

/s/ Richard F. Burke, Jr.
One of Plaintiff's Attorneys
ARDC No: 03121588

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) | No. 09 cv 5340 |
| | ) | |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) | Honorable James F. Holderman |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on **July 26, 2011**, he caused **Plaintiff's Fifth Amended Complaint At Law** to be filed electronically through the CM/ECF system which will send notification of such filing to the attorneys listed on the attached Service List.

s//Richard F. Burke, Jr.
Richard F. Burke, Jr. Bar Number 03121588
Attorney for Plaintiff MURRAY SCHEINMAN,
Plenary Guardian of the Estate and Person of
JEFFREY J. SCHEINMAN, a Disabled
Person

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160

Case Name: Scheinman v. Martins Bulk Milk Service, Inc., et al.
Our File No.: 08-0066
Case No. 09-cv-05340

## SERVICE LIST

Mr. Joseph Skryd
Mr. Matthew Schreck
Mr. James Temple
Ms. Kristen C. Leppert
MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, Illinois  60187
(630) 653-9300
(630) 653-9316 (Fax)
jskryd@mrvlaw.com
mschreck@mrvlaw.com
jtemple@mrvlaw.com

Mr. Robert J. Golden
Mr. Daniel Polsby
DOWD & DOWD, LTD.
617 West Fulton
Chicago, Illinois 60661
(312) 704-4400
(312) 704-4500 (Fax)
rgolden@dowdanddowd.com
dpolsby@dowdanddowd.com
*__Attorneys for Defendants: Martin's Bulk Milk Service, Inc. And Samuel G. Franke__*

Neil O'Connor
Evan B. Karnes, II
O'CONNOR & KARNES
177 North State Street, 3rd Floor
Chicago, Illinois 60601
(312) 629-8900
(312) 629-0109 (Fax)
noconnor@oconnorkarnes.com
ekarnes@oconnorkarnes.com

Scott C. Bentivenga
Michael S. Haggerty
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
(312) 463-3341
(312) 345-1778 (Fax)
sbentivenga@lbbslaw.com
*__Attorneys for Defendant: CSX Intermodal, Inc.__*

Carlton D. Fisher
William Yu
HINSHAW AND CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois   60601
(312)704-3000
(312) 704-3001 (Fax)
cfisher@hinshawlaw.com
wyu@hinshawlaw.com
***Attorneys for Defendants: International Paper Company and Universal Am Can, Ltd.,
Successor to Overnite Express Inc. and OX, LLC***

Mr. James K. Toohey
Mr. Timothy R. Couture
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9818 (Fax)
tooheyj@jbltd.com
couturet@jbltd.com
***Attorneys for Defendants: Karl Knauz Motors, Inc., a corporation;BMW of North America,
LLC, a corporation; Bayerische Motoren Werke Aktiengesellschaft, a corporation; and BMW
AG, a corporation***