**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>     Plaintiffs,<br>vs.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>     Defendants. | No. 09 CV 5340<br><br>Honorable James F. Holderman |

**DEFENDANTS, MARTIN'S BULK SERVICE, INC. AND SAMUEL G. FRANKE'S, ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT, INTERNATIONAL PAPER COMPANY'S, CROSSCLAIMS FOR CONTRIBUTION**

NOW COME the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Answer and Affirmative Defenses to the Defendant, INTERNATIONAL PAPER COMPANY's, Crossclaims for Contribution, state as follows:

**CROSSCLAIM FOR CONTRIBUTION #1– ALL CO-DEFENDANTS EXCEPT MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE**

1. On or about July 26, 2011, Plaintiff, Jeffrey J. Scheinman, filed a Fifth Amended Complaint against defendant IPC alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley

Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc No. 168).

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 1 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #1.**

2. Plaintiff's Complaint alleges that certain acts and/or omissions of negligence on the part of the Defendant IPC proximately caused Plaintiff's injuries and damages.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 2 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #1.**

3. Defendant/Crossclaimant IPC has denied and continues to deny all material allegations of Plaintiff's Complaint, and specifically denied and continues to deny that IPC was negligent in causing the Plaintiff's claimed injuries and/or damages.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 3 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #1.**

4. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., was in full force and effect.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in**

2

**Paragraph 4 of INTERNATIONAL PAPER COMPANY's Crosscliam for Contribution #1.**

5.      As alleged in the Plaintiff's complaint, CSX Intermodal, Inc., INTERNATIONAL PAPER COMPANY of North America, LLC, Bayerische Motoren Werke Aktiengesellschaft, INTERNATIONAL PAPER COMPANY AG, and Karl Knauz Motors, Inc. committed negligent acts or omissions or put into the stream of commerce an unreasonably dangerous product.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 5 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #1.**

6.      In the event that judgment is entered in favor of Plaintiff against this Defendant IPC, then said judgment may be due in whole or in part to the negligence or other fault of the co-defendants other than Samuel G. Franke and MBMS.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, make no answer or other response to the allegations contained in Paragraph 6 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #1.**

7.      In the event this defendant IPC is held liable to the Plaintiff, which liability this defendant expressly denies, then this defendant is entitled to contribution from the co-defendants other than Samuel G. Franke and MBMS in an amount equal to the pro rata share of liability of the co-defendants other than Samuel G. Franke and MBMS under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq.

**RESPONSE:  The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL**

3

**G. FRANKE, make no answer or other response to the allegations contained in Paragraph 7 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #1.**

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

### CROSSCLAIM FOR CONTRIBUTION #2 – MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE

1. On or about July 26, 2011, Plaintiff, Jeffrey J. Scheinman, filed a Fifth Amended Complaint against defendant IPC alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc No. 168).

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit that Plaintiff has filed a Fifth Amended Complaint at Law. The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the remaining allegations contained in Paragraph 1 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #2 against the MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

2. Plaintiff's Complaint alleges that certain acts and/or omissions of negligence on the part of the Defendant IPC proximately caused Plaintiff's injuries and damages.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the allegations contained in Paragraph 2 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #2 against the MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

3. Defendant/Crossclaimant IPC have denied and continue to deny all material allegations of Plaintiff's Complaint, and specifically denied and continues to deny that IPC were negligent in causing the Plaintiff's claimed injuries and/or damages.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the allegations contained in Paragraph 3 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #2 against the MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

4. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., was in full force and effect.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the existence of the Act, but deny its applicability to the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, in this matter.**

5. At all times in the Plaintiff's complaint, Samuel G. Franke was acting as an agent and employee of MBMS.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the referenced employment relationship and admit only that at the referenced time and place Defendant, FRANKE, was operating a vehicle pursuant to operating authority granted to Defendant, MARTIN'S BULK MILK SERVICE, INC., by the United States Department of Transportation. The**

5

**Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the remaining allegations contained in Paragraph 5 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #2 against the MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

  6. At all times, Samuel G. Franke as an agent and employee of MBMS had a duty to exercise ordinary care and caution in the operation of his vehicle.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit the referenced employment relationship and admit only that at the referenced time and place Defendant, FRANKE, was operating a vehicle pursuant to operating authority granted to Defendant, MARTIN'S BULK MILK SERVICE, INC., by the United States Department of Transportation. The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, admit all duties imposed by law and none other; to the extent that the allegations set forth in Paragraph 6 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #2 against the MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, are at variance therewith, these Defendants deny the same.**

  7. Notwithstanding the aforesaid duty, Samuel G. Franke, as an agent and employee of MBMS, was then and there guilty of the following careless and negligent acts and/or omissions:

    a. Carelessly and negligently failed to keep his vehicle under control;

    b. Carelessly and negligently failed to maintain a proper lookout for other vehicles about said roadway;

    c. Was otherwise careless or negligent.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the allegations contained in Paragraph 7 of INTERNATIONAL**

6

PAPER COMPANY's Crossclaim for Contribution #2 against the MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, and further deny sub-paragraphs (a) through (c) of Paragraph 7 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #2 against the MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.

8. In the event that judgment is entered in favor of Plaintiff against this Defendant IPC said judgment will be due in whole or in part to the negligence or other fault of Samuel G. Franke and MBMS.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the allegations contained in Paragraph 8 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #2 against the MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

9. In the event this defendant IPC is held liable to the Plaintiff, which liability this defendant expressly denies, then this defendant is entitled to contribution from Samuel G. Franke and MBMS in an amount equal to Samuel G. Franke's and MBMS pro rata share of liability under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq.

**RESPONSE: The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny the allegations contained in Paragraph 9 of INTERNATIONAL PAPER COMPANY's Crossclaim for Contribution #2 against the MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE.**

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person,

and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

## AFFIRMATIVE DEFENSES

## ALL COUNTS

## FIRST AFFIRMATIVE DEFENSE

INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution fail to state a cause of action.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate his damages.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff and/or INTERNATIONAL PAPER COMPANY's claims are barred by the relevant statute of limitations.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

## FOURTH AFFIRMATIVE DEFENSE

1. At the time and place as alleged in the Plaintiff's Fifth Amended Complaint at Law and INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution, it was the duty of JEFFREY J. SCHEINMAN to exercise ordinary care for his own safety and for others on the roadway.

2. Notwithstanding said duty and in direct violation thereof, JEFFREY J. SCHEINMAN was guilty of one or more of the following negligent acts and/or omissions to act which were a proximate cause of the Plaintiff's claimed damages:

   a. Failed to keep a proper lookout for other vehicles, and equipment, lawfully upon the roadway;

   b. Failed to utilize proper signals to indicate his intended direction of travel;

   c. Came to a sudden and abrupt stop;

   d. Failed to follow warning and caution signs for road traffic;

   e. Traveled too fast for road conditions then and there existing; and

   f. Was otherwise careless and negligent at the time and place as alleged in the Plaintiff's Fifth Amended Complaint at Law and INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution.

9

3. As a result of JEFFREY J. SCHEINMAN's careless and negligent acts, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, pray as follows:

A. In the event JEFFREY J. SCHEINMAN's negligence contributed to Plaintiff's alleged injuries and damages in an amount of fifty-one percent (51%) or more, that judgment be entered in favor of the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, and against the Plaintiff, or in the alternative;

B. In the event JEFFREY J. SCHEINMAN's negligence contributed to Plaintiff's alleged injuries and damages in an amount less than fifty-one percent (51%), that any recovery by the Plaintiff shall be reduced by an amount equal to the share of the negligence attributable to JEFFREY J. SCHEINMAN.

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

## **FIFTH AFFIRMATIVE DEFENSE**

1. At the time and place alleged in the Plaintiff's Fifth Amended Complaint at Law and INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution, there was in full force and effect a statute known as 735 ILCS 5/2-1117, which provided as follows:

> Except as provided in Section 2-1118, in actions on account
> of bodily injury or death or physical damage to property,
> based on negligence or product liability based on strict tort

    liability, all Defendants found liable are jointly and severally liable for Plaintiffs past and future medical and medically related expenses. Any Defendants whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any Third-Party Defendants who could have been sued by the Plaintiff, shall be severally liable for all other damages. Any Defendants whose fault, as determined by the trier of fact is 25% or greater of the total fault attributable to the Plaintiff, the Defendants sued by the Plaintiff, and any Third-Party Defendants who could have been sued by the Plaintiff shall be jointly and severally liable for all other damages.

  2. At the time of and/or immediately prior to the occurrence alleged in the Plaintiff's Fifth Amended Complaint at Law and INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution, JEFFREY J. SCHEINMAN was under a duty to act with ordinary and due care and caution for his own safety and in a manner so as to not injure or cause injury or damage to himself or others.

  3. The alleged liability of MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, if any, which alleged liability they deny under the allegations contained in the Plaintiff's Fifth Amended Complaint at Law and INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution, is less than 25% of the total fault attributable to the Plaintiff, JEFFREY J. SCHEINMAN, the Defendants sued by the Plaintiff, and any Third-Party Defendants or any persons or entities that could have been sued by the Plaintiff.

  WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, request that in the event that there is a finding of fault against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, which liability they deny, under the Plaintiff's Fifth Amended Complaint at Law and/or INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution, that the Court

enter an Order limiting the alleged liability, if any, of Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, to that percentage of their alleged fault under 25%, if any, for alleged damages under Plaintiff's Fifth Amended Complaint at Law and INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution, other than any alleged proven past and future medical and medically related expense pursuant to 735 ILCS 5/2-1117.

### SIXTH AFFIRMATIVE DEFENSE

1. On or about July 26, 2011, the Plaintiff filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, seeking recovery for alleged damages suffered by the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person.

2. At the time of the subject occurrence as alleged in the Plaintiff's Fifth Amended Complaint at Law and INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution, there was in full force and effect in the State of Illinois a certain Act entitled "Joint Tortfeasor Contribution Act," 740 ILCS 100/0.01 et seq., which applies to actions for contribution accruing on or after March 1, 1978.

3. Should any, or all, of the Defendants, Third-Party Defendants and/or any other parties, persons or entities that may be liable to the Plaintiff in tort resolve or settle the Plaintiff's claim against them, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, are entitled to a set-off and reduction of any judgment entered against it in an amount equal to the consideration paid by the settling Defendants, Third-Party Defendants and/or any other parties, persons, or entities.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, request that in the event that there is a finding of fault against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, if any, liability for which Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny, under the Plaintiff's Fifth Amended Complaint at Law and/or INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution, that the Court enter an Order reducing any judgment against the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, in an amount equivalent to consideration paid by any, or all, settling Defendants, Third-Party Defendants and/or any other parties, persons, or entities that may be liable to the Plaintiff in tort, individually or collectively, and joint tortfeasors in settlement of the Plaintiff's Fifth Amended Complaint at Law and INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution against them.

## **SEVENTH AFFIRMATIVE DEFENSE**

1. On or about July 26, 2011, the Plaintiff filed a Fifth Amended Complaint at Law in the United States District Court for the Northern District of Illinois, under General Docket # 09 CV 5340, seeking recovery for alleged damages suffered by the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person.

2. The fault of any settling Defendants, Third-Party Defendants and/or any other parties, persons or entities that may be liable to the Plaintiff in tort were the sole proximate cause of the injuries and damages claimed in Plaintiff's Fifth Amended Complaint at Law and INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution.

13

WHEREFORE the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, deny that the Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a disabled person, and/or the Defendant, INTERNATIONAL PAPER COMPANY, are entitled to judgment in any amount whatsoever, and prays for judgment in their favor and against the Plaintiff and/or the Defendant, INTERNATIONAL PAPER COMPANY, plus costs.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, hereby incorporate and rely upon all affirmative defenses incorporated in Federal Rules of Civil Procedure 8(c).

### DEMAND FOR A TRIAL BY JURY

The Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, hereby demand a trial by jury on all Counts and claims triable to a jury of INTERNATIONAL PAPER COMPANY's Crossclaims for Contribution.

                                                MULHERIN, REHFELDT & VARCHETTO, P.C.

                                                By: _s/ Joseph G. Skryd_ _____

MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, IL 60187
630/653-9300

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
Courtney A. Marincsin
Shannon Marie McNulty
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago, Illinois  60602
312-899-9090
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

Robert J. Golden
Dowd & Dowd, Ltd.
617 West Fulton
Chicago, Illinois 60661
312-704-4400
rgolden@dowdanddowd.com

Evan Karnes, II
Neil D. O'Connor, Sr.
O'Connor & Karnes
177 North State
3rd Floor
Chicago, Illinois 60601
312-629-8900
Fax: 312-629-0109
ekarnes@oconnorkarnes.com

Carlton Fisher
William Yu
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
312-704-3000
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

Scott C. Bentivenga
Michael S. Haggerty
**Lewis Brisbois Bisgaard & Smith, LLP**
550 W. Adams Street, Suite 300
Chicago, IL 60661
312-463-3341
Fax: 312-345-1778
mhaggerty@lbbslaw.com
sbentivenga@lbbslaw.com

James K. Toohey
Timothy R. Couture
**Johnson & Bell, Ltd.**
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-984-0280
Fax: 312-372-9818
mcpheetersg@jbltd.com
tooheyj@jbltd.com
couture@jbltd.com

          __ s/ Joseph G. Skryd__