**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>      Plaintiff,<br><br>  v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>      Defendants. | No: 1:09-cv-05340<br>Judge James F. Holderman<br>Courtroom 2541 |

**CSX INTERMODAL, INC.'S ANSWER TO CROSSCLAIMS FOR CONTRIBUTION
FILED BY UNIVERSAL AM CAN LTD., SUCCESSOR TO
OVERNITE EXPRESS, INC., OVERNITE EXPRESS AND OX LLC**

CSX INTERMODAL, INC., ("CSXI") by their lawyers in this matter, Evan B. Karnes, II, Adam Powers, Everardo Martinez and KARNES LAW, CHARTERED, pleading hypothetically and in the alternative for their answers to the CROSSCLAIM FOR CONTRIBUTION#1 - ALL CO-DEFENDANTS EXCEPT MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE" ("Crossclaim #1") filed by Defendants/Cross Plaintiffs UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., OVERNITE EXPRESS and OX LLC ("UACL/OE/OX") states:

1

1. On or about July 26, 2011, Plaintiff, Jeffrey J. Scheinman, filed a Fifth Amended Complaint against defendants UACL/OE/OX alleging personal injuries and damages as a result of a motor vehicle accident which occurred on July 3, 2008 on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois. (ECF Doc No. 168).

**ANSWER: CSXI admits the allegations contained within Paragraph 1 of UACL/OE/OX's Crossclaim #1.**

2. Plaintiff's Complaint alleges that certain acts and/or omissions of negligence on the part of the Defendants UACL/OEI/OX proximately caused Plaintiff's injuries and damages.

**ANSWER: CSXI admits the allegations contained in Paragraph 2 of UACL/OE/OX's Crossclaim #1.**

3. Defendants/Crossclaimants UACL/OEI/OX have denied and continue to deny all material allegations of Plaintiff's Complaint, and specifically denied and continues to deny that UACL/OEI/OX were negligent in causing the Plaintiff's claimed injuries and/or damages.

**ANSWER: CSXI makes no answer to the allegations in Paragraph 3 of UACL/OE/OX's Crossclaim #1, as said allegations are not directed at CSXI but admits that UACL/OE/OX's characterization of its defense is correct.**

4. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq., was in full force and effect.

**ANSWER: CSXI admits the allegations contained within Paragraph 4 of UACL/OE/OX's Crossclaim #1.**

5. As alleged in the Plaintiff's complaint, CSX Intermodal, Inc., BMW of North America, LLC, Bayerische Motoren Werke Aktiengesellschaft, BMW AG, and Karl Knauz

Motors, Inc. committed negligent acts or omissions or put into the stream of commerce an unreasonably dangerous product.

**ANSWER:** CSXI admits the allegations contained within Paragraph 5 of UACL/OE/OX's Crossclaim #1. Answering further, CSXI states this Court's MEMORANDUM OPINION AND ORDER entered on April 14, 2011 dismissed "Plaintiff's claim against CSXI (Count II) … without prejudice….[and] granted [plaintiff] leave to file an amended Count II against CSXI in a Fifth Amended Complaint, if he can do so consistent with the court's Memorandum Opinion and Order and with Rule 11, on or before 4/29/2011." Plaintiff did not file an amended Count II against CSXI on or before April 29, 2011 and, to date, has not sought leave of Court to file additional or different allegations against CSXI and consistent with the Court's Memorandum Opinion and Order and with Rule 11. Plaintiff copied Count II of the Fifth Amended Complaint word-for-word from the dismissed Count II of the Fourth Amended Complaint. Plaintiff's Fifth Amended Complaint included the following "note" under the heading of Count II:

> [The allegations of Count II against CSX INTERMODAL, INC. have been dismissed pursuant to Judge Holderman's order of April 12, 2011. The allegations of Count II are included herein, not as realleged, but so as to preserve all of Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the following allegations is expected from Defendant CSX INTERMODAL, INC.]

**Plaintiff waived and abandoned its allegations against CSXI after the court dismissed Count II of the Fourth Amended Complaint against CSXI and Plaintiff failed to file a Fifth Amended Complaint by April 29, 2011 with new or different allegations. Plaintiff's "note" underneath the heading of Count II of the Fifth Amended Complaint does not provide any newly-alleged facts or law. Naming CSXI in the Fifth Amended Complaint and including**

**the same allegations that this court previously dismissed against CSXI violate Judge Holderman's April 12, 2011 Memorandum and Opinion Order, are contrary to Rule 11 and are pleaded without legal basis or good faith.**

6. In the event that judgment is entered in favor of Plaintiff against these Defendants, UACL/OEI/OX, then said judgment may be due in whole or in part to the negligence or other fault of the co-defendants other than Samuel G. Franke and MBMS.

**ANSWER:** **CSXI denies the allegations contained within Paragraph 6 of UACL/OE/OX's Crossclaim #1. Answering further, CSXI adopts its answer to Paragraph 5 as if fully set forth herein as its further answer to Paragraph 6 of UACL/OE/OX's Crossclaim #1.**

7. In the event these defendants UACL/OEI/OX are held liable to the Plaintiff, which liability these defendants expressly deny, then these defendants are entitled to contribution from the co-defendants other than Samuel G. Franke and MBMS in an amount equal to the pro rata share of liability of the co-defendants other than Samuel G. Franke and MBMS under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/0.01 et seq.

**ANSWER:** **CSXI denies the allegations contained within Paragraph 7 of UACL/OE/OX's Crossclaim #1. Answering further, CSXI adopts its answer to Paragraph 5 as if fully set forth herein, and states UACL/OE/OX's Crossclaim #1 for contribution against CSXI – arising from Count II of the Fifth Amended Complaint, which is identical to the Count II of the Fourth Amended Complaint that the Court dismissed – is pleaded contrary to Judge Holderman's April 12, 2011 Memorandum and Opinion Order, contrary to Rule 11 and is made by Defendant/Crossclaimant UACL/OE/OX without a legal basis or good faith.**

WHEREFORE, CSX INTERMODAL, INC., denies that it is liable to Plaintiff, IPC, or any other party to this lawsuit and respectfully request that this Honorable Court dismiss the instant complaint as it pertains to CSXI with prejudice, dismiss UACL/OE/OX's Crossclaim #1 as it pertains to CSXI with prejudice with all costs borne by the respective parties, award CSXI the costs to prepare and present this pleading, and for such other further legal and equitable relief as may be appropriate.

Respectfully Submitted,

\s\ Evan B. Karnes, II
One of the Lawyers for CSX INTERMODAL, INC.

Evan B. Karnes, II
John Adam Powers
Everardo Martinez
KARNES LAW CHARTERED
Page Brothers Building
177 North State Street
Chicago, Illinois 60601
Phone: (312) 629-8900
Fax: (312) 629-0109