IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>      Plaintiff,<br><br>  v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>      Defendants. | No: 1:09-cv-05340<br>Judge James F. Holderman<br>Courtroom 2541 |

**<u>CSX INTERMODAL, INC.'S ANSWER TO CROSSCLAIMS FOR CONTRIBUTION
FILED BY BMW OF NORTH AMERICA, LLC AND
BAYERISCHE MOTOREN WERKE AG</u>**

     CSX INTERMODAL, INC., ("CSXI") by their lawyers in this matter, Evan B. Karnes, II, Adam Powers, Everardo Martinez and KARNES LAW, CHARTERED, pleading hypothetically and in the alternative for their Answer to Crossclaims for Contribution ("Crossclaims") filed by Defendants/Cross Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG (collectively "BMW") states:

1

1. Plaintiff has filed a six count Fifth Amended Complaint at Law alleging that on July 3, 2008 in the northbound lanes of Skokie Valley Road at Half Day Road in Highland Park, Illinois, Jeffrey Scheinman suffered injuries and damages caused by the negligence of Samuel Franke and Martin's Bulk Milk Service, Inc. when the 2008 335i Series BMW automobile driven by Jeffrey Scheinman was struck in the rear while at rest at a traffic control light by a fully-loaded semi-tractor/trailer combination owned by Martin's Bulk Milk Service, Inc. and operated by Samuel Franke. (See dkt #168, Count 1).

**ANSWER:** **CSXI admits the allegations contained within Paragraph 1 of BMW's Crossclaims.**

2. Plaintiff's Fifth Amended Complaint further alleges that Jeffrey Scheinman's injuries were caused by the negligent operation of the semi-tractor/trailer combination by Samuel Franke, who allegedly acted at the time as an agent or employee of CSX Intermodal, Inc., International Paper Company, Overnite Express, Inc., Overnite Logistics, Inc., OX LLC, and Universal AM CAM. Ltd., (See dkt #168, Counts II-IV).

**ANSWER:** **CSXI admits the allegations contained within Paragraph 2 of BMW's Crossclaims. Answering further, CSXI states this Court's MEMORANDUM OPINION AND ORDER entered on April 14, 2011 dismissed "Plaintiff's claim against CSXI (Count II) … without prejudice….[and] granted [plaintiff] leave to file an amended Count II against CSXI in a Fifth Amended Complaint, if he can do so consistent with the court's Memorandum Opinion and Order and with Rule 11, on or before 4/29/2011." Plaintiff did not file an amended Count II against CSXI on or before April 29, 2011 and, to date, has not sought leave of Court to file additional or different allegations against CSXI and consistent with the Court's Memorandum Opinion and Order and with Rule 11. Plaintiff copied**

**Count II of the Fifth Amended Complaint word-for-word from the dismissed Count II of the Fourth Amended Complaint. Plaintiff's Fifth Amended Complaint included the following "note" under the heading of Count II:**

> **[The allegations of Count II against CSX INTERMODAL, INC. have been dismissed pursuant to Judge Holderman's order of April 12, 2011. The allegations of Count II are included herein, not as realleged, but so as to preserve all of Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the following allegations is expected from Defendant CSX INTERMODAL, INC.]**

**Plaintiff waived and abandoned its allegations against CSXI after the court dismissed Count II of the Fourth Amended Complaint against CSXI and Plaintiff failed to file a Fifth Amended Complaint by April 29, 2011 with new or different allegations. Plaintiff's "note" underneath the heading of Count II of the Fifth Amended Complaint does not provide any newly-alleged facts or law. Naming CSXI in the Fifth Amended Complaint and including the same allegations that this court previously dismissed against CSXI violate Judge Holderman's April 12, 2011 Memorandum and Opinion Order, are contrary to Rule 11 and are pleaded without legal basis or good faith.**

    3.    Count V of Plaintiff's Fifth Amended Complaint alleges that BMW NA and BMW AG are strictly liable for alleged design, manufacturing or warning defects in Jeffrey Scheinman's 2008 335i Series BMW automobile.

    **ANSWER:**    CSXI makes no answer to the allegations in Paragraph 3 of BMW's Crossclaims, as said allegations are not directed at CSXI but admits that BMW's characterization is correct.

4. Count VI of Plaintiff's Fifth Amended Complaint alleges II that BMW NA and BMW AG negligently designed Jeffrey Scheinman's 2008 335i Series BMW automobile and failed to warn Jeffrey Scheinman of defects in the design of same.

**ANSWER:** **CSXI makes no answer to the allegations in Paragraph 4 of BMW's Crossclaims, as said allegations are not directed at CSXI but admits that BMW's characterization is correct.**

5. BMW NA and BMW AG have filed Answers and Affirmative Defenses to Plaintiff's Complaint denying all material allegations directed against it. (See dkt # #172 and 173.)

**ANSWER:** **CSXI admits the allegations contained within Paragraph 5 of BMW's Crossclaims.**

6. In his Fifth Amended Complaint, Plaintiff alleges that the indivisible injuries Plaintiff suffered were caused by the tortious acts or omissions of each alleged tortfeasor.

**ANSWER:** **CSXI admits the allegations contained within Paragraph 6 of BMW's Crossclaims. Answering further, CSXI adopts its answer to Paragraph 2 as if fully set forth herein as its further answer to Paragraph 6 of BMW's Crossclaims.**

7. At all times relevant, there was in existence a statute commonly known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/01, et. seq., which provides for the assessment of damages among joint tortfeasors found liable to an injured plaintiff in proportion to their respective percentage of fault.

**ANSWER:** **CSXI admits the allegations contained within Paragraph 7 of BMW's Crossclaims.**

8. If either or both Cross-Plaintiffs BMW NA and/or BMW AG are found liable to the Plaintiff based on Plaintiff's theories of product liability or negligence, said liability being expressly denied, and each or any Cross Defendant is also found liable to Plaintiff, the Cross Plaintiffs will be entitled to contribution from any and each Cross Defendant also found liable in an amount in proportion to the percentage of fault assigned to any and each Cross Defendant for their negligent and/or willful and wanton conduct in accordance with the Joint Tortfeasors Contribution Act.

**ANSWER:** **CSXI denies the allegations contained within Paragraph 8 of BMW's Crossclaims. Answering further, CSXI adopts its answer to Paragraph 2 as if fully set forth herein, and states BMW's Crossclaims for contribution against CSXI – arising from Count II of the Fifth Amended Complaint, which is identical to the Count II of the Fourth Amended Complaint that the Court dismissed – is pleaded contrary to Judge Holderman's April 12, 2011 Memorandum and Opinion Order, contrary to Rule 11 and is made by Defendant/Crossclaimant BMW without a legal basis or good faith.**

9. At the time and place specified in Plaintiff's Fifth Amended Complaint, Samuel Franke conduct and the conduct of those on whose behalf he was acting can be adjudged as negligent, as alleged, and an assessment of that liability can be made based on such negligence.

**ANSWER:** **CSXI denies the allegations contained within Paragraph 9 of BMW's Crossclaims. Answering further, CSXI adopts its answer to Paragraph 2 as if fully set forth herein, and states BMW's Crossclaims for contribution against CSXI – arising from Count II of the Fifth Amended Complaint, which is identical to the Count II of the Fourth Amended Complaint that the Court dismissed – is pleaded contrary to Judge Holderman's**

**April 12, 2011 Memorandum and Opinion Order, contrary to Rule 11 and is made by Defendant/Crossclaimant BMW without a legal basis or good faith.**

10. However, at that time and place, on information and belief, Samuel Franke's conduct was so reckless and in such utter disregard for the safety of Plaintiff's incompetent person that assessment of fault against him, and those on whose behalf he was legally acting at that time, can be judged to constitute willful and wanton misconduct, in that: a) he drove a fully loaded semi tractor-trailer weighing an estimated 50,000 pounds into an intersection between a federal and a state highway that was controlled at that time by a red traffic control signal warning him to reduce his speed to a stop to prevent any contact with any vehicles waiting at that red traffic control signal and before entering an intersection in which easterly and westerly traffic was or was entitled to be crossing in utter disregard for the laws in effect at that time requiring him to reduce his speed to avoid an accident (625 ILCS 5/11-601 (a) and (b) and his statutory obligation to observe and comply with traffic control lights (625 ILCS 5/11-202; b) but instead and with an unobstructed view of the intersection, stopped traffic and a red traffic control signal, he drove his semi tractor-trailer combination at full highway speed and without application of his brakes into an impact between the front of his semi tractor-trailer combination and the rear of the vehicle occupied by plaintiff's incompetent person, c) he caused his semi tractor-trailer combination to strike the stopped vehicle, propelling it across the intersection, over a curb, and hundreds of feet north of the intersection all the time with his tractor-trailer in full contact with the struck vehicle, d) he caused the combination of his tractor-trailer and the struck vehicle to go over a curb, knocking down a road sign and causing the struck vehicle to catch fire starting in the rear of the vehicle during the extended run-out of both vehicles after initial impact, e) when he finally brought his vehicle to a halt or it was otherwise caused to stop, he acted only for his own

6

safety and in disregard of the safety of the person in the vehicle he had struck by backing his truck down the road away from the burning vehicle and made no effort to aid in extricating the unconscious driver of the struck vehicle before the fire reached the unconscious driver's seated position in the vehicle.

**ANSWER:** **CSXI denies the allegations contained within Paragraph 10 of BMW's Crossclaims. Answering further, CSXI adopts its answer to Paragraph 2 as if fully set forth herein, and states BMW's Crossclaims for contribution against CSXI – arising from Count II of the Fifth Amended Complaint, which is identical to the Count II of the Fourth Amended Complaint that the Court dismissed – is pleaded contrary to Judge Holderman's April 12, 2011 Memorandum and Opinion Order, contrary to Rule 11 and is made by Defendant/Crossclaimant BMW without a legal basis or good faith.**

11. In the event that either cross-plaintiff is adjudged liable as a cause of any of Plaintiff's damages, the reckless and willful conduct of Samuel Franke and those on whose behalf he was acting at the time should bear responsibility based on such wrongful causative behavior.

**ANSWER:** **CSXI denies the allegations contained within Paragraph 11 of BMW's Crossclaims. Answering further, CSXI adopts its answer to Paragraph 2 as if fully set forth herein, and states BMW's Crossclaims for contribution against CSXI – arising from Count II of the Fifth Amended Complaint, which is identical to the Count II of the Fourth Amended Complaint that the Court dismissed – is pleaded contrary to Judge Holderman's April 12, 2011 Memorandum and Opinion Order, contrary to Rule 11 and is made by Defendant/Crossclaimant BMW without a legal basis or good faith.**

WHEREFORE, CSX INTERMODAL, INC., denies that it is liable to Plaintiff, BMW, or any other party to this lawsuit and respectfully request that this Honorable Court dismiss the instant complaint as it pertains to CSXI with prejudice, dismiss BMW's Crossclaims as it pertains to CSXI with prejudice, with all costs borne by the respective parties, and award CSXI the costs to prepare and present this pleading and for such other further legal and equitable relief as may be appropriate.

Respectfully Submitted,

\s\ Evan B. Karnes, II
One of the Lawyers for CSX INTERMODAL, INC.

Evan B. Karnes, II
John Adam Powers
Everardo Martinez
KARNES LAW CHARTERED
Page Brothers Building
177 North State Street
Chicago, Illinois 60601
Phone: (312) 629-8900
Fax: (312) 629-0109