IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>        Plaintiffs,<br>vs.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, and UNIVERSAL AM CAN LTD., BMW OF NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br>        Defendants. | Case No.:09 cv 5340<br><br>Honorable James F. Holderman<br><br>Magistrate Judge Susan E. Cox |
| TRAVELERS PERSONAL INSURANCE COMPANY, as Subrogee of JEFFREY SCHEINMAN,<br><br>        Plaintiff,<br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE,<br>        Defendants. | No. 11 CV 5457 |

**AGREED PROTECTIVE ORDER**
**FOR SCHEINMAN BMW VEHICLE**

This matter coming before the Court for entry of an agreed protective order pertaining to

Jeffrey Scheinman's BMW vehicle which is the subject of these consolidated cases, the parties having agreed that the protective order previously entered with respect to the Scheinman BMW vehicle on August 25, 2011 should be modified, and the parties having agreed to the terms set forth in the following nine paragraphs:

1. That Plaintiff Scheinman, the BMW Defendants, Defendants UACL/OEI/OX and International Paper, and Defendants Martin's and Franke want to maintain the vehicle for further inspections and use as potential evidence at trial;

2. That Plaintiff Scheinman, the BMW Defendants, Defendants UACL/OEI/OX and International Paper, and Defendants Martin's and Franke will maintain joint possession of the vehicle until further order of Court and the vehicle will be stored at Dynamic Safety at 1400 Ensell Road, Lake Zurich, Illinois until otherwise agreed upon by them and otherwise ordered by the Court;

3. That the vehicle will be maintained in its present condition and will not be altered, modified, dismantled, sold, salvaged, or destroyed, unless otherwise agreed upon by them or otherwise ordered by this Court;

4. That any party seeking to inspect the vehicle for any purpose, destructive or non-destructive shall serve notice on counsel for all other parties a minimum of seven days before such proposed inspection;

5. That any request for inspection or testing that is destructive in nature, or requires dismantling, alteration or modification of the vehicle, will be presented in a protocol distributed to all parties a minimum of fourteen days before such proposed inspection or testing and that any such inspection or testing that is destructive, or that requires alteration, dismantling or modification can be performed only pursuant to a protocol agreed upon by Plaintiff Scheinman, the BMW Defendants,

2

Defendants UACL/OEI/OX and International Paper, and Defendants Martin's and Franke;

6. That the cost of storage at Dynamic Safety will be split in four equal parts with each of the following groups making payment of a one-fourth share directly to Dynamic Safety and no group of defendants shall have any liability for non-payment by any other group:

    A. Plaintiff Scheinman

    B. The BMW Defendants

    C. Defendants UACL/OEI/OX and International Paper

    D. Defendants Martin's and Franke;

7. That in the event one group determines it has no further interest in the storage of the vehicle, counsel for that group will serve all other counsel with 30-day notice of its intent to discontinue payment; and, thereafter, commencing with the month following the expiration of the 30-day notice period, that group shall have no further responsibility for payment. At such time, the remaining groups shall become responsible for the storage costs divided equally among them;

8. That in the event one group serves notice of its intent to inspect the vehicle, that party shall be solely responsible for all costs and employee time charged by Dynamic Safety for making the Scheinman BMW vehicle available for inspection; however, the costs and employee charges for the actual inspection shall be divided equally among all groups having any person, including counsel, in attendance at the inspection;

9. Plaintiff Scheinman, the BMW Defendants, Defendants UACL/OEI/OX and International Paper, and Defendants Martin's and Franke, agree that Traveler's Personal Insurance Company is entitled to have the vehicle returned to Traveler's Personal Insurance Company at the conclusion of all litigation related to this case. The time, expenses, and procedure for return of the

Scheinman BMW vehicle to Traveler's Personal Insurance Company, and the ultimate disposition of the vehicle, shall be determined by a future court order;

IT IS ORDERED that the Protective Order previously entered on August 25, 2011 is modified and replaced by this Agreed Protective Order For Scheinman Vehicle, as and pursuant to the terms to which the parties have agreed, as set forth in paragraphs 1 through 9 of this Order.

Dated: JAN 12 2012

ENTERED:

SUSAN E. COX
U.S. Magistrate Judge