IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br>       Plaintiffs,<br>vs.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., et al.,<br>       Defendants. | ) ) ) ) ) ) )   No. 09 CV 5340 ) ) ) ) ) ) |

**BAYERISCHE MOTOREN WERKE AG'S
MOTION FOR ENTRY OF PROTECTIVE ORDER
<u>REGARDING CONFIDENTIAL DOCUMENTS</u>**

NOW COMES Defendant BAYERISCHE MOTOREN WERKE AG ("BMW AG"), by its attorney, James K. Toohey and Timothy R. Couture of JOHNSON & BELL, LTD., and requests the entry of a proposed protective order with respect to documents that it proposes to produce to all parties specifically for and expressly limited to use in this case.

All parties agree that a confidentiality order should be entered to protect medical records of plaintiff's incompetent and the proprietary records of BMW AG. When this matter was brought to the attention of the Court, the Court advised counsel that there is a model form that the courts in the district are encouraged to use. BMW AG's counsel has attempted to gain the consent of the parties to two prior drafts of the proposed order. The first draft included statements that provided the rationale for confidentiality of the defined documents, but were not critical to defining the scope or enforcement procedures of any confidentiality order. Counsel removed all of those in the second draft. BMW's counsel tried to explain that the remaining changes were intended to define with some precision the type of documents BMW deemed

highly proprietary and required protection, thus actually limiting the scope of protected documents. Plaintiff's counsel persists in his objection to any deviation from the form and, in particular, to the changes shown by addition to par. 2(c) and 5(c). Unfortunately, despite repeated and consistent good faith attempts by and between counsel for Plaintiffs and BMW AG to come to an agreement on the specifics of such an order as required by Local Rule 37.2 (including multiple proposed drafts by BMW AG's counsel, an e mail dated 1/24/12, 2 emails dated 1/31/12, and a face to face meeting at the last Court hearing) no agreement has been reached.

**CHANGES TO FORM LR 26.2**

Attached hereto as Exhibit #1 to this motion is Defendants' counsel's proposed Confidentiality Order. Attached hereto as Exhibit #2 is the redlined version of Exhibit #1, showing all changes made to the Model Confidentiality Form LR 26.2.

Par 2(c) includes the following underlined, italicized additions:

(c) research, technical, commercial or financial information that the party has maintained as confidential, *and, in particular, documents and information possessed by Defendants BMW AG and BMW of North America, LLC, requested by Plaintiff and other Defendants that contain proprietary materials and information relating to the design and development, including, inter alia, engineering drawings, test reports, quality standards for purchasing and production, and all development and compliance testing by BMW AG and/or system suppliers for the E93 Platform BMW vehicles and, to the extent applicable, to other platforms for vehicles either within contemporarily sold lines such as the E90 platform or prior lines such as the E46;* (d) medical information concerning any individual; (e) personal identity information; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

Par. 5(c) includes the following addition:

Counsel for the parties shall make *every effort* reasonably *[*delete "e efforts"*] necessary* to prevent unauthorized or inadvertent disclosure of Confidential Information. *Counsel for any Party receiving confidential information shall maintain a list of all persons within the employment of or acting as agents for the firm and/or the Party who has access to the privileged documents and shall make that list available to the producing Party upon request. In the event that any person who has signed such*

> *form or has otherwise been permitted access to any documents or things marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS IN SCHEINMAN V. MARTIN'S BULK SERVICE, ET AL., NO. 09 cv 5340" shall leave the employment or cease acting as an agent for the Party, counsel for the Party shall cause such person to surrender to Counsel all originals and copies of such designated materials and all indices, summaries, and extrapolations derived from such designated materials that person had in his or her possession prior to the termination of that person's employment or agency relationship, and shall make a contemporaneous record that such person no longer possesses any such materials covered by this Order. Counsel shall maintain both the list of persons with access to the confidential documents and the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.*

## **NEED FOR CHANGES TO FORM LR 26.2**

First, some perspective: Plaintiff's vehicle[1] was a 2008 BMW 335i hardtop convertible with a curb weight of 3,362 pounds (http://www.leftlanenews.com/new-car-buying/bmw/3-series-coupe/). It was struck in the rear while stopped at the intersection of US 41 and Illinois 22 by a tractor trailer weighing 78,000 pounds. The driver never applied his brakes, testifying that he never saw the car before he hit it – despite that there were more than 10 witnesses who said the BMW was stopped because the traffic control light was red for a considerable time before it was hit by the truck. The speed limit was 50 MPH. Not surprisingly, the BMW was destroyed in the impact and burned in a post-collision fire. <u>Four days after the collision, Martin's Bulk Milk Service voluntarily arranged for its driver Mr. Franke to meet with and give a voluntary court-reported statement to Plaintiffs' investigators</u>. Suit was filed against the driver and his trucking company shortly thereafter. Plaintiff later added various entities having any connection at all to making arrangements for the shipment of the load being carried by Franke at the time he struck Scheinman's car. Later, on the eve of the running of the two-year Statute of Limitations, Plaintiff sued BMW AG, BMW NA, and the selling dealer. Plaintiff claims the

---

[1] Plaintiff is actually the injured party's brother, suing on behalf of the injured party, whom it is alleged is not competent to bring suit in his own name. Nonetheless, for simplicity, we will call the injured party the "plaintiff."

BMW was unreasonably dangerous because the seatback deflected rearward and the car's fuel retention system did not remain intact when struck by a 78,000 lb. tractor-trailer at up to 50 MPH.[2] Clearly, then, Plaintiff's claim against BMW is a reach for a viable defendant to pay for a catastrophic injury caused by the trucker without enough insurance to satisfy the loss.[3]

Plaintiff now seeks extensive confidential, proprietary information from BMW concerning the design, development, testing, and certification of an entire series of BMW vehicles. Plaintiff's vehicle is within what BMW categorizes as its E93 Platform Vehicles. That platform is built upon the evolutionary design developments and improvements to the predecessor platform – the E46. The E93 is not an historical system, but one still used for serial production of vehicles at this time. Plaintiff wants information regarding the rear structures, roof structure and roof storage, fuel retention system, and seat structures and anchorage. BMW is willing to produce the information sought that is reasonably related to the claims – extreme as Plaintiff's definition of reasonably safe may be – but BMW needs the protection of this Court against use of this information for any other reason.

BMW sells high performance passenger cars around the world. Its principal competitive edge is in the quality of its designs and consistent application of sound manufacturing controls. BMW AG has invested hundreds of millions of capital in the research and development of these vehicles, vehicle systems, component development, quality control, and testing necessary to gain

---

[2] By comparison, the recently adopted Federal standard for fuel retention in a crash requires the vehicle to withstand a 50 MPH into the vehicle's rear by 3,015 pound barrier – making the subject impact approximately 26 times greater than required by the government safety standard

[3] BMW AG has serious misgivings about giving up such critically important information to Plaintiff given the factual circumstances giving rise to the claim. Nonetheless, it understands that Plaintiff's counsel is duty-bound to pursue discovery with the objective of proving the claim, regardless of the attenuated nature of the claim. However, BMW AG is thunderstruck by the nerve of co-defendants Samuel G. Franke and Martin's Bulk Milk Service, Inc. in taking any position regarding BMW's proposed order - in a case in which they drove their 78,000lb. truck at or near 50 MPH into the rear of the plaintiff's BMW without no explanation except that Franke did not see the car stopped for the red light at a lighted highway intersection, then four days thereafter were meeting with Plaintiffs' representatives.

its standing among the world's premier vehicle manufacturing and marketing companies. *See* article attached hereto, "US Auto Parts: *The Inside Story of How BMWs are Made.*" While the article may be considered a "puff piece," it does give insight into the thought process at the heart of BMW's manufacturing success.

It is no secret that certain countries which do not have sophisticated automobile manufacturing industries want to develop them, as others before them have done. BMW sales are very good in many of those countries with booming economies. BMW AG knows that these countries with developing industries, a great deal of money, and technically proficient work forces, will be copying BMW's designs and will be developing similar systems through reverse engineering. BMW can maintain its advantage only by continued development, because the catch-up process by reverse engineering generally takes 4-6 years. Thus, BMW AG is constantly working to stay ahead of such entities and maintain its competitive edge. The materials Plaintiff seeks are exactly those that would tell another manufacturer how to make a BMW the "BMW way" - or someone interested in industrial espionage interested in selling such materials to another manufacturer. Were the documents to fall into the hands of someone with great economic interest in acquiring them, the 4-6 year edge would be reduced to the length of time necessary to read and digest these documents to copy current production, and the edge in quality standards and controls would be lost forever.

Thus, every bit of information that is released in discovery is of interest to, and can be used advantageously by, others interested in acquiring such technical data and know-how. There are design drawings, quality control manuals, videotaped and filmed tests by BMW AG and/or system suppliers for the E93 Platform BMW vehicles and, to the extent applicable, to other platforms for vehicles either within contemporarily sold lines such as the E90 platform or

5

prior lines such as the E46. These are all materials constituting proprietary and intellectual property rights of BMW AG and, in some instances, proprietary and intellectual property of BMW suppliers. The materials are based on many years of research and development involving large sums of money and engineering man-hours leading to the development of the successful, sophisticated lines of E93 Platform vehicles. The information is of interest and value to others and, thus, competitively sensitive, commercially valuable, and quite probably of interest to those involved in industrial espionage. As such, Defendant has a compelling interest in securing such information and limiting its use and distribution to the maximum extent possible consistent with the legal right of other parties to access through discovery of information from said Defendants that is reasonably necessary in their attempt to find support for their claims that such product was unreasonably dangerous in its design and/or that Defendants were negligent in the design, development and testing of the vehicle.

While the standard language is appropriate in most cases, these documents are not ordinary documents. They are literally the lifeblood of the BMW companies. BMW has no reason to trust someone suing it based on such an extremely stretched theory of liability and who is now not only seeking its highly proprietary documents, but resisting efforts to protect them from disclosure. Moreover, it has no reason to trust experts retained by Plaintiff who not only understand these documents but who have an interest in making use of them beyond this case – if not to prove a claim against BMW, then to use these data as a foundational criteria to criticize the methods used by another manufacturer. Then there is the potential for leaking such materials to an agent for industrial espionage – who can predict the source of such distribution?

BMW AG seeks only to define the documents covered in a more precise manner than is done by the Court's Form and to make sure that tight identification and control is maintained

over all persons getting the documents, and that each know that BMW AG will protect its interests.

WHEREFORE, Defendant BAYERISCHE MOTOREN WERKE AG prays that this Court enter the protective order as proposed by it and as attached hereto as Exhibit #1.

Respectfully submitted,

BAYERISCHE MOTOREN WERKE AG

By___/s/ *James K. Toohey*___
One of its Attorneys

James K. Toohey
Timothy R. Couture
JOHNSON & BELL, LTD.
33 West Monroe, Suite 2700
Chicago, Illinois 60603
Telephone: 312.372.0770

8

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he filed and served the foregoing **Motion for Entry of Protective Order Regarding Confidential Documents** with the Court's electronic filing system and on all Counsel of Record, this **1st day of MARCH, 2012.**

**SEE ATTACHED SERVICE LIST**

_____
[X] Under penalties as provided by law, I certify that the statements set forth herein are true and correct.

*SCHEINMAN v. BMW, et al*
Case No. 09 cv 05340
File No. 7873-10001

Richard F. Burke, Jr.
Courtney B. Marincsin
Clifford Law Offices, PC
120 North LaSalle Street – Suite 3100
Chicago, IL 60602
rfb@cliffordlaw.com
cbm@cliffordlaw.com

Joseph Gerard Skryd
Matthew Richard Schreck
Mulherin Rehfeldt & Varchetto PC
211 South Wheaton Avenue – Suite 200
Wheaton, IL 60187
jskryd@mrvlaw.com
mschreck@mrvlaw.com

Robert Golden
Dowd & Dowd
617 West Fulton Street
Chicago, IL 60661
rgolden@dowdanddowd.com

Carlton D. Fisher
Hinshaw & Culbertson, LLP
222 North LaSalle Street – Suite 300
Chicago, IL 60601-1081
cfisher@hinshawlaw.com
wyu@hinshawlaw.com

Evan Karnes
Karnes Law Chrtd.
177 North State Street – Floor 3
Chicago, IL 60601
evan@karnes-law.com