IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) ) | Case No.:09 cv 5340 |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OVERNITE LOGISTICS, INC., OX LLC, and UNIVERSAL AM CAN LTD.,   BMW OF NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable James F. Holderman  Magistrate Judge Susan E. Cox |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTION TO
BAYERISCHE MOTOREN WERKE AG'S
MOTION FOR ENTRY OF A PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS**

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., objects to Paragraph 2(c) and Paragraph 5(c) in the Protective Order proposed by Defendant BAYERISCHE MOTOREN WERKE (BMW AG) for the following reasons:

Plaintiff has no objection whatsoever to the entry of a protective order that provides confidentiality to Defendant's documents which legitimately constitute trade secrets or otherwise

necessitate confidentiality. Plaintiff has made that clear at all times, both in open court and in all communications with attorneys for BMW AG. Plaintiff's sole objection is to the additional language that Defendant BMW AG wants to include in Paragraphs 2(c) and 5(c) of the Court's Model Order. In a prior status before Judge Cox, the Court made it very clear that the Court's Model Protective Order is strongly favored and should be used in virtually all circumstances. The Plaintiff and BMW AG have worked to make that Model Order applicable to this case. Plaintiff has agreed to Defendant's insertion of language in a number of instances that includes specific references to the names of the parties and the case caption.

However, Defendant BMW AG continues to insist on the inclusion of specific language in Paragraph 2(c) and in Paragraph 5(c), which is not included in the Model Order, and which Plaintiff submits is unnecessary, self-serving, vague, and burdensome. Plaintiff urges this Court to deny Defendant's motion for the entry of the current draft, and asks this court to order the parties to submit a protective order utilizing the language in the Model Order in Paragraphs 2(c) and 5(c).

As the Court knows, Paragraph 2 of the Model Order specifically provides confidentiality in Section (b) to "information that reveals trade secrets", and in Section (c) to "research, technical, commercial or financial information" that the party has maintained as confidential". Defendant BMW AG seeks to modify this Model Order by including language as set forth in its motion on page 2 that specifically refers to certain BMW AG vehicles described according to letter and numbers apparently representative of different platforms or product lines. By including such language, Defendant is now seeking to create a subcategory of documents that are, "in particular", entitled to protection. Doing so only creates ambiguity and confusion as to why those documents are entitled to special protection as opposed to other documents that are deemed to be confidential, but

2

apparently don't require an equivalent amount of protection. In fact, by creating such a subcategory that is especially entitled to confidentiality, Defendant BMW AG is really diluting the degree of protection afforded to other BMW AG documents designated as confidential.

Furthermore, the language proposed by Defendant BMW AG for Paragraph 2(c) is unduly vague with respect to the type of documents for which Defendant seeks this particular designation of confidentiality. In BMW AG's proposed language, it makes reference to the "E93 Platform BMW Vehicles" and the "E90 platform" and prior lines such as the E46. These terms are in-house BMW names for certain vehicles. Although an employee of BMW North America, Peter Baur, has given some testimony about these product lines without having yet seen any of the documents which Defendant is to produce. Plaintiff and other defense counsel have no way of independently confirming which vehicles these "platforms" include, or which vehicles are excluded by this terminology. In fact, Baur testified about E91 and E92 platforms, but such terms are not included in Defendant's proposed language. Baur emphasized that he was not an employee of BMW AG and was not involved in the manufacture of any of these product lines.

BMW AG sells vehicles by model names and the vehicle in this case was a 2008 335i hard top convertible. The description of vehicles as an E90, E93 or E46 platforms are not terms normally used in public advertising materials or information readily available to Plaintiff or his attorneys. Therefore, Defendant's proposed language contains inherent limitations on the scope of discovery by creating a subcategory of documents pertaining to these designated platforms without the Plaintiff or any other parties, including the court, knowing the significance of these particular platform designations. Accordingly, it is unfair and unnecessary to incorporate into the protective order descriptive language about categories of documents when BMW AG is the only party who

completely understands the true meaning and import of the references to the E93, E90, and E46 platform and/or product lines.

Additionally, the broader language used in the Court's Model Order in Paragraph 2(c) actually provides Defendant BMW AG with ample protection for its documents because it does not attempt to describe specific types of documents. As Plaintiff has repeatedly told BMW AG's counsel, they get all the protection they need with utilization of the language in the Court's Model Order Paragraph 2(c). Plaintiff has not requested any restriction or limitation on the documents Defendant wants to designate as confidential in accord with the language of the Model Order. Therefore, Plaintiff urges this Court to deny insertion of Defendant's proposed Paragraph 2(c). Plaintiff asks the Court to utilize the model language of Paragraph 2(c) which refers to "research, technical, commercial or financial information that the party has maintained as confidential". Furthermore, for the purpose of accomplishing entry of an order, Plaintiff is willing to agree to an additional phrase after the model language of Paragraph 2(c) that says, "and including all documents properly designated as confidential and produced by Defendant BMW AG in this case in response to Plaintiff's discovery requests".

### DEFENDANT'S ARGUMENTATIVE AND SELF-SERVING CHARACTERIZATION OF THE FACTS SHOULD BE STRICKEN AND/OR DISREGARDED

Defense counsel for BMW AG has chosen to use their motion for protective order as a platform for making inflammatory, inaccurate, and one-sided arguments about their characterization of many of the disputed issues in this case. Such closing-argument-type hyperbole is entirely inappropriate in this type of motion pertaining to the confidentiality of certain documents. Accordingly, Plaintiff asks that this Court strike and/or disregard these comments, especially where

they have absolutely no relevance to the well-defined issue of confidentiality for motor vehicle design documents. Since such a discussion of the disputed facts is entirely irrelevant, Plaintiff will refrain from responding with the multitude of facts that refute and correct Defendant BMW AG's misstatements and mischaracterizations, including deposition testimony given to BMW AG's attorney by the truck driver as to the speed of his truck at the time of impact.

Suffice it to say that it is highly inappropriate in this motion for BMW AG's defense counsel to claim, as they do on page 4 of their motion, that: "Clearly, then, Plaintiff's claim against BMW is a reach for a viable defendant to pay for a catastrophic injury caused by the trucker without enough insurance to satisfy the loss." The allegations against BMW AG concerning the design defects that contributed to the post-collision fuel fire are set forth in detail in Plaintiff's Fifth Amended Complaint (Document #168). As set forth in that Complaint, Plaintiff has alleged that Defendant BMW AG designed and engineered this BMW vehicle with a retractable convertible top in such a manner that BMW failed to provide safe protection and guarding of the component parts of the fuel system so as to prevent rupture, puncture, damage and failure during reasonably foreseeable rear end collisions, and that the design for the fuel system, including a lack of proper protection and guarding of its component parts, increased the likelihood of a post-collision fire following a reasonably foreseeable rear end collision.

Defendant BMW AG's comments on page 6 of its motion also are highly inappropriate and inflammatory, and should be stricken or disregarded. Without any valid basis, Defendant BMW AG has claimed that BMW AG cannot trust Plaintiff or his expert to abide by a protective order entered by this Court. Such an unfounded allegation is completely improper under any circumstance, and especially in a motion of this kind which is related simply to the appropriate language for a

protective order. In its argument on page 5 and 6, Defendant BMW AG is essentially telling this Court that it is different than every other manufacturing company, and should get special treatment from this Court. Such an argument is without basis or merit. Defendant BMW AG is no different than any other manufacturer that deems its documents important and entitled to confidentiality. The Model Confidentiality Order has worked for Defendants in countless other cases, and will properly protect Defendant's proprietary information in this case, as well.

Lastly, Defendant seeks to add language to Paragraph 5(c) that creates an onerous and burdensome procedure that is unnecessary and unduly vague in its potential application. Defendant wants to require Plaintiff and any other Defendant to maintain a list of any personnel from within its office, and outside experts and consultants, who have "access to" the privileged documents, and to permit Defendant BMW AG to see this list whenever they want. Such a provision constitutes harassment of Plaintiff and any Defendants who are reviewing these records. BMW's proposed provision constitutes an attempt to acquire attorney work product, and stifles an attorney's fair representation of their client by granting BMW AG access to the identity of any person, consultant, or expert who is reviewing confidential documents at the request of counsel for one of the parties in this case. Furthermore, the proposal is unduly vague by use of the expression "who has access to the privileged documents". Such terminology potentially includes secretaries and persons copying, filing, and delivering these documents, not to mention law clerks, paralegals, attorneys, experts, and consultants.

Accordingly, Plaintiff asks this Court to deny Defendant's proposed additional language for Paragraph 5(c), and instead, utilize the language of Paragraph 5(c) in the Model Order. BMW AG has no valid basis for seeking their proposed additional language, and once again essentially is telling

this Court that they want special treatment and should be entitled to a "Control of Documents" provision that is not contemplated by the Model Order. Defendant Martin's and Franke also expressed objection to this proposed language of Paragraph 5(c) during the last status hearing before the Court. As the Court can see in Defendant's motion at page 4, in Footnote 3, Defendant BMW AG has actually chastised Defendant Martin's and Franke for even commenting on BMW AG's proposed order. BMW AG's counsel has written in Footnote 3 on page 4 that: "However, BMW AG is thunderstruck by the nerve of co-defendant Samuel G. Franke and Martin's Bulk Milk Service, Inc. in taking any position regarding BMW AG's proposed order...."

Accordingly, the Model Confidentiality Order has a provision for maintaining control of protected documents, including an "Acknowledgment and Agreement to be Bound" statement form, both of which provide ample protection to Defendant BMW AG. Therefore, Plaintiff urges this Court to deny Defendant's Motion for inclusion of the additional proposed language in Paragraph 5(c) and to instead utilize the Model Order Paragraph 5(c) language. The purpose of the protective order is to maintain confidentiality of documents legitimately entitled to protection, but without placing unnecessary and onerous burdens on parties who are entitled to view such documents for the purpose of litigation.

WHEREFORE, Plaintiff asks that this Court deny Defendant's Motion to include BMW AG's proposed additional language in both Paragraph 2(c) and 5(c), and to instead adopt Exhibit 1 minus the redlined additional language proposed in Paragraphs 2(c) and 5(c). Alternatively, as indicated above, Plaintiff is agreeable to adding to the language in Paragraph 2(c) of the Model Order, the additional phrase that states "including all documents properly designated as confidential and produced by Defendant BMW AG in this case in response to Plaintiff's discovery requests".

        s// Richard F. Burke, Jr.
        Richard F. Burke, Jr. Bar Number 03121588
        Attorney for Plaintiff MURRAY SCHEINMAN,
        Plenary Guardian of the Estate and Person of
        JEFFREY J. SCHEINMAN, a Disabled Person

Richard F. Burke, Jr.
Shannon M. McNulty
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160