IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No: 1:09-cv-05340 |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., OVERNITE EXPRESS, INC., OVERNTE LOGISTICS, INC., OX LLC, and UNIVERSAL AM CAN LTD, BMW OF NORTH AMERICA, LLC, a Corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | Judge James F. Holderman Magistrate Judge Susan E. Cox |
| Defendants. | ) | |

## CSX INTERMODAL, INC.'S
## MOTION FOR GOOD FAITH FINDING AND DISMISSAL

CSX INTERMODAL, INC., ("CSXI") by its lawyers in this matter, Evan B. Karnes II, and KARNES LAW, CHTD., moves this court to dismiss the case as to CSXI and to find that CSXI and Plaintiff settled the case in 'Good Faith' pursuant to 740 ILCS 100/2. In support of its motion CSXI states:

1. This case arose from a rear-end accident which occurred on July 3, 2008 at the intersection of Skokie Valley Road and Half Day Road in Highland Park, Illinois. Plaintiff MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person alleges Defendant SAMUEL G. FRANKE ("FRANKE")

failed to stop at a red light and drove his semi-truck into the rear end of JEFFREY J. SCHEINMAN'S stopped vehicle which caused the vehicle to catch fire and caused severe and disabling injuries to JEFFREY J. SCHEINMAN.

2. On April 12, 2011, this Court initially dismissed Plaintiff's claims against CSXI. (Count II) without prejudice and granted Plaintiff leave to file an amended Count II against CSXI in a Fifth Amended Complaint, if he could do so consistent with the court's Memorandum Opinion and Order and with Rule 11, on or before 4/29/2011. Plaintiff subsequently filed a Fifth Amended Complaint that included the previously dismissed Count against CSXI and the following prefatory language:

> The allegations of Count II are included herein, not as realleged, but so as to preserve all of Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the following allegations is expected from Defendant CSX INTERMODAL, INC.

.

3. CSXI and Plaintiff have negotiated a settlement in good faith and at arm's length. There are no undisclosed agreements pursuant to this settlement. No fraud, collusion, or misrepresentation was involved in negotiating the settlement. "Good faith" is the only limitation that the Illinois Contribution Act places on the right to settle. A good faith settlement extinguishes any contribution liability of the settling tortfeasor. *Johnson v. United Airlines,* 203 Ill.2d 121 (2003), *citing* 740 ILCS 100/2(d).

4. CSXI and Plaintiff stipulate to the dismissal of all claims against CSX INTERMODAL, INC. its subsidiaries, parent or related entities, specifically, CSX Corporation, CSX Transportation, Inc., CSX Intermodal Terminals, Inc., CSX Insurance, Inc., Chartis Claims Incorporated, Illinois National Insurance Company and their respective agents, officers and related parties with prejudice.

5. When determining whether an agreement was entered into in good faith, the courts must take into account the entire circumstances surrounding the settlement. *Ruffino v. Hemo,* 181 Ill.App.3d 827 (1st Dist., 1989). Once the parties initially show that the settlement has been made in good faith, the settlement is presumed valid. *Id.* The burden then shifts to the party challenging the good faith of the settlement, who needs to prove the absence of good faith by a preponderance of the evidence. *Johnson,* 203 Ill.2d at 121. A tortfeasor who obtains a settlement in good faith from the Plaintiff is discharged from all liability for contribution to any other tortfeasor. *Ballweg v City of Springfield,* 114 Ill. 2d 107 (1986).

6. CSXI's only involvement with the case arises because at the time Co-Defendant FRANKE'S tractor struck JEFFREY J. SCHEINMAN's car, FRANKE was hauling a shipping container marked "CSX Intermodal" which was owned by CSXI, on a chassis which was leased to CSXI. A significant amount of written discovery and several depositions have been completed. This discovery includes two depositions of the Defendant FRANKE, depositions of representatives of co-defendant MARTIN'S BULK MILK and certain of the responding police officers. None of the written discovery exchanged or the testimony offered indicates that the accident occurred as a result of anything related to or involving the CSXI owned shipping container, the leased chassis or anything related to CSXI. None of the discovery indicates that CSXI had any involvement in the operation of the FRANKE operated vehicle.

7. The settlement between Plaintiff and CSX INTERMODAL, INC., is a full and fair compromise between Plaintiff and CSXI is made in good faith and comports in all respects with the terms of the Illinois Joint Tortfeasor Contribution Act (740 ILCS §100/0.01 *et. seq.*).

WHEREFORE, CSX INTERMODAL, INC. moves this Honorable Court to enter its order and:

(a) Grant CSX INTERMODAL, INC.,'s motion and finds that the Plaintiff and CSX INTERMODAL, INC. negotiated and settled the matter in good faith, within the meaning of the Illinois Joint Tortfeasor Contribution Act 740 ILCS §100/0.01 *et. seq.*;

(b) Dismiss the claims against CSX INTERMODAL, INC., with prejudice and without costs and discharge CSX INTERMODAL, INC. and those entities/individuals identified above in paragraph four (4) from all liability for any contribution to any other tortfeasor pursuant to the Illinois Joint Tortfeasor Contribution Act;

(c) Order that the case continue as to all other parties;

(d) Retain jurisdiction to resolve any liens which may exist or to resolve other issues with other Defendants;

(e) Grant such other or alternative further legal or equitable relief as the court may determine just and appropriate.

Respectfully Submitted,

 s/Evan B. Karnes, II
One of the Lawyers for
CSX INTERMODAL, INC.

Evan B. Karnes II, #3122359
Adam Powers, #6280892
Everardo Martinez
KARNES LAW CHARTERED
Page Brothers Building
177 North State Street
Chicago, Illinois 60601
Phone: (312) 629-8900
Fax: (312) 629-0109