IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>    Defendants. | Case No.: 09 CV 5340 cons. with<br>Case No.: 11 CV 2687<br><br><br><br><br>Judge James F. Holderman |

**JOINT MOTION TO MODIFY COURT'S SCHEDULING ORDER**

NOW COME all parties to this case, and for their Joint Motion to Modify the Court's Scheduling Order (*without changing the trial date of 9/16/2013*), they state as follows:

1. On August 23, 2011, this Court entered its scheduling order on this case based on the parties' requested dates and the Court's own docket.

2. Since that time, the parties have exchanged written discovery, taken the depositions of scores of witnesses, consolidated and used hundreds of exhibits at the depositions, and scheduled the depositions of several fact witnesses for dates in July 2012 before the current fact discovery deadline of July 27, 2012.

3. At the most recent hearing before Magistrate Judge Cox on June 27, 2012, the parties discussed the need to modify some portions of the current scheduling order to accommodate the completion of some discovery depositions pertaining to: (a) the medical care

2

of Jeffrey Scheinman, (b) the product liability aspects of this case; and, (c) some peripheral issues on the trucking liability aspects of this case.

4. More specifically, since the deposition of a BMW engineer [*from Germany?*] is scheduled for July 25, 2012, plaintiff's counsel anticipates there may be a need to depose the same witness or other witnesses on unanticipated additional product liability issues shortly after the July 25, 2012 deposition. On the other hand, BMW's counsel believes that the designated BMW engineer is the only witness that BMW needs to be produced.

5. Some defendants' counsel requested that plaintiff narrow the list of treating healthcare providers of the plaintiff who could be deposed in this case. In fact, until plaintiff's counsel narrowed the list, MBMS's counsel noticed the depositions of two dozen doctors. After plaintiff's counsel narrowed his list to seven doctors, counsel for all parties have agreed to depose these seven doctors (of the scores of doctors who have treated Jeffrey Scheinman); however, scheduling these depositions in the midst of summer vacation schedules has proved problematic. Counsel for MBMS is working with plaintiff's counsel to arrange for the depositions of the following doctors as expeditiously as possible: (1) Dr. Jeffrey Lee of Highland Park Hospital; (2) Dr. Russell Petrak of RML Specialty Hospital; (3) Dr. John Sultan of Whitehall Rehab; (4) Dr. Richard Gamelli of Loyola University Medical Center; (5) Dr. David Yoo of Loyola University Medical Center; (6) Dr. Daniel Tresley; and (7) Dr. Douglas Kaplan.

6. Since the parties believe these medical witnesses are "fact" witnesses (so long as they testify to opinions that (a) are no more expansive than what is contained in their records and (b) constitute customary diagnoses or prognoses of their patient, Jeffrey Scheinman), the

130379388 0903067

depositions of these doctors should be completed as "fact" witnesses within the parameters of the scheduling order or any modified scheduling order. [1]

7. The parties cannot guarantee that the depositions of all of these 7 enumerated doctors can be completed by the new proposed fact discovery closure date of September 14, 2012 but they are endeavoring to do so, especially since some of the plaintiff's expert witness reports required by the proposed new disclosure date of October 1, 2012 may require the deposition testimony of some of the plaintiff's treating health care providers.

8. All of the currently requested and noticed depositions of witnesses giving testimony about the trucking and alleged agency aspects of the case will have been taken by July 19, 2012. However, there are three "trucking liability" witnesses whose depositions have not yet been taken. BMW's counsel have requested the depositions of: (a) the plaintiff's investigator who took the recorded statement of defendant Samuel Franke to explain the circumstances of the taking of that statement; and (2) a Martin's Bulk Milk Service corporate representative to testify about issues to be identified in a FRCP 30(b)(6) notice concerning certain followup issues. Notices for these depositions were sent out by counsel for BMW.

9. There is also an occurrence eyewitness who lives in Florida with whom IPC/UACL/OX's counsel has been in contact to arrange for her deposition. She gave a detailed two page account of what she observed and heard on the night of the accident. Most counsel anticipate the need to preserve her deposition testimony for trial; however, the parties are in

---

[1] The parties wish to proceed with the expectation in this case that no party needs to disclose a report of a treating health care provider of the plaintiff unless a health care provider will opine on a topic that is not within the normal purview of the provider's records, diagnoses or prognoses.

3

agreement to delay the taking of her deposition until such time as counsel can arrange for other business in Florida when traveling to take her deposition.[2]

10. In light of these pending issues and the acknowledged need to complete factual discovery before the commencement of expert discovery on this case, the parties have conferred and agreed upon certain modifications to the Court's current scheduling order. These proposed changes will not alter the trial date of September 16, 2013 and will not alter any other dates in the current scheduling order other than those pertaining to the close of factual discovery and the initial three deadlines for expert witness disclosures and depositions. The parties jointly propose the following changes in the Court's scheduling order:

| **Event** | **Current Deadline Date** | **Proposed New Date** |
|---|---|---|
| Close of Fact Discovery | 07/27/2012 | 09/14/2012 |
| Plaintiff's Expert Disclosure - FRCP 26(a)(2) | 08/31/2012 | 10/1/2012 |
| Plaintiff's Expert Witnesses' Depositions Are Completed | 10/31/2012 | 11/21/2012 |
| Defendants' Expert Disclosure - FRCP 26(a)(2) | 12/21/2012 | 01/07/2013 |

11. The remaining dates for expert discovery, amended pleadings, additional parties, dispositive motions, and pretrial documents as contained in the Court's August 23, 2011 scheduling order will remain intact.

12. In addition, the parties recommended to Magistrate Judge Cox that the settlement conference she is obliged to conduct among the parties be delayed until after the plaintiff has disclosed his experts on the proposed new deadline of October 1, 2012. Magistrate Judge Cox suggested that the parties broach their recommendation with District Court Judge Holderman and

---

[2] The parties candidly acknowledge their preference for a Florida deposition during the winter.

4

that the parties schedule a settlement conference with her chambers at least 60 days in advance of any requested week.

      13.     The undersigned counsel for International Paper, Universal Am Can Ltd and OX LLC represents that he has the consent of all parties to present this Joint Motion to Modify the Court's Scheduling Order.

                                         Respectfully submitted,

                                         HINSHAW & CULBERTSON LLP

                                         By:  s/Carlton D. Fisher
                                               Carlton D. Fisher, One of the Attorneys for International Paper, Universal Am-Can, Ltd., and OX LLC

Carlton D. Fisher
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

130379388 0903067