UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MURRAY SCHEINMAN, Plenary )
Guardian of the Estate and Person of )
JEFFREY J. SCHEINMAN, a Disabled )
Person, )
)
)
Plaintiff, )
)
vs. ) Case No.: 09 CV 05340
)
MARTIN'S BULK MILK SERVICE, INC., )
SAMUEL G. FRANKE, CSX )
INTERMODAL, INC., INTERNATIONAL )
PAPER COMPANY, OVERNITE )
EXPRESS, INC., OX LLC, UNIVERSAL )
AM CAM LTD. and OVERNITE )
LOGISTICS, INC. )
)
Defendants. )

### ANSWERS, OBJECTIONS AND OTHER RESPONSES OF DEFENDANT, MARTIN'S BULK MILK SERVICE, INC., TO DEFENDANTS, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., AND OX LLC'S, REQUESTS FOR ADMISSIONS OF FACTS

NOW COMES the Defendant, MARTIN'S BULK MILK SERVICE, INC., by and through its attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., pursuant to Rule 36 of the Federal Rules of Civil Procedure, and states the following as its Answers, Objections and Other Responses to the Requests for Admission of Facts of the Defendants, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., and OX LLC, served on August 3, 2012.

1. There are no written contracts or agreements entered into or by and between Martin's Bulk Milk Service and International Paper Company that pertain to the trip on July 3, 2008 when the tractor-chassis-container combination driven by Samuel Franke made contact with the BMW driven and occupied by Jeffrey Scheinman.

**RESPONSE:** The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits

**request number 1.**

2. There are no written contracts or agreements between Martin's Bulk Milk Service and OX LLC that pertain to the trip on July 3, 2008 when the tractor-chassis-container combination driven by Samuel Franke made contact with the BMW driven and occupied by Jeffrey Scheinman.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 2.**

3. MBMS does not possess any documents or writings prepared, written and/or filled out by Martin's Bulk Milk Service that state or denote Samuel Franke was an "agent" of International Paper Company for the trip on July 3, 2008 when the tractor-chassis-container combination driven by Samuel Franke made contact with the BMW driven and occupied by Jeffrey Scheinman.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that SAMUEL G. FRANKE was an "agent" of International Paper Company on July 3, 2008.**

4. MBMS does not possess any documents or writings prepared, written and/or filled out by Martin's Bulk Milk Service that state or denote Samuel Franke was an "agent" of Universal Am Can, Ltd. for the trip on July 3, 2008 when the tractor-chassis-container combination driven by Samuel Franke made contact with the BMW driven and occupied by Jeffrey Scheinman.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that SAMUEL G. FRANKE was an "agent" of Universal Am Can, Ltd. on July 3, 2008.**

5. MBMS does not possess any documents or writings prepared, written and/or filled out by Martin's Bulk Milk Service that state or denote Samuel Franke was an "agent" of OX LLC for the trip on July 3, 2008 when the tractor-chassis-container

combination driven by Samuel Franke made contact with the BMW driven and occupied by Jeffrey Scheinman.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that SAMUEL G. FRANKE was an "agent" of OX LLC on July 3, 2008.**

6. MBMS does not possess any documents or writings prepared, written and/or filled out by Martin's Bulk Milk Service that state or denote Martin's Bulk Milk Service was an "agent" of International Paper Company for the trip on July 3, 2008 when the tractor-chassis-container combination driven by Samuel Franke made contact with the BMW driven and occupied by Jeffrey Scheinman.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that MARTIN'S BULK MILK SERVICE, INC. was an "agent" of International Paper Company on July 3, 2008.**

7. MBMS does not possess any documents or writings prepared, written and/or filled out by Martin's Bulk Milk Service that state or denote Martin's Bulk Milk was an "agent" of Universal Am Can Ltd. for the trip on July 3, 2008 when the tractor-chassis-container combination driven by Samuel Franke made contact with the BMW driven and occupied by Jeffrey Scheinman.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that MARTIN'S BULK MILK SERVICE, INC. was an "agent" of Universal Am Can Ltd. on July 3, 2008.**

8. MBMS does not possess any documents or writings prepared, written and/or filled out by Martin's Bulk Milk Service that state or denote Martin's Bulk Milk Service was an "agent" of OX LLC for the trip on July 3, 2008 when the tractor-chassis-container combination driven by Samuel Franke made contact with the BMW driven and occupied by Jeffrey Scheinman.

**RESPONSE:** The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that MARTIN'S BULK MILK SERVICE, INC. was an "agent" of OX LLC on July 3, 2008.

9. MBMS does not possess any documents or writings prepared, written and/or filled out by OX LLC that provided directions or instructions to Samuel Franke with respect to Samuel Franke's July 3, 2008 trip from Wilton, Wisconsin to Hammond, Indiana and his return trip that pertain to how he was to do his job, when he would do his job, and where he would do his job, all on July 3, 2008.

**RESPONSE:** The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 9.

10. MBMS does not possess any documents or writings prepared, written, and/or filled out by OX LLC that provided directions or instructions to Martin's Bulk Milk Service with respect to Samuel Franke's July 3, 2008 trip from Wilton, Wisconsin to Hammond, Indiana and his return trip that pertain to how he was to do his job, when he would do his job, and where he would do his job, all on July 3, 2008.

**RESPONSE:** The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 10.

11. MBMS does not possess any written communications from International Paper Company to Martin's Bulk Milk Service in which International Paper Company acknowledged in writing that it was the principal of Martin's Bulk Milk Service, which was acting as International Paper Company's agents, for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-combination making contact with the rear of Jeffrey Scheinman's BMW.

**RESPONSE:** The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically identify International Paper Company as the "principal" of MARTIN'S BULK MILK SERVICE, INC. on July 3, 2008.

12. MBMS does not possess any written communications from Martin's Bulk Milk Service to International Paper Company in which Martin's Bulk Milk Service identified itself as or acknowledged in writing it was the agent of International Paper Company for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with the rear of Jeffrey Scheinman's BMW.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that MARTIN'S BULK MILK SERVICE, INC. was an "agent" of International Paper Company on July 3, 2008.**

13. MBMS does not possess any written communications from Martin's Bulk Milk Service to International Paper Company in which Martin's Bulk Milk Service acknowledged in writing that International Paper Company was acting as a principal and Martin's Bulk Milk Service was acting as its agent for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with the rear of Jeffrey Scheinman's BMW.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically identify International Paper Company as the "principal" of MARTIN'S BULK MILK SERVICE, INC. on July 3, 2008.**

14. MBMS does not possess any written communications from Universal Am Can, Ltd. to Martin's Bulk Milk Service in which Universal Am Can, Ltd. identified Martin's Bulk Milk Service in writing as the agent of Universal Am Can, Ltd. for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with rear of Jeffrey Scheinman's BMW.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that MARTIN'S BULK MILK SERVICE, INC. was an**

"agent" of Universal Am Can, Ltd. on July 3, 2008.

15. MBMS does not possess any written communications from Universal Am Can, Ltd. to Martin's Bulk Milk Service in which Universal Am Can, Ltd. acknowledged in writing that it was the principal of Martin's Bulk Milk Service, which was acting as Universal Am Can, Ltd.'s agent, for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with rear of Jeffrey Scheinman's BMW.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically identify Universal Am Can, Ltd. as the "principal" of MARTIN'S BULK MILK SERVICE, INC. on July 3, 2008.**

16. MBMS does not possess any written communications from Martin's Bulk Milk Service to Universal Am Can, Ltd. in which Martin's Bulk Milk Service identified itself as or acknowledged in writing it was the agent of Universal Am Can, Ltd. for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with the rear of Jeffrey Scheinman's BMW.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that MARTIN'S BULK MILK SERVICE, INC. was an "agent" of Universal Am Can, Ltd. on July 3, 2008.**

17. MBMS does not possess any written communications from Martin's Bulk Milk Service to Universal Am Can, Ltd. in which Martin's Bulk Milk Service acknowledged in writing that Universal Am Can, Ltd. was acting as a principal and Martin's Bulk Milk Service was acting as its agent for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with the rear of Jeffrey Scheinman's BMW.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits**

that it does not possess any documents that specifically identify Universal Am Can, Ltd. as the "principal" of MARTIN'S BULK MILK SERVICE, INC. on July 3, 2008.

18. MBMS does not possess any written communications from OX LLC to Martin's Bulk Milk Service in which OX LLC identified Martin's Bulk Milk Service in writing as the agent of OX LLC for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with the rear of Jeffrey Scheinman's BMW.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state or denote that MARTIN'S BULK MILK SERVICE, INC. was an "agent" of OX LLC on July 3, 2008.**

19. MBMS does not possess any written communications from OX LLC to Martin's Bulk Milk Service in which OX LLC acknowledged in writing that it was the principal of Martin's Bulk Milk Service, which was acting as OX LLC's agent, for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with the rear of Jeffrey Scheinman's BMW.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it he does not possess any documents that specifically identify OX LLC as the "principal" of MARTIN'S BULK MILK SERVICE, INC. on July 3, 2008.**

20. MBMS does not possess any written communications from Martin's Bulk Milk Service to OX LLC in which Martin's Bulk Milk Service identified itself as or acknowledged in writing that it was the agent of OX LLC for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with the rear of Jeffrey Scheinman's BMW.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits**

that it does not possess any documents that specifically state or denote that MARTIN'S BULK MILK SERVICE, INC. was an "agent" of OX LLC on July 3, 2008.

21. MBMS does not possess any written communications from Martin's Bulk Milk Service to OX LLC in which Martin's Bulk Milk Service acknowledged in writing that OX LLC was acting as a principal and Martin's Bulk Milk Service was acting as its agent for purposes of the trip conducted by Samuel Franke on July 3, 2008 that eventually ended in Franke's tractor-chassis-container combination making contact with the rear of Jeffrey Scheinman's BMW.

**RESPONSE:** The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically identify OX LLC as the "principal" of MARTIN'S BULK MILK SERVICE, INC. on July 3, 2008.

22. MBMS does not possess any documents that state MBMS is not obliged under the terms of the June 12, 2008 brokerage agreement between MBMS and UACL to indemnify and hold harmless UACL from the claim brought by Plaintiff SCHEINMAN with respect to the July 3, 2008 trip conducted by Samuel Franke that ended in his tractor-chassis-container combination coming into contact with the BMW driven by Jeffrey Scheinman.

**RESPONSE:** Objection, the statement set forth as request number 22 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 22, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits that it does not possess any documents that specifically state that MARTIN'S BULK MILK SERVICE, INC. is not obligated under the terms of the June 12, 2008 Brokerage Agreement between MARTIN'S BULK MILK SERVICE, INC. and Universal Am Can, Ltd.

## CERTIFICATION

I, the undersigned, certify under penalty of perjury, as provided by law pursuant to Rule 36 of the Federal Rules of Civil Procedure, that I have read the foregoing Answers, Objections and Other Responses to the Requests for Admission of Facts of the Defendants, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., and OX LLC, that the contents thereof are available to the Defendants, and that the statements set forth therein are true and correct, except as to matters specifically alleged to be on information and belief, and that those matters are believed to be true.

By: _____
**MARTIN'S BULK MILK SERVICE, INC.**

SUBSCRIBED AND SWORN TO
before me this _____ day
of August, 2012.

_____

JANET BERNDT
Notary Public
State of Wisconsin

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
**Clifford Law Offices**
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
312-899-9090
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

Robert J. Golden
Daniel Polsby
**Dowd & Dowd, Ltd.**
617 West Fulton
Chicago, Illinois 60661
312-704-4400
rgolden@dowdanddowd.com

Carlton Fisher
William Yu
Cecilia A. Horan
**Hinshaw & Culbertson**
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
312-704-3000
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

James K. Toohey
Timothy R. Couture
**Johnson & Bell, Ltd.**
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-984-0280
Fax: 312-372-9818
mcpheetersg@jbltd.com
tooheyj@jbltd.com
couture@jbltd.com

                                                 s/ Matthew R. Schreck