UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MURRAY SCHEINMAN, Plenary )
Guardian of the Estate and Person of )
JEFFREY J. SCHEINMAN, a Disabled )
Person, )
)
)
Plaintiff, )
)
vs. )  Case No.: 09 CV 05340
)
MARTIN'S BULK MILK SERVICE, INC., )
SAMUEL G. FRANKE, CSX )
INTERMODAL, INC., INTERNATIONAL )
PAPER COMPANY, OVERNITE )
EXPRESS, INC., OX LLC, UNIVERSAL )
AM CAM LTD. and OVERNITE )
LOGISTICS, INC. )
)
Defendants. )

**ANSWERS, OBJECTIONS AND OTHER RESPONSES OF DEFENDANT, MARTIN'S BULK MILK SERVICE, INC., TO DEFENDANT, UNIVERSAL AM CAN LTD.'S, SECOND REQUEST FOR ADMISSIONS PERTAINING TO THE UNIVERSAL AM CAN LTD. INDEMNITY CLAIM AGAINST MARTIN'S BULK MILK SERVICE**

NOW COMES the Defendant, MARTIN'S BULK MILK SERVICE, INC., by and through its attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., pursuant to Rule 36 of the Federal Rules of Civil Procedure, and states the following as its Answers, Objections and Other Responses to the Second Requests for Admissions of Defendant, UNIVERSAL AM CAN LTD., Pertaining to the Universal Am Can, Ltd. Indemnity Claim Against Martin's Bulk Milk Service, served on August 3, 2012.

1. There was in effect on July 3, 2008 a valid and enforceable agreement entitled "Universal Am-Can Ltd. Master Brokerage Agreement" dated June 12, 2008 ("6/12/08 Master Brokerage Agreement") to which UACL and MBMS were parties.

**RESPONSE:** Objection, the statement set forth as request number 1 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's

understanding of the statement set forth as request number 1, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 1.

2. MBMS accepted and adopted the 6/12/08 Master Brokerage Agreement as of either June 12 or June 17, 2008 when its employees, representative and agent Pat Podlena signed the agreement on June 17, 2008.

**RESPONSE:** Objection, the statement set forth as request number 2 calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 2, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 2.

3. Pursuant to the 6/12/08 Master Brokerage Agreement, MBMS transported cargo consisting of International Paper Company product on July 3, 2008 that was made available to MBMS by UACL employee Melody Hansen on July 3, 2008.

**RESPONSE:** Objection, the statement set forth as request number 3 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 3, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 3.

4. Pursuant to the 6/12/08 Master Brokerage Agreement, MBMS received payment from UACL for transportation of cargo consisting of International Paper Company product on July 3, 2008 that was made available to MBMS by UACL employee Melody Hansen on July 3, 2008.

**RESPONSE:** Objection, the statement set forth as request number 4 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 4, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 4.

5. The 6/12/08 Master Brokerage Agreement was executed by a duly authorized representative of MBMS, namely Pat Podlena.

**RESPONSE:** Objection, the statement set forth as request number 5 is

       vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 5, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 5.

6. MBMS intended to be bound by provisions of the 6/12/08 Master Brokerage Agreement when its duly authorized representative Pat Podlena signed the agreement.

**RESPONSE:** Objection, the statement set forth as request number 6 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 6, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 6.

7. MBMS assented to the terms and conditions of the 6/12/08 Master Brokerage Agreement.

**RESPONSE:** Objection, the statement set forth as request number 7 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 7, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 7.

8. A true and correct copy of the 6/12/08 Master Brokerage Agreement is attached hereto as Deposition Exhibit 1 (UACL/OEI_000019) and Deposition Exhibit 75.

**RESPONSE:** The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 8.

9. The International Paper Company product cargo load being transported by MBMS/Franke on July 3, 2008 was contracted for between MBMS and UACL pursuant to the terms of the 6/12/08 Master Brokerage Agremeent.

**RESPONSE:** Objection, the statement set forth as request number 9 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 9, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 9.

10. The 6/12/08 Master Brokerage Agreement contains, among other words, the following terms:

> 3. CARRIER [MBMS] is an independent contractor and is IN NO WAY TO BE CONSIDERED AN AGENT, EMPLOYEE OR JOINT VENTURER OF UACL, in the providing of any services hereunder. CARRIER represents and warrants that it is duly and legally qualified to provide, as a contractor carrier, the transportation services contemplated herein. CARRIER further represents and warrants that it does not have an unsatisfactory safety rating issued from the U.S. Department of Transportation, and further agreed to comply with all federal, state or local laws regarding the provisions of the transportation services contemplated under the Agreement.
>
> 4. CARRIER shall be liable, without limitations, for all loss, damage or liability resulting from their transportation of any property arranged for by UACL hereunder as a common carrier and shall process all claims for loss, damage or delay of a delivery in accordance of the Code of Federal Regulation (49 C.F.R. Part 370).
>
> 5. CARRIER shall procure and maintain, as its sole cost and expense, the following insurance coverages:
>
>    a) Public liability and property damage insurance with a reputable and financially responsible insurance company insuring CARRIER in an amount not less than $1,000,000 (U.S. Dollars) per occurrence…
>
> 12. CARRIER shall defend, indemnify, and hold UACL harmless from and against all loss, liability, damage, claim, fine, cost or expense, including reasonable attorney's fees, arising out of or in any way related to the performance or breach of this Agreement by CARRIER, its employees or independent contractors working for CARRIER (collectively, the "Claims"), including, but not limited to, Claims for or related to personal injury (including death), property damage in CARRIER'S possession, use, maintenance, custody or operation of the Equipment provided, however, that CARRIER's indemnification and hold harmless obligations under this paragraph will not apply to any portion of such claim attributable to the tortious conduct of UACL.

**RESPONSE:** **Objection, the statement set forth as request number 10 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 10, the Defendant, MARTIN'S BULK MILK SERVICE, INC., denies request number 10 as it does not accurately and fully**

set forth the terms of the Master Brokerage Agreement between MARTIN'S BULK MILK SERVICE, INC. and Universal Am Can, Ltd.

11. The International Paper Company product cargo load which was being transported by MBMS on July 3, 2008 was Load no. 9000-245546-7 as identified in the 7/3/2008 Broker Confirmation Sheet ("Broker Confirmation Sheet") that Melody Hansen sent to MBMS.

**RESPONSE:** Objection, the statement set forth as request number 11 is vague and ambiguous. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 11, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 11.

12. A true and correct copy of the Broker Confirmation Sheet for Load No. 9000-245546-7 is attached hereto as Deposition Exhibit 11.

**RESPONSE:** The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 12.

13. MBMS received a copy of the Broker Confirmation Sheet for Load No. 9000-245546-7 on July 3, 2008.

**RESPONSE:** The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 13.

14. The 7/3/2008 Broker Confirmation Sheet for Load No. 9000-245546-7 provides that UACL's receipt of a signed Master Brokerage Agreement from MBMS, among other things, was a condition precedent to payment by UACL to MBMS for transportation of Load No. 9000-245546-7.

**RESPONSE:** Objection, the statement set forth as request number 14 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 14, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 14.

15. MBMS understood that receipt by UACL of the signed Master Brokerage

Agreement, among other things, was a condition precedent to payment for transportation of Load No. 9000-2445546-7.

**RESPONSE:** **Objection, the statement set forth as request number 15 is vague, ambiguous, and calls for a legal conclusion. Without waiving any objections and based upon the Defendant's understanding of the statement set forth as request number 15, the Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 15.**

16. MBMS was paid by UACL for Load No. 9000-245546-7.

**RESPONSE:** **The Defendant, MARTIN'S BULK MILK SERVICE, INC., admits request number 16.**

## CERTIFICATION

I, the undersigned, certify under penalty of perjury, as provided by law pursuant to Rule 36 of the Federal Rules of Civil Procedure, that I have read the foregoing Answers, Objections and Other Responses to the Second Requests for Admission of the Defendant, UNIVERSAL AM CAN LTD., Pertaining to the Universal Am Can, Ltd. Indemnity Claim Against Martin's Bulk Milk Service, that the contents thereof are available to the Defendant, and that the statements set forth therein are true and correct, except as to matters specifically alleged to be on information and belief, and that those matters are believed to be true.

By: _____
MARTIN'S BULK MILK SERVICE, INC.

SUBSCRIBED AND SWORN TO
before me this ____ day
of August, 2012.

_____

JANET BERNDT
Notary Public
State of Wisconsin

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 4, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
**Clifford Law Offices**
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
312-899-9090
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

Robert J. Golden
Daniel Polsby
**Dowd & Dowd, Ltd.**
617 West Fulton
Chicago, Illinois 60661
312-704-4400
rgolden@dowdanddowd.com

Carlton Fisher
William Yu
Cecilia A. Horan
**Hinshaw & Culbertson**
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
312-704-3000
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

James K. Toohey
Timothy R. Couture
**Johnson & Bell, Ltd.**
33 W. Monroe, Suite 2700
Chicago, IL 60603
312-984-0280
Fax: 312-372-9818
mcpheetersg@jbltd.com
tooheyj@jbltd.com
couture@jbltd.com

                                                                                       s/ Matthew R. Schreck