7873-10001                                                                                                    JTK/TRC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, <br><br>      Plaintiffs, <br><br>vs. <br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, <br><br>      Defendants. | No. 09 CV 5340 <br><br>Judge Holderman <br><br>Judge Magistrate Cox |

### BMW NA and BMW AG's RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

NOW COME BMW of NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, (collectively, "the BMW Defendants") by and through their attorneys, James K. Toohey and Timothy R. Couture, and for their Response to Plaintiff's Motion to Compel state the following:

  1.  On November 9, 2012, Plaintiffs filed a Motion To Compel arising from disagreements that took place in the course of discovery, specifically at the October 31, 2012 attempt to remove the fuel tank from the 2008 BMW motor vehicle that Plaintiff was driving when he was rammed from behind by Defendant Samuel Franke's 75,000 pound semi-tractor-trailer truck.

2. The BMW Defendants object to Plaintiff's Motion, and submit that it must be denied for failing to follow the rules of court and this Court's Case Management Procedures.

3. Local Rule 37.2, states as follows:

**LR37.2 MOTION FOR DISCOVERY AND PRODUCTION; STATEMENT OF EFFORTS TO REACH AN ACCORD**

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

This Court's Case Management Procedures indicate that the Judge will not hear or consider any discovery motions unless the parties have made a good faith effort to comply with the aforesaid Local Rule.

4. At no point after the October 31, 2012 disagreement, and the filing of the instant Motion, did Plaintiff's counsel make any effort whatsoever to consult, meet or confer with the BMW Defendants' counsel for the purpose of resolving their discovery dispute. Instead, contemporaneous with filing his Motion to Compel, Plaintiff's counsel sent a new protocol which, along with addressing the fuel tank removal that was the subject of the October 31, 2012 disagreement, also seeks for the first time the destructive removal of the vehicle's seat. See Exhibit E attached to Plaintiff's Motion.

5. Upon the filing of Plaintiffs' Motion, counsel for the BMW Defendants

advised that they were both unavailable to appear on the date Plaintiff's counsel set for the Motion, Mr. Toohey being out of state and Mr. Couture being engaged in a long-scheduled final pretrial conference for a State Court trial commencing November 19, 2012. Moreover, Counsel for the BMW Defendants pointed out the premature nature of Plaintiffs Motion in light of Plaintiff's obligations under Local Rule 37.2. A copy of Defense Counsel's e mail raising these issues with Plaintiff's counsel is attached as Exhibit A.

6. Despite Plaintiff's failure to comply with Local Rule 37.2 and this Court's Case Management Procedures, and with full knowledge of the BMW's Counsel's inability to appear, Plaintiff's counsel has nevertheless insisted on presenting the Motion.

7. Given Plaintiff's failure to comply with the requirements of Local Rule 37.2 and this Court's Case Management Procedures, this Motion should be denied. See LR 37.2; *see also Stingley v. City of Chicago,* 2009 U.S. Dist. LEXIS 101956 (2009) and *Rainey v. Metropolitan Water Reclamation District,* 2012 U.S. Dist. LEXIS 82934 (2012) attached as Group Exhibit B. In the alternative, should this Honorable Court allow Plaintiff to proceed with the instant motion, the BMW Defendants ask that the motion be entered and continued until such time that their counsel a) has time to confer with their experts, one assigned to look at challenges to the fuel tank design and the other to the seat design, to propose alternative methodologies for obtaining vehicle-related evidence in the least destructible manner such that the parts can be re-assembled to present as evidence of the vehicle as a whole as it appears immediately post-accident and pre-destruction by experts, b) to discuss those alternatives with Plaintiff's counsel c) to

provide a written response to the motion that will address unresolved issues and d) can have trial counsel present before this Court to address the issues raised in Plaintiff's Motion.

8.  It must be noted that Defendants are not responsible for any perceived emergency with respect to the time within which all such matters must be completed. It was Plaintiff and his experts who deferred the time for the initial destructive testing for many months after they first proposed doing so. It was Plaintiff's expert who refused to explain to defendant's counsel and expert at the initial gathering to attempt to remove the fuel tank assembly why he needed to resort to the most draconian levels of power-sawing the vehicle upon first confronting any obstacle while refusing to offer or discuss alternatives.

WHEREFORE, Defendants BMW of NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT pray this Honorable Court deny Plaintiff's Motion or, provide the alternative relief set forth above.

JOHNSON & BELL, LTD.

By**:    S/ Timothy R. Couture**
One of the Attorneys for BMW of NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT

James K. Toohey
Timothy R. Couture
Johnson & Bell, Ltd.
33 West Monroe Street - #2700
Chicago, IL 60603
312/372-0770