| | |
|---|---|
| **From:** | James K. Toohey |
| **Sent:** | Friday, November 09, 2012 7:49 PM |
| **To:** | 'Richard F. Burke' |
| **Cc:** | Timothy R. Couture; Nancy K. O'Donnell; Carlton D. Fisher; Cecelia Horan; Joseph Skryd; Matthew Schreck; Robert J. Golden; William Yu |
| **Subject:** | RE: Scheinman v. Martin's Bulk, et al. |

Rich,

I will not be returning to Chicago until Noon on the 15th and, as Tim advised he is also booked for that morning. Furthermore, your motion to compel is premature, as you made no effort to meet and confer as required condition precedent to such motion. Nor did you give us enought time to review your new proposal with our experts to determine what we might be able to agree to, when we meet and confer. Knowing that we stopped the last evidence destruction party sponsored by John Stilson, because 1) the vehicle as an intact assembly is the best evidence of the crash and its effect on every vehicle part, and 2) any destruction of that intact piece of evidence must be kept to a minimum; however, 3) Stilson had no plan, he could not articulate a single reason why he was doing what he wanted to do except to claim it was necessary to get the tank out, and 4) his immediate response to any difficulty was to pull out the power to to start cutting up the car. Notably, although you seemed to have retained a fire expert who went over the fuel system with a fine tooth comb at the prior inspection, yet I am told he did not even participate in Stilson's "destruction party." I have known John Stilson for years and have had many cases in which he was retained by plaintiffs' counsel. In at least one case that I remember vividly that occurred before there was any developed law on spoliation, he disassembled key parts at issue before the defense even had the chance to see them became the major point of contest in the case.

With that history, you send a new protocol that is more open-ended than the first and more extensive, now including destructive removal of the seat. You did not offer it as a proposal pursuant to your meet and confer obligation, but instead with your advice that it would be attached to your contemporaneously filed motion to compel. I got hold of my seat expert and he is adamant that the seat assembly must be digitally scanned before it is moved, much less removed. Only with that can he 1) document the parts as they appear in an assembly, and 2) determine if and, if so, how, any disassembly is necessary for experts on both sides. He stressed that the seat at issue is an assembly, not a collection, of parts. I ask that you withdraw the motion, so that after I have spoken with our experts and have an understanding of the technical issues, I can call you to discuss the issues in an attempt to reach an agreement or, at least, minimize our differences. I have a call in to Mr. Noble, as well, but did not yet speak to him about fuel system issues.

Please respond ASAP as to whether you intend to proceed with your motion. If you do, I will find someone who knows nothing about the case to attend, explain our absence, present my limited response based on failure to the meet and confer, and ask for more time to respond to the merits when we obtain our experts' affidavits.

Regards,

Jim


James K. Toohey, Attorney at Law

**JOHNSON&BELL**

33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
**D: (312) 984-0280**

tooheyj@jbltd.com | www.johnsonandbell.com

1



EXHIBIT A