Get a Document by Citation - 2009 U.S. Dist. LEXIS 101956                                  Page 1 of 4

Case: 1:09-cv-05340 Document #: 278-2 Filed: 11/12/12 Page 1 of 7 PageID #:2803

Switch Client | Preferences | Help | Sign Out

FOCUS™ Terms                                      Advanced... Get a Document                View Tutorial

Service: **Get by LEXSEE®**
Citation: **2009 U.S. Dist. LEXIS 101956**

*2009 U.S. Dist. LEXIS 101956, **

⬇ View Available Briefs and Other Documents Related to this Case

DARYL STINGLEY, JR., Plaintiff, v. CITY OF CHICAGO, et. al., Defendants

No. 09 C 319

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2009 U.S. Dist. LEXIS 101956

November 3, 2009, Decided
November 3, 2009, Filed

**CORE TERMS:** discovery, consultation, skeletal, presentations, website, unsuccessful, unsupported, collecting, responded, telephone, curtail, recite, queue

⬇**Available Briefs and Other Documents Related to this Case:**

U.S. District Court Motion(s)
U.S. District Court Pleading(s)

**COUNSEL:** [*1] For Darryl Stingley, Jr., Plaintiff: Jeffrey Brooks Granich ▼, LEAD ATTORNEY, Katie Z. Ehrmin, Law Offices of Jeffrey Granich, Chicago, IL.

For City of Chicago, Illinois, B A Johnson, Chicago Police Officer, Star No. 10048, T Granado, Chicago Police Officer, Star No. 5091, Defendants: Matthew Raymond Hader, LEAD ATTORNEY, City of Chicago (30 N LS), Chicago, IL.

**JUDGES:** Jeffrey Cole ▼, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** Jeffrey Cole ▼

**OPINION**

**MEMORANDUM OPINION AND ORDER**

In light of what follows, it is important at the outset to stress that nothing in this Opinion is intended to reflect adversely on the skill or conduct of the exceedingly able counsel in the case.

EXHIBIT
Group
Ex B

Get a Document by Citation - 2009 U.S. Dist. LEXIS 101956 Page 2 of 4

Case: 1:09-cv-05340 Document #: 278-2 Filed: 11/12/12 Page 2 of 7 PageID #:2804

The plaintiff's Motion to Compel Discovery Responses [# 30] states that the City has not responded to its interrogatories and requests to produce, which were propounded on May, 28, 2009, and that the City has not responded to a written demand for compliance sent on September 9, 2009. But that is all the seven line motion says. There is no supporting memorandum of law, and the motion, itself, cites not a single case. Indeed, it does not even explain what the requests consist of or what the case is about. The motion is thus insufficient for the reasons explained **[*2]** at length in *Kyles v. J.K. Guardian Sec. Services,* 236 F.R.D. 400 (N.D.Ill. 2006) and *McWilliams v. McWilliams,* 2006 U.S. Dist. LEXIS 92318, 2006 WL 3775952 (N.D.Ill. 2006) -- which is cited on my website.

My Case Management Procedures, which are also on the website require that:

> All motions shall be supported by memorandum, not to exceed 15 pages (Local Rule 7.1), containing principled argument and relevant authority. Skeletal and unsupported arguments will not be considered. *See, White Eagle Co-opinion Ass'n v. Conner,* 553 F.3d 467, 476 n. 6 (7th Cir. 2009). There is nothing novel about these principles. *See, e.g., Alexander v. City of South Bend,* 433 F.3d 550, 552 (7th Cir.2006); *Estate of Moreland v. Dieter,* 395 F.3d 747, 759 (7th Cir.2005); *McKevitt v. Pallasch,* 339 F.3d 530, 533 (7th Cir.2003)(Posner, J.).

The reason for these requirements are obvious. Skeletal presentations put the onus on the court to do the analysis that the Seventh Circuit has repeatedly said is the job of counsel, not the court. *See Asta, L.L.C. v. Telezygology, Inc.,* 629 F.Supp.2d 837, 847 (N.D.Ill. 2009) (collecting Seventh Circuit cases). *Kyles* put it this way:

> Underinclusive and skeletal presentations impermissibly shift the responsibility **[*3]** to the court to do the lawyer's work and to explicate the arguments that the briefs have left undeveloped. Apart from the fact that such presentations sap the time of judges, forcing parties with comprehensively briefed disputes to wait in a longer queue and condemning them to receive less judicial attention when their cases finally are heard, *cf. Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987), putting the onus on the court is a risky business. For it presupposes a judge who, in fact, understands the contours of the argument, and who won't resort to the rule that superficial, skeletal, and unsupported arguments will be deemed waived or forfeited. *See* n. 4, *supra.* Judges are not like pigs hunting for truffles, *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991), and the Seventh Circuit has stressed time and again that it is not a judge's responsibility to research and construct the parties' arguments. *United States v. McLee,* 436 F.3d 751, 760 (7th Cir.2006). Indeed, to require that they do so is at odds with the fundamental premise of our adversarial system. *See United States v. Lanzotti,* 199 F.3d 954, 960 (7th Cir.1999). *See also* Brandeis, *The Living* **[*4]** *Law,* 10 Ill. L.Rev. 461, 470 (1916)(a "judge rarely performs his functions adequately unless the case before him is adequately presented."); *Adamson v. California,* 332 U.S. 46, 59, 67 S. Ct. 1672, 91 L. Ed. 1903 (1946) (Frankfurter, J., concurring)("the judicial process [is] at its best" only when there are "comprehensive briefs and powerful arguments on both sides?.").

*Kyles,* 236 F.R.D. at 402.

The current motion does not comply with my Case Management procedures, nor does it comply with LR 37.2, which, is also referred to on my website, and which states that:

> this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil

Get a Documents by Citation - 2009 U.S. Dist. LEXIS 101956 Page 3 of 4

Case: 1:09-cv-05340 Document #: 278-2 Filed: 11/12/12 Page 3 of 7 PageID #:2805

Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging **[*5]** in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

The purpose of the rule is "[t]o curtail undue delay and expense in the administration of justice." The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. If the parties can resolve the issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Each hour *needlessly* spent on a dispute is an hour squandered. See *Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir. 1991)("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."). This is a problem that the Seventh Circuit has repeatedly adverted to. See, e.g., *Otto v. Variable Annuity Life Ins. Co.,* 134 F.3d 841, 854 (7th Cir.1998); *Channell v. Citicorp Nat. Services, Inc.,* 89 F.3d 379, 386 (7th Cir. 1996); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987).

No litigant, including the City of Chicago, has the right to disregard its opponent's **[*6]** letters or telephone calls and ignore for five months its own discovery obligations, as Mr. Stingley claims the City has done. All parties are equally obligated to participate fairly and cooperatively in discovery. See Rule 37, Federal Rules of Civil Procedure; *Harrington v. City of Chicago,* 433 F.3d 542 (7th Cir. 2006); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.,* 395 F.3d 416 (7th Cir. 2005); *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589 (7th Cir.1992); *Lorillard Tobacco v. Montrose Wholesale,* 2006 U.S. Dist. LEXIS 63992, 2006 WL 2434031 (N.D.Ill.2006); *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 331, 342 (N.D.Ill.2005)(collecting cases). To that end, the parties are ordered immediately to have a face- to- face (not by phone) Rule 37 conference. The parties will report on the results of that conference on 11/3/09 at 8:30 am.

Any further discovery motions will be decided against the backdrop of Judge Easterbrook's panel opinion in *Rickels v. City of South Bend, Indiana,* 33 F.3d 785, 786-87 (7th Cir. 1994): "'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288 at 787 (1970). Fee **[*7]** shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original).

The Motion to Compel [# 30] is denied without prejudice.

ENTERED: /s/ Jeffrey Cole

UNITED STATES MAGISTRATE JUDGE

DATE: 11/3/09

Service: **Get by LEXSEE®**
Citation: **2009 U.S. Dist. LEXIS 101956**
View: Full
Date/Time: Monday, November 12, 2012 - 11:42 AM EST

* Signal Legend:

Get a Document - by Citation - 2009 U.S. Dist. LEXIS 101956 Page 4 of 4

Case: 1:09-cv-05340 Document #: 278-2 Filed: 11/12/12 Page 4 of 7 PageID #:2806

- ● - Warning: Negative treatment is indicated
- 🇶 - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ⊕ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- 🛈 - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

In

About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2012 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Switch Client | Preferences | Help | Sign Out

| Search | Get a Document | Shepard's® | More | History | Alerts |

FOCUS™ Terms "Local Rule 37.2"   Search Within  Original Results (1 - 228) ▼   View Tutorial
Advanced...
Source: **Legal > Cases - U.S. > Federal Court Cases, Combined** i
Terms: **"Local Rule 37.2"** (Suggest Terms for My Search)

↓Select for FOCUS™ or Delivery

*2012 U.S. Dist. LEXIS 82934, ***

Rainey vs. Metropolitan Water Reclamation District

11 C 2594

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

2012 U.S. Dist. LEXIS 82934

June 14, 2012, Decided
June 14, 2012, Filed

**CORE TERMS:** limine, discovery, opposing counsel, confer, interrogatory, discovery responses, continuing violation, summary judgment, prejudicial, complying, partial, plant, amply, responses to interrogatories, defense counsel, reply

**COUNSEL:** [*1] Tommy Rainey, Plaintiff, Pro se, Lynwood, IL.

For Metropolitan Water Reclamation District, Defendant: Christopher Michael Murray, LEAD ATTORNEY, City of Chicago, Department of Law, Chicago, IL; Lisa Ann Goldberg, LEAD ATTORNEY, Ronald Michael Hill, Metropolitan Water Reclamation District of Greater Chicago, Chicago, IL; Mark L. Dressel, Metropolitan Watwerreclamation District, Law Department, Chicago, IL.

**JUDGES:** Harry D. Leinenweber.

**OPINION BY:** Harry D. Leinenweber

**OPINION**

**STATEMENT**

Plaintiff has sued his employer, the Metropolitan Water Reclamation District of Greater Chicago, alleging racial discrimination and retaliation based on a considerable number of incidents. Although the vast majority of his claims appear to have arisen in 2007 or later, Plaintiff also claims that he was denied overtime and supervisory differential pay while he worked at the Stickney plant in 1997-1998. Most of Plaintiff's claims are admirably precise in their time frame; however, it is unclear when Plaintiff claims to have been passed over for promotion to the role

of Engineering Technician V. Based on this spread of dates, Defendant has moved in limine to bar reference to the alleged incidents in the 1990s. Plaintiff has moved to compel [*2] discovery responses, in part, relating to that timeframe.

## I. Defendant's Motion *in Limine*

Defendant has filed a motion *in limine* to bar Plaintiff from using or referencing any alleged discrimination in the 1990s. Briefly, Defendant argues that Plaintiff has alleged two periods of discrimination during his employment: from 1997-1999, and from 2007-2010. Defendant argues that the two periods occurred at different facilities, under different supervisors, and were entirely separate. Accordingly, Defendant argues, there is no continuing violation and the earlier allegations are clearly time-barred. Defendant thus seeks to bar reference to the earlier claims, in order "to limit Plaintiff's unduly prejudicial and burdensome requests to obtain discovery on offense that occurred thirteen to fifteen years ago[.]" Def.'s Mot. 6. Plaintiff objects that this is not a proper use of the motion *in limine*.

The Supreme Court defines motions *in limine* broadly as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). Authority to issue *in limine* rulings derives from a district [*3] court's inherent authority to manage trials before it. *Id.* at n.4. Although it has not universally been the case, see *Chimmy v. Prudential Ins. Co.*, No. 03 C 6628, 2004 U.S. Dist. LEXIS 23516, 2004 WL 2647615, at *1 (N.D. Ill. Nov. 19, 2004), courts generally use motions *in limine* to issue pre-trial rulings on admissibility of evidence. Motions *in limine* are treated as preliminary, and subject to adjustment at trial. *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 565 (7th Cir. 2006).

The Court agrees with Plaintiff that Defendant's motion, which asserts its statute of limitations defense, is not a proper motion *in limine*. Essentially, in trying to permanently narrow the claims at issue in this case, Defendant seeks partial summary judgment without complying with the local summary judgment rules. (That Defendant's motion would not properly be brought as a motion for judgment on the pleadings under Rule 12(c) is amply demonstrated by Defendant's reliance on Plaintiff's discovery responses, which are outside the pleadings.) Accordingly, Defendant's motion *in limine* is denied without prejudice to raising the issue through an appropriate mechanism, such as a motion for partial summary judgment.

## II. Plaintiff's [*4] Motion to Compel

Plaintiff has moved to compel responses to his second set of interrogatories and requests for production. The motion itself appears to seek responses to interrogatories 1, 4, 5, 8, 10, 14, 15 and 17. However, Plaintiff's reply clarifies that he seeks to compel responses to all but interrogatory 13. (Defendant now states that the parties have worked out responses to interrogatories 2, 3, 6, 7, and 11, but as discussed below, the Court need not address them at this time.) Defendant objects to the motion, arguing that it should be stricken for not complying with local rules, and because it fails to explain what is missing from Defendant's responses, and why the information sought is relevant. The first argument is addressed below. The second is more a reason to deny the motion than to strike it, but the Court need not reach the issue here.

### A. Local Rule 37.2

First, Defendant argues that Plaintiff's motion violates Local Rule 12(K), which requires parties to meet and confer before filing discovery motions. (Despite the links on the Northern District website, that rule is now **Local Rule 37.2**.) Plaintiff responds that his motion extensively set out his discussions with opposing [*5] counsel, which satisfies the Rule.

Based on the parties' communications as set out in Plaintiff's motion, it appears that Plaintiff did not comply with the Rule as it is intended — to give the opposing party notice of the specific

deficiencies in its production before a motion is filed. Plaintiff's motion gives no indication that he conferred with defense counsel between Defendant's amended production of April 20, 2012, and his filing of this motion. Furthermore, some of the discovery deficiencies that Plaintiff identifies (in his reply) to not seem to have been conveyed to defense counsel, at least not in the correspondence attached as exhibits to Plaintiff's motion. As it is clear that Plaintiff endeavored to comply with the Rule, the Court will not strike the motion or impose any sanctions. However, with one limited exception discussed below, the Court will deny the motion without prejudice, to allow Plaintiff to meet and confer with opposing counsel about his remaining objections. The Court does note, however, that several of Plaintiff's requests (in particular interrogatories 1 and 17) appear to be substantially overbroad, and Plaintiff is urged to work with opposing counsel to **[*6]** narrow his requests.

### B. Statute of Limitations

Regarding the statute of limitations issue, however, the Court finds that Plaintiff's motion amply demonstrates that any further attempt to meet and confer would have been futile — Defendant has steadfastly refused to provide information that it claims falls outside the relevant statutes of limitations. Defendant cannot seriously argue that it would have changed its position after an additional conference, and accordingly the Court will consider Plaintiff's motion to compel to that extent.

Above, the Court denied Defendant's motion to bar reference to Plaintiff's allegations from the late 1990s. Even so, the Court will deny Plaintiff's motion to compel that information. Despite the myriad exhibits that he provided as part of his motion, Plaintiff has offered no explanation as to how the claims from the 1990s are linked to his recent claims, making the requested discovery relevant to non-time-barred claims. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (noting that "it is proper to deny discovery of matter that is relevant only to...events that occurred before an applicable limitations period, unless the information sought **[*7]** is otherwise relevant to issues in the case."); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 435 (7th Cir. 2009) (noting that under Illinois law, the continuing violation rule does not apply to "a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing."). Without any such explanation or connection, the Court cannot conclude that Plaintiff has shown that the discovery related to his time at the Stickney plant is reasonably calculated to lead to admissible evidence, warranting the considerable additional burden and expense on Defendant. Plaintiff's motion to compel is denied without prejudice.

### III. Conclusion

For the foregoing reasons, the Court denies both motions without prejudice.

Source: **Legal > Cases - U.S. > Federal Court Cases, Combined**
Terms: **"Local Rule 37.2"** (Suggest Terms for My Search)
View: Full
Date/Time: Monday, November 12, 2012 - 12:00 PM EST

In

About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2012 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.