# Group Exhibit B

## Timothy R. Couture

| | |
|---|---|
| **From:** | James K. Toohey |
| **Sent:** | Tuesday, March 05, 2013 12:59 PM |
| **To:** | Richard F. Burke |
| **Cc:** | Timothy R. Couture; Shannon McNulty |
| **Subject:** | Re: Scheinman |

No, we are not agreeing to any such thing. We will proceed as ordered by Judge Holderman on scheduled dates. I also suggest that we have video And audio so it can be confirmed that your experts will have the full opportunity to have the scope moved to view what they want and that Noble can direct it to show that all points can bee seen. The scope can be inserted into the tank either through an existing opening or, if necessary as determined on site, through a small hole cut or drilled for that purpose. Likewise, it can be maneuvered around in back of the tank as decided by Green/Stilson and Noble on site.

JK Toohey

On Mar 5, 2013, at 9:41 AM, "Richard F. Burke" <rfb@cliffordlaw.com> wrote:

> Jim, everything, including claims related to the seat, is dependent upon the further fuel system inspection. Hence , my suggestion we get that done first. A seat inspection that does not involve removal of the seat is easy. Are you agreeable to a removal by Tom Green without the preliminary step of a scope? That gets us to where we both want to be easily and quickly.
>
>
> James K. Toohey, Attorney at Law
>
> **JOHNSON&BELL**
>
> 33 West Monroe Street, Suite 2700
> Chicago, Illinois 60603-5404
> T: (312) 372-0770 | F: (312) 372-9818
> **D: (312) 984-0280**
>
> tooheyj@jbltd.com | www.johnsonandbell.com
>
>
>
> **From:** James K. Toohey [mailto:tooheyj@jbltd.com]
> **Sent:** Monday, March 04, 2013 8:14 PM
> **To:** Richard F. Burke
> **Cc:** Timothy R. Couture; Shannon McNulty
> **Subject:** RE: Scheinman
>
> Rich,
>
> While I respect your views and acknowledge that defining a defect is an elusive task and one about which different sides have different views, I wanted to be sure we weren't rejecting an offer as straight forward as your seemed to be. I apologize for any confusion, but it now is clear you are not offering anything that will cause us to give up what we have now.
>
> Your present offer to let Green do the work and to identify with some specificity what you were looking for would have been more meaningful had it been extended during the original inspection and attempted nondestructive disassembly, or even during briefing and my attempts to eng[age?]
> 26 meet and confer discussions while we were before Judge Cox. Instead, you were o[...]

1

EXHIBIT
Group B

insistence Stilson could do what you/he wanted simply because you wanted to. Judge Holderman recognizes the logic of looking non-destructively before going headlong into destruction. We continue to believe it is the only way your rights and ours can be protected, yours by getting an in place view of everything, and ours to keeping things in place.

As to your reference to the seat inspection and laser mapping, I simply do not understand your position. If you are suggesting you may drop the claim, I am listening. If you want to put it off because your experts don't yet know what they want to do, I'd suggest they get on with it. My experts want to get a final look at the seats before disclosing their opinions. Please don't tell me after our experts have come in for their final inspection that your experts again want to remove the seat. Based on our understanding they don't want to remove the seats, we want to get our folks in now. Time is running and Judge Holderman wants to know we are getting things done. Moreover, the logistics of scheduling are such a nightmare, we don't want to go back to square #1.

Regards,

Jim


James K. Toohey, Attorney at Law

## JOHNSON&BELL

33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
**D: (312) 984-0280**

tooheyj@jbltd.com | www.johnsonandbell.com



**From:** Richard F. Burke [mailto:rfb@cliffordlaw.com]
**Sent:** Monday, March 04, 2013 8:43 PM
**To:** James K. Toohey
**Cc:** Timothy R. Couture; Shannon McNulty
**Subject:** RE: Scheinman

Jim, Tim's interpretation and quote is a little off, but I am sure not intentionally. Obviously I am not "begging" you to re-think your position. Rather I suggested it because it seems you (and we) are spending time and money on the scope procedure that won't ultimately give us a complete answer as to the condition of the tank and the environment surrounding the tank on all sides. We basically are just postponing any definitive analysis. Therefore, if you are that convinced there is no defect in the fuel system design, then it might be to your benefit to agree to have both sides take out the tank and look at it. What I told Tim is that if there is not sufficient evidence of a defect, I am not above considering a voluntary dismissal of BMW. However, you and I will probably always differ on what constitutes a defect. Also, there might be defects in the filler neck or fuel lines, so potential defects are not just limited to the tank itself. Tim made some comment about people persisting in product claims where cars go off the road and hit a tree and there is no evidence of a defect. It was in response to that comment that I remarked that there has to be a defect for a product liability case. That is the reason I think it would behoove both sides to simply take out the tank and look at it, as well as the surrounding environment, and we can both make our judgments as to the type or extent of any defect.
   Jim, your proposed agreement above certainly cannot be agreed to because, as you recognize, there clearly are differences of opinion as to what constitutes a defect. ( However, if you want to agree that BMW will settle the case if we find a defect in the fuel system, then perhaps we could discuss it further.) While I respect your vigorous advocacy, my purpose in calling is simply to suggest why don't

# Timothy R. Couture

| | |
|---|---|
| **From:** | Timothy R. Couture |
| **Sent:** | Thursday, March 14, 2013 11:29 AM |
| **To:** | Jason Briesemeister; Richard F. Burke; cfisher@hinshawlaw.com; Matthew R. Schreck; Joe Skryd; Robert Golden |
| **Cc:** | Gina M. McPheeters; James K. Toohey |
| **Subject:** | Scheinman v. BMW et al. |

Counsel:

Please allow this e mail to confirm the inspection/examination set for Saturday March 16, 2013 at Dynamic Safety, 1400 Ensell Rd. Lake Zurich Illinois. The inspection will begin at 9:30 am.

The inspection will include examination of the subject vehicle using an Olympus Iplex videoscope which has the capability to capture both video and still shots (which we intend to utilize). The intention is that the inspection will not involve any destructive testing or examination. It is possible, however, that drilling small port-holes to allow insertion of the camera will be considered if deemed necessary. Such actions would only be taken be agreement of the parties. The inspection will be videotaped.

Let me know if you have any questions regarding the above. I look forward to seeing you Saturday.

Tim


Timothy R. Couture, Attorney at Law

Johnson & Bell
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
D: (312) 984-6651

couturet@jbltd.com | www.johnsonandbell.com

-----Original Message-----

From: Jason Briesemeister [mailto:JBriesemeister@MRVLaw.com]
Sent: Wednesday, March 06, 2013 4:16 PM
To: Timothy R. Couture; Richard F. Burke; cfisher@hinshawlaw.com; Matthew R. Schreck; Joe Skryd
Cc: Shannon McNulty; Gina M. McPheeters; James K. Toohey
Subject: RE: Scheinman

My apologies, 9:30.

-----Original Message-----
From: Timothy R. Couture [mailto:couturet@jbltd.com]
Sent: Wednesday, March 06, 2013 4:14 PM
To: Jason Briesemeister; Richard F. Burke; cfisher@hinshawlaw.com; Matthew R. Schreck; Joe Skryd
Cc: Shannon McNulty; Gina M. McPheeters; James K. Toohey

1

Subject: RE: Scheinman

9:30 now.


Timothy R. Couture, Attorney at Law

Johnson & Bell
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
D: (312) 984-6651

couturet@jbltd.com |
https://portal.mxlogic.com/redir/?kQmknQSn7TzqtPhOYqekTTAXCOD2disalxl427DDYKrLOtXTLuZXTdTdSGTdKfP1gygfCxOVJ6XRQjqbbyrBTHCzBUSyMr1oQAq81yNfVglS1EwdPYfDyN-OwrhdI6QXCzAQsFThpssdNxMGXnQWhEc5

-----Original Message-----

From: Jason Briesemeister [mailto:JBriesemeister@MRVLaw.com]
Sent: Wednesday, March 06, 2013 4:15 PM
To: Timothy R. Couture; Richard F. Burke; cfisher@hinshawlaw.com; Matthew R. Schreck; Joe Skryd
Cc: Shannon McNulty; Gina M. McPheeters; James K. Toohey
Subject: RE: Scheinman

All,

Please allow this email to confirm that we will attend the inspection on March 16, 2013 at 9:00 a.m., to proceed at Dynamic Safety in Lake Zurich, Illinois.

Jason

-----Original Message-----
From: Timothy R. Couture [mailto:couturet@jbltd.com]
Sent: Wednesday, March 06, 2013 3:43 PM
To: Richard F. Burke; cfisher@hinshawlaw.com; Matthew R. Schreck; Jason Briesemeister; Joe Skryd
Cc: Shannon McNulty; Gina M. McPheeters; James K. Toohey
Subject: RE: Scheinman

Thanks, see you then!


Timothy R. Couture, Attorney at Law

Johnson & Bell
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
D: (312) 984-6651

2