IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>       Plaintiff,<br><br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKEAKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>       Defendants. | Case No.: 09 CV 5340<br><br>Judge James F. Holderman<br><br>Magistrate Judge Susan Cox |

## OX LLC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

NOW COMES the defendant, OX LLC ("OX"), by and through its attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of HINSHAW & CULBERTSON LLP, and for its Statement of Materials Facts in support of its Motion for Summary Judgment, it states as follows:

## I.  DESCRIPTION OF THE PARTIES, JURISDICTION AND VENUE

As alleged in the current complaints of 09 C 5340 and 11 C 02687, on July 3, 2008, plaintiff Jeffrey Scheinman was seated in his stopped car, a convertible manufactured by defendant BMW and sold by defendant BMW distributor Karl Knauz Motors, at the intersection of Skokie Valley Road and Half Day Road in Highland Park, Illinois, when he was rear-ended by a truck driven by Samuel Franke ("Franke"), an employee of Martin's Bulk Milk Service

("MBMS"). The shipper of the cargo being transported by Franke and MBMS at the time of the accident was defendant International Paper Company ("IPC").

On June 12, 2008, Universal Am-Can Ltd. ("UACL") entered into a Master Brokerage Agreement with MBMS. On June 13, 2008, UACL and UTS Leasing, Inc. (UTS Leasing, Inc. is not a party to this lawsuit) purchased the operations of Overnite Express Inc. (OEI), which had previously contracted with IPC to provide transportation services for IPC's paper products, from OEI and its related company OX LLC.

In 09 CV 5340, this Court has already determined that it has diversity jurisdiction over the trucking parties to this case. As the Court noted in footnote 2 of its April 12, 2011 decision denying UACL's and IPC's motion to dismiss, *Scheinman v. Martin's Bulk Milk Service*, 2011 WL 1399260 (N.D.Ill.) at *1 FN 2, "it is undisputed that plaintiff is a citizen of Illinois, MBMS is a citizen of Wisconsin, Franke is a citizen of Wisconsin, ... IPC is a citizen of New York and Tennessee, UACL is a citizen of Delaware and Michigan, OEI is a citizen of Minnesota, and OX [LLC] is a citizen of Minnesota."

In the consolidated products liability case, 11 C 02687, that plaintiff brought against BMW and the BMW dealership, this Court determined there is jurisdiction based on diversity. (See Order of Judge Conlan dated June 28, 2011 in the case of *Murray Scheinman v. Bayerische Motoren Werke Aktiengesellschaft, et al*, United States District Court, Northern District of Illinois, Court No. 11 CV 02687 (now consolidated with the present case).)

Venue is proper in the Northern District of Illinois pursuant to 28 USC §1391(a)(2) because a "substantial part of the events giving rise to the claims occurred in this district."

2

## III.    APPENDIX OF EXHIBITS

Since IPC, UACL and OX are moving for summary judgment in separate motions but using similar evidence to support their motions, and in an effort to reduce the number of exhibits used and simplify the references to those exhibits, IPC, UACL and OX are filing a Joint Appendix of Exhibits for reference in their Motions for Summary Judgment. The following exhibits are attached hereto and made a part hereof (OX's Motion for Summary Judgment will rely on only some of the documents):

Exhibit 1.      Excerpts from the Plaintiff's Fifth Amended Complaint (Doc No. 168).

Exhibit 2.      Excerpts from the Transcript of Deposition of Samuel Franke, Volume I, dated January 12, 2010.

Exhibit 3.      Excerpts from the Transcript of Deposition of Samuel Franke, Volume II, dated February 21, 2012

Exhibit 4.      Excerpts from the Transcript of Deposition of David Martin, Volume I, dated January 12, 2010

Exhibit 5.      Excerpts from the Transcript of Deposition of David Martin, Volume II, dated February 20, 2012

Exhibit 9.      Excerpts from the Transcript of Deposition of Mark Limback, dated April 17, 2012

Exhibit 12.     Excerpts from the Transcript of Deposition of William Crawford, dated June 6, 2012

Exhibit 13      Excerpts from the Transcript of Deposition of Steve Mundy, dated June 12, 2012

Exhibit 17.     Asset Purchase Agreement between UACL and OEI/OX LLC

Exhibit 18.     Excerpts from the Transcript of Deposition of Robert Elsholtz, dated April 17, 2012 (pp. 1 – 73)

## III.   STATEMENT OF MATERIAL FACTS

1.      Murray Scheinman, Plenary Guardian of the Estate and Person of Jeffrey J. Scheinman, a Disabled Person ("Plaintiff") filed a Fifth Amended Complaint ("Complaint") on July 26, 2011, seeking recovery from OX, among others, for personal injuries sustained during a highway auto accident and alleging vicarious liability (not direct liability) of OX for the acts and omissions of Samuel Franke ("Franke"), specifically that:

> On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, . . . OX [LLC] and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

(JAE 1.)[1]

2.      The accident occurred on July 3, 2008, on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois when Franke accidentally hit the back of a vehicle driven by Scheinman.  As a result, Scheinman sustained injuries and is disabled. (JEA 1.)

3.      The tractor involved in the accident was being driven by Franke, an employee of Martin's Bulk Milk Service ("MBMS").  (JAE 2, pp. 6, 10, 58; JAE 5, pp. 307, 362, 506.)

4.      MBMS owned the tractor truck that was driven by Franke that collided with Scheinman's vehicle.  (JAE 1; JAE 12, pp. 8, 20, 24-24, 29, 34, 53; JAE 13, pp. 7,16, 22; 85.)

5.      Prior to the accident, IPC, the shipper of the paper products that were in the MBMS trailer, entered into an agreement with transportation broker, Universal Am Can Ltd. ("UACL"), for delivery of the subject paper products.  (JAE 9, p. 86, 108.)

---

[1] To the extent any part of Plaintiff's Fifth Amended Complaint can be construed as alleging the independent negligence of OX LLC in causing Scheinman's injuries, there is no evidence to support an independent claim of negligence against OX LLC.

4

6.      Before June 13, 2008, Overnite Express, Inc. ("OEI") was a trucking motor carrier and broker which had an agreement with IPC to provide transportation services for IPC products.  (JAE 9, p. 58, 64; JAE 13, p. 33; JAE 18, p. 24.)

7.      OX was a company that leased tractors and trailers exclusively to OEI.  (JAE 18, pp. 8 – 10.)

8.      On June 13, 2008, UACL and UTS Leasing, Inc. ("UTSL") entered into an Asset Purchase Agreement whereby they agreed to purchase certain assets, including trailers, a book of business and operating authority from OEI and OX LLC.  (JAE 17; JAE 18, pp. 6-7, 8, 12, 16.)

9.      UACL and UTSL purchased the customer base, owner/operator agreements, good will, some office furniture and the contracts OEI had with its customers, including the contract between OEI and IPC.  (JAE 9, pp. 47, 51, 58.)

10.     The trailers which were part of the purchase agreement were formerly owned by only OX LLC, not OEI.  (JAE 18, p. 8.)

11.     Under the purchase agreement, the trailers were titled in the name of UTS Leasing, not UACL, (JAE 9, p. 46.)

12.     Even though the Asset Purchase Agreement mistakenly identifies the purchaser of the trailers as UACL, (JAE 17), UACL's Mark Limback clarified in his deposition that the heading of that contract section is inaccurate because UACL did not buy any trailers from OX LLC in the Asset Purchase Agreement, UTSL.  (JAE 9, p. 54.)

13.     OX LLC did not convey motor carrier operating authority to UACL or UTSL because it did not have such authority.  (JAE 18, p. 16.)

5

14.     What was previously OEI's trucking business was conducted under UACL's operating authority after the asset purchase on June 13, 2008 and the asset purchase did not include purchase of the OX LLC entity. (JAE 18, p. 12.)

15.     OX LLC never sold any tractors or trailers to UACL or MBMS. (JAE 9, p. 46; JAE 18, p. 12.)

16.     The tractor and trailer involved in the accident were not formerly owned by OX LLC. (JAE 18, p. 70.)

17.     OX LLC never had any contracts with any entity for provision of transportation services. (JAE 18, p. 10.)

18.     OX LLC did not have a contract with IPC at the time it sold its assets to UACL and UTSL. (JAE 18, p. 8.)

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Carlton D. Fisher _____

Carlton D. Fisher
William Yu
Cecilia Horan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
(312) 704-3000

6

130545442v1 0903067