IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKEAKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>    Defendants. | Case No.: 09 CV 5340<br><br>Judge James F. Holderman<br><br>Magistrate Judge Susan Cox |

## OX LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

NOW COMES the defendant, OX LLC ("OX"), by and through its attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of HINSHAW & CULBERTSON LLP, and for its Memorandum of Law is Support of Its Motion for Summary Judgment, it states as follows:

### I. SUMMARY OF ARGUMENT

OX is entitled to summary judgment because there is absolutely no evidence that it had any legal relationship with Plaintiff or any other entity that would give rise to a duty of care for Scheinman's safety.

### II. APPLICABLE STANDARD

A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986). "There is no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Brewer v. Bd. of Trs. of the Univ. of Ill.*, 479 F.3d 908, 915 (7th cir. 2007). The existence of a duty is a question of law and must be decided in the first instance. *Steuri v. Prudential Insurance Company of America*, 282 Ill.App.3d 753, 668 N.E.2d 1066 (1st Dist. 1996). Where the Court determines no duty exists, summary judgment is proper. *Puttman v. May Excavating Co.*, 118 Ill.2d 107, 514 N.E.2d 188 (1987).

### III. LEGAL ARGUMENT

**THERE IS NO LEGAL RELATIONSHIP BETWEEN OX AND ANY ENTITY WHICH WOULD GIVE RISE TO ANY DUTY OF CARE BY OX FOR SCHEINMAN'S SAFETY**

It is clear from evidence obtained in discovery that plaintiff's allegations of agency against OX are mere legal conclusions, unsupportable by any facts in the record. OX never owned the tractor or trailer involved in the accident, and it never had any agreement with any entity for the delivery of the goods being transported by Franke at the time of the accident. Thus, as a matter of law, OX had no legal relationship with UACL, MBMS, Franke, or any other person or entity that would give rise to a duty of care for Scheinman's safety.

It is fundamental that in order for a duty of care to exist, the plaintiff and defendant must stand in such a relationship to one another that the law imposes on the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Swearingen v. Momentive Specialty Chemicals, Inc.*, 662 F.3d 969 (7th Cir. (Ill.) 2011).

OX had no relationship to this accident. It simply sold some of its assets, specifically trailers, under an Asset Purchase Agreement to UTS Leasing, Inc., an entity that is not even a party to this lawsuit. OX did not employ any driver involved in the accident or own any tractor or trailer involved in the accident. The tractor and trailer involved in the accident were never owned by OX. OX did not have any agreement with IPC, MBMS, or any other entity for the

delivery of goods. Accordingly, OX had no relationship to the accident. and it is entitled to summary judgment on Count IV of Plaintiff's Fifth Amended Complaint.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Carlton D. Fisher

Carlton D. Fisher
William Yu
Cecilia Horan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
(312) 704-3000

130546010v1 0903067