IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,

    Plaintiff,

v.

MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN ERKEAKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,

    Defendants.

Case No.: 09 cv 5340

Judge James F. Holderman

Magistrate Susan E. Cox

## INTERNATIONAL PAPER COMPANY'S MOTION FOR SUMMARY JUDGMENT AGAINST THE PLAINTIFF

NOW COMES the defendant, International Paper Company ("IPC"), by and through its attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of HINSHAW & CULBERTSON LLP, and for its Motion for Summary Judgment against the plaintiff, it states as follows:

In its Statement of Material Facts and Legal Memorandum, IPC sets forth the factual and legal bases for IPC's Motion for Summary Judgment. As this Court pointed out when it considered IPC's motion to dismiss the plaintiff's Fourth Amended Complaint, it was premature to eliminate plaintiff's claims against IPC at the pleadings stage because "ultimately, the question of agency will be based on the contours of [the shipper's] business relationship with [the carrier]." Moreover, the Court "agree[d] with Plaintiff that the court will be better equipped to

130544672v1 0903067

address the complex relationships among the defendants at the summary judgment stage." *Scheinman v. Martin's Bulk Milk Service, Inc.*, 2011 WL 1399260 *8 (N.D. IL 2011).

Now that discovery has been completed, IPC can state unequivocally what it believed at the outset of this case. Despite plaintiff's characterization, there was no complex relationship between IPC and Franke or between IPC and MBMS. In fact, because IPC did not even know that Franke in particular and MBMS in general were transporting IPC paper products, there was *no relationship between IPC and Franke* and there was *no relationship between IPC and MBMS.*

The facts of this case show that the contractual relationship between IPC, UACL, and OEI and the contractual relationship between UACL and MBMS were such that MBMS' employee Samuel Franke was not the agent of IPC. IPC had no involvement in the payment of Franke nor did it provide tools, materials, equipment, means or methods to Franke. Importantly, IPC did not monitor or discipline Mr. Franke.

Not only was Franke's conduct controlled by his employer, MBMS, but neither Franke nor MBMS represented or held Franke out to be IPC's agent, just MBMS' employee. Franke and MBMS have both admitted there are no documents that show Franke identified as an agent of IPC or IPC identified as a principal of Franke.

Finally, the facts surrounding the July 3, 2008 accident demonstrate that neither IPC nor UACL "controlled" Franke. No better evidence of this conclusion can be found in the fact that IPC did not know about this accident until after its employees learned of the accident through the filing of the amended lawsuit naming IPC as an additional defendant.

To the extent that IPC's alleged vicarious liability for the actions of Mr. Franke is somehow based on an unpled theory that MBMS (and not Franke alone) was the agent of IPC, no testimony or legal theory supports such a baseless contention. It is Franke's actions alone that

2

form the basis of plaintiff's claim of vicarious liability. Plaintiff was given until August 2012 to amend his pleadings and he failed to do so. Assuming for purposes of argument that there was any evidence to support independent claims against IPC, no claims for corporate vicarious liability (as opposed to individual vicarious liability for Franke's actions), joint venture, or negligent selection of a contractor have been made in this case.

IPC's legal memorandum establishes the principles of law applicable to cases involving shippers and non-shippers where the injured party alleges that a principal-agent relationship exists. When these principles are applied to IPC and MBMS driver Samuel Franke, it is clear that there was no agency relationship between them.

Although all of plaintiff's complaints have included allegations that Franke was the employee, agent or apparent agent of IPC, the only real dispute is whether Franke was IPC's agent. IPC did not control or have the right to exercise control over Franke or his employer, MBMS, when he was driving his truck. All of the facts indicate that at the time of the occurrence, Franke and MBMS were independent contractors of UACL, which in turn was an independent contractor of IPC. IPC is entitled to summary judgment on Plaintiff's Fifth Amended Complaint.

## CONCLUSION

WHEREFORE, Defendant, International Paper Company, Inc. ("IPC"), requests that this Court enter an order granting judgment in its favor and against Plaintiff. IPC further requests that this Court make an express written finding that there is no just reason to delay enforcement or appeal of this Order granting summary judgment, pursuant to Rule 54(b) and dismiss Count III of Plaintiff's Fifth Amended Complaint and this action with prejudice, and award this Defendant such other and further relief as the Court considers proper.

130544672v1 0903067

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Carlton D. Fisher

Carlton D. Fisher
William Yu
Cecilia A. Horan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450

130544672v1 0903067