IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN ERKEAKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>    Defendants. | Case No.: 09 cv 5340<br><br>Judge James F. Holderman<br><br>Magistrate Susan E. Cox |

## UNIVERSAL AM-CAN LTD.'S MOTION FOR SUMMARY JUDGMENT AGAINST THE PLAINTIFF

NOW COMES the defendant, Universal Am-Can Ltd. ("UACL"), d/b/a and successor to Overnite Express Inc., ("OEI"), by and through its attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of HINSHAW & CULBERTSON LLP, and for its Motion for Summary Judgment against the plaintiff, it states as follows:

In its Statement of Material Facts and Legal Memorandum, UACL sets forth the factual and legal bases for UACL's Motion for Summary Judgment. As this Court pointed out when it considered UACL's motion to dismiss the plaintiff's Fourth Amended Complaint, it was premature to eliminate plaintiff's claims against UACL at the pleadings stage because "ultimately, the question of agency will be based on the contours of [the broker's] business relationship with [the carrier]." Moreover, the Court "agree[d] with Plaintiff that the court will be better equipped to address the complex relationships among the defendants at the summary

judgment stage." *Scheinman v. Martin's Bulk Milk Service, Inc.*, 2011 WL 1399260 *8 (N.D. IL 2011).

Now that discovery has been completed, UACL can state unequivocally what it believed at the outset of this case. Despite plaintiff's characterization, there was no complex relationship between UACL and Franke or between UACL and MBMS. In fact, because the UACL employee who had the closest relationship with MBMS on a daily basis sending "broker confirmation sheets" about IPC paper product loads did not even know of plaintiff's accident until years later, the minimal relationship that did exist on a daily basis was certainly not of the caliber to establish a principal agent relationship.

The facts of this case show that the contractual relationship between IPC, UACL, and OEI and the contractual relationship between UACL and MBMS were such that MBMS' employee Samuel Franke was not the agent of UACL. UACL had no involvement in the payment of Franke (other than eventually paying MBMS once loads were delivered and accounted for) nor did it provide tools, materials, equipment, means or methods to Franke. Importantly, UACL did not monitor or discipline Mr. Franke; in fact the same UACL employee who transmitted broker confirmation sheets on a daily basis never knew Franke or had any communications with him.

Not only was Franke's conduct controlled by his employer, MBMS, but neither Franke nor MBMS represented or held Franke out to be UACL's agent, just MBMS' employee. Franke and MBMS have both admitted there are no documents that show Franke identified as an agent of UACL or UACL identified as a principal of Franke.

Finally, the facts surrounding the July 3, 2008 accident demonstrate that neither IPC nor UACL "controlled" Franke. No better evidence of this conclusion can be found in the fact that

130544693v1 0903067

UACL did not know about this accident until after its employees learned of the accident through the filing of the amended lawsuit naming UACL as an additional defendant.

To the extent that UACL's alleged vicarious liability for the actions of Mr. Franke is somehow based on an unpled theory that MBMS (and not Franke alone) was the agent of UACL, no testimony or legal theory supports such a baseless contention. It is Franke's actions alone that form the basis of plaintiff's claim of vicarious liability. Plaintiff was given until August 2012 to amend his pleadings and he failed to do so. Assuming for purposes of argument that there was any evidence to support independent claims against UACL, no claims for corporate vicarious liability (as opposed to individual vicarious liability for Franke's actions), joint venture, or negligent selection of a contractor have been made in this case.

UACL's legal memorandum establishes the principles of law applicable to cases involving transportation brokers where the injured party alleges that a principal-agent relationship exists. When these principles are applied to UACL and MBMS driver Samuel Franke, it is clear that there was no agency relationship between them.

Although all of plaintiff's complaints have included allegations that Franke was the employee, agent or apparent agent of UACL, the only real dispute is whether Franke was UACL's agent. UACL did not control or have the right to exercise control over Franke or his employer, MBMS, when he was driving his truck. All of the facts indicate that at the time of the occurrence, Franke and MBMS were independent contractors of UACL, which in turn was an independent contractor of IPC. UACL is entitled to summary judgment on Plaintiff's Fifth Amended Complaint.

## CONCLUSION

WHEREFORE, Defendant, Universal Am-Can Ltd. ("UACL"), requests that this Court enter an order granting judgment in its favor and against Plaintiff. UACL further requests that this Court make an express written finding that there is no just reason to delay enforcement or appeal of this Order granting summary judgment, pursuant to Rule 54(b) and dismiss Count II of Plaintiff's Fifth Amended Complaint and this action with prejudice, and award this Defendant such other and further relief as the Court considers proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Carlton D. Fisher

Carlton D. Fisher
William Yu
Cecilia A. Horan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450

130544693v1 0903067