# JAE # 1

# Excerpts from the Plaintiff's Fifth Amended Complaint (Doc No. 168).

130547293v1 0903067

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>           Plaintiffs,<br>vs.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 09 cv 5340<br><br>Honorable James F. Holderman |

## <u>FIFTH AMENDED COMPLAINT AT LAW</u>

## <u>COUNT I - NEGLIGENCE</u>

### <u>MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE</u>

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter "MARTIN'S") and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

    1.    On and before July 3, 2008, Skokie Valley Road was a public way running

1

generally in north and south directions through Highland Park, Illinois.

2. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3. On and before July 3, 2008, Defendant, MARTIN'S, was a corporation engaged in the business of truck transportation and delivery of milk products, and engaged in such business on a regular basis in and throughout Cook County, Illinois.

4. On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5. On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, MARTIN'S, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6. On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

7. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8. On July 3, 2008, Defendants, MARTIN'S and FRANKE, and each of them, operated and drove their Freightliner Classic tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting

2

in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

9. On and before July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

10. On July 3, 2008, and at all times mentioned herein, Defendants, MARTIN'S and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant MARTIN'S, were negligent in one or more of the following respects:

    a. negligently operated, managed, maintained and controlled their motor vehicle;

    b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c. operated their motor vehicle without keeping a proper and sufficient lookout;

    d. operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e. proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f. failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g. failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h. failed to maintain an adequate lookout for motor vehicles in front of them;

3

  i. drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

  j. failed to slow down their vehicle so as to avoid a rear end collision;

  k. failed to keep a proper look out for vehicles traveling in front of them;

  l. failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision; and

  m. were otherwise negligent.

11. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, MARTIN'S and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, **Plenary** Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT II-NEGLIGENCE

## CSX INTERMODAL, INC. AND SAMUEL G. FRANKE

[The allegations of Count II against CSX INTERMODAL, INC. have been dismissed pursuant to Judge Holderman's order of April 12, 2011. The allegations of Count II are included herein, not as realleged, but so as to preserve all of Plaintiff's rights and so such allegations are not deemed abandoned. No answer to the following allegations is expected from Defendant CSX INTERMODAL, INC.]

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of

JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, CSX INTERMODAL, INC. (hereinafter "CSX"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3. On and before July 3, 2008, Defendant, CSX, was a corporation engaged in the business of truck transportation of consumer goods in tractor trailer trucks in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4. On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of milk products and paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5. On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, CSX, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6. On July 3, 2008, Defendant FRANKE delivered a load of goods to Defendant CSX's facility located in Bedford Park, Cook County, Illinois, after which Defendant CSX provided Defendant FRANKE with a CSX trailer for the transportation of paper products.

7. On July 3, 2008, Defendants, CSX and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a trailer, number CSXU 937987, which was

attached to a truck with a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330 in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

8. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9. On July 3, 2008, Defendants, CSX and FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

10. On and before July 3, 2008, and at all times mentioned herein, Defendants, CSX and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

11. On July 3, 2008, and at all times mentioned herein, Defendants, CSX and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant CSX, were negligent in one or more of the following respects:

    a. negligently operated, managed, maintained and controlled their motor vehicle;

    b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c. operated their motor vehicle without keeping a proper and sufficient lookout;

    d. operated their motor vehicle with a wilful or wanton disregard for the

        safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.    proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.    failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

g.    failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.    failed to maintain an adequate lookout for motor vehicles in front of them;

i.    drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.    failed to slow down their vehicle so as to avoid a rear end collision;

k.    failed to keep a proper look out for vehicles traveling in front of them;

l.    failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.    were otherwise negligent.

12.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, CSX, and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

        WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and

Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants, CSX INTERMODAL, INC. and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

## COUNT III - NEGLIGENCE

### INTERNATIONAL PAPER COMPANY AND SAMUEL G. FRANKE

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, INTERNATIONAL PAPER COMPANY, a corporation, (hereinafter "INTERNATIONAL"), and SAMUEL G. FRANKE (hereinafter "FRANKE") states as follows:

1. On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2. On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3. On and before July 3, 2008, Defendant, INTERNATIONAL, was a corporation engaged in the business of selling paper and packaging products in and throughout Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, City of Chicago, County of Cook, State of Illinois.

4. On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5. On and before July 3, 2008, Defendant FRANKE was a duly authorized

8

employee, agent and/or apparent agent of Defendant, INTERNATIONAL, and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6. On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, owned, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of trailer number CSXU 937987, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7. On July 3, 2008, Defendant FRANKE drove the tractor trailer truck to Defendant INTERNATIONAL's facility at 2501 165th Street, Hammond, Indiana, where INTERNATIONAL loaded the aforesaid trailer with paper products.

8. On July 3, 2008, pursuant to the direction and supervision of Defendant INTERNATIONAL, Defendant FRANKE drove the aforesaid tractor trailer truck containing INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

9. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

10. On July 3, 2008, Defendants, INTERNATIONAL and FRANKE, and each of them, operated and drove their tractor trailer truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

11. On and before July 3, 2008, and at all times mentioned herein, Defendants,

INTERNATIONAL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

12. On July 3, 2008, and at all times mentioned herein, Defendants, INTERNATIONAL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, INTERNATIONAL, were negligent in one or more of the following respects:

    a. negligently operated, managed, maintained and controlled their motor vehicle;

    b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c. operated their motor vehicle without keeping a proper and sufficient lookout;

    d. operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e. proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f. failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

    g. failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h. failed to maintain an adequate lookout for motor vehicles in front of them;

    i. drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

j.  failed to slow down their vehicle so as to avoid a rear end collision;

k.  failed to keep a proper look out for vehicles traveling in front of them;

l.  failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

m.  were otherwise negligent.

13. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, INTERNATIONAL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendants INTERNATIONAL PAPER COMPANY, a corporation, and SAMUEL G. FRANKE, individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

<u>COUNT IV-NEGLIGENCE</u>

<u>UNIVERSAL AM CAN LTD., SUCCESSOR TO OVERNIGHT EXPRESS, INC. and OX LLC, AND SAMUEL G. FRANKE</u>

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, UNIVERSAL AM CAN LTD., (hereinafter UACL) Successor to OVERNITE EXPRESS, INC. (hereinafter OVERNITE) and Successor to OX LLC (hereinafter OX) and SAMUEL G. FRANKE (hereinafter FRANKE), states as follows:

11

1.  On and before July 3, 2008, Skokie Valley Road was a public way running generally in north and south directions through Highland Park, Illinois.

2.  On and before July 3, 2008, Half Day Road was a public way running generally in east and west directions in Highland Park, Illinois.

3.  On and before July 3, 2008, Defendant, OVERNITE, OX and UACL were corporations engaged in the business of interstate transportation, including truck transportation of goods in and throughout Cook County, Illinois, and maintained the office of its registered agent at 105 West Madison Street, 23rd Floor, City of Chicago, County of Cook, State of Illinois.

4.  On and before July 3, 2008, SAMUEL G. FRANKE was a truck driver engaged in the transportation of various paper products in tractor trailer trucks in and throughout Cook County, Illinois.

5.  On and before July 3, 2008, Defendant FRANKE was a duly authorized employee, agent and/or apparent agent of Defendant, OVERNITE, OX and UACL and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

6.  On July 3, 2008, Defendants, MARTIN'S and FRANKE, operated, managed, maintained and/or controlled a tractor trailer truck, consisting of container number CSXU 937987, on a chassis, which was attached to a Freightliner Classic cab bearing vin number 1FUJF6CKX4DM02330.

7.  On and before July 3, 2008, Defendants OVERNITE, OX and UACL engaged in the business of requesting, organizing, coordinating, authorizing and arranging the transportation of goods by tractor trailer trucks through various employees, agents and apparent

12

agents.

8.  On and before July 3, 2008, Defendants OVERNITE, OX and UACL offered, agreed, and contracted with Defendant INTERNATIONAL to transport paper products that were in Defendant INTERNATIONAL's possession, through their duly authorized employees, agents and/or apparent agents.

9.  On or about July 3, 2008 Defendants OVERNITE, OX and UACL, requested and directed Defendant MARTIN and FRANKE to pick up INTERNATIONAL'S paper product goods at a Hammond, Indiana warehouse, and transport those goods to various locations in Minnesota.

10. On or about July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants, OVERNITE, OX and UACL, Defendant MARTIN'S and its employee Defendant FRANKE drove to a warehouse owned by Defendant INTERNATIONAL to pick up a load of paper product goods for delivery in Minnesota.

11. On July 3, 2008, pursuant to the request, direction, supervision and instruction of Defendants OVERNITE, OX and UACL, Defendant FRANKE drove the aforesaid tractor trailer truck containing Defendant INTERNATIONAL's paper products in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

12. On July 3, 2008, JEFFREY J. SCHEINMAN, Currently a Disabled Adult, operated his passenger car in a northbound direction on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois.

13. On July 3, 2008, Defendants, OVERNITE, OX, UACL, through their agent and/or apparent agent, Defendant FRANKE, and each of them, operated and drove their tractor trailer

13

truck in such a manner as to cause it to collide with the rear end of the passenger car driven by JEFFREY J. SCHEINMAN, resulting in a rear end collision that caused serious personal injury to JEFFREY J. SCHEINMAN.

14. On and before July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, had a duty to exercise ordinary care for the safety of others, including JEFFREY J. SCHEINMAN.

15. On July 3, 2008, and at all times mentioned herein, Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, individually and as agents, employees or apparent agents of Defendant, OVERNITE, OX and UACL were negligent in one or more of the following respects:

    a. negligently operated, managed, maintained and controlled their motor vehicle;

    b. operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by JEFFREY J. SCHEINMAN;

    c. operated their motor vehicle without keeping a proper and sufficient lookout;

    d. operated their motor vehicle with a wilful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e. proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f. failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601;

  g. failed to exercise due care to avoid colliding with Plaintiff upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

  h. failed to maintain an adequate lookout for motor vehicles in front of them;

  i. drove their tractor trailer truck into the rear end of JEFFREY J. SCHEINMAN's passenger car;

  j. failed to slow down their vehicle so as to avoid a rear end collision;

  k. failed to keep a proper look out for vehicles traveling in front of them;

  l. failed to maintain a proper distance and speed between their tractor trailer truck and the vehicle in front of them so as to avoid a rear end collision, and

  m. were otherwise negligent.

 16. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, OVERNITE, OX, UACL and FRANKE, and each of them, JEFFREY J. SCHEINMAN sustained severe injuries of a personal and pecuniary nature, causing him to be a disabled adult, and this cause of action is brought by Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person.

 WHEREFORE Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, demands judgment against Defendant, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and Successor to OX LLC, and Defendant SAMUEL G. FRANKE, Individually, and each of them, in an amount in excess of fifty thousand dollars ($50,000).

/s/ Richard F. Burke, Jr.
One of Plaintiff's Attorneys
ARDC No: 03121588

Richard F. Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 (Fax)