# EX. 14

Master Brokerage Agreement between UACL and MBMS dated June 12, 2008

# UNIVERSAL AM-CAN LTD.
## MASTER BROKERAGE AGREEMENT

THIS AGREEMENT, entered into on this _12_ day of _June_____, 20_08_ between UNIVERSAL AM-CAN, LTD BROKERAGE DIVISION, a Property Broker as per MC #167922, Sub 5 ("UACL"), and _Martin Bulk Milk Services_ _____ a motor contract carrier as per MC# _172816_, ("CARRIER").

WHEREAS, UACL is a Property Broker in the business of securing freight from underlying shippers and negotiating with common and contract carriers for the transportation of such freight in interstate or intrastate commerce where allowed by authority of CARRIER and WHEREAS,

CARRIER is a Motor Contract Carrier or a Common Carrier operating in Interstate and/or Intrastate commerce in accordance with authority issued by the Federal Motor Carrier Safety Administration and/or other appropriate governmental authorities.

NOW THEREFORE, in consideration of mutual covenants and promises herein contained, the parties agree as follows:

1.  The term of this AGREEMENT shall be for a period of one year and will automatically renew year after year, for like terms, until cancelled upon 30 days written notice of one party to the other.

2.  CARRIER and UACL agree that this Agreement is not exclusive and that both CARRIER and UACL are free to contract with other parties offering the same or similar services.

3.  CARRIER is an independent contractor and is IN NO WAY TO BE CONSIDERED AN AGENT, EMPLOYEE OR JOINT VENTURER OF UACL, in the providing of any services hereunder. CARRIER represents and warrants that it is duly and legally qualified to provide, as a contract carrier, the transportation services contemplated herein. CARRIER further represents and warrants that it does not have a unsatisfactory safety rating issued from the U.S. Department of Transportation, and further agrees to comply with all federal, state and local laws regarding the provision of the transportation services contemplated under this Agreement.

4.  CARRIER shall be liable, without limitation, for all loss, damage or liability resulting from their transportation of any property arranged for by UACL hereunder as a common carrier and shall process all claims for loss, damage or delay of delivery in accordance with the Code of Federal Regulation (49 C.F.R. Part 370).

5.  CARRIER shall procure and maintain, at its sole cost and expense, the following insurance coverages:

    (a)  Public liability and property damage insurance with a reputable and financially responsible insurance company insuring CARRIER in an amount not less than $1,000,000.00 (U.S. Dollars) per occurrence.

    (b)  All Risk Broad Form Motor Truck Cargo Legal Liability insurance in an amount not less than $100,000.00 (U.S. Dollars) per occurrence. Such insurance policy


DEPOSITION EXHIBIT
75

shall name CARRIER and UACL as insureds and provide coverage to UACL, the Customer or the owner and/or consignee for any loss, damage or delay related to any property coming into the possession of CARRIER under this Agreement. The coverage provided under the policy shall have no exclusions or restrictions of any type that would foreseeably preclude coverage relating to cargo claims.

(c)    Statutory Workers' Compensation Insurance and Employee Liability coverage in such amounts and in such form as required by applicable state law.

(d)    CARRIER shall furnish to UACL written certificates obtained from the insurance CARRIER showing that such insurance has been procured, is being properly maintained, the expiration date, and specifying that written notice of cancellation or modification of the policies shall be given to UACL at least thirty (30) days prior to such cancellation or modification. Upon request, CARRIER shall provide UACL with copies of the applicable insurance policies.

6.    UACL agrees to pay CARRIER for services provided in accordance with the RATE CONFIRMATION SHEET, issued by UACL and signed by CARRIER as a supplement to this AGREEMENT prior to dispatch of CARRIER equipment. CARRIER represents and warrants that there are no other applicable rates or charges except those established in this Agreement or in any Rate Confirmation Sheet signed by UACL. Payment by UACL will be made upon receipt by UACL of CARRIER's freight bill, bill of lading, clear delivery receipt, and any other necessary billing documents enabling UACL to ascertain that service has been provided at the agreed upon charge. In the event service is provided and it is subsequently discovered that there was no applicable rate in the existing Schedule of Rates or supplements, the parties agree that the rate paid by UACL and collected by CARRIER shall be the agreed upon contract rate. CARRIER agrees that UACL has the exclusive right to handle all billing of freight charges to the Customer for the transportation services provided herein, and, as such, CARRIER agrees to refrain from all collection efforts against the shipper, receiver, consignor, consignee or the Customer. CARRIER further agrees that UACL has the discretionary right to offset any payments owed to CARRIER hereunder for liability incurred by CARRIER pursuant to of this Agreement.

7.    CARRIER will not solicit traffic from any shipper, consignor, consignee or customer of UACL where (1) the availability of such traffic first became known to CARRIER as a result of UACL's efforts, or (2) the traffic of the shipper, consignor, consignee or Customer of UACL was first tendered to CARRIER by UACL. If CARRIER breaches this Agreement and directly or indirectly solicits traffic from customers of UACL and obtains traffic from such customer during the term of this Agreement or for twelve (12) months thereafter, CARRIER shall be obligated to pay UACL, for a period of fifteen (15) months thereafter, commission in the amount of twenty percent (20%) of the transportation revenue resulting from traffic transported for the Customer, and CARRIER shall provide UACL with all documentation requested by UACL to verify such transportation revenue.

8.    CARRIER warrants that all shipments transported by CARRIER on behalf of UACL will be transported under its motor carrier authority, and that CARRIER shall not in any manner subcontract, broker or arrange for the shipments to be transported by a third party without the prior written consent of UACL. Both parties waive their respective rights and remedies under 49 USC § 14101(B), and CARRIER agrees that common carrier rates and charges will not apply under any circumstances.

9.    In the event of disagreement or dispute resulting in legal action, the prevailing party shall be entitled to reimbursement of legal fees.

10. CARRIER will be solely responsible for the dispatch of CARRIER's driver into any shipper or consignee related to the transportation services provided hereunder., provided, however, that CARRIER agrees to contact UACL's designated agent with billing information immediately upon completion of loading and with the name of receiver and status of delivery immediately upon completion of delivery.

11. CARRIER shall not withhold any goods of the Customer on account of any dispute as to rates or any alleged failure of UACL to pay charges incurred under this Agreement. CARRIER is relying upon the general credit of UACL and hereby waives and releases all liens which CARRIER might otherwise have to any goods of UACL or its Customer in the possession or control of CARRIER.

12. CARRIER shall defend, indemnify, and hold UACL harmless from and against all loss, liability, damage, claim, fine, cost or expense, including reasonable attorney's fees, arising out of or in any way related to the performance or breach of this Agreement by CARRIER, its employees or independent contractors working for CARRIER (collectively, the "Claims"), including, but not limited to, Claims for or related to personal injury (including death), property damage and CARRIER's possession, use, maintenance, custody or operation of the Equipment; provided, however, that CARRIER's indemnification and hold harmless obligations under this paragraph will not apply to any portion of such claim attributable to the tortious conduct of UACL.

13. THIS AGREEMENT, together with subsequently issued RATE CONFIRMATION SHEETS, constitutes the entire agreement between the parties. No additions can be made unless issued in writing and signed by both parties.

14. Any and all Detention, Layover or Truck Ordered Not Used charges will be paid when Universal Am-Can Ltd. collects the charges.

IN WITNESS WHEREOF, the parties have indicated their approval by signature of their authorized representatives on the day and the date first above noted.

BROKER:

UNIVERSAL AM-CAN, LTD
BROKERAGE DIVISION


_____
AUTHORIZED SIGNATURE

MAILING ADDRESS:

P.O. Box 2007
WARREN, MI 48090

CARRIER:

*Martin Bulk Milk*

*, Pat Podlena*
AUTHORIZED SIGNATURE

MAILING ADDRESS:

*1101 Water St,*
*Wilton, WI 54670*



UNIVERSAL AM-CAN LTD.
**PO BOX 2007**
**Warren MI 48090-2007**
ISO 9001:2000 Certified

## CARRIER SURVEY

### ALL AREAS OF THIS FORM MUST BE COMPLETED FOR APPROVAL.

CARRIER NAME: _Martin Bulk Milk Services_

MAILING ADDRESS: _1101 Water St._

CITY, STATE _Wilton, WI 54670_

PHYSICAL ADDRESS: _Same_

CITY, STATE _Same_

ARE YOUR LOADS PAID THRU A FACTORING COMPANY? _____ YES ___✓___ NO

FACTORING COMPANY NAME _____

ADDRESS _____

CITY AND STATE_____

CONTACT PHONE#_____

### CARRIER INFORMATION

TELEPHONE NUMBER: _608-435-6561_      _800-972-8761_

FAX NUMBER: _608-435-6510_

PRESIDENT / CEO: _Allan Martin_

OPERATIONS CONTACT: _Dave Martin_

FEDERAL ID NUMBER: _39-1301505_     MC# _172816_

ARE YOU INCORPORATED? _yes_

*OPERATIONS INFORMATION*
DO YOU HANDLE HAZMAT?   YES   (NO)

EQUIPMENT QTY:
FLAT BEDS: _____   DROP DECKS: _____TARPS: YES NO

VANS: _20_      REEFERS: _185_      OTHER: _____

NUMBER OF POWER UNITS: _125_

PLEASE FAX BACK TO BROKERAGE AT 1-800-627-0706



UNIVERSAL AM-CAN LTD.
PO BOX 2007
Warren MI 48090-2007
ISO 9001:2000 Certified

## WELCOME TO THE UNIVERSAL AM-CAN LTD BROKERAGE DIVISION.

Thank you for your interest in Universal Am-Can Brokerage Division. We are here to supplement your shipper base, providing you with competitively priced freight to fill your empty traffic lanes. Copies of our Broker's License, Surety Bond and Master Brokerage Agreement follow.

To participate in the Universal Am-Can Brokerage Program, you will need to complete the following **before you are approved to haul our freight.**

1. 3 Page Master Brokerage Agreement signed.
2. A copy of your Contract and/or Common Authority.
3. Have your insurance underwriter fax us a copy of your insurance certificates for liability (1,000,000.00) and cargo (CARGO MUST HAVE $100,000.00 MINIMUM), (A PROOF OF INSURANCE IS ENOUGH TO GET YOU SET UP). We will also need a copy naming us a certificate holder from your insurance company.
4. A Completed W-9 form. We are required by law to obtain your tax id# when making a reportable payment to you. Failure to provide this could result in a tax withholding of 31% and you may subject to a $50 penalty by the I.R.S. under section 6723.
5. Complete and return the Carrier Survey form.
6. **FAX ALL OF THE ABOVE INFO TO 800-627-0706.**


**\*\*ALL REQUIREMENTS MUST BE MET BEFORE WE CAN DISPATCH YOUR TRUCK.**
For prompt payment, here are some tips:
1. Be sure your Freight Bill and all paperwork references the Order# (9000)
2. Be sure that original paperwork, including Bills of Lading and a clear Delivery Receipt are attached to your invoice.
3. Be sure that your Invoice amount matches the amount shown for total compensation on the Rate Confirmation Form.
4. Be sure steps 1-5 in the first section above are done.
5. Send your invoice with the required documents to:
   UNIVERSAL AM-CAN BROKERAGE DIVISION
   ATTN: Brokerage Settlements          Physical Address
   P.O. Box 2007                        12755 E. Nine Mile Rd.
   Warren, MI. 48090-2007               Warren, MI. 48089
6. If you have any questions please call 1-800-635-7559.


THANK YOU FOR CHOOSING THE UNIVERSAL AM-CAN BROKERAGE DIVISION. WE LOOK FORWARD TO WORKING WITH YOU.

Form **W-9**
(Rev. November 2005)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer Identification Number and Certification

Give form to the requester. Do not send to the IRS.

Name (as shown on your income tax return)

Business name, if different from above

Check appropriate box: ☐ Individual/Sole proprietor ☐ Corporation ☐ Partnership ☐ Other ▶ ..................... ☐ Exempt from backup withholding

Address (number, street, and apt. or suite no.)

Requester's name and address (optional)

City, state, and ZIP code

List account number(s) here (optional)

See Specific Instructions on page 2.

### Part I — Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on Line 1 to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

Note. If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number ☐☐☐ – ☐☐ – ☐☐☐☐

or

Employer identification number ☐☐ – ☐☐☐☐☐☐☐

### Part II — Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. person (including a U.S. resident alien).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

**Sign Here**  Signature of U.S. person ▶ _____  Date ▶ _____

### Purpose of Form

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

U.S. person. Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

In 3 above, if applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

Note. If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

For federal tax purposes, you are considered a person if you are:

● An individual who is a citizen or resident of the United States,

● A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States, or

● Any estate (other than a foreign estate) or trust. See Regulations sections 301.7701-6(a) and 7(a) for additional information.

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

● The U.S. owner of a disregarded entity and not the entity,

Cat. No. 10231X          Form **W-9** (Rev. 11-2005)

PROPERTY BROKER'S SURETY BOND UNDER 49 U.S.C. 13906

KNOW ALL MEN BY THESE PRESENTS, That we ___Universal Am-Can, Ltd.___

(Name of Property Broker)

of ___12233 Stephens Rd.___    ___Warren___    ___MI___    ___48089___

(Street)    (City)    (State)    (Zip code)

as PRINCIPAL (hereinafter called Principal), and ___Cherokee Insurance Company___

(Name of Surety)

a corporation, or a Risk Retention Group established under the Liability Risk Retention Act of 1986, Pub. L. 99-563, existing and existing under the laws of the State of ___Michigan___    (hereinafter called Surety) are held and

(State or Bureau of Columbia)

firmly bound unto the United States of America in the sum of $10,000, for which payment, well and truly to be made, we bind ourselves and our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal is or intends to become a Broker pursuant to the provisions of Title 49 U.S.C. 13906, and the rules and regulations of the Federal Highway Administration such relating to insurance or other security for the protection of motor carriers and shippers, and has elected to file with the Federal Highway Administration such a bond as will assure financial responsibility and the supplying of transportation subject to the ICC Termination Act of 1995 in accordance with contracts, agreements, or arrangements therefore, and

WHEREAS, this bond is written to assure compliance by the Principal as a licensed Property Broker of Transportation by motor vehicle under 49 U.S.C. 13906(b), and the rules and regulations of the Federal Highway Administration, relating to insurance or other security for the protection of motor carriers and shippers, and shall inure to the benefit of any and all motor carriers or shippers to whom the Principal may be legally liable for any of the damages herein described.

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall pay or cause to be paid to motor carriers or shippers, to whom motor vehicle are subject stated to which the Principal may or are held legally liable in respect of transportation, either honestly, or justified, loans, and carry out all contracts, agreements, and arrangements made by the Principal while this bond is in effect for the supplying of transportation subject to the ICC Termination Act of 1995 under license issued to the Principal by the Federal Highway Administration, then this obligation shall be void, otherwise to remain in full force and effect.

The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall amount in the aggregate to the penalty of the bond, but in no event shall the Surety's obligation hereunder exceed the amount of said penalty. The Surety agrees to furnish written notice to the Federal Highway Administration forthwith of all suits filed, judgements rendered, and payments made by said Surety under this bond

This bond is effective the ___5th___ day of ___December___ ___2000___ , 12:01 a.m., standard time at the address of the Principal as noted herein and shall continue in force until terminated as hereinafter provided. The Principal or the Surety may at any time cancel this bond by written notice to the Federal Highway Administration at its office in Washington, DC, such cancellation to become effective thirty (30) days after actual receipt of said notice by the FHWA on the prescribed Form BMC-36, Notice of Cancellation Motor Carrier and Broker Surety Bond. The Surety shall not be liable hereunder for the payment of any damages hereinbefore described which arise as the result of any contracts, agreements, undertakings, or arrangements made by the Principal for the supplying of transportation after the termination of this bond as herein provided, nor such termination shall not affect the liability of the Surety hereunder for the payment of any such damages arising as the result of contracts, agreements, or arrangements made by the Principal for the supplying of transportation prior to the date such termination becomes effective.

The receipt of this filing by the FHWA certifies that a Broker Surety Bond has been issued by the company identified above, and that such company is qualified to make this filing under Section 387.315 of Title 49 of the Code of Federal Regulations

Falsification of this document can result in criminal penalties prescribed under 18 U.S.C. 1001

IN WITNESS WHEREOF, the said Principal and Surety have executed this instrument on the 14th day

of __January__ , __2001__

| PRINCIPAL | SURETY |
|---|---|
| Name ___Universal Am-Can, Ltd.___ | Name ___Cherokee Insurance Company, [A]___ |
| By _____ | By _____ |
| (Signature and Title) Donald Cochran, | (Signature and Title) Mark J. Jacobs, |
| President | President |
| Witness _____ | Witness _____ |



**UNIVERSAL AM-CAN LTD.**
**PO BOX 2007**
**Warren MI 48090-2007**
ISO 9001:2000 Certified

==========================================================

From: _Melody Hansen (Overnight Logistics)_

Phone: _800-234-3709_

Fax: _708-331-8604_

==========================================================

Nancy oh

Attn: _Dave Martin_ (MART 15DS)    Date: _6/12/08_

Fax: _608-435-0510_


Please find attached, the BROKER PACKET for UNIVERSAL AM-CAN LTD. that includes the following information and/or documents:

- Introduction Letter
- 3 Page contract for signature
- Blank W-9 form
- Copy of UACL surety bond & broker authority
- Carrier survey & carrier references


Once reviewed, the following information is required to be returned via fax to 800-627-0706

- Signed Contract
- Your contract authority
- Insurance certificate-<u>Liability and Cargo</u>
- Completed W-9 form
- Carrier Survey


Send freight bills with original signed proof of delivery to:

Universal Am-Can Ltd.
Attn: John Moorer
PO Box 2007
Warren, MI 48090-2007

Thank You!

# JAE # 14 - 2

# Deposition Exhibit 16

130547293v1 0903067

05/17/2008 13:24 7083318684 OVERNITE LOGISTICS PAGE 02

05/12/2008 12:24 7083318684 OVERNITE LOGISTICS PAGE 03

708-331-8604

# UNIVERSAL AM-CAN LTD.
## MASTER BROKERAGE AGREEMENT

THIS AGREEMENT, entered into on this 12 day of June, 2008 between UNIVERSAL AM-CAN, LTD BROKERAGE DIVISION, a Property Broker as per MC -167922, Sub 5 ("UACL"), and Martin Bulk Milk Service a motor contract carrier as per MC# 172816, ("CARRIER").

WHEREAS, UACL is a Property Broker in the business of securing freight from underlying shippers and negotiating with common and contract carriers for the transportation of such freight in interstate or intrastate commerce where allowed by authority of CARRIER and WHEREAS,

CARRIER is a Motor Contract Carrier or a Common Carrier operating in Interstate and/or Intrastate commerce in accordance with authority issued by the Federal Motor Carrier Safety Administration and/or other appropriate governmental authorities.

NOW THEREFORE, in consideration of mutual covenants and promises herein contained, the parties agree as follows:

1. The term of this AGREEMENT shall be for a period of one year and will automatically renew year after year, for like terms, until cancelled upon 30 days written notice of one party to the other.

2. CARRIER and UACL agree that this Agreement is not exclusive and that both CARRIER and UACL are free to contract with other parties offering the same or similar services.

3. CARRIER is an independent contractor and is IN NO WAY TO BE CONSIDERED AN AGENT, EMPLOYEE OR JOINT VENTURER OF UACL in the providing of any services hereunder. CARRIER represents and warrants that it is duly and legally qualified to provide, as a contract carrier, the transportation services contemplated herein. CARRIER further represents and warrants that it does not have a unsatisfactory safety rating issued from the U.S. Department of Transportation, and further agrees to comply with all federal, state and local laws regarding the provision of the transportation services contemplated under this Agreement.

4. CARRIER shall be liable, without limitation, for all loss, damage or liability resulting from their transportation of any property arranged for by UACL hereunder as a common carrier and shall process all claims for loss, damage or delay of delivery in accordance with the Code of Federal Regulation (49 C.F.R. Part 370).

5. CARRIER shall procure and maintain, at its sole cost and expense, the following insurance coverages:

(a) Public liability and property damage insurance with a reputable and financially responsible insurance company insuring CARRIER in an amount not less than $1,000,000.00 (U.S. Dollars) per occurrence.

(b) All Risk Broad Form Motor Truck Cargo Legal Liability insurance in an amount not less than $100,000.00 (U.S. Dollars) per occurrence. Such insurance policy

DEPOSITION EXHIBIT Martin 16 1/12/10

Universal Am-Can, Ltd.

*U0913615Ø5*

Jun-17-2008 13:11 From:MOHLIN BULK MILK To:17083318684 Page:1/9

UACL/OEI_000019

shall name CARRIER and UACL as insureds and provide coverage to UACL, the Customer or the owner and/or consignee for any loss, damage or delay related to any property coming into the possession of CARRIER under this Agreement. The coverage provided under the policy shall have no exclusions or restrictions of any type that would foreseeably preclude coverage relating to cargo claims.

(c)  Statutory Workers' Compensation insurance and Employee liability coverage in such amounts and in such form as required by applicable state law.

(d)  CARRIER shall furnish to UACL written certificates obtained from the insurance CARRIER showing that such insurance has been procured, is being properly maintained, the expiration date, and specifying that written notice of cancellation or modification of the policies shall be given to UACL at least thirty (30) days prior to such cancellation or modification. Upon request, CARRIER shall provide UACL with copies of the applicable insurance policies.

6.  UACL agrees to pay CARRIER for services provided in accordance with the RATE CONFIRMATION SHEET, issued by UACL and signed by CARRIER as a supplement to this AGREEMENT prior to dispatch of CARRIER equipment. CARRIER represents and warrants that there are no other applicable rates or charges except those established in this Agreement or in any Rate Confirmation Sheet signed by UACL. Payment by UACL will be made upon receipt by UACL of CARRIER's freight bill, bill of lading, clear delivery receipt, and any other necessary billing documents enabling UACL to ascertain that service has been provided at the agreed upon charge. In the event service is provided and it is subsequently discovered that there was no applicable rate in the existing Schedule of Rates or supplements, the parties agree that the rate paid by UACL and collected by CARRIER shall be the agreed upon correct rate. CARRIER agrees that UACL has the exclusive right to handle all billing of freight charges to the Customer for the transportation services provided herein, and, as such, CARRIER agrees to refrain from all collection efforts against the shipper, receiver, consignee, consignor or the Customer. CARRIER further agrees that UACL has the discretionary right to offset any payments owed by CARRIER hereunder for liability incurred by CARRIER pursuant to this Agreement.

7.  CARRIER will not solicit traffic from any shipper, consignor, consignee or customer of UACL where (1) the availability of such traffic first became known to CARRIER as a result of UACL's efforts, or (2) the traffic of the shipper, consignor, consignee or Customer of UACL was first tendered to CARRIER by UACL. If CARRIER breaches this Agreement and directly or indirectly solicits traffic from customers of UACL and obtains traffic from such customer during the term of this Agreement or for twelve (12) months thereafter, CARRIER shall be obligated to pay UACL, for a period of fifteen (15) months thereafter, commission in the amount of twenty percent (20%) of the transportation revenue resulting from traffic transported for the Customer, and CARRIER shall provide UACL with all documentation requested by UACL to verify such transportation revenue.

8.  CARRIER warrants that all shipments transported by CARRIER on behalf of UACL will be transported under its motor carrier authority, and that CARRIER shall not in any manner subcontract, broker or arrange for the shipments to be transported by a third party without the prior written consent of UACL. Both parties waive their respective rights and remedies under 49 USC § 14101(B), and CARRIER agrees that common carrier rates and charges will not apply under any circumstances.

9.  In the event of disagreement or dispute resulting in legal action, the prevailing party shall be entitled to reimbursement of legal fees.

Universal Am-Can, Ltd.

*0391581595*

UACL/OEI_000020

06/17/2008 13:24 7083318684 OVERNITE LOGISTICS PAGE 04

06/12/2008 12:24 7083318684 OVERNITE LOGISTICS PAGE 05

10. CARRIER will be solely responsible for the dispatch of CARRIER's driver into any shipper or consignee related to the transportation services provided hereunder, provided, however, that CARRIER agrees to contact UACL's designated agent with billing information immediately upon completion of loading and with the name of receiver and status of delivery immediately upon completion of delivery.

11. CARRIER shall not withhold any goods of the Customer on account of any dispute as to rates or any alleged failure of UACL to pay charges incurred under this Agreement. CARRIER is relying upon the general credit of UACL and hereby waives and releases all liens which CARRIER might otherwise have to any goods of UACL or its Customer in the possession or control of CARRIER.

12. CARRIER shall defend, indemnify, and hold UACL harmless from and against all loss, liability, damage, claim, fine, cost or expense, including reasonable attorney's fees, arising out of or in any way related to the performance or breach of this Agreement by CARRIER, its employees or independent contractors working for CARRIER (collectively, the "Claims"), including, but not limited to, Claims for or related to personal injury (including death), property damage and CARRIER's possession, use, maintenance, custody or operation of the Equipment provided, however, that CARRIER's indemnification and hold harmless obligations under this paragraph will not apply to any portion of such claim attributable to the tortious conduct of UACL.

13. THIS AGREEMENT, together with subsequently issued RATE CONFIRMATION SHEETS, constitutes the entire agreement between the parties. No additions can be made unless issued in writing and signed by both parties.

14. Any and all Detention, Layover or Truck Ordered Not Used charges will be paid when Universal Am-Can Ltd. collects the charges.

IN WITNESS WHEREOF, the parties have indicated their approval by signature of their authorized representatives on the day and the date first above noted.

| BROKER: | CARRIER: |
|---|---|
| UNIVERSAL AM-CAN, LTD BROKERAGE DIVISION | Martin Bulk Milk |
| AUTHORIZED SIGNATURE | [signature] AUTHORIZED SIGNATURE |
| MAILING ADDRESS: | MAILING ADDRESS: |
| P.O. Box 2007 WARREN, MI 48090 | 1101 Water St. Wilton, Wi. 54670 |

Universal Am-Can, Ltd.
*U3913015 05*

JUN-17-2008 13:02 From:MARTIN BULK MILK To:17083318684 Page:3/9

UACL/OEI_000021

05/17/2000 13:24 7083318584          OVERNITE LOGISTICS          PAGE 05

*Sec - 608-435-6510*
*Fed ID 39-130/505*
*M.C. 172816*

PM-31
(Rev. 10/84)

INTERSTATE COMMERCE COMMISSION

PERMIT

No. MC 172815 (Sub 1)

MARTIN'S BULK MILK SERVICE, INC.
WILTON, WI

SERVICE DATE
APR 23 1987

This Permit is evidence of the carrier's authority to engage in transportation as a contract carrier by motor vehicle.

This authority will be effective as long as the carrier maintains compliance with the requirements pertaining to insurance coverage for the protection of the public (49 C.F.R 1043); the designation of agents upon whom process may be served (49 CFR 1044); the execution of contracts (49 CFR 1053)*; and for passenger carriers, tariffs or schedules (49 CFR 1312).

This authority is subject to any terms, conditions, and limitations as are now, or may later be, attached to this privilege.

The transportation service to be performed is described on the reverse side of this document.

By the Commission.

(SEAL)                NORETA R. McGEE,
                      Secretary.

*While the execution of contracts must be accomplished, it is unnecessary to file them with the Commission.

NOTE:  If there are discrepancies regarding this Permit, please notify the Commission within 30 days.

Universal Am-Can, Ltd.

*U039159159 5*

To operate as a contract carrier, by motor vehicle, in interstate or foreign commerce, over irregular routes, transporting general commodities (except classes A and B explosives and household goods), between points in the U.S. (except AK and HI), under continuing contract(s) with commercial shippers or receivers of such commodities.

P15of16/16          7083318584          From:MARTIN BULK MILK     JUN-17-2008 13:14

UACL/OEI_000022

06/17/2008 13:24 7083318684 OVERNITE LOGISTICS PAGE 05

Form **W-9** (Rev. January 2003) Department of the Treasury Internal Revenue Service

# Request for Taxpayer Identification Number and Certification

Give form to the requester. Do not send to the IRS.

Name: Martin's Bulk Milk Service, Inc.

Business name, if different from above

Check appropriate box: ☐ Individual/Sole proprietor ☒ Corporation ☐ Partnership ☐ Other ► ........ ☐ Exempt from backup withholding

Address (number, street, and apt. or suite no.): P.O. Box 276

Requester's name and address (optional)

City, state, and ZIP code: Wilton, WI 54670

List account number(s) here (optional)

**Part I** Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

Note: If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number: | | | | | | | | |

or

Employer identification number: 39-1301525

**Part II** Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien).

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

Sign Here — Signature of U.S. person ► [signature] Date ► 8-15-05

## Purpose of Form

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

U.S. person. Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

*Note: If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

Foreign person. If you are a foreign person, use the appropriate Form W-8 (see Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

Nonresident alien who becomes a resident alien. Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the recipient has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

Cat. No. 10231X

Universal Am-Can, Ltd.

*0391301585*

JUL-17-2008 (upside down, partly illegible) From: MARTIN BULK MILK To: 17083318684 Page: 2/6

06/17/2008 13:24 7883318584 OVERNITE LOGISTICS PAGE 07

## ACORD. CERTIFICATE OF LIABILITY INSURANCE

Universal Am-Can, Ltd.

*U39139159 5*

UACL/OEI_000024

05/17/2008   13:24    7883318584          OVERNITE LOGISTICS          PAGE  08

## ACORD  CERTIFICATE OF LIABILITY INSURANCE

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

| COVERAGES | | LIMITS |
|---|---|---|
| GENERAL LIABILITY | | EACH OCCURRENCE $1,000,000 |
| X COMMERCIAL GENERAL LIABILITY | 984414 | DAMAGE TO RENTED PREMISES $100,000 |
| CLAIMS MADE X OCCUR | | MED EXP (Any one person) $5,000 |
| | | PERSONAL & ADV INJURY $1,000,000 |
| | | GENERAL AGGREGATE $2,000,000 |
| | | PRODUCTS-COMP/OP AGG $2,000,000 |

CERTIFICATE HOLDER

Sample
For Illustration Purposes Only

Universal Am-Can, Ltd.

*U591591595*

ACORD 25 (2001/08)                    © ACORD CORPORATION 1988

UACL/OEI_000025

06/17/2008  13:24  7083318584                    OVERNITE LOGISTICS                    PAGE  03

U.S. Department of
Transportation
Federal Motor
Carrier Safety
Administration

400 Seventh St. S.W.
Washington, D.C. 20590
November 9, 2004

In reply refer to:
Your USDOT No.: 822274
Review No.: 343947/GL

DAVE MARTIN
OPERATIONS MANAGER
MARTINS BULK MILK SERVICE INC
MARTINS MILK SERVICE
P O BOX 274
WILSON WI 54070

Dear DAVE MARTIN:

The motor carrier safety rating for your company is:

SATISFACTORY

This SATISFACTORY rating is the result of a review and evaluation of your safety fitness completed on November 9, 2004. A SATISFACTORY rating indicates that your company had adequate safety management controls in place to meet the safety fitness standard prescribed in 49 C.F.R. 385.5.

Please assure yourself that any specific deficiencies identified in the review report have been corrected. We appreciate your efforts toward promoting motor carrier safety throughout your company. If you have questions or require further information, please contact your local Federal Motor Carrier Safety Administration office listed below.

U.S. DEPARTMENT OF TRANSPORTATION
FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION
567 D'ONOFRIO DRIVE, SUITE 101
MADISON, WI 53719-2814
Telephone No.: 608-829-7530

Charles A. Bryan, III
Director, Office of Enforcement and
Compliance

Universal Am-Can, Ltd.

*059159159S*

UACL/OEI_000026

06/17/2008  13:24     7283318604          OVERNITE LOGISTICS              PAGE  18



**MARTIN'S** BULK MILK SERVICE, INC.
1101 Water Street • P.O. Box 278 • Wilton, WI 54870
Phone 608-435-6561 • Fax 608-435-6510

*We Do Whatever It Takes*

CREDIT REFERENCES:

River States Truck & Trailer
P. O. Box 2075
La Crosse, WI 54602-2075
Contact: Lisa Bell
800-236-0800

Truck Country
P. O. Box 689707
Milwaukee, WI 53268-9707
Contact: Ken
800-837-7367

Compunet Credit Services, Inc.
P.O. Box 710
Lake Havasu City, AZ 86405-0710
Contact: Tina Marie
800-872-3748

Universal Am-Can, Ltd.



*U 0 3 9 1 3 0 1 5 0 5 *

UACL/OEI_000027

DEPOSITION
EXHIBIT
Martin (1)
1/12/10

UACL/OEI_000001

05/17/2008  13:24   7883318584          OVERNITE LOGISTICS          PAGE  01

05/12/2008  12:24   7883318584          OVERNITE LOGISTICS          PAGE  05

MART1505

PO BOX 2007
WARREN MI 48090-2007

## CARRIER SURVEY

### ALL AREAS OF THIS FORM MUST BE COMPLETED FOR APPROVAL

CARRIER NAME: Martin Bulk Milk Services

MAILING ADDRESS: 1101 Water St.

CITY, STATE: Wilton, W. 54670

PHYSICAL ADDRESS: Same

CITY, STATE: Same

ARE YOUR LOADS FAED THRU A FACTORING COMPANY? ___ YES ✓ NO

FACTORING COMPANY NAME: _____

ADDRESS: _____

CITY AND STATE: _____

CONTACT PHONE: _____

### CARRIER INFORMATION

TELEPHONE NUMBER: 608-435-6561      800-972-8761

FAX NUMBER: 608-435-6510

PRESIDENT / CEO: Allan Martin

OPERATIONS CONTACT: Dave Martin

FEDERAL ID NUMBER: 39-130160 5      MC# 172916

ARE YOU INCORPORATED? yes

OPERATIONS INFORMATION
DO YOU HANDLE HAZMAT? YES (NO)

EQUIPMENT QTY:
FLATBEDS: _____  DROP DECKS: _____  TARPS: YES-NO

VANS: 26      REEFERS: 195      OTHER: _____

NUMBER OF POWER UNITS: 125

PLEASE FAX BACK TO BROKERAGE AT 1-_____

Universal Am-Can, Ltd.

*U03913Б1595*

UACUOEL_000019

Universal Am-Can, Ltd.

# MASTER BROKERAGE AGREEMENT
## UNIVERSAL AM-CAN LTD.

THIS AGREEMENT, entered into on this 12 day of June, 2005 between UNIVERSAL AM-CAN, LTD BROKERAGE DIVISION, a Property Broker as per MC #167922, stub 5 (UACL), and _Mesilla Valley Bulk Service_, a motor contract carrier as per MC# 172616.

(CARRIER).

WHEREAS, UACL is a Property Broker in the business of arranging freight from individual shippers and negotiating with common and contract carriers for the transportation of such freight; and

WHEREAS, CARRIER is a Motor Contract Carrier or a Common Carrier operating in interstate and/or intrastate commerce in accordance with authority issued by the Federal Motor Carrier Safety Administration and/or other appropriate governmental authorities.

NOW THEREFORE, in consideration of mutual covenants and promises herein contained, the parties agree as follows:

1. The term of this AGREEMENT shall be for a period of one year, and will automatically renew year after year, for like terms, until cancelled upon 30 days written notice of one party to the other.

2. CARRIER and UACL agree that this Agreement is not exclusive and that both CARRIER and UACL are free to contract with other parties offering the same or similar services.

3. CARRIER is an independent contractor and is IN NO WAY TO BE CONSIDERED AN AGENT, EMPLOYEE OR JOINT VENTURER of UACL. In the handling of any and all freight, CARRIER represents and warrants that it is duly and legally qualified to operate as a contract carrier, the transportation contemplated herein. CARRIER further represents and warrants that it does and have a satisfactory safety rating issued from the U.S. Department of Transportation, and further agrees to comply with all federal, state and local laws regarding the provision of the transportation services contemplated under this Agreement.

4. CARRIER shall be liable, without limitation, for all loss, damage or liability resulting from their transportation of any property tendered by UACL hereunder as a common carrier and shall process all claims for loss, damage or delivery in accordance with the Code of Federal Regulation (49 C.F.R. Part 370).

5. CARRIER shall procure and maintain, at his sole cost and expense, the following insurance coverages:

(a) Public liability and property damage insurance with a reputable and financially responsible insurance company insuring CARRIER in an amount not less than $1,000,000.00 U.S. Dollars per occurrence.

(b) All Risk Broad Form Motor Truck Cargo Legal Liability insurance in an amount not less than $100,000.00 U.S. Dollars per occurrence. Such insurance policy

*8091381855*

709-331-9604

06/17/2009  13:24   7063316504              OVERNITE LOGISTICS                    PAGE   03

06/12/2009  12:24   7063712004              OVERNITE LOGISTICS                    PAGE   04

shall name CARRIER and UACL as insureds and provide coverage to UACL, the Customer or the owner and/or consignee for any loss, damage or delay related to any property coming into the possession of CARRIER under this Agreement. The coverage provided under this policy shall have no exclusions or restrictions of any type that would foreseeably preclude coverage relating to cargo claims.

(c)   Statutory Workers' Compensation Insurance and Employee liability coverage in such amounts and in such form as required by applicable state law.

(d)   CARRIER shall furnish to UACL written certificates obtained from the insurance CARRIER showing that such insurance has been procured, is being properly maintained, the expiration date, and specifying that written notice of cancellation or modification of the policies shall be given to UACL at least thirty (30) days prior to such cancellation or modification. Upon request, CARRIER shall provide UACL with copies of the applicable insurance policies.

5.    UACL agrees to pay CARRIER for services provided in accordance with the RATE CONFIRMATION SHEET, issued by UACL and signed by CARRIER as a supplement to this AGREEMENT prior to dispatch of CARRIER equipment. CARRIER represents and warrants that there are no other applicable rates or charges except those established in this Agreement or in any Rate Confirmation Sheet signed by UACL. Payment by UACL will be made upon receipt by UACL of CARRIER's freight bill, bill of lading, clear delivery receipt, and any other necessary billing documents enabling UACL to ascertain that service has been provided at the agreed upon charge. In the event service is provided and it is subsequently discovered that there was no applicable rate in the existing Schedule of Rates or supplements, the parties agree that the rate paid by UACL and collected by CARRIER shall be the agreed upon correct rate. CARRIER agrees that UACL has the exclusive right to handle all billing of freight charges to the Customer for the transportation services provided herein, and, as such, CARRIER agrees to refrain from all collection efforts against the shipper, receiver, consignor, consignee or the Customer. CARRIER further agrees that UACL has the discretionary right to offset any payments owed to CARRIER hereunder for liability incurred by CARRIER pursuant to or this Agreement.

6.    CARRIER will not solicit traffic from any shipper, consignor, consignee or customer of UACL where (i) the availability of such traffic first became known to CARRIER as a result of UACL's efforts, or (ii) the traffic of the shipper, consignor, consignee or Customer of UACL was first tendered to CARRIER by UACL. If CARRIER breaches this Agreement and directly or indirectly solicits traffic from customers of UACL and obtains traffic from such customer during the term of this Agreement or for twelve (12) months thereafter, CARRIER shall be obligated to pay UACL, for a period of fifteen (15) months thereafter, commission in the amount of twenty percent (20%) of the transportation revenue resulting from traffic transported for the Customer, and CARRIER shall provide UACL with all documentation requested by UACL to verify such transportation revenue.

8.    CARRIER warrants that all shipments transported by CARRIER on behalf of UACL will be transported under its motor carrier authority, and that CARRIER shall not in any manner subcontract, broker or arrange for the shipments to be transported by a third party without the prior written consent of UACL. Both parties waive their respective rights and remedies under 49 USC § 14101(b), and CARRIER agrees that common carrier rates and charges will not apply under any circumstances.

9.    In the event of disagreement or dispute resulting in legal action, the prevailing party shall be entitled to reimbursement of legal fees.

Universal Am-Can, Ltd.

*U59138159S*

UACL/OEI_000020

10. CARRIER will be solely responsible for the dispatch of CARRIER's driver into any shipper or consignee related to the transportation services provided hereunder, provided, however, that CARRIER agrees to contact UACL's designated agent with billing information immediately upon completion of loading and with the name of receiver and status of delivery immediately upon completion of delivery.

11. CARRIER shall not withhold any goods of the Customer on account of any dispute as to rates or any alleged failure of UACL to pay charges incurred under this Agreement. CARRIER is relying upon the general credit of UACL and hereby waives and releases all liens which CARRIER might otherwise have to any goods of UACL or its Customer in the possession or control of CARRIER.

12. CARRIER shall defend, indemnify, and hold UACL harmless from and against all loss, liability, damage, claim, fine, cost or expense, including reasonable attorney's fees, arising out of or in any way related to the performance or breach of this Agreement by CARRIER, its employees or independent contractors working for CARRIER (collectively, the "Claims"), including, but not limited to, Claims for or related to personal injury (including death), property damage and CARRIER's possession, use, maintenance, custody or operation of the Equipment provided, however, that CARRIER's indemnification and hold harmless obligations under this paragraph will not apply to any portion of such claim attributable to the tortious conduct of UACL.

13. THIS AGREEMENT, together with subsequently issued RATE CONFIRMATION SHEETS, constitutes the entire agreement between the parties. No additions can be made unless issued in writing and signed by both parties.

14. Any and all Detention, Layover or Truck Ordered Not Used charges will be paid when Universal Am-Can Ltd. collects the charges.

IN WITNESS WHEREOF, the parties have indicated their approval by signature of their authorized representatives on the day and the date first above noted.

| BROKER: | CARRIER: |
|---|---|
| UNIVERSAL AM-CAN, LTD BROKERAGE DIVISION | Martin Bulk Milk |
| AUTHORIZED SIGNATURE | [signature] AUTHORIZED SIGNATURE |
| MAILING ADDRESS: | MAILING ADDRESS: |
| P.O. Box 2007 WARREN, MI 48090 | 1101 Water St. Wilton, Wi 54670 |

Universal Am-Can, Ltd.

*03913915 95*

UACL/OEI_000021

05/17/2009 13:24   7683318584            OVERNITE LOGISTICS            PAGE  05

*Fax- 608-435-6510#*
*Fed ID 39-1301505*
*m.c. 172816*

FM-31
(Rev. 10/84)

INTERSTATE COMMERCE COMMISSION

PERMIT

No. MC 172816 (Sub 1)

MARTIN'S BULK MILK SERVICE, INC.
WILTON, WI

SERVICE DATE

APR 23 1987

This Permit is evidence of the carrier's authority to engage
in transportation as a contract carrier by motor vehicle.

This authority will be effective as long as the carrier
maintains compliance with the requirements pertaining to
insurance coverage for the protection of the public (49 C/R
1043); the designation of agents upon whom process may be served
(49 CFR 1044); the execution of contracts (49 CFR 1053)*; and for
passenger carriers, tariffs or schedules (49 CFR 1312).

This authority is subject to any terms, conditions, and
limitations as are now, or may later be, attached to this
privilege.

The transportation service to be performed is described on
the reverse side of this document.

By the Commission.

(SEAL)                          NORETA R. McGEE,
                                Secretary.

*While the execution of contracts must be accomplished, it is
unnecessary to file them with the Commission.

NOTE:  If there are discrepancies regarding this Permit, please
       notify the Commission within 30 days.

Universal Am-Can, Ltd.

*U03913915B5*

To operate as a contract carrier, by motor vehicle, in interstate
or foreign commerce, over irregular routes, transporting general
commodities (except classes A and B explosives and household
goods), between points in the U.S. (except AK and HI), under
continuing contract(s) with commercial shippers or receivers of
such commodities.

UACL/OEI_000022

06/17/2009   13:24   7663318584                     OVERNITE LOGISTICS                PAGE   06

**Form W-9**
(Rev. January 2002)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer Identification Number and Certification**

Give form to the requester. Do not send to the IRS.

Name: *Medina Bulk Milk Service, Inc.*

Check appropriate box: [ ] Individual/Sole proprietor  [X] Corporation  [ ] Partnership  [ ] Other

Address (number, street, and apt. or suite no.): *P.O. Box 276*

City, state, and ZIP code: *Wilton, WI 54670*

**Part I — Taxpayer Identification Number (TIN)**

Employer identification number: *39 1 301 5185*

**Part II — Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number, and
2. I am not subject to backup withholding, and
3. I am a U.S. person.

Sign Here: Signature of U.S. person ▶ *(signature)*     Date ▶ *8-15-05*

**Purpose of Form**

A person who is required to file an information return with the IRS...

Universal Am-Can, Ltd.

UACL/OEI_000023

06/17/2008  13:24   7883318584                    OVERNITE LOGISTICS                PAGE  07

## ACORD. CERTIFICATE OF LIABILITY INSURANCE



UACL/OEI_000024

06/17/2008 13:24 7883318684 OVERNITE LOGISTICS PAGE 08

# ACORD CERTIFICATE OF LIABILITY INSURANCE

OP ID DS MARTI-1 | DATE (MM/DD/YYYY) 04/30/08

PRODUCER
Hofmeister Insurance Agency.
806 Water Ave.
PO Box 428
Hillsboro WI 54634
Phone: 608-489-2461 Fax: 608-489-2244

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: Acuity | |
| INSURER B: | |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |

INSURED
Marting Bulk Milk Service Inc
Dba Logistics, Inc
1101 Water St PO Box 276
Wilton WI 54670

COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY<br>[X] COMMERCIAL GENERAL LIABILITY<br>CLAIMS MADE [X] OCCUR<br>GEN'L AGGREGATE LIMIT APPLIES PER: POLICY / PROJECT / LOC | -564414 | 04/03/08 | 04/03/09 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $100,000 |
| | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | AUTOMOBILE LIABILITY<br>ANY AUTO<br>ALL OWNED AUTOS<br>SCHEDULED AUTOS<br>HIRED AUTOS<br>NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY<br>ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC | $ |
| | | | | | | AGG | $ |
| | | EXCESS/UMBRELLA LIABILITY<br>OCCUR / CLAIMS MADE<br>DEDUCTIBLE<br>RETENTION $ | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS / OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | OTHER | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
SIGNATURE

Universal Am-Can, Ltd.
*0391301505*

CERTIFICATE HOLDER
SAMP001
Sample
For Illustration Purposes Only

CANCELLATION
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.
AUTHORIZED REPRESENTATIVE
Steven E. Hofmeister

ACORD 25 (2001/08) © ACORD CORPORATION 1988

JUN-17-2008 13:14 From:MARTIN BULK MILK To:1...

UACL/OEI_000025

05/17/2008 13:24 7863318584 OVERNITE LOGISTICS PAGE 09

U.S. Department of
Transportation
Federal Motor
Carrier Safety
Administration

400 Seventh St., S.W.
Washington, D.C. 20590

November 9, 2004

In reply refer to:
Your USDOT No.: 322274
Review No.: 349397/GR

DAVE MARTIN
OPERATIONS MANAGER
MARTIN BULK MILK SERVICE INC
MARTINS MILK SERVICE
P O BOX 276
WAUPUN WI 54970

Dear DAVE MARTIN:

The motor carrier safety rating for your company is:

SATISFACTORY

This SATISFACTORY rating is the result of a review and evaluation of your safety fitness completed on November 9, 2004. A SATISFACTORY rating indicates that your company has adequate safety management controls in place to meet the safety fitness standard prescribed in 49 C.F.R. 385.5.

Please assure yourself that any specific deficiencies identified in the review report have been corrected. We appreciate your efforts toward promoting motor carrier safety throughout your company. If you have questions or require further information, please contact your local Federal Motor Carrier Safety Administration office listed below:

U.S. DEPARTMENT OF TRANSPORTATION
FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION
567 D'ONOFRIO DRIVE, SUITE 101
MADISON, WI 53719-2814
Telephone No.: 608-829-7518

Charles A. Horan, III
Director, Office of Enforcement and
Compliance

Universal Am-Can, Ltd.

*U59158915B5*

UACL/OEI_000026

06/17/2008   13:24      7283318684              OVERNITE LOGISTICS              PAGE  10

**MARTIN'S BULK MILK SERVICE, INC.**
1101 Water Street • P.O. Box 278 • Wilton, WI 54670
Phone 608-435-6561 • Fax 608-435-6810

"We Do Whatever It Takes"

CREDIT REFERENCES:

River States Truck & Trailer
P. O. Box 2075
La Crosse, WI 54602-2075
Contact: Lisa Bell
800-236-0800

Truck Country
P. O. Box 689707
Milwaukee, WI 53268-9707
Contact: Ken
800-837-7367

Compunet Credit Services, Inc.
P.O. Box 710
Lake Havasu City, AZ 86405-0710
Contact: Tina Marie
800-872-3748

Universal Am-Can, Ltd.

*U3913015G5*

UACL/OEI_000027