UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 09 CV 05340 |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., and OX LLC, BMW OF NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKEAKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge James F. Holderman  Magistrate Judge Susan Cox |
| Defendants. | ) | |

**RESPONSE TO DEFENDANT, INTERNATIONAL PAPER COMPANY'S, MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter referred to as "MBMS") and SAMUEL G. FRANKE (hereinafter referred to as "FRANKE"), by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Response to Defendant, INTERNATIONAL PAPER COMPANY's (hereinafter referred to as "IPC"), Motion for Summary Judgment, state as follows:

I.  **MOTION TO STRIKE IPC'S MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Northern District of Illinois Local Rule 56.1(a) provides that facts in support of a motion for summary judgment must contain short numbered paragraphs with specific references to the record.  N.D. Ill. Ct. R. 56.1(a)(3).  "[T]he district court is within its discretion to strictly enforce compliance with its local rules regarding summary judgment motions."  Patterson v. Indiana Newspapers, Inc., 589 F.3d 357, 359 (7th Cir. 2009).  Here, IPC has failed to comply with Northern District of Illinois Local Rule 56.1(a) and as such, IPC's Motion for Summary Judgment should be denied.  Strict compliance with Local Rule 56.1 mandates that IPC submit facts in the form of short numbered paragraphs with citations to the record.  "Judges are not like pigs hunting for truffles buried" in the record. Greer v. Bd. of Educ. of City of Chicago, 267 F.3d 723, 727 (7th Cir. 2001).  Under Federal Rules of Civil Procedure Rule 56(e), if a party fails to support an asserted fact, the Court can disregard or strike that asserted fact. However, with regard to paragraphs 2, 3, 4, 8, 10, 11, 12, 13, 14, 19, 25, 26, 27, 30, 32, 33, 35, 36, 37, 41, 42, 43, 51, 53, 55, 58, 59, 63, 64, 67, 69, 70, and 73, IPC has failed to comply with the Local Rules as its Statement of Material Facts fails to adequately cite to the record. The record cited by IPC in paragraphs 2 and 3 are unsupported by admissible evidence. See Diab v. Chicago Bd. of Educ., 850 F. Supp. 2d 899, 922 (N.D. Ill. 2012). Further, the record cited by IPC in paragraphs 4, 8, 10, 13, 14, 19, 25, 30, 33, 35, 36, 37, 42, 43, 51, 53, 55, 56, 58, 63, 67, 69, and 73 do not support the facts alleged by IPC. For paragraphs 42, 43, and 55, IPC has cited to pages of a deposition that do not exist.  Paragraphs 11, 12, 13, 25, 26, 27, 59, and 64 call for a legal conclusion and must be stricken.  Paragraphs 36, 41, 53, 63, 67, and 70 are vague and ambiguous.  The parties

and the Court should not be expected to perform the task IPC failed to adequately do in the first instance. Due to its failure to strictly comply with Local Rule 56.1, this Court should strike the facts alleged by the IPC.

## II. RESPONSE TO IPC'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is a drastic and extreme remedy that must be awarded with caution to avoid preempting a litigant's right to trial by jury or his right to fully present the factual basis of a case where a material dispute may exist. Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2nd Cir. 1985). Any and all depositions, pleadings, admissions, affidavits and exhibits on file must be viewed in the light most favorable to the nonmoving party and show no genuine issue of any material fact. De Valk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 329 (7th Cir. 1986). Further, even if the facts are not in dispute, a triable issue of fact exists where "reasonable minds might differ in drawing inferences from those facts." Id. If any reasonable jury could find for the nonmoving party, summary judgment should not be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The judge's function at the stage of summary judgment is not to weigh the evidence, but rather to determine whether there exists an issue for trial. Id. Under Illinois law, "[w]hether the relationship of the principal and agent or owner and independent contractor exists is a question of fact for the jury unless the relationship is so clear as to be indisputable." Perkinson v. Manion, 163 Ill. App. 3d 262, 266, 516 N.E.2d 977, 980 (5th Dist. 1987). In order to rule in favor of summary judgment, the Court must find that there was a clear independent contractor relationship as the "question of the existence of the relationship cannot be one of law." Id. IPC is unable to

meet this demanding threshold in this matter as a question of fact exists as to whether an agency relationship exists between IPC and MBMS/FRANKE.

Under the doctrine of *respondeat superior,* a principal may be held liable for the actions of its agent. Sperl v. C.H. Robinson Worldwide, Inc., 408 Ill. App. 3d 1051, 1057, 946 N.E.2d 463, 470 (3rd Dist. 2011). Whether one is an agent or an independent contractor is determined by "level of control over the manner of work performance." Id. A court must take into consideration all of the surrounding circumstances and actions of the parties without limiting itself to titles or contractual provisions. Id. Courts have found relied upon various factors to determine whether an agency relationship in fact existed, including the right to control the manner of work performance, regardless of whether that right was exercised; the nature of the work performed in relation to the general business of the employer; the right to discharge; method of payment; provision of necessary tools, materials, and equipment; deduction of taxes; and level of skill required. Id. at 1057-58, 946 N.E. 2d at 471-472. No single factor is determinative, although courts have placed a heavy emphasis on the right to control performance. Petrovich, 188 Ill. 2d at 48, 719 N.E. 2d at 773. The mere fact that the parties may have agreed to label their relationship an independent contractor relationship is in no way dispositive. Manahan v. Daily News-Tribune, 50 Ill. App. 3d 9, 14, 365 N.E. 2d 1045, 1049 (3rd Dist. 1977). The actual conduct of the parties controls the analysis of what type of relationship that existed between the parties.

In its Motion, IPC cites and relies upon Dowe v. Birmingham Steel Corp., 357 Ill. Dec. 391, 963 N.E. 2d 344 (1st Dist. 2011), Wilson-McCray v. Stokes, 2003 WL 22901569 (N.D. Ill. 2003), Shoemaker v. Elmhurst-Chicago Stone Co., Inc., 273 Ill. App.

3d 916, 652 N.E. 2d 1037 (1st Dist. 1994), Boyle v. RJW Transport, Inc., 2008 WL 4877108 (N.D. Ill. 2008), Petersen v. U.S. Reduction Co., 267 Ill. App. 3d 775, 641 N.E. 2d 845 (1st Dist. 1994), Oliveira-Brooks v. Re/Max Intern., Inc., 372 Ill. App. 3d 127, 865 N.E. 2d 252 (1st Dist. 2007), Jones v. C.H. Robinson Worldwide, Inc., 558 F. Supp. 2d 630 (W.D. Va. 2008), and Schramm v. Foster, 341 F. Supp. 2d 536 (D. Md. 2004). In doing so, IPC relies heavily on the written agreement between IPC and UNIVERSAL AM CAN LTD. d/b/a and successor to OVERNITE EXPRESS, INC. (hereinafter referred to as "UACL"). However, as the Court held in Sperl, the existence of language in a contract defining the relationship between the parties **cannot** be dispositive of employment status. Sperl, 408 Ill. App. 3d at 1057, 946 N.E.2d at 471. See also Roberson v. Industrial Comm'n, 225 Ill. App. 3d at 1057, 866 N.E.2d 191 (finding an agency relationship existed even though the contract stated the relationship was that of an independent contractor). Rather, it is merely a factor to consider, and "does not, as a matter of law, determine an individual's agency status." Sperl, 408 Ill. App. 3d at 1057, 946 N.E.2d at 471. Consequently, the Court must look at the totality of the circumstances and the behavior of the parties to determine whether there was an agency relationship. The cases cited by IPC are distinguishable from the case at bar. Initially, Jones and Schramm are distinguishable as they applied law from states other than Illinois. Further, Petersen and Oliveira-Brooks are factually distinguishable as they do not involve motor vehicle accidents involving a tractor-trailer.[1] To the extent that

---

[1] Peterson is distinguishable from the instant matter as it involved the shooting of a truck driver who voluntarily crossed picket lines while workers were on strike. Oliveira-Brooks involved a personal motor vehicle accident wherein the passenger attempted to sue the driver, a real estate agent, and the real estate sales company that the driver worked for. Neither case involved a trucking accident or facts similar to the case at hand.

Jones, Schramm, Boyle, Wilson-McCray, and Shoemaker appear to be factually similar to this case, they have not been followed in Illinois in light of the decision in Sperl.

In Jones, unlike this case, the defendant could not determine the carrier's schedule during a trip, and there was no evidence to show that the defendant dictated the size or condition of the equipment or set minimum standards for the provision of transportation services. Although the defendant could "bounce" a load from a carrier, it did so only when the carrier could not perform the delivery for any reason. Likewise, in Schramm, the defendant was not allowed to control the activities of the drivers in transit. This case is distinguishable from Wilson-McCray and Dowe, which involved the same occurrence, as several facts exist in this case that did not exist in those cases. Specifically, Wilson-McCray and Dowe did not involve a situation in which the defendant dictated the size and type of the trailer, controlled the hours of pick-up and delivery, gave specific pick-up and delivery instructions and times, and had the right to refuse a driver. More importantly, Wilson-McCray and Dowe did not involve situations where the shipper owned the product being shipped. Further, Boyle can be distinguished from the case at hand as the defendant did not dictate the size and type of trailer. Shoemaker is also distinguishable from the instant matter as it involved a shipper that did not retain control over rejecting a driver, and did not give specific and detailed instructions to the drivers regarding the pick-up or delivery of the products. As discussed below, IPC dictated the "means and methods" of the transport and had control over the load at issue. As such, this case is more analogous to Sperl.

In Sperl, the Court determined that the defendant, C.H. Robinson ("CHR"), was a principal of the defendants truck driver/carrier after examining multiple factors. Sperl,

408 Ill. App. 3d at 1059, 946 N.E. 2d at 472. The Court noted that CHR specified the length and type of trailer to be utilized, had special instructions concerning the load, required daily check calls, maintained constant communication with the driver, and the work performed by the truck driver/carrier was the general business of CHR. Id. The Court found this last factor of close alignment to be of "great significance" in determining whether there existed an agency relationship. Id. at 1058-59, 946 N.E. 2d at 472.

Here, the facts are similar to those in Sperl. Despite IPC's contention that its relationship with MBMS/FRANKE is defined by the agreement with UACL, the overall circumstances and behavior of the parties is what defines the relationship. See Roberson, 225 Ill. 2d 159, 866 N.E.2d 191 (finding that an employer-employee relationship existed despite a written agreement defining the relationship as that of an independent contractor based upon the conduct of the parties). As in Sperl, IPC and UACL required MBMS to have a 53-foot trailer. Likewise, MBMS was required to follow **any** requirements and instructions given by IPC. IPC owned the warehouse and the products being shipped. Further, IPC requested that MBMS be utilized to transport their products. UACL and IPC also dictated the order of deliveries on the Bills of Lading and Broker Confirmation Sheets, which directed MBMS/FRANKE as to the date, time, place, and order of deliveries. IPC and UACL dictated when and where goods would be picked up by MBMS/FRANKE. MBMS was required by UACL and IPC to inspect its trailers and the loads. IPC and UACL also retained the right to disallow MBMS' drivers, such as FRANKE, from delivering their loads, whether for conduct or inappropriate dress. MBMS was the representative and agent for IPC and UACL when performing transportation services on their behalf. IPC also required minimum service levels,

minimum on-time deliveries, clean and debris-free trailers, compliance with applicable traffic laws, and compliance with IPC's policies and procedures. As most of the factors reviewed by the Sperl Court exist in this case, in addition to multiple other factors illustrated above, the Court should rule as the Court in Sperl did and find that MBMS and FRANKE were agents of IPC.

The Defendants, MBMS and FRANKE, further incorporate by reference Plaintiff's Response to IPC's Motion for Summary Judgment. Finally, IPC's Motion for Summary Judgment is premature as discovery is ongoing and no expert discovery has been completed to date. As the burden of demonstrating that summary judgment is appropriate on IPC, this Court must deny IPC's Motion as the burden has not been met. Here, a genuine issue of material fact exists concerning whether IPC retained the right to control the means and methods of MBMS and/or FRANKE's work to constitute an agency relationship. As the facts in this matter are analogous to those in Sperl, and distinguishable from those in the cases cited by IPC, a jury could reasonably find that a principal-agent relationship existed between MBMS/FRANKE and IPC. As such, IPC's Motion for Summary Judgment must be denied.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE and SAMUEL G. FRANKE, respectfully request that this Honorable Court enter an Order denying the Defendant, INTERNATIONAL PAPER COMPANY's, Motion for Summary Judgment, for the reasons stated herein.

          Respectfully Submitted,


          <u>s/ Matthew R. Schreck</u>
          Matthew R. Schreck, One of the Attorneys for
          Defendants, MARTIN'S BULK MILK SERVICE,
          INC. and SAMUEL G. FRANKE

MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue
Suite 200
Wheaton, IL 60187
(630) 653-9300

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 28, 2013, I electronically filed the foregoing for the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
Courtney A. Marincsin
Shannon Marie McNulty
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago, Illinois  60602
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

Robert J. Golden
Dowd & Dowd, Ltd.
617 West Fulton
Chicago, Illinois 60661
rgolden@dowdanddowd.com

Evan Karnes, II
Neil D. O'Connor, Sr.
O'Connor & Karnes
177 North State
3rd Floor
Chicago, Illinois 60601
ekarnes@oconnorkarnes.com

Carlton Fisher
William Yu
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

                                                                 s/ Matthew R. Schreck