UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No.: 09 CV 05340 |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, CSX INTERMODAL, INC., INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., and OX LLC, BMW OF NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKEAKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge James F. Holderman Magistrate Judge Susan Cox |
| Defendants. | ) | |

**RESPONSE TO INTERNATIONAL PAPER COMPANY'S STATEMENT OF**
**MATERIAL FACTS FOR THE IPC MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter referred to as "MBMS") and SAMUEL G. FRANKE (hereinafter referred to as "FRANKE"), by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Response to International Paper Company's (hereinafter referred to as "IPC") Statement of Material Facts, state as follows:

### A.    Background Facts

1.    Murray Scheinman, Plenary Guardian of the Estate and Person of Jeffrey J. Scheinman, a Disabled Person ("Plaintiff"), filed a Fifth Amended Complaint ("Complaint") on July 26, 2011, seeking recovery from IPC for personal injuries sustained during a highway auto accident and alleging vicarious liability, **not** direct liability or independent tortious conduct of IPC/UACL/OEI/OX, for the acts and omissions of Samuel Franke, and specifically that

> On and before July 2, 2008, defendant Franke was a duly authorized employee, agent and/or apparent agent of defendant, [MBMS, CSXI, CELTIC, TL, IPC, OEI], and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

(JAE 1.)

**RESPONSE:**    The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 1. (See IPC's Joint Appendix of Exhibits ("JAE"), Exhibit "1" – Plaintiff's Fifth Amended Complaint).

2.    The accident involving Franke and Scheinman occurred on July 3, 2008, on Skokie Valley Road at or near its intersection with Half Day Road in Highland Park, Illinois. (JAE 1.)

**RESPONSE:**    The fact alleged in paragraph 2 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 2 of IPC's Statement of Material Facts.

3.      Franke was a truck driver employed by MBMS and was driving the tractor owned by MBMS on July 3, 2008, when he rear-ended the back of the vehicle driven by Plaintiff.  As a result of the collision, Plaintiff sustained injuries and is disabled. (JAE 1.)

**RESPONSE:**      The fact alleged in paragraph 3 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit that FRANKE was a truck driver employed by MBMS and was driving the tractor owned by MBMS on July 3, 2008 as alleged in paragraph 3.  The Defendants, MBMS and FRANKE, deny the remainder of the facts alleged in paragraph 3. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "A", MBMS' and FRANKE's Answer and Affirmative Defenses to Plaintiff's Fifth Amended Complaint at Law).

4.      Martin's Bulk Milk Service ("MBMS") was the owner of the tractor that was driven by Franke that collided with Plaintiff's vehicle. (JAE 1; JAE 12, pp. 8, 20, 24-24, 29, 34, 53; JAE 13, pp. 7, 16, 22, 85.)

**RESPONSE:**      The fact alleged in paragraph 4 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit that MBMS was the owner of the tractor

being driven by FRANKE that made contact with Plaintiff's vehicle. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "A", MBMS and FRANKE's Answer and Affirmative Defenses to Plaintiff's Fifth Amended Complaint at Law).

### B. Relationship Between UACL, OEI and IPC

5.      On May 21, 2008, at the direction of UACL President Mark Limback, Gina Hubbs of UACL sent a letter to IPC requesting an assignment of the IPC-OEI agreement for OEI to provide IPC with transportation services for IPC products, since UACL would take over OEI's operations in June 2008 in accordance with an agreement UACL contemplated, but had yet to effectuate, with OEI (JAE 7, pp. 43. 49; JAE 9, pp. 56-57; JAE 13, pp. 37-38.)

**RESPONSE:**      The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 5 of UACL's Statement of Material Facts.

6.      Effective June 13, 2008, IPC and UACL agreed to "Amendment No. 1" to the IPC-OEI agreement such that IPC would assign the 2007 agreement to UACL, and UACL would assume the responsibilities of the 2007-IPC-OEI transportation agreement. (JAE 7, p. 68; JAE 9, p. 63; JAE 13, pp. 33, 41-42, 46-47, 49, 62, 99.)

**RESPONSE:**      The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 6 of UACL's Statement of Material Facts.

7.      On June 13, 2008, UACL acquired the trucking and brokerage operations of OEI in an Asset Purchase Agreement such that UACL took over the previous OEI trucking services and OEI, for all intents and purposes, ceased

to operate. (JAE 7, pp. 35, 42, 50, 55; JAE 9, pp. 46-47, 49-51, 55; JAE 18, pp. 6-8, 12, 16.)

**RESPONSE:**     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 7.

8.     The amended October 2007 contract between IPC and UACL, effective June 13, 2008, contains a section entitled "Independent Contract" which provides that UACL shall perform all services under the agreement as an independent contractor to IPC and, under no circumstances, shall IPC be construed as having responsibility for UACL's safety, means or methods. (JAE 9, p. 99; JAE 11, pp. 71-72; JAE 12, p. 59; JAE 13, p. 82.)

**RESPONSE:**     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 8 of IPC's Statement of Material Facts.

**C.     Relationship Between UACL and MBMS**

9.     As IPC's transportation services provider beginning June 13, 2008, UACL had an obligation to fulfill the terms of the IPC/UACL contract and, in order to do so, it turned to MBMS to provide the same trucking services that MBMS had provided in the past for OEI with regard to its 2007 contract with IPC. (JAE 7, pp. 76, 102; JAE 9, pp. 17, 83-85.)

**RESPONSE:**     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 9 of IPC's Statement of Material Facts.

10.     In May 2008, in preparation for the eventual UACL purchase of OEI, UACL brokerage manager, John Moorer, sent a draft UACL Master Brokerage Agreement to MBMS. (JAE 8, p. 64.)

**RESPONSE:** The fact alleged in paragraph 10 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment. Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit that John Moorer sent a draft UACL Master Brokerage Agreement to MBMS in May 2008 as alleged in paragraph 10.

11. In order for MBMS to act as a carrier on loads that UACL was brokering, UACL had several requirements for MBMS: (1) the three page Master Brokerage Agreement must be signed; (2) MBMS would have to provide a copy of its authority to operate; (3) MBMS must provide proof of insurance; (4) MBMS must provide a completed W-9; (5) MBMS must complete and return the carrier survey form, and (6) all information has to be faxed to the UACL phone number. (JAE 7, pp. 84, 86, 135, 137; JAE 10, pp. 100-103.)

**RESPONSE:** The fact alleged in paragraph 11 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment. Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 11.

12. MBMS signed and agreed to the UACL Master Brokerage Agreement, effective as of June 12, 2008 and on July 3, 2008, that provided, among other things, that MBMS is an independent contractor to UACL and is not

deemed to be an agent of UACL. (JAE 7, pp. 110-11, 124; JAE 9, pp. 107-108; JAE 10, pp. 127-130.)

**RESPONSE:**     The fact alleged in paragraph 12 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit that MBMS signed the UACL Master Brokerage Agreement as alleged in paragraph 12.   The Defendants, MBMS and FRANKE, deny the remainder of the fact set forth as paragraph 12. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 225, lines 14-16; p. 226, lines 10-13; p. 227, lines 11-15; p.454, lines 17-24; p. 457, lines 1-6; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 21, lines 5-12; p. 82, lines 5-11).

      13.    Pursuant to an agreement between UACL and IPC for delivery of IPC's products to its customers, UACL brokered the subject load to MBMS. (JAE 11, pp. 35, 78.)

**RESPONSE:**      The fact alleged in paragraph 13 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 13. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to

IPC's Motion for Summary Judgment, Exhibit "I" – Deposition of Melody Hansen, pp. 89-90, lines 22-24; lines 1-9).

14.     After June 13, 2008, when picking up IPC products and transporting them from the IPC Midwest Distribution Center, MBMS was delivering goods under the UACL Master Brokerage Agreement. (JAE 7, p. 76; JAE 9, p. 84.)

**RESPONSE:**     The fact alleged in paragraph 14 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment. Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 14. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 225, lines 14-16; p. 226, lines 10-13; p. 227, lines 11-15; p. 454, lines 17-24; p. 457, lines 1-6; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 21, lines 5-12; p. 82, lines 5-11).

### D.     Franke's Conduct Was Controlled by MBMS, Not IPC

15.     Franke was employed by MBMS as a driver since 1999 and was so employed on the date of the occurrence. (JAE 2, pp. 6, 10, 58; JAE 4, pp. 14, 153; JAE 5, pp. 307, 362, 506.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 15 of IPC's Statement of Material Facts.

16.     His work was always assigned through MBMS and his supervisor was David Martin and the Martins of MBMS. (JAE 2, pp. 10, 11; JAE 3, p. 123.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 16 of IPC's Statement of Material Facts.

17.     Franke never had any conversations with anyone at UACL concerning the load he was hauling on July 3, 2008 or any of the loads he hauled before July 3, 2008. (JAE 2, p. 39-40.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 17 of IPC's Statement of Material Facts.

18.     IPC never gave MBMS or Franke instructions or direction concerning Franke. (JAE 4, p. 144; JAE 5, p. 326.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 18. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody

Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" –
Bills of Lading).

19.     IPC never directed Franke to use any particular route or measure,
score or evaluate his work. (JAE 3, p. 447.)

**RESPONSE**:       The fact alleged in paragraph 19 is the subject of
Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response
to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the
purpose of responding to the Defendant, IPC's, Motion for Summary Judgment
only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph
19. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to
IPC's Motion for Summary Judgment, Exhibit "H" – Deposition of Stephen
Mundy, p. 59, lines 5-13; pp. 66-67, lines 23-25; lines 1-4; p. 98, lines 1-16; p.
103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of
Melody Hansen, pp. 113-115, lines 18-24; lines 1-24; lines 1-16).

20.     Franke was instructed by MBMS to take the shortest, most direct
route. (JAE 3, p. 123; JAE 6, pp. 37-38.)

**RESPONSE**:       The Defendants, MBMS and FRANKE, deny the fact alleged
in paragraph 20. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in
Response to IPC's Motion for Summary Judgment, Exhibit "J" – Deposition of
Janet Berndt, pp. 42, lines 16-18; lines 19-22; p. 43, lines 19-22).

21.     No one from MBMS told Franke what route to take from Hammond
to Wilton because Franke knew the route. (JAE 6, p. 42.)

**RESPONSE**: The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 21. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "J" – Deposition of Janet Berndt, p. 42, lines 16-18; p. 43, lines 19-22).

22. Franke would pick up a load at the MBMS terminal in Wilton, Wisconsin, deliver it to the Chicago area, re-load, and then bring a load back to the Wilton, Wisconsin MBMS terminal (JAE 6, p. 30.)

**RESPONSE**: The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 22 of IPC's Statement of Material Facts.

23. On the day of the occurrence, Franke transported a load from Wilton, Wisconsin to Chicago, Illinois and he was assigned that load through dispatch at MBMS. (JAE 6, pp. 103-104.)

**RESPONSE**: The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 23 of IPC's Statement of Material Facts.

24. David Martin and Pat Podlena of MBMS had the responsibility of coordinating Franke's pickup of a load on a day to day basis with the IPC Hammond Distribution Center. (JAE 6, p. 39.)

**RESPONSE**: The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 24. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, p. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149,

lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; p. 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

### E. Neither Franke nor MBMS Represented Franke to be IPC's Agent, Just MBMS' Employee

25.    Franke never considered himself to be an employee [or agent] of UACL, OEI, or IPC. (JAE 2, p. 47.)

**RESPONSE**:        The fact alleged in paragraph 25 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit that FRANKE never considered himself to be an employee of UACL, OEI, or IPC.  The Defendants, MBMS and FRANKE, deny the remainder of the fact alleged in paragraph 25. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "D" – Deposition of Samuel G. Franke, p. 47, lines 16-18).

26.    Neither David Martin nor Franke ever represented to anyone that Franke was an agent of IPC and Franke did not consider himself to be an employee of IPC. (JAE 2, pp. 44-45, 47, 58); (JAE 4, pp. 142-143.)

**RESPONSE**:   The fact alleged in paragraph 26 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 26. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 225, lines 14-16; p. 226, lines 10-13; p. 227, lines 11-15; p. 454, lines 17-24; p. 457, lines 1-6; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 21, lines 5-12).

27.   David Martin represented only that Franke was an employee of MBMS and that he received direction, control, supervision and management from MBMS. (JAE 4, pp. 143, 159.)

**RESPONSE**:   The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 27. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, p. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, lines 11-13; p. 66-67, lines 23-4; p. 98, lines 1-16; p. 103, lines 5-11; p. 109, lines

21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines

18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

### F. IPC Had No Involvement in the Method of Payment to MBMS/Franke

28.     Franke received a paycheck and W2 form from MBMS, and MBMS

deducted his payroll taxes. (JAE 2, p. 46; JAE 4, p. 18.)

**RESPONSE**:          The Defendants, MBMS and FRANKE, admit the fact

alleged in paragraph 28 of IPC's Statement of Material Facts.

29.     IPC never paid Franke his salary, wages, cost of repairs or

maintenance, supplies, travel expenses or health benefits including health

insurance, workers compensation insurance coverage, pension plan, retirement

accounts, profit sharing, vacation pay, or sick pay. (JAE 3, p. 454; JAE 4, p. 146;

JAE 5, pp. 348, 350.)

**RESPONSE**:          The Defendants, MBMS and FRANKE, admit the fact

alleged in paragraph 29 of IPC's Statement of Material Facts.

30.     IPC would only pay UACL and not its contractor directly. (JAE 11,

p. 59.)

**RESPONSE**:          The fact alleged in paragraph 30 is the subject of

Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to

UACL's Motion for Summary Judgment.  Without waiving their Motion and for the

purpose of responding to the Defendant, UACL's, Motion for Summary Judgment

only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph

30.

### G. IPC Had No Involvement With Providing Tools, Materials or Equipment to MBMS/Franke.

31. Franke was not required by MBMS to wear a uniform; however, on occasion, he would wear a hat or a jacket that said "Martin's Bulk Milk Service." (JAE 2, p. 46.)

**RESPONSE**: The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 31 of IPC's Statement of Material Facts.

32. Franke never wore clothing that said "International Paper Company." (JAE 2, p. 47.)

**RESPONSE**: The fact alleged in paragraph 32 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment. Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 32. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "D" – Deposition of Samuel G. Franke, p. 47, line 15).

33. MBMS provided Franke with the equipment he needed to do his job, including his truck, generally, and the truck he was driving on the date of the occurrence. (JAE 2, p. 10.)

**RESPONSE:** The fact alleged in paragraph 33 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment. Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment

only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 33. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, p. 26, lines 6-13; pp. 30-31, lines 22-24; lines 1-9; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 152, lines 12-20; p. 153, lines 9-13; pp. 204-205, lines 1-24; lines 1-14; p. 368, lines 1-18; Exhibit "J" – Deposition of Janet Berndt, p. 105-106, line 24; lines 1-4).

34. IPC never provided Franke with a truck or supplied the graphics, placard, stickers or logos on the tractor or trailer. (JAE 3, p. 447; JAE 5, p. 347.)

**RESPONSE**: The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 34 of IPC's Statement of Material Facts.

35. IPC did not have any requirements regarding loading the trailer and never qualified, hired, disciplined, fined, counseled or fired any of the MBMS drivers. (JAE 11, p. 176.)

**RESPONSE**: The fact alleged in paragraph 35 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment. Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 35. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "I" - Deposition of Melody Hansen, p. 42, lines 3-23; p. 71, lines 13-18; p. 74, lines 5-8; p. 111, lines 9-24; p. 141, lines 7-18; Exhibit "P" – Loading Sheets).

36.     IPC never inspected the tractor, trailer, chassis or container via a pre-trip inspection. (JAE 11, p. 176.)

**<u>RESPONSE</u>**:     The fact alleged in paragraph 36 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 36 of IPC's Statement of Material Facts.

37.     MBMS owned, and was responsible for the maintenance of, the tractor Franke was driving on the date of the accident. (JAE 2, pp. 12, 46; JAE 3, p. 139; JAE 4, pp. 18, 25, 77-79.)

**<u>RESPONSE</u>**:     The fact alleged in paragraph 37 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 37 of IPC's Statement of Material Facts.

38.     IPC was not responsible for the maintenance of the tractor or trailer, the expenses of operation such as gas and oil, or for obtaining any licenses or permits for the tractor or trailer. (JAE 5, p. 347.)

**<u>RESPONSE</u>**:     The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 38 of IPC's Statement of Material Facts. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for

Summary Judgment, Exhibit "H" – Deposition of Stephen Mundy, pp. 59-60, lines 21-25; lines 1-18; Exhibit "M" – Deposition of William Crawford, pp. 39-42, line 25; lines 1-25; lines 1-20).

39.     IPC never required Franke to inspect, clean, or maintain his tractor or trailer, or require him to use a designated place for the cleaning, servicing, or gassing of his tractor-trailer. (JAE 3, p. 449; JAE 5, pp. 328, 335.)

**RESPONSE**:        The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 39. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, pp. 334-335, lines 14-24, line 1).

40.     IPC never provided him with tools or instrumentalities he needed to do his work. (JAE 3, p. 446; JAE 4, p. 145.)

**RESPONSE**:        The fact alleged in paragraph 40 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 40 of IPC's Statement of Material Facts.

41.     IPC never provided Franke with clothing or log books, a co-driver, or money with which to purchase gas. (JAE 3, p. 447; JAE 4, p. 328.)

**RESPONSE**:        The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 41 of IPC's Statement of Material Facts.

42.     IPC never provided any directions or instructions on where or how to purchase gas, supplies or services while driving the truck. (JAE 6, p. 194.)

**RESPONSE**:          The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 42. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; pp. 111-112, lines 9-16; lines 22-24; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

43.     IPC never dictated to any drivers that came to the Hammond distribution center how to use their log books, what clothing to wear, what equipment should be used, how to operate his tractor on the road, or report what was going on with their driving. (JAE 6, p. 173.)

**RESPONSE**:          The fact alleged in paragraph 43 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment

only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 43. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 327, lines 18-20; p. 329, lines 4-12; p. 336, lines 19-24; p. 342, lines 7-17; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; pp. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; pp. 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

### H. IPC Did Not Monitor or Discipline the Conduct of MBMS Driver Franke.

44. MBMS kept a driver qualification file on Franke, reviewed his work annually, and provided him with an employee handbook which contained instructions from MBMS on how to use the fuel pump, how to fill out MBMS paperwork, what MBMS expected of him, and MBMS safety procedures, including instructions on how to do a pre-trip inspection, and what to do in the event of an accident. (JAE 3, pp. 107, 112, 118; JAE 5, pp. 282, 287, 365.)

**RESPONSE**: The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 44. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "E" – Second

Deposition of Samuel G. Franke, p. 107, lines 7-11; p. 112, lines 14-22; p. 117, lines 8-20; p. 118, lines 2-17).

45.     With respect to the driver handbook and other documentation concerning safety that MBMS gave its drivers like Franke, at no time or place did any of those documents indicate that a MBMS driver should contact IPC or UACL after an accident occurred. (JAE 6, p. 132.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 45 of IPC's Statement of Material Facts.

46.     With respect to the operating procedures and policies that MBMS provided to its drivers like Franke, where those materials refer to dispatchers or being dispatched, the dispatchers being referenced are the MBMS dispatchers. (JAE 6, pp. 134-35.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 46 of IPC's Statement of Material Facts.

47.     IPC never called to check up on Franke or to find out whether he made it back to Wilton, never required him to report in to IPC, and never required him to notify IPC of anything that was happening while he was on the road. (JAE 3, p. 450; JAE 5, pp. 336, 481.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, admit that IPC never called to check up on FRANKE or find out whether he made it back to Wilton. The Defendants, MBMS and FRANKE, deny the remainder of the fact alleged in paragraph 47.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of

David Martin, p. 62, lines 2-18; p. 63-64, lines 1-24; lines 5-19; p. 65, lines 4-22; p. 66, lines 10-16; Exhibit "D" – Deposition of Samuel G. Franke, p. 20, lines 1-23; p. 33-34, lines 22-24; lines 1-22; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 419, lines 8-22; pp. 420-421, lines 20-24; lines 1-21; pp. 438-439, lines 17-24; lines 1-5; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 35-36, lines 1-25; lines 1-13; Exhibit "N" – Bills of Lading).

48.    IPC never fined Franke for not being in compliance with any requirement or dictated what hours he needed to work. (JAE 3, p. 454; JAE 5, p. 338.)

**RESPONSE**:        The Defendants, MBMS and FRANKE, admit that IPC never fined Franke for not being in compliance with any requirement. The Defendants, MBMS and FRANKE, deny the remainder of the fact alleged in paragraph 48. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, 252, lines 16-23; p. 329, lines 4-12; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

49. IPC never hired, disciplined, counseled, or qualified Franke as a driver. (JAE 3, p. 454; JAE 5, p. 340.)

**RESPONSE**: The Defendants, MARTIN'S BULK MILK SERVICE and SAMUEL G. FRANKE, admit the fact alleged in paragraph 49 of IPC's Statement of Material Facts.

50. IPC never had or exercised the right to discipline Franke. (JAE 3, p. 454; JAE 5, p. 346.)

**RESPONSE**: The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 50. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; pp. 340-341, lines 23-24; lines 1-10; p. 342, lines 7-17; p. 344, lines 20-24; p. 429, lines 19-22; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

51. IPC never instructed Franke on his appearance or personal grooming standards, and did not maintain a personnel file on him. (JAE 3, p. 454; JAE 5, p. 327.)

**RESPONSE**: The fact alleged in paragraph 51 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment. Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 51. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; p. 341, lines 1-3; p. 342, lines 7-17; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

52. IPC never conducted safety meetings or informational meetings which Franke was required to attend. (JAE 3, p. 461.)

**RESPONSE**: The Defendants, MBMS and FRANKE, admit the statement alleged in paragraph 52 of IPC's Statement of Material Facts.

53. IPC never kept track of his hours of service to ensure he was in conformity with Federal Motor Carrier Safety Regulations. (JAE 3, p. 454; JAE 5, p. 345.)

**RESPONSE**: The fact alleged in paragraph 53 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment. Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 53.

54. IPC never required Franke to take a physical exam. (JAE 3, p. 454; JAE 5, p. 346.)

**RESPONSE**: The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 54 of IPC's Statement of Material Facts.

55. IPC never directed Franke to use any particular route to use in moving IPC products and did not measure, score or evaluate his work. (JAE 6, pp. 194, 447.)

**RESPONSE**: The fact alleged in paragraph 55 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to UACL's Motion for Summary Judgment. Without waiving their Motion and for the purpose of responding to the Defendant, UACL's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in

paragraph 55. (See MARTIN'S BULK MILK SERVICE and SAMUEL G. FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-13; pp. 66-67, lines 23-25; lines 1-4; p. 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, pp. 113-115, lines 18-24; lines 1-24; lines 1-16).

### I.     IPC/UACL Did Not Learn of the Accident From MBMS/Franke.

56.     IPC did not learn about the existence of the accident until about a year after the accident. (JAE 11, p. 17.)

**RESPONSE**:     The fact alleged in paragraph 56 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the statement alleged in paragraph 56.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "K" – Deposition of Joan Anderton, p. 19, lines 10-12).

57.     Melody Hansen of UACL first learned of the July 3, 2008 collision when UACL/IPC's lawyer, Carl Fisher, called her in 2012. (JAE 10, pp. 137-138.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 57 of IPC's Statement of Material Facts.

### J.     The Facts Surrounding the Accident Demonstrate that Neither IPC Nor UACL Controlled Franke.

58.     IPC was unaware of how the delivery was executed and had no influence over it or any direct contact with MBMS concerning its delivery (JAE 11, pp. 20, 23, 28.)

**RESPONSE**:     The fact alleged in paragraph 58 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 58.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 251, lines 16-19; p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

59.     After he was hired by MBMS, he was assigned to a dedicated run from Hammond, Indiana to Wilton, Wisconsin, hauling paper products for the shipper, IPC. (JAE 3, pp. 107, 132.)

**RESPONSE**:        The fact alleged in paragraph 59 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in their Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 59.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "E" – Second Deposition of Samuel G. Franke, p. 111, lines 17-21).

60.    IPC did not know whether UACL was going to haul the load with its own driver or broker it out to another driver who was not an IPC employee and did not know it was Franke, in particular, who was hauling its freight. (JAE 11, pp. 16, 95, 132.)

**RESPONSE:**        The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 60.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "H" – Deposition of Stephen Mundy, p. 101, lines 1-13; pp. 102-103, lines 21-25; lines 1-11; Exhibit "K" – Deposition of Joan Anderton, p. 135, lines 9-11).

61.    Even though he had been doing this run for a number of years, Franke would still get a daily call from MBMS indicated where he was to go, his pickup number for the load, and his reservation number for the empty chassis he would pick up at the intermodal yard. (JAE 2, pp. 26; JAE 3, pp. 201, 377; JAE 4, pp. 56-57.)

**RESPONSE**:        The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 61 of IPC's Statement of Material Facts.

62.    Melody Hansen of UACL, the UACL representative who faxed broker confirmation sheets to MBMS, never spoke with MBMS driver Franke about the July 3, 2008 trip or any other Franke trip. (JAE 10, p. 138.)

**RESPONSE**:        The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 62 of IPC's Statement of Material Facts.

63.    Melody Hansen of UACL, the UACL representative who faxed broker confirmation sheets to MBMS, never provided any direction, instructions, tools, instrumentalities, safety instructions, driving instructions, discipline, fines, or other indicia of control to Franke; moreover, she did not require Franke to stay in communication or contact with her as a representative of UACL. (JAE 10, pp. 140-142.)

**RESPONSE:**        The fact alleged in paragraph 63 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 63.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 223, lines 8-18; p. 224, lines 4-8; p. 226, lines 10-13; p. 252, lines 16-23; p. 327, lines 18-24; p. 328, lines 1-4; p. 329, lines 4-12; p.

336, lines 19-24; p. 481, lines 5-7; Exhibit "E" – Second Deposition of Samuel G.
Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena,
p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-
7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition
of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p.
103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of
Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit
"N" – Bills of Lading).

64.    MBMS, not IPC or UACL, dispatched Franke to transport the
subject load. (JAE 3, pp. 23, 26; JAE 4, p. 164.)

**RESPONSE**:         The Defendants, MBMS and FRANKE, deny the fact alleged
in paragraph 64. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in
Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of
David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" –
Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p.
336, lines 19-24; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149,
lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-
23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-
25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen
Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-
11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody
Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" –
Bills of Lading).

65.     When he was hauling the load on July 3, 2008, Franke considered himself to be an employee of MBMS and he was hauling the load on behalf of his employer. (JAE 2, p. 44.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 65.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 225, lines 14-16; p. 226, lines 10-13; p. 227, lines 11-15; p. 454, lines 17-24; p. 457, lines 1-6; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 472, lines 1-14; p. 473, lines 4-7; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 21, lines 5-12; p. 82, lines 5-11).

66.     He received all of his instructions and directions from his employer, MBMS, with regard to the pickup and delivery he did on July 3, 2008. (JAE 2, p. 53.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 66.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; p. 338, lines 19-24; p. 416, lines 17-23; p. 417, lines 12-14; p. 418, lines 17-19; p. 419, lines 6-9; p. 457, lines 8-20; p. 458, lines 4-22; p. 458-59, lines 23-6; p. 484, lines 9-15; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; p. 438, lines 2-10; p. 439, lines 1-5; p. 471, lines 3-7; lines 8-24; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-

23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

67.     There were three Memo Bills (bills of lading) prepared by IPC for this load because the load was destined for three different places in Minneapolis. (JAE 2, p. 32; JAE 11, p. 94.)

**RESPONSE**:     The fact alleged in paragraph 67 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, admit the fact alleged in 67 of IPC's Statement of Material Facts.

68.     Melody Hansen of UACL did not receive copies of IPC Memo Bills (bills of lading); after the deliveries were made to IPC customers, the brokered carrier (MBMS) sent the executed Memo Bills to UACL for payment. (JAE 10, pp 54-55.)

**RESPONSE**:     The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 68 of IPC's Statement of Material Facts.

69.     The bills of lading contained standard information concerning customer-required delivery instructions for the load. (JAE 5, p. 483; JAE 11, p. 104.)

**RESPONSE**:     The fact alleged in paragraph 69 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, UACL's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 69.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, p. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

70.     The delivery information did not apply to Franke because he was not delivering the load to the delivery location, but dropping the load in Wilton, Wisconsin, for later delivery in Minnesota by another MBMS driver. (JAE 5, p. 486.)

**RESPONSE**: The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 70. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, p. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; p. 485, lines 9-18; p. 486, lines 18-22; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

71.     Franke signed the bills of lading after the trailer was loaded. (JAE 2, pp. 20, 32.)

**RESPONSE**: The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 71 of IPC's Statement of Material Facts.

72.     Franke's signature means that he was the driver that picked up the load and was responsible for the load until he got to Wilton. (JAE 2, p. 20.)

**RESPONSE**: The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 72 of IPC's Statement of Material Facts.

73.     After Franke's truck was loaded, nobody from IPC gave him directions on how to drive his truck or what to do with his load once he departed the Hammond distribution center. (JAE 3, p. 441; JAE 11, p. 132.)

**RESPONSE**:     The fact alleged in paragraph 73 is the subject of Defendants, MBMS and FRANKE's, Motion to Strike set forth in its Response to IPC's Motion for Summary Judgment.  Without waiving their Motion and for the purpose of responding to the Defendant, IPC's, Motion for Summary Judgment only, the Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 73.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, p. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; p. 485, lines 9-18; p. 486, lines 18-22; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

74.     After the occurrence, David Martin had no choice but to terminate Franke from his employment at MBMS based on the severity of the collision. (JAE 6, p. 59.)

**RESPONSE**:      The Defendants, MBMS and FRANKE, admit that MBMS fired FRANKE.  The Defendants, MBMS and FRANKE, deny the remainder of the fact alleged in paragraph 74.  (JAE 6, p. 59; See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "E" – Second Deposition of Samuel G. Franke, p. 326, lines 9-16).

75.      Neither IPC nor UACL had anything to do with the termination of Franke from MBMS. (JAE 6, pp. 138-39.)

**RESPONSE**:      The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 75 of IPC's Statement of Material Facts.

**K.      MBMS and Franke Have Admitted That There Are No Documents That Show Franke Was the Agent of IPC or UACL or That Show IPC or UACL Was the Principal of Franke**

76.      IPC and UACL served multi-item requests for admissions pertaining to documents that purport to show a principal-agent relationship between IPC and Franke or between UACL and Franke. (JAE 19.)

**RESPONSE**:      The Defendants, MBMS and FRANKE, admit the fact alleged in paragraph 76 of IPC's Statement of Material Facts.

77.      MBMS' and Franke's responses to the Requests for Admissions establish that MBMS and Franke do not believe there are any written documents memorializing a principal agent relationship between IPC and Franke or between UACL and Franke. (JAE 19.)

**RESPONSE**:      The Defendants, MBMS and FRANKE, deny the fact alleged in paragraph 77.  (See JAE 19; MBMS and FRANKE's Joint Appendix of Exhibits

filed in Response to IPC's Motion for Summary Judgment, Exhibit "C" – Second
Deposition of David Martin, p. 225, lines 14-18)

## ADDITIONAL MATERIAL FACTS TO BE CONSIDERED

1.     The business relationship between MBMS and IPC predated any
involvement by UACL with shipments from IPC's Hammond warehouse. (See
MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's
Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin,
pp. 254-256; Exhibit "L" – Deposition of Robert Elsholtz, p. 32, lines 5-13).

2.     IPC requested that MBMS be utilized to transport their products as
of July 3, 2008.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in
Response to UACL's Motion for Summary Judgment, Exhibit "L" – Deposition of
Robert Elsholtz, p. 32, lines 5-13).

3.     IPC knew that MBMS was being utilized to transport their products.
(See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to
UACL's Motion for Summary Judgment, Exhibit "H" – Deposition of Stephen
Mundy, p. 101, lines 9-13; Exhibit "L" – Deposition of Robert Elsholtz, p. 32, lines
5-13).

4.     IPC expected that MBMS would comply with any and all terms of
the contract between IPC and UACL when picking up, transporting, or delivering
IPC's products. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in
Response to UACL's Motion for Summary Judgment, Exhibit "H" – Deposition of
Stephen Mundy, p. 103, lines 5-11).

5.      IPC and UACL determined the location where the products to be transported would be picked up by MBMS and FRANKE, the identity of the customer to whom the delivery would be made, the location of delivery, and the times during which MBMS had to complete the deliveries. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24;  Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; p. 471, lines 4-7; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11;  p. 109, lines 16-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15;  Exhibit "N" – Bills of Lading).

6.      IPC and UACL determined the time that the products were to be picked up by MBMS and FRANKE. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24;  Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; p. 471, lines 4-7; lines 8-14; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p.

42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation

Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67,

lines 23-4; 98, lines 1-16; p. 103, lines 5-11;  p. 109, lines 16-25; p. 110, lines 1-

23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-

24; p. 115, lines 1-15;  Exhibit "N" – Bills of Lading).

       7.      IPC and UACL required that a 53-foot-trailer be utilized to transport

the paper products being transported by MBMS and FRANKE. (See MBMS and

FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for

Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 428,

lines 11-16; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 471, lines

15-18).

       8.      The trailer utilized to transport IPC products from the warehouse in

Hammond, Indiana was required by IPC and UACL to be water tight, clean, free

from contaminants, debris, and foreign substances. (See JAE 15; MBMS and

FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for

Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 442,

lines 18-22; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 471, lines

21-24; Exhibit "H" – Deposition of Stephen Mundy, pp. 66-67, lines 23-24; lines

1-4; p. 110, lines 17-23; Exhibit "L" – Deposition of Robert Elsholtz, pp. 35-36,

lines 4-24; lines 1-10; Exhibit "M" – Deposition of William Crawford, p. 41, lines 8-

12 ).

       9.      IPC and UACL had the right to terminate a delivery and stop a load

from being transported by MBMS and FRANKE. (See JAE 15; MBMS and

FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "I" – Deposition of Melody Hansen, p. 95, lines 1-13; Exhibit "M" – Deposition of William Crawford, pp. 42-43, line 25; lines 1-11).

10.     MBMS provided transportation services as a representative or agent of IPC and UACL. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 225, lines 14-16; p. 226, lines 10-13; p. 227, lines 11-15; p. 454, lines 17-24; p. 457, lines 1-6; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, pp. 16, lines 1-13; 21, lines 5-12; 22, lines 1-6; 25, lines 1-3; 63-65).

11.     UACL and IPC required MBMS to comply with all federal, state, and local rules and regulations, and also required MBMS drivers to perform a pre-trip inspection prior to providing any transportation services. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 425, lines 11-19; Exhibit "H" – Deposition of Stephen Mundy, p. 60-61, lines 19-25; lines 1-25; p. 62, lines 1-24; Exhibit "I" – Deposition of Melody Hansen, p. 144, lines 11-21; Exhibit "K" – Deposition of Joan Anderton, p. 58-60, lines 9-25; lines 7-25; lines 1-17).

12.     UACL expected MBMS to comply with any and all delivery instructions provided to them by UACL. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "I" – Deposition of Melody Hansen, p. 86, lines 5-8).

13.     MBMS was assigned to the first IPC pool load truck every day by UACL, even over UACL's in-house trucks. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "I" – Deposition of Melody Hansen, pp. 123, lines 14-19; p. 135, lines 1-8).

14.     UACL was notified of the July 3, 2008 accident on July 7, 2008 by MBMS. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 336, lines 19-24).

15.     UACL or IPC determined the order of loading the MBMS truck at the IPC facility. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "D" – Deposition of Samuel G. Franke, p. 16, lines 1-13; p. 17, lines 9-10; Exhibit "I" – Deposition of Melody Hansen, p. 71, lines 13-18; p. 141, lines 7-24).

16.     UACL and IPC scheduled delivery times with customers of IPC, including XPEDX, and expected MBMS to comply with these delivery appointments and instructions. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24;  Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; p. 471, lines 4-7; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-

25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" –
Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines
1-16; p. 103, lines 5-11;  p. 109, lines 16-25; p. 110, lines 1-23; Exhibit "I" –
Deposition of Melody Hansen, p. 85, lines 9-24; 86, lines 5-8; p. 113, lines 18-24;
p. 114, lines 1-24; p. 115, lines 1-15;  Exhibit "N" – Bills of Lading).

       17.     UACL instructed MBMS and FRANKE to perform a pickup of paper
products on July 3, 2008 at 19:00 in Hammond, Indiana at the International
Paper/Exel Warehouse.  (See MBMS and FRANKE's Joint Appendix of Exhibits
filed in Response to UACL's Motion for Summary Judgment, Exhibit "B" –
Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11;
Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines
4-12; p. 336, lines 19-24;  Exhibit "E" – Second Deposition of Samuel G. Franke,
p. 149, lines 5-18; p. 471, lines 4-7; Exhibit "F" – Deposition of Jeremiah Patrick
Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-
25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" –
Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines
1-16; p. 103, lines 5-11;  p. 109, lines 16-25; p. 110, lines 1-23; Exhibit "I" –
Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115,
lines 1-15;  Exhibit "N" – Bills of Lading).

       18.     The paper products picked up by MBMS and FRANKE from the
IPC/Exel warehouse in Hammond, Indiana on July 3, 2008 were to be delivered
on July 7, 2008 to Cenveo, Midland Paper, and Xpedx. (See MBMS and
FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for

Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines

10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David

Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24;  Exhibit "E" –

Second Deposition of Samuel G. Franke, p. 149, lines 5-18; p. 471, lines 4-7;

Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35,

lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit

"G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p.

59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11;  p. 109,

lines 16-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113,

lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15;  Exhibit "N" – Bills of Lading).

19.     UACL and IPC instructed and directed MBMS and FRANKE on the

times and locations to make the deliveries of the paper products on July 7, 2008.

(See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to

UACL's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin,

pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second

Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines

19-24;  Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18;

p. 471, lines 4-7; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27,

lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7;

lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of

Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103,

lines 5-11;  p. 109, lines 16-25; p. 110, lines 1-23; Exhibit "I" – Deposition of

Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15;

Exhibit "N" – Bills of Lading).

20.    Melody Hansen of UACL faxed instructions regarding the pickup

and delivery of paper products to MBMS on July 3, 2008. (See MBMS and

FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for

Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines

10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David

Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24;  Exhibit "E" –

Second Deposition of Samuel G. Franke, p. 149, lines 5-18; p. 471, lines 4-7;

Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35,

lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit

"G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p.

59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11;  p. 109,

lines 16-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113,

lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15;  Exhibit "N" – Bills of Lading).

21.    Once UACL assigned a load to MBMS and it was accepted, UACL

assumed MBMS would cover the load at the time IPC had previously scheduled.

(See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to

UACL's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin,

pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second

Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines

19-24;  Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18;

p. 471, lines 4-7; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27,

lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7;

lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of

Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103,

lines 5-11;  p. 109, lines 16-25; p. 110, lines 1-23; Exhibit "I" – Deposition of

Melody Hansen, p. 92, lines 4-9; p. 113, lines 18-24; p. 114, lines 1-24; p. 115,

lines 1-15;  Exhibit "N" – Bills of Lading).

      22.     UACL required a status report from MBMS at the conclusion of their

deliveries. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in

Response to UACL's Motion for Summary Judgment, Exhibit "B" – Deposition of

David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" –

Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p.

336, lines 19-24;  Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149,

lines 5-18; p. 471, lines 4-7; Exhibit "F" – Deposition of Jeremiah Patrick

Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-

25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" –

Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines

1-16; p. 103, lines 5-11;  p. 109, lines 16-25; p. 110, lines 1-23; Exhibit "I" –

Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115,

lines 1-15; p. 145, lines 1-4;  Exhibit "N" – Bills of Lading).

      23.     UACL required a daily call from MBMS regarding the status of

deliveries and the times that the products were delivered, including the delivery

that was scheduled to be made on July 7, 2008. (See MBMS and FRANKE's

Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary

Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24;  Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; p. 471, lines 4-7; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11;  p. 109, lines 16-25; p. 110, lines 1-23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; p. 147, lines 15-24; p. 148, lines 1-7; Exhibit "N" – Bills of Lading).

24.    IPC gave UACL, MBMS, and FRANKE instructions concerning the specifics of deliveries made on their behalf.  (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to UACL's Motion for Summary Judgment, Exhibit "B" – Deposition of David Martin, pp. 69-70, lines 10-24; lines 1-19; p. 72, lines 1-11; Exhibit "C" – Second Deposition of David Martin, p. 252, lines 16-23; p. 329, lines 4-12; p. 336, lines 19-24; Exhibit "E" – Second Deposition of Samuel G. Franke, p. 149, lines 5-18; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, p. 27, lines 8-23; p. 35, lines 1-22; p. 36, lines 1-13; p. 42-43, lines 17-25; lines 1-7; lines 21-25; Exhibit "G" – Broker Confirmation Sheet; Exhibit "H" – Deposition of Stephen Mundy, p. 59, lines 5-7, 11-13; 66-67, lines 23-4; 98, lines 1-16; p. 103, lines 5-11; p. 109, lines 21-25; p. 110, lines 1-

23; Exhibit "I" – Deposition of Melody Hansen, p. 113, lines 18-24; p. 114, lines 1-24; p. 115, lines 1-15; Exhibit "N" – Bills of Lading).

25.     IPC required MBMS to comply with minimum service level requirements and on-time delivery requirements. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, pp. 254-256; Exhibit "H" – Deposition of Stephen Mundy, pp. 58, lines 20-25; 59, lines 1-16; 70, lines 2-11; Exhibit "L" – Deposition of Robert Elsholtz, p. 29, lines 18-22).

26.     IPC required MBMS to maintain their tractors and trailers in a good, safe, and lawful operating condition at all times and in accordance with all local, state, and federal laws and regulations, have personnel that were fully qualified and licensed, operate their tractors and trailers in accordance with traffic laws and motor vehicle regulations and laws, and comply with any and all local, state, and federal truck operation laws and provisions. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "H" – Deposition of Stephen Mundy, pp. 59, lines 17-25; 60-63; Exhibit "L" – Deposition of Robert Elsholtz, pp. 29-31).

27.     IPC had the right to refuse to allow FRANKE or any other MBMS driver from transporting their products. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 340-341, lines 23-3; 342, lines 1-6).

28.     MBMS transported IPC's products on a daily basis, and made a driver available for these services. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "C" – Second Deposition of David Martin, p. 272, lines 5-8; Exhibit "E" – Second Deposition of Samuel G. Franke,  pp. 131-132, lines 22-24; lines 1-23; p. 154, lines 12-16; Exhibit "F" – Deposition of Jeremiah Patrick Podlena, pp. 18, lines 1-6;  Exhibit "I" – Deposition of Melody Hansen, p. 122, lines 14-19; 123, lines 4-19; 134, lines 13-19; 135, lines 1-11).

29.     IPC monitored and measured various metrics regarding the transportation services provided to them, including on-time delivery and service level requirements. (See JAE 15; MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "K" – Deposition of Joan Anderton, p. 143, lines 5-9).

30.     IPC entered into a contract with Overnite Express on October 1, 2007. (JAE 15).

31.     The contract entered into by IPC with Overnite Express on October 1, 2007 required that Overnite Express meet a minimum service level of 98 percent. (JAE 15).

32.      The contract entered into by IPC with Overnite Express on October 1, 2007 required that Overnite Express meet a Minimum On-Time Delivery Requirement and Minimum Service Level Requirement of 98 percent. (JAE 15).

33.     The contract entered into by IPC with Overnite Express on October 1, 2007 required that Overnite Express employ personnel that are fully qualified,

licensed, and permitted as required by local, state, or federal laws and regulations required to maintain and operate motor vehicle equipment. (JAE 15).

34.     The contract entered into by IPC with Overnite Express on October 1, 2007 required that the trailers used in transporting its products are (i) clean and free of contaminants, debris, foreign substances, odors, and wall protrusions; (ii) completely protect and prevent IPC's goods from being exposed to water and other environmental hazards, and (iii) are in proper condition and have no mechanical defects. (JAE 15).

35.     The contract entered into by IPC with Overnite Express on October 1, 2007 required empty trailers to be maintained in the trailer pool numbering 1.5 times the daily or weekly tractors, drivers, and trailer combinations. (JAE 15).

36.     The contract entered into by IPC with Overnite Express on October 1, 2007 allowed IPC to terminate the contract if the Carrier failed to comply with facility safety rules and procedures, including equipment type and condition, hours of operations, and performance reporting. (JAE 15).

37.     The contract entered into by IPC with Overnite Express on October 1, 2007 allowed IPC to terminate the contract if the Carrier fell below 98 percent on time deliveries for a combined calendar year. (JAE 15).

38.     The contract entered into by IPC with Overnite Express on October 1, 2007 allowed IPC to terminate the contract if the Carrier had three consecutive months of minimum service acceptance level below 98 percent. (JAE 15).

39.     The contract entered into by IPC with Overnite Express on October 1, 2007 allowed IPC to terminate the contract if the Carrier failed to comply with federal, state, or municipal laws and regulations. (JAE 15).

40.     The contract entered into by IPC with Overnite Express on October 1, 2007 was amended effective June 13, 2008 to recognize UACL's purchase of Overnite Express. (See MBMS and FRANKE's Joint Appendix of Exhibits filed in Response to IPC's Motion for Summary Judgment, Exhibit "N" – Amendment No. 1).

Respectfully Submitted,


 s/ Matthew R. Schreck
 Matthew R. Schreck, One of the Attorneys for Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE


MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue
Suite 200
Wheaton, IL 60187
(630) 653-9300

## CERTIFICATE OF SERVICE

       I hereby certify that on May 28, 2013, I electronically filed the foregoing for the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
Courtney A. Marincsin
Shannon Marie McNulty
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago, Illinois  60602
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

Robert J. Golden
Dowd & Dowd, Ltd.
617 West Fulton
Chicago, Illinois 60661
rgolden@dowdanddowd.com

Evan Karnes, II
Neil D. O'Connor, Sr.
O'Connor & Karnes
177 North State
3rd Floor
Chicago, Illinois 60601
ekarnes@oconnorkarnes.com

Carlton Fisher
William Yu
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

                              __ s/ Matthew R. Schreck_____