IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 09 cv 5340 |
| MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN ERKEAKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation, | ) ) ) ) ) ) ) ) ) ) ) | Honorable Judge James F. Holderman  Magistrate Susan E. Cox |
| Defendants. | ) ) ) | |

## DEFENDANTS' UACL'S AND IPC'S OBJECTIONS TO AND MOTION TO STRIKE CO-DEFENDANTS FRANKE'S AND MBMS' RESPONSES TO UACL'S AND IPC'S MOTIONS FOR SUMMARY JUDGMENT AGAINST PLAINTIFF

NOW COME the defendants, International Paper Company ("IPC") and Universal Am Can, Ltd. ("UACL") d/b/a and successor to Overnite Express, Inc. ("OEI") (collectively "Objecting Defendants"), by and through their attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of HINSHAW & CULBERTSON LLP, and in Support of their Objections and Motion to Strike FRANKE'S and MBMS' ("Co-Defendants") Responses to the Objecting Defendants' Motions for Summary Judgment against Plaintiff, they state as follows:

1.     On March 27 and 28, 2013, Objecting Defendants filed motions for summary judgment and supporting memoranda and statements of undisputed facts against plaintiff seeking judgment in their favor against plaintiff on the issue of vicarious liability. No part of Objecting

Defendants' motions for summary is directed at co-defendants Martin's Bulk Milk Service, Inc., ("MBMS") and Samuel Franke ("FRANKE") (collectively Co-Defendants)

2.      At the March 28, 2013 status/scheduling conference, this Court set a briefing schedule for plaintiff's response to said motion. During that hearing, Co-Defendants did not request to be included in the briefing schedule. Not until May 23, 2013 did Co-Defendants' counsel advise counsel for the Objecting Defendants of his intention to file a response to Objecting Defendants' motions for summary judgment against plaintiff.

3.      At the most recent status hearing on May 28, 2013, counsel for the Co-Defendants indicated to the Court that they intended on filing responses to the Objecting Defendants' Motions for Summary Judgment, to which the undersigned counsel for the Objecting Defendants expressed his oral objection to their filing of responses to the summary judgment motions based on the legal concept of "standing."

4.      This Court then entered an order allowing the Objecting Defendants[1] to file their initial standing objections on May 29, 2013, permitting the Co-Defendants to file their responses to the standing objections on or before June 12, 2013, and allowing the Objecting Defendants to file a reply on or before June 18, 2013.

5.      Co-Defendants should not be allowed to respond to the pending motions for summary judgment for several reasons. First, under Rule 56, Co-Defendants have no standing to oppose a motion which seeks no relief against them. Second, Objecting Defendants argue that the concepts of materiality and relevance should preclude the Co-Defendants from filing responses. Third, the Co-Defendants' response briefs, responses to statements of undisputed

---

[1] Although the Court has given OX LLC leave to file its standing objection, all the parties to this litigation have agreed to enter into a stipulation allowing the plaintiff to voluntarily dismiss OX LLC making the OX LLC motion for summary judgment moot.

130582302v1 0903067

facts, and assertions of additional statements of fact are unfairly repetitive, cumulative and a waste of the parties' and the Court's time and resources.

6.     As between plaintiff and Objecting Defendants, the primary issue to be determined on summary judgment is whether Objecting Defendants are vicariously liable for the actions of Co-Defendant FRANKE. Plaintiff has alleged in his complaint and has the burden at trial to prove that Objecting Defendants are vicariously liable for plaintiff's damages. Plaintiff also has the burden of proving that MBMS is vicariously liable for the actions of its employee FRANKE, a burden easily overcome given the admissions of agency made by FRANKE and MBMS.

7.     Fundamentally, Objecting Defendants and Co-Defendants are not adverse to each other with regard to the subject matter of the Objecting Defendants' pending motion for summary judgment against the plaintiff. Although the Co-Defendants may want "company" at a trial of this case given their obvious liability exposure, this reality does not justify the filing of responses which attempt to aid the plaintiff in keeping the Objecting Defendants in this case.

8.     The counterclaims filed by Co-Defendants FRANKE and MBMS against the Objecting Defendants UACL and IPC allege that FRANKE and MBMS are entitled to contribution from the Objecting Defendants based on *plaintiff's* allegations. See Document Nos. 160, 161 & 170. This claim is illusory.

9.     First, the liability of FRANKE for his alleged negligent action in rear-ending the Scheinman vehicle is not dependent on whether UACL or IPC are granted summary judgment. Moreover, the vicarious liability of MBMS for FRANKE's actions is not dependent on whether IPC or UACL are also vicariously liable for FRANKE's actions.

3

10.     Second, if plaintiff proves his case of agency and vicarious liability against MBMS, UACL and/or IPC, none of the defendants is entitled to recover in contribution against any other defendant since they all are jointly and severally liable for the injuries and damages of the plaintiff. Assertions in the cross-claim about contribution based on ILCS 5/2-1117 are of no substance since each defendant will be liable for the entirety of plaintiff's proved damages.

11.     Third, since plaintiff's theories are exclusively based on vicarious liability,[2] there will be no apportionment verdict form used by a jury from which one defendant could claim it is entitled to contribution for paying more than its pro-rata share of liability. If a defendant is found liable in this case, it will be liable for the entire amount of any verdict for the plaintiff.

12.     Under the language and spirit of Rule 56 and based on Supreme Court authority, Co-Defendants have no standing to oppose a summary judgment motion which seeks no relief against them. Co-Defendants have no burden to prove that Objecting Defendants are vicariously liable for plaintiff's damages. Plaintiff is the only party who is directly adverse to Objecting Defendants on the issue of vicarious liability.

13.     In Rule 56 terms, Co-Defendants do not bear the burden of proof at trial on the existence of vicarious liability against Objecting Defendants. Co-Defendants and Objecting Defendants are not adverse to each other on that issue, even though the Co-Defendants are attempting to create a fictional adversity; so there is no issue of vicarious liability to resolve between them using the summary judgment mechanism. If Objecting Defendants' motions for summary judgment against plaintiff are successful, Co-Defendants' illusory claim for

---

[2] As set forth in the briefing on this case, there is no independent cause of action against any of the defendants, e.g. negligent hiring, negligent selection of an independent contractor, and therefore a jury will have no occasion to apportion out responsibility based on different theories of liability.

4

contribution will be extinguished. Therefore, any claim of standing on the contribution cross-claims by Co-Defendants FRANKE and MBMS is unfounded.

14.     Rule 56 and the Supreme Court authority historically construing it mandate entry of summary judgment "…against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552 (1986). Although the language of Rule 56 has been amended since *Celotex*, the Advisory Committee Notes to the 2010 Amendments cite *Celotex* as standing for the proposition that summary judgment is a procedural mechanism to determine the existence or non-existence of material facts as to legal issues between the party having the burden of persuasion at trial on that issue and the party resisting that burden. In short, *Celotex* teaches that summary judgment is a procedural mechanism between and only between directly adverse parties. In this case, vicarious liability is not only irrelevant to Co-Defendants' illusory claim for contribution, it is wholly immaterial

15.     In the context of the pending motions for summary judgment, Co-Defendants are not directly adverse to Objecting Defendants and have no standing to respond to the motion because they have no legal (as opposed to tactical) stake in the matters at issue. The pending motions seek no legal relief against the Co-Defendants. In short, the fight concerning the existence or non-existence of vicarious liability in this matter is solely between Objecting Defendants and plaintiff; Co-Defendants have no dog in this fight even though they may want to enter the ring to help the plaintiff.

16.     For purposes of Rule 56, "the substantive law will identify which facts are material [and] materiality is only a criterion for categorizing factual disputes in their relation to

5

the legal elements of the claim…" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). In the context of Objecting Defendants' motion for summary judgment, any opposition that might be filed by Co-Defendants would be immaterial as a matter of law because Co-Defendants have no right or obligation to establish the legal elements of vicarious liability in their illusory claim for contribution. Because any opposition Co-Defendants files to the pending motion for summary judgment against plaintiff would be immaterial as a matter of law, it is, by definition, irrelevant.

17. The only issue on which the Objecting Defendants and Co-Defendants are adverse to each other is the Cross-Claim of UACL against MBMS for indemnification. Document Nos. 174 & 199. UACL claims that MBMS wrongfully refused to defend and indemnify UACL pursuant to the terms of the Master Brokerage Agreement between them. UACL has not moved for summary judgment on that claim. UACL's indemnity claim is not at issue in the summary judgment motions brought by UACL and IPC against the plaintiff. The Co-Defendants have no reason to defend themselves against the Objecting Defendants until such time as the Objecting Defendants move for summary judgment on the issue of contractual indemnity.

18. Finally, by allowing the Co-Defendants to file their own responses to Objecting Defendants' motion for summary judgment on issues embracing factual and legal matters that are solely plaintiff's burden at trial, Co-Defendants' responses require the Objecting Defendants to respond to arguments and factual assertions that may not be advanced by the plaintiff. It may be that the Objecting Defendants would make a different argument in reply if it knew what arguments the plaintiff is relying on as opposed to what the interloping Co-Defendants are relying on in their desperate attempt to keep the Objecting Defendants in the case.

130582302v1 0903067

19.     In Document Nos. 333 & 335, Co-Defendants allege 40 "Additional Material Facts To Be Considered" in response to the motions for summary judgment. In Document No. 325, plaintiff alleges 55 "Additional Facts" in response to the motions for summary judgment.[3] Although the Defendants were limited by LR 56.1 to 80 statements of undisputed facts in support of their motions for summary judgment, the plaintiff and Co-Defendants have volleyed back 95 statements of undisputed facts in their combined responses, assertions that the Objecting Defendants will have to respond to now, absent intervention by this Court, since they will not know until it is too late whether the Co-Defendants have standing to file responses and additional undisputed facts.

20.     When this Court asked the parties' counsel on March 28, 2013 about the nature of the principal-agency controversy, Objecting Defendants' counsel described the factual dispute as "simple." Plaintiff's counsel retorted that it was "complex." The Court resolved the debate at the time by suggesting the factual dispute was "substantial."

21.     Resolution of this "substantial" dispute should be according to applicable rules and a sense of fair play. Although the Objecting Defendants feel confident they can address every assertion by the plaintiff and the Co-Defendants combined, a sense of fair play ought to influence the application of the rules for deciding summary judgment motions. The Co-Defendants should not be permitted to "pile on" the Objecting Defendants and assist the plaintiff in asserting more facts, especially when there is a fair question of their materiality. As the Committee Comment to LR 56.1 states,

> "in the vast majority of cases, a limit of 80 asserted statements of fact and 40 assertions
> of additional statements of fact will be more than sufficient to determine whether the case
> is appropriate for summary judgment. The number of statements of fact has been set in

---

[3] IPC and UACL reserve the right to object to plaintiff's assertion of additional facts beyond the permitted limit of 40 under this Court's Local Rule 56.1.

7

light of the requirement of section (a)(3), which requires that only 'material facts' be set down."

LR 56.1 Committee Comment. Requiring UACL and IPC to respond to 95 "additional facts" when they only asserted 77 nearly identical facts seems unfair.

22.     The Co-Defendants' additional facts, responses to facts, and legal arguments are cumulative and repetitive. In their response, they state that they adopt the plaintiff's arguments. They then proceed to supplement plaintiff's arguments. Co-Defendants' repetitive and cumulative arguments are not only procedurally inappropriate but they constitute a waste of time and resources for both this Court and the parties.

WHEREFORE, Defendants respectfully request that this Court sustain Objecting Defendants' objections and strike the Co-Defendants' responses and assertions of additional facts and that this Court grant Objecting Defendants such other and further relief as is just and proper in the premises.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


By: s/Carlton D. Fisher

Carlton D. Fisher - cfisher@hinshawlaw.com
William Yu - wyu@hinshawlaw.com
Cecilia A. Horan choran@hinshawlaw.com
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601

130582302v1 0903067