IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC., and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN ERKEAKTIENGESELLSCHAFT, a corporation, BMW AG, a corporation, and KARL KNAUZ MOTORS, INC., a corporation,<br><br>    Defendants. | Case No.: 09 cv 5340<br><br>Honorable Judge James F. Holderman<br><br>Magistrate Susan E. Cox |

### DEFENDANTS' UACL'S AND IPC'S MOTION FOR HEARING, OR FOR ALTERNATIVE RELIEF, ON THEIR STANDING OBJECTIONS TO AND MOTION TO STRIKE CO-DEFENDANTS FRANKE'S AND MBMS' RESPONSES TO UACL'S AND IPC'S MOTIONS FOR SUMMARY JUDGMENT AGAINST PLAINTIFF

NOW COME the defendants, International Paper Company ("IPC") and Universal Am Can, Ltd. ("UACL") d/b/a and successor to Overnite Express, Inc. ("OEI") (collectively "Objecting Defendants"), by and through their attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of HINSHAW & CULBERTSON LLP, and in moving for an immediate hearing of their Objections to and Motion to Strike FRANKE'S and MBMS' ("Co-Defendants") Responses to the Objecting Defendants' Motions for Summary Judgment against Plaintiff, they state as follows:

1. At the last status hearing of this case on May 28, 2013, this Court heard brief oral argument about UACL's and IPC's concern that the Co-Defendants intended to file responses to UACL's and IPC's motions for summary judgment against the plaintiff's case. During the

hearing, UACL's and IPC's counsel indicated that he did not think the Co-Defendants had standing to respond to his clients' motions for summary judgment. The court allowed UACL and IPC to file their objections on May 29, 2013, and then entered a briefing schedule permitting the Co-Defendants to file their responses to the standing objections on or before June 12, 2013, and allowing the Objecting Defendants to file a reply on or before June 18, 2013.

2. When the undersigned counsel for UACL and IPC filed his objection and motion to strike in the late afternoon of May 29, 2013, he had only been able to review the responsive arguments, responses to undisputed facts, additional 55 facts of the plaintiff, 25 exhibits of the plaintiff, and the Co-Defendants' responsive arguments. He had not yet been able to comprehensively review and compare the responses of the plaintiff with the responses of the Co-Defendants to UACL's and IPC's 77 undisputed facts.

3. After studying the Co-Defendants' responses to UACL/IPC's 77 undisputed facts with those filed by the plaintiff, it became apparent that what the undersigned counsel had predicted might occur actually had happened, namely, there are inconsistencies and contradictions between how each party, plaintiff versus Co-Defendants, responded to what UACL and IPC asserted were undisputed facts.

4. Specifically, the opposing parties' responses to the 77 facts asserted by UACL and IPC can be grouped into 5 different categories:

    a. Plaintiff and Co-Defendants **Both Either Admitted or Denied <u>24</u>** UACL/IPC Facts: (4,5,6,15,16,17,22, 23,28,29,34,37,41,45,46,49,52,53,57,61,62,67,71 &72)

    b. Plaintiff and Co-Defendants **Gave Opposite Responses to <u>14</u>** UACL/IPC Facts: (1,13,14,18,20,21,27,35,38,39,43,58,63 & 73)

    c. Plaintiff and Co-Defendants **Both Either Agreed and/or Disagreed to <u>20</u>** UACL/IPC Facts: (2,3,7,8,9,10,11,12,19,25,26,33,47,48,55,65,66,68,69 & 74)

    d. Plaintiff and Co-Defendants **Gave Contradictory Answers to <u>12</u>** UACL/IPC Facts: (24,30,32,36,40,42,44,50,51,59,60 & 76)

  e. Plaintiff and Co-Defendants Gave **Different Answers to 7 UACL/IPC** Facts That Cannot Be Easily Categorized (31,54,56,64,70,75 & 77)

5. The best example of the inconsistency is found when comparing the plaintiff's response with the Co-Defendants' response to Fact No. 1. The first undisputed fact summarizes the essence of the principal agency dispute between the plaintiff and UACL and IPC when it stated:

*****************************************************************

**A.** **Background Facts**

1. Murray Scheinman, Plenary Guardian of the Estate and Person of Jeffrey J. Scheinman, a Disabled Person ("Plaintiff"), filed a Fifth Amended Complaint ("Complaint") on July 26, 2011, seeking recovery from [UACL and IPC] for personal injuries sustained during a highway auto accident and alleging vicarious liability, **not** direct liability or independent tortious conduct of IPC/UACL/OEI/OX, for the acts and omissions of Samuel Franke, and specifically that

> On and before July 2, 2008, defendant Franke was a duly authorized employee, agent and/or apparent agent of defendant, [MBMS, CSXI, CELTIC, TL, IPC, OEI], and at all times mentioned herein was acting in the course and scope of said employment, agency and apparent agency.

(JAE 1.)

*****************************************************************

6. Although the Plaintiff's response (Document No. 326) does not contain the words "agreed" or "admitted," he does concede that his complaint contains these words and that the essence of the dispute between the moving defendants is as stated in Fact No. 1. On the other hand, MBMS and Franke deny this fact outright and cite to the same document. (Document No. 335) This inconsistency in response puts the Objecting Defendants in a trick bag not knowing

whether they should waste their time dealing with Co-Defendants' specious denial of the essence of the dispute between the plaintiff and the moving defendants, UACL and IPC.

7. UACL and IPC argued in Document No. 336 that "Co-Defendants' responses require the Objecting Defendants to respond to arguments and factual assertions that may not be advanced by the plaintiff" and "[i]t may be that the Objecting Defendants would make a different argument in reply if it knew what arguments the plaintiff is relying on as opposed to what the interloping Co-Defendants are relying on. . ."

8. Upon reflection and with the benefit of another day to review and compare the responses of the Co-Defendants with those of the plaintiff, it is now abundantly clear that UACL and IPC are being forced into taking positions on a factual record that has been made murky by the inconsistent responses of the plaintiff and Co-Defendants.

9. Within their response (as opposed to within a separate document consistent with local rules), Co-Defendants have also moved to strike 33 UACL/IPC facts on various grounds (e.g. legal conclusion, vague and ambiguous). On the other hand, plaintiff has not made such a motion to strike, but instead has expressed his admissions, denials, objections or interesting polemic arguments to the asserted facts in an easy to read separate document with left column versus right column comparisons.

10. The aforementioned factual inconsistencies and procedural anomalies have forced UACL and IPC to seek the additional relief sought herein. The June 18, 2013 reply date is looming less than three weeks away and UACL and IPC have no way to know if this Court will strike Co-Defendants' responses on the basis of UACL's and IPC's objections based on standing, non-materiality or judicial economy/cumulativeness. Accordingly, UACL and IPC request that this Court expedite the briefing schedule on UACL/IPC's objections and motion to strike.

130586240v1 0903067

11. UACL and IPC suggest that the Co-Defendants file responses to the UACL/IPC objection/motion to strike on or before June 7, 2013, then UACL and IPC file their replies on or before June 12, 2013, and then the Court rules on or before June 14.

12. If the Court rules in favor of UACL and IPC and strikes the Co-Defendants's responses and additional facts, then UACL and IPC will not need to file replies to the Co-Defendants' responses, motions to strike and additional facts, but UACL and IPC will meet the June 18, 2013 reply deadline of filing their replies in opposition to the plaintiff's responses and additional facts.

13. If, on the other hand, this Court decides it will consider the responses and additional facts of the Co-Defendants, then UACL and IPC request they be given additional time to July 2 to respond to the Co-Defendants' responses, motions to strike, and additional facts.

WHEREFORE, Defendants respectfully request that this Court either grant their objection or motion to strike Co-Defendants' responses and additional facts, or, should the Court allow consideration of Co-Defendants' responses and additional facts, then UACL and IPC request they be given until July 2, 2013 to reply to the Co-Defendants' responses and additional facts, and that this Court grant Objecting Defendants such other and further relief as is just and proper in the premises.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Carlton D. Fisher

Carlton D. Fisher - cfisher@hinshawlaw.com
William Yu - wyu@hinshawlaw.com
Cecilia A. Horan choran@hinshawlaw.com
Hinshaw & Culbertson LLP

130586240v1 0903067

222 N. LaSalle, Suite 300
Chicago, IL 60601

130586240v1 0903067