IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MURRAY SCHEINMAN, etc., )
      Plaintiff, )
v. ) Case No.: 09 cv 5340
MARTIN'S BULK MILK SERVICE, INC., ) Honorable John A. Nordberg
et al., )
      Defendants. ) Magistrate Susan E. Cox

### MOTION TO STRIKE AND BAR TESTIMONY OF DAVID MARTIN AND PAT PODLENA PURSUANT TO FRCP 701 AND 702

NOW COME the Defendants, International Paper Company ("IPC") and Universal Am Can, Ltd. ("UACL"), by their attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of Hinshaw & Culbertson LLP, and for their Motion to Strike and Bar Testimony of David Martin and Pat Podlena Pursuant to FRCP 701 and 702, they state as follows:

### Introduction

Plaintiff improperly relies on the testimony of MBMS employees David Martin ("Martin") and Pat Podlena ("Podlena") to establish the legal principle of agency and avoid summary judgment. In order to defeat a motion for summary judgment, a party may rely only on admissible evidence. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009) (internal citations omitted) (noting that this rule applies to expert testimony as well). Certain of Martin's and Podlena's proffered testimony is inadmissible as it constitutes merely speculative legal conclusions that seek to usurp this Court's role in determining as a matter of law who controlled co-defendant, Samuel Franke ("FRANKE").

### Martin's and Podlena's Testimony Regarding Franke's Agency is Inadmissible as Speculative Legal Conclusions Under FRCP 701 and 702

Plaintiff attempts to introduce the opinions of MBMS employees Martin and Podlena that FRANKE/MBMS were acting as agents of IPC and UACL as "facts." Plaintiff's Rule

56.1(b)(3)(C) Joint Statement of Additional Facts, Doc No. 325, ¶¶s46-47; see also Plaintiff's response to IPC's statement of Material Facts, Doc No. 327, Heading E, p. 10;¶26. These opinions are inadmissible as they relate to agency which is within this Court's domain in determining as a matter of law who controlled FRANKE.

In *LG Electronics v. Whirlpool Corp.*, 2010 WL 3781264 (N.D. Ill.), the court noted that Rule 701 recently was amended "to emphasize that lay opinion testimony is limited to those observations of a lay witness that are 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *Id* at *2. The amendment was designed to avoid this very situation – to prevent parties from "proffering an expert in lay witness clothing...[T]he amendment was designed to make clear that courts must scrutinize witness testimony to ensure that all testimony based on scientific, technical or other specialized knowledge is subjected to the reliability standard of Rule 702." *Id*. See also *Civix-DDI, LLC v. Hotels.com, L.P.*, 2012 WL 6591684 (N.D. Ill.)*4 (finding that lay witness cannot opine on questions that involve legal conclusions or rely on specialized scientific or technical knowledge beyond that which is necessary to testify to his personal knowledge).

Similarly, even if Martin and Podlena were proffered as experts, their testimony as expert opinions on legal conclusions that will determine the outcome of the case is inadmissible. *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). "An expert witness cannot offer an opinion on what the law requires or permits because the judge, not the witness, instructs the jury about the relevant law." *U.S. v. Caputo*, 382 F.Supp.2d 1045, 1049 (N.D. Ill. 2005). Allowing an expert opinion that a duty existed to save a plaintiff faced with summary judgment would usurp the court's role as the determiner of questions of law. The meaning of the law "is not a question of fact, to be resolved by the jury after a battle of experts,"

2

but is instead "a question of law, to be resolved by the court." *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994). The supposed "expert" opinions on which Plaintiff relies in his Joint Statement of Additional Facts should be stricken.

In a recent federal court case, a plaintiff proffered the report of a well known plaintiff's trucking expert who concluded that an agreement between a motor carrier and a transportation shipper/broker "made them equal partners in the operation of a dedicated fleet and made the carrier a direct agent of the shipper through specific tasks not normally required of a dedicated motor carrier." *Boyle v. RJW Transport, Inc.*, 2008 WL 4877108 (N.D. Ill.). In citing the *Good Shepherd* case, the federal district court noted that "[t]he primary – and dispositive – problem with [the plaintiff expert] Williams's proffered report is that it offers a legal conclusion that would determine the outcome of the case with regard to [the shipper/broker], something expert testimony may not do." *Id.* at 564 (citing *United States v. Sinclair*, 74 F.3rd 753, 757 Note 1 (7th Cir. 1996); *RJ Cos Enters., Inc. v. Professional Benefit Trust Multiple Employer Welfare Benefit Plan & Trust*, 487 F.3rd 494, 498 (7th Cir. 2007)(citing *Bammerlin v. Navistar International Transportation Corp.*, 30 F. 30 98, 901 (7th Cir. 1994)).

The court goes on to point out that the expert's conclusion that the motor carrier was the shipper's "direct agent" and that the driver, whom the FMCSR made the motor carrier's employee, was thus also the shipper's agent, is precisely the legal theory which these plaintiffs' claim against the shipper hinges. The admission of such expert testimony would contravene Federal Rule of Evidence 702. This would be so even if a defense expert were to opine that a putative agent was an "independent contractor.". See *Reginald Martin Agency, Inc. v. Conseco Med Insurance Co.*, No. 40-C-1587, 2007 WL 831613, at * 3 (S.D. Ind. March 5, 2007), (excluding proffered report in which the <u>defense expert</u> opined that the parties' relationship

3

"[was] strictly that of an independent contractor" because this opinion "[went] to the heart of plaintiff's breach of fiduciary duty and constructive fraud claims" in violation of Rule 702).

The *Boyle* decision continues to point out that even if an expert attempts to buttress his opinion by suggesting he knows what is "a normal brokerage arrangement," the assertion that an expert knows what the claimed base line is from his experience does not suffice if his report and his analysis shares none of that insight. An expert saying something is so or isn't so is the "unhelpful '*ipse dixit*' of the expert." *General Elec Corp. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512 (1997).

Former MBMS employee Podlena's testimony that FRANKE/MBMS were acting as agents of UACL in the transportation of IPC's goods should also be barred because it is speculative. (Doc No. 325,¶46). Such opinions are inadmissible not only because they state legal conclusions, but also because they are based on Podlena's speculation. Podlena testified that he had no knowledge of the relationship between UACL and FRANKE. (See Defendants' response to Doc No. 325,¶46). To the extent that Podlena's speculative opinions reference agency between UACL, IPC and FRANKE/MBMS, they should be stricken.

This Court should examine these facts directly and make its own determination of whether IPC or UACL legally controlled FRANKE, based on the undisputed material facts detailed in UACL's and IPC's Motion for Summary Judgment, and not objected to by Plaintiff. Martin's and Podlena's unfounded opinions are not admissible to prove the legal determination of agency, and thus cannot be relied on to avoid the granting of summary judgment.

4

**Conclusion**

Defendants move to strike David Martin's and Pat Podlena's opinions as they relate to agency because they lack the qualifications required under both Federal Rules of Evidence 701 and 702 and constitute inadmissible legal opinions.

WHEREFORE, Defendants move to strike David Martin's and Pat Podlena's opinions relating to agency in Plaintiff's Joint Statement of Additional Facts and bar those opinions from consideration in the determination of IPC's and UACL's Motions for Summary Judgment.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Carlton D. Fisher

Carlton D. Fisher
William Yu
Cecilia A. Horan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
312-704-3001 F

130597605 0903067