IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, etc., ) | |
| Plaintiff, ) | Case No.: 09 cv 5340 |
| v. ) | |
| MARTIN'S BULK MILK SERVICE, INC., ) | Honorable John A. Nordberg |
| et al., ) | |
| Defendants. ) | Magistrate Susan E. Cox |

## MOTION TO STRIKE SUPERFLUOUS ARGUMENT CONTAINED IN PLAINTIFF'S RESPONSES TO UACL'S AND IPC'S STATEMENT OF FACTS

NOW COME the Defendants, International Paper Company ("IPC") and Universal Am Can, Ltd. ("UACL"), d/b/a and successor to Overnite Express, Inc. ("OEI") – ("IPC/UACL") herein, by their attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of Hinshaw & Culbertson LLP, and for their Motion to Strike Superfluous Argument Contained in Plaintiff's Responses to UACL's and IPC's Statement of Facts, they state as follows:

1. Many of Plaintiff's Responses to Defendants' Rule 56.1(b) Statements of Facts fail to comply with Northern District of Illinois Local Rule 56.1 and this District Court judge's website statement about summary judgment motions: "The motion, memoranda, Rule 56.1 statements and exhibits should all be separate documents filed separately from one another. Parties are ordered to comply with Local Rule 56.1 when filing a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56."

2. Instead of keeping his arguments confined to a response or a legal memorandum, plaintiff improperly mixes superfluous legal argument throughout his responses to UACL's and IPC's 77 statements of fact. See *Larry v. Bagcraft Papercon I*, LLC, --- F.Supp.2d ----, 2013 WL 1174653 (N.D.Ill.), at *14, fn. 2. As a result, the offending statements should be stricken and not considered by this Court.

3. Attached hereto as "Exhibit 1 With Highlighting" and "Exhibit 2 With Highlighting" are copies of those portions of Plaintiff's Responses to IPC's and UACL's Statement of Material Facts which contain superfluous argument, non-responsive comments, or statements without citation to any part of the record. The offending portions of the responses are "highlighted" by an ink highlighter. These arguments, non-responsive comments, and statements without citations should be stricken and not considered by this Court. In addition, on a few occasions plaintiff responded to an outline header as if it was a fact when instead it was intended to organize the recitation of the 77 facts asserted by IPC and UACL.

4. In the chart below, IPC and UACL detail the reasons why the "highlighted" portions of plaintiff's responses should be stricken and disregarded by this Court:

| Paragraph | DEFICIENCY |
|---|---|
| 7 | There is no citation to the record for this additional fact. in violation of L.R. 56.1(b)(3)(B). |
| 8 | Plaintiff states legal argument, not fact. |
| 9 | Plaintiff's dispute with defendants' statement of fact fails to cite any affidavit, part of the record or other supporting materials in violation of L.R. 56.1(b)(3)(B). Thus, the fact set forth by defendants is not controverted and is deemed admitted under L.R. 56.1(b)(3)(C). |
| 11 | Plaintiff states legal argument, not fact. Moreover, the cited materials fail to support plaintiff's argument. |
| 12 | Plaintiff states legal argument, not fact. Moreover, the cited materials fail to support plaintiff's argument. |
| 13 | In perhaps the worst example, Plaintiff recites a detailed legal argument about 49 CFR 371.2 with respect to the definition of a broker under the FMCSR, as opposed to simply denying the fact with a citation to the record. |
| 14 Response to UACL | Plaintiff's statement is non-responsive to the statement made by UACL and fails to cite any affidavit, part of the record or other supporting materials in violation of L.R. 56.1(b)(3)(B). Thus, the fact set forth by defendants is not controverted and is deemed admitted under L.R. 56.1(b)(3)(C). |
| D. | Plaintiff responds to a section heading. |
| E | Plaintiff responds to a heading. Statement attributed to David Martin is the subject of defendants' Motion to Strike and Bar Testimony of David Martin and Pat Podlena Pursuant to F.R.E. 701 & 702. |

| | |
|---|---|
| 26 | Statement attributed to David Martin is the subject of defendants' Motion to Strike and Bar Testimony of David Martin and Pat Podlena Pursuant to F.R.E. 701 & 702. |
| 27 | Plaintiff's statement is non-responsive to the statement made by defendants in that it does not address David Martin's representations concerning Franke. Plaintiff's response in surplusage that must be stricken. |
| 37 | Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 38 Response to IPC | Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 39 Response to UACL | There is no citation to the record for this additional fact. in violation of L.R. 56.1(b)(3)(B). |
| 40 Response to IPC | Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 40 Response to UACL | Plaintiff's statement is non-responsive to the statement made by defendants. Thus, the fact set forth by defendants is not controverted and is deemed admitted under L.R. 56.1(b)(3)(C). |
| H | Plaintiff responds to a section heading. |
| 45 | Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 49 | Plaintiff's statement is non-responsive to the statement made by defendants. Thus, the fact set forth by defendants is not controverted and is deemed admitted under L.R. 56.1(b)(3)(C). In addition, Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 50 | Plaintiff's statement is non-responsive to the statement made by defendants. Thus, the fact set forth by defendants is not controverted and is deemed admitted under L.R. 56.1(b)(3)(C). In addition, Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 51 | Plaintiff's statement is non-responsive to the statement made by defendants. Thus, the fact set forth by defendants is not controverted and is deemed admitted under L.R. 56.1(b)(3)(C). In addition, Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 52 | Plaintiff's statement is non-responsive to the statement made by defendants. Thus, the fact set forth by defendants is not controverted and is deemed admitted under L.R. 56.1(b)(3)(C). In addition, Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 53 | Plaintiff's statement is non-responsive to the statement made by defendants. Thus, the fact set forth by defendants is not controverted and is deemed admitted |

130597384v1 0903067

| | |
|---|---|
| | under L.R. 56.1(b)(3)(C). In addition, Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 56 | Plaintiff's response contains legal argument. |
| 57 | Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| J | Plaintiff responds to a section heading. Said response contains legal argument. |
| 58 Response to IPC | Plaintiff fails to respond to the statement made by defendants. Thus, the fact set forth by defendants is not controverted and is deemed admitted under L.R. 56.1(b)(3)(C). |
| 63 | Plaintiff's statement contains argument and surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 64 | Plaintiff's statement contains argument and surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 65 | Plaintiff's statement contains argument and surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 66 | Plaintiff's statement contains argument and surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 67 | Plaintiff's statement contains surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 68 | Plaintiff's statement contains argument and surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 69 | Plaintiff's statement contains argument and surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 70 | Plaintiff's statement contains argument and surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| 75 | Plaintiff's statement contains argument and surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |
| K | Plaintiff responds to a section heading. Said response contains legal argument. |
| 77 | Plaintiff's statement contains argument and surplusage that is not responsive to defendants' Statement of Fact, and thus, must be stricken. |

5. To the extent that plaintiff thought it necessary to make a legal argument with respect to facts cited by the defendants, he should have included such an argument in his responses or a legal memorandum, as opposed to tagging them onto a factual response. Moreover, to the extent there are additional facts that plaintiff wanted to cite in opposition to

130597384v1 0903067

defendants' motions for summary judgment, the place to do that was in plaintiff's additional facts pursuant to Local Rule 56.1.

WHEREFORE, the defendants, IPC and UACL, request that this Court strike those portions of plaintiff's responses to some of the 77 statements of fact asserted by IPC and UACL and disregard them when deciding IPC's and UACL's motions for summary judgment.

                                          Respectfully submitted,

                                          HINSHAW & CULBERTSON LLP

                                          By: s/Carlton D. Fisher

Carlton D. Fisher
William Yu
Cecilia A. Horan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450
312-704-3001 Fax