IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, <br><br> Plaintiffs, <br><br> vs. <br><br> MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, <br><br> Defendants. | No. 09 cv 5340 <br><br> Honorable James F. Holderman <br><br> Magistrate Susan E. Cox |

### PLAINTIFF'S RESPONSE TO IPC AND UACL'S MOTION TO STRIKE AND BAR TESTIMONY OF DAVID MARTIN AND PAT PODLENA PURSUANT TO FRCP 701 AND 702

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, through his attorneys, CLIFFORD LAW OFFICES, P.C., moves this Court to deny IPC and UACL's Motion to Strike and Bar Testimony of David Martin and Pat Podlena Pursuant to FRCP 701 and 702, and in support of such denial Plaintiff responds as follows:

### INTRODUCTION

In this case Defendants Universal AM CAN Ltd. (UACL) and International Paper Company (IPC) have filed motions for summary judgment. One of the issues involved in those motions is whether there is a genuine issue of fact as to the existence of an agency relationship between truck

driver Samuel Franke of MBMS and Defendants UACL and IPC. Plaintiff has responded to those motions in separate response briefs, and Plaintiff has also responded to Defendants' statement of facts, and has submitted his own statement of additional facts. In Defendants' motions for summary judgment, and in their respective statements of facts, Defendants repeatedly cite evidence, make statements and set forth argument that no such agency relationship existed.

The definition of an agent is succinctly set forth in Illinois Pattern Jury Instruction 50.05, as:

> An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts business, manages some affair or does some service for the principal, with or without compensation. The agreement may be oral or written, express or implied.

In response to Defendants' various representations in their motions and Statements of Facts, Plaintiff cited the testimony of David Martin and Patrick Podlena that is directly relevant to the question of agency. Defendants now are attempting to bar very relevant and admissible testimony from two MBMS employees who are especially knowledgeable on that issue, simply because the testimony is contrary to Defendants' position and supports denial of their Motions for Summary Judgment. Defendants should not now be permitted to restrict the Court's consideration of proper evidence because they did not like the testimony that was given by lay-witness employees of Defendant MBMS. Testimony cannot be barred simply because it is contrary to Defendants theory in this case. Rather the Court should consider all proper and valid testimony related to the issues affirmatively raised in Defendants' Summary Judgment motions, including the testimony of Mr. Martin and Mr. Podlena, both of whom are long-time employees of MBMS.

## RELEVANT FACTS

David Martin is the operations manager for Martin's Bulk Milk Service (MBMS). His

parents own MBMS, which is a long time family trucking business. They operate as motor carriers and freight brokers. (Exhibit 4, pp. 6-10,17-18.) (The cited Exhibits are the same exhibit numbers used in Plaintiff's Joint Appendix of Exhibits.) During his deposition Mr. Martin testified that MBMS would never have become involved in transporting this load of paper if IPC had not asked Overnite Express (now UACL) to arrange for transportation of their paper products; and that Martin's also would never had been involved in transporting this paper on July 3 unless Overnite Express (now UACL) contacted MBMS and asked them to transport this paper from IPC's Hammond distribution center. (Exhibit 4, pp. 63-64.) David Martin further testified that MBMS was performing a service for the benefit of IPC by transporting their paper product to Minneapolis; and that Martin's was also performing a service for Overnite Express by transporting these paper products that IPC had asked Overnite (UACL) to transport. (Exhibit 4, pp. 64-65.) With that background, David Martin went on to testify that Martin's (MBMS) was acting as an agent for IPC by transporting their paper product to Minneapolis; and also that Martin's was acting as an agent for Overnite Express (UACL) by transporting the paper product that Overnite had agreed with IPC to get transported to Minneapolis. (Exhibit 4, pp. 64-66.) Martin's was performing work for, and services for, IPC and Overnite Express (UACL) by transporting the paper products at the request of those entities. (Exhibit 4, pp. 193-194.) Mr. Martin also clarified that if Overnite had been purchased or subsumed by UACL as of July 3, 2008 he believed that Martin's was performing a service for the benefit of UACL by transporting these paper products for UACL, and that Martin's was acting as an agent of UACL in doing so. (Exhibit 4, pp. 191-192.)

Mr. Martin testified that he, Pat Podlena and Janet Berndt are the main persons responsible for the transportation of cargo. (Exhibit 4, pp. 133-134.) David Martin considered Pat Podlena to

be one of the persons most knowledgeable at MBMS on behalf of Martin's about the formation of contractual relationships between Martin's with companies they hauled for. (Exhibit 5, pp. 258-259.) Mr. Podlena believed MBMS drivers were acting as agents of UACL by delivering the paper goods they had to transport. (Exhibit 25, pp. 20-22.)

## ARGUMENT

Contrary to Defendant's suggestion that David Martin and Pat Podlena's testimony is an attempt to "usurp this Court's role in determining as a matter of law who controlled co-defendant Samuel Franke", this testimony is entirely appropriate and relevant for the jury to consider in their determination of whether an agency relationship exited between UACL, IPC and MBMS. It is well settled Illinois law that when there is some dispute as to the extent of the parties' relationship, the existence and scope of agency relationship are questions of fact for the jury to decide." *Pantaleo v. Our Lady of Resurrection Med. Center*, 297 Ill.App.3d 266, 277 (1st Dist. 1998)(citing *Barbour v. South Chicago Community Hosp.*, 156 Ill.App.3d 324, 329 (1st Dist. 1987)) ; see also *McCarthy v. Carefree Vacations Inc.*, 171 Ill.App.3d 1050, 1053 (2nd Dist. 1988); *Prodromos v. Everen Sec., Inc.*, 341 Ill.App.3d 718, 724(1st Dist. 2003). A fact finder's determination of whether an agency relationship exists should be made by considering all the surrounding circumstances and actions of the parties, without exclusive weight being given to contractual labels or provisions. *Sperl v. C.H. Robinson,* 408 Ill.App.3d 1051, 1057 *citing Roberson v. Industrial Comm'n*, 225 Ill.2d 159 (2007). The existence of an agency relationship between MBMS/Franke and UACL, and its nature and extent, "may be established by circumstantial evidence, including the situation of the parties, their acts, and other relevant circumstances." *Prodromos v. Everen Sec., Inc.*, 341 Ill.App.3d 718, 724-25 (1st Dist. 2003). Accordingly, Martin and Podlena's testimony is precisely the kind of factual

evidence a jury should consider in its determination of whether an agency relationship exists, and therefore Defendants' Motion to Bar should be denied. *See McNamee v. Sandore*, 373 Ill.App.3d 636 (2d. 2007)(while agency is a legal concept, the existence and scope of an agency relationship is a fact intensive inquiry reserved for the finder of fact).

Defendants' primary argument in support of their Motion to bar the testimony of Martin and Podlena is that "*if* Martin and Podlena were proffered as experts, their testimony as expert opinions on legal conclusions that will determine the outcome of the case is inadmissible." Defendants' Motion to Bar at 2. As an initial matter, Martin and Podlena are not expert witnesses, nor have they been disclosed by any party as expert witnesses. Martin and Podlena are lay witnesses and employees of Defendant Martin's Bulk Milk Service, Inc., who testified as to their personal knowledge and impressions of the business relationship between Martin's and IPC and UACL. Their testimony is neither speculative nor improper as Martin and Podlena are intimately involved in the day-to-day operations of the work Martin's performed for IPC and UACL, and are the best people to articulate their understanding of the working relationship between these entities. Martin and Podlena's testimony is precisely the kind of factual evidence a jury should consider in its determination of whether an agency relationship exists and accordingly, Defendants' Motion to Bar should be denied.

Defendants largely rely upon and cite to cases involving the admissibility of expert testimony. *See* Defendants' Motion at 2-4, e.g. *Good Shepard Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003)(expert testimony from law professor and urban planner based largely on legal conclusions excluded), *U.S. v. Caputo*, 382 F. Supp.2d 1045, 1049 (N.D. Ill. 2005)(defendant's expert witnesses' testimony consisting of legal conclusions in a prosecution

5

alleging conspiracy in connection with modification of medical device previously approved by the FDA excluded); *Boyle v. RJW Transport, Inc.* 2008 WL 4877108 (N.D. Ill.) (plaintiff's trucking expert's opinions barred from court's consideration of summary judgment motion), *Reginald Martin Agency, Inc. v. Conseco Med Insurance Co.*, No. 40-C-1587, 2007 WL 831613 (S.D. Ind. March 5, 2007)(defendant expert's testimony as to breach of fiduciary and conservative fraud claims barred; rebuttal damages expert testimony and report not excluded); *General Elec Corp. v. Joiner*, 522 U.S. 136 (1997)(no abuse of discretion in excluding expert testimony based upon epidemiological studies). Since neither Martin nor Podlena are expert witnesses, none of these cases have any relevance to this case and do not provide support for Defendants' Motion.

As employees of Defendant Martin's Bulk Milk Service, Inc. Martin and Podlena are lay witnesses and pursuant to Federal Rule of Evidence 701, a lay witness may testify about his opinions or inferences that are: (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Martin and Podlena will testify as to their personal understanding and perception of whether Martin's was operating as an agent on behalf of IPC and UACL in hauling IPC's paper goods, and performing UACL's transportation services under the contract. Martin and Podlena's testimony is not highly scientific or technical, it is simply their understanding of the business relationship between these entities based upon the professional experiences and knowledge they gained as employees of Martin's Bulk Milk Service, Inc. Accordingly, Martin and Podlena's testimony is entirely relevant and appropriate for the jury to consider in its determination of whether an agency relationship existed between these businesses. Furthermore, any suggestion by Defendants that Podlena was speculating

is both inaccurate and misleading, and any alleged indicia of conjecture should go to the weight of Podlena's testimony and not its admissibility.

*L.G. Electronics v. Whirlpool Corp.*, 2010 WL 3781264 (N.D. Ill.) has no application to this case as it is both factually and legally distinguishable. In *L.G. Electronics*, defendant sought to preclude plaintiff from calling an employee electrical engineer of the defendant as a lay witness to testify that "(1) the Whirlpool employee charged with statistical validation of wrinkle testing results determined that Whirlpool's cold mist feature (so-called 'steam') did not provide any wrinkle reduction benefits according to the test data he reviewed" and (2) "for the purpose of showing that the highest level statistician[ ] at Whirlpool indicated [that he] found flaws in the testing, and that the introduction of a cold water mist in Whirlpool's dryers did not reduce wrinkles in the tests they analyzed." Because the engineer's testimony was largely technical and based upon statistical analysis the court held plaintiff was barred from calling the engineer as a lay witness because it did not identify any lay testimony it sought to elicit from the engineer. Unlike the engineer in *L.G. Electronics*, Martin and Podlena's testimony is not technical or scientific – it falls squarely within the confines of Rule 701 as opinions or inferences that are rationally based on their perceptions as employees of Martin's Bulk Milk Service, Inc. regarding the agency relationship between Martin's and IPC and UACL.

Defendants' reliance on the memorandum opinion and order in *Civix-DDI, LLC v. Hotels.com, L.P.*, 2012 WL 6591684 (N.D. Ill.) is misguided since it only buttresses Plaintiff's argument in support of the admission of Martin and Podlena's testimony. In *Civix-DDI, LLC*, the plaintiff sought to introduce lay testimony of the co-inventor of a patent in a patent infringement case. Defendants brought a motion *in limine* to bar the co-inventor's from offering any "expert

testimony" in the matter because plaintiff did not disclose him as an expert witness and not provided a written report about this opinions. In holding that the co-inventor would not be testifying as an expert witness since he would only be testifying regarding his personal knowledge, the court limited his testimony to factual testimony from his personal knowledge about "the contents of the patent application, the prior art he reviewed and analyzed in creating the patent and in assisting Civix's patent prosecution counsel, the negotiation process for patent licenses, the terms of patent licenses he negotiated," and "opinions he formed while involved with license negotiations, the patent prosecution and patent development process." Id. at *4. Likewise, Plaintiff in this case seeks to introduce the lay testimony of Martin and Podlena to provide factual testimony regarding their personal knowledge of the business relationship and operations between Martin's and IPC and UACL, and the opinions they formed while involved in this inter-dependent business relationship. Martin and Podlena are not expert witnesses providing expert testimony, and the jury should be permitted to consider their factual testimony based upon their personal knowledge.

## CONCLUSION

Plaintiff submits that the testimony of David Martin and Patrick Podlena is proper and admissible. Plaintiff respectfully requests the Court to consider their testimony individually, and the analysis for the admissibility of each individual's testimony should remain separate and distinct. Even if the Court were to be inclined to bar the testimony of Patrick Podlena, Plaintiff maintains the testimony of David Martin should be admissible as MBMS is his family business where he works as the operations manager, and he is intimately involved and familiar with MBMS' hauling of IPC's paper goods, and performing UACL's transportation services under the contract.

Plaintiff further submits that it is premature to bar any testimony of David Martin and/or Pat Podlena on the agency issue at trial because portions of Martin and Podlena's testimony are only before the Court as such testimony was set forth in the Plaintiff's Statement of Material Facts, and as relevant to UCAL and IPC's Motion for Summary Judgment. The totality of their testimony is not currently before the Court. Therefore their testimony should not be barred under any broad description of agency-related statements. Rather, both Martin and Podlena testified to many facts that relate to agency and these statements would have to be considered individually.

For the aforementioned reasons, Plaintiff respectfully requests this Court to deny IPC and UACL's Motion to Strike and Bar Testimony of David Martin and Pat Podlena Pursuant to FRCP 701 and 702.

    s//Richard F. Burke, Jr.
Submitted By One of Plaintiff's Attorneys
Richard F. Burke, Jr.
ARDC No: 03121588

Richard F. Burke, Jr.
Shannon M. McNulty
Kimberly M. Halvorsen
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090/(312) 251-1160 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, <br><br> Plaintiffs, <br><br> vs. <br><br> MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC, BMW of NORTH AMERICA, LLC, a corporation, BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, a corporation, <br><br> Defendants. | No. 09 cv 5340 <br><br> Honorable James F. Holderman <br><br> Magistrate Susan E. Cox |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on **July 10, 2013**, he caused **Plaintiff's Response to IPC and UACL's Motion to Strike and Bar Testimony of David Martin and Pat Podlena Pursuant to FRCP 701 and 702** to be filed electronically through the CM/ECF system which will send notification of such filing to the attorneys listed on the attached Service List.

s// Richard F. Burke, Jr.
Richard F. Burke, Jr. Bar Number 03121588
Attorney for Plaintiff MURRAY SCHEINMAN,
Plenary Guardian of the Estate and Person of
JEFFREY J. SCHEINMAN, a Disabled Person

Richard F. Burke, Jr.
Shannon M. McNulty
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090/(312) 251-1160 (fax)

Scheinman v. Martins Bulk Milk Service, Inc., et al.
Our File No.: 08-0066
Case No. 1:09-cv-05340

SERVICE LIST

Mr. Joseph Skryd
Mr. Matthew Schreck
Mr. James Temple
Ms. Kristen C. Leppert
Mr. Jason Briesemeister
MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, Illinois 60187
(630) 653-9300
(630) 653-9316 (Fax)
jskryd@mrvlaw.com
mschreck@mrvlaw.com
jtemple@mrvlaw.com
Jbriesemeister@MRVLaw.com

Mr. Robert J. Golden
Mr. Daniel Polsby
DOWD & DOWD, LTD.
617 West Fulton
Chicago, Illinois 60661
(312) 704-4400
(312) 704-4500 (Fax)
rgolden@dowdanddowd.com
dpolsby@dowdanddowd.com
*ATTORNEYS FOR DEFENDANTS: MARTIN'S BULK MILK SERVICE, INC. AND SAMUEL G. FRANKE*

Carlton D. Fisher
William Yu
Cecilia A. Horan
HINSHAW AND CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
(312)704-3000
(312) 704-3001 (Fax)
cfisher@hinshawlaw.com
wyu@hinshawlaw.com
choran@hinshawlaw.com
*ATTORNEY FOR DEFENDANT: INTERNATIONAL PAPER COMPANY AND UNIVERSAL AM CAN, LTD., S/B/A AND SUCCESSOR TO OVERNITE EXPRESS INC., AND OX, LLC*