UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No.: 09 CV 05340 |
| MARTIN'S BULK MILK SERVICE, INC., ) SAMUEL G. FRANKE, CSX ) INTERMODAL, INC., INTERNATIONAL ) PAPER COMPANY, UNIVERSAL AM ) CAN LTD., Successor to OVERNITE ) EXPRESS, INC., and OX LLC, BMW ) OF NORTH AMERICA, LLC, ) a corporation, BAYERISCHE ) MOTOREN ) WERKEAKTIENGESELLSCHAFT, a ) corporation, BMW AG, a corporation, ) and KARL KNAUZ MOTORS, INC., a ) corporation, ) ) Defendants. ) | Judge James F. Holderman  Magistrate Judge Susan Cox |

**RESPONSE TO DEFENDANTS, INTERNATIONAL PAPER COMPANY AND UNIVERSAL AM CAN LTD.'S, MOTION TO STRIKE AND BAR TESTIMONY OF DAVID MARTIN AND JEREMIAH PATRICK PODLENA**

NOW COME the Defendants, MARTIN'S BULK MILK SERVICE, INC. (hereinafter referred to as "MBMS") and SAMUEL G. FRANKE (hereinafter referred to as "FRANKE"), by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and for their Response to Defendants, INTERNATIONAL PAPER COMPANY (hereinafter referred to as "IPC") and UNIVERSAL AM CAN LTD.'s (hereinafter referred to as "UACL"), Motion to Strike and Bar Testimony of David Martin and Jeremiah Patrick Podlena, state as follows:

Modern evidentiary rules allow non-expert witnesses to express their opinions so long as those opinions are based upon the witness' own observation of events and are helpful to the jury. See Teen-Ed, Inc. v. Kimball Intern., Inc., 620 F.2d 399, 404 (3rd Cir. 1980) (stating that opinions and inferences to those rationally based on perception of witness and helpful to clear understanding of testimony). See also Thermodyne Food Service Products Inc. v. McDonald's Corp., 940 F. Supp. 1300, 1306 (N.D. Ill. 1996) (allowing lay witness opinion testimony when it is grounded in the witnesses personal knowledge). Further, the testimony is not inadmissible simply because it embraces an ultimate issue to be decided by the trier of fact. Id. While testimony garnered from non-expert witnesses is more restricted than that given by an expert, the essential difference is merely that an expert may answer hypothetical questions, while a non-expert may only testify from his or her own personal knowledge and perceptions. Teen-Ed, Inc. v. Kimball Intern., Inc., 620 F.2d 399, 404 (3rd Cir. 1980). In the instant matter, the testimony elicited from both David Martin and Jeremiah Patrick Podlena is based upon their observations of events, custom and practice, is helpful to the jury, and cannot be said to be "hypothetical" in nature.

In their Motion, IPC and UACL cite and rely upon LG Electronics v. Whirlpool Corp., 2010 WL 3781264 (N.D. Ill.), in an effort to portray that the testimony of David Martin and Jeremiah Patrick Podlena is being offered as having a basis in "scientific, technical, or other specialized knowledge within the scope of Rule 702." Id. at 2. Essentially, IPC and UACL argue that David Martin and Jeremiah Patrick Podlena are being utilized as "experts" cloaked as lay witnesses. However, this is simply untrue and the case relied upon is inapposite. In LG Electronics, the Plaintiff sought to admit the

testimony of a lead engineer, which was based upon his "technical expertise in statistics." Id. at 2.  Further, the Court specifically noted that an "untrained lay person could not make the observations or conclusions made by [the witness.]" Id.  As the Court noted that only individuals with this specialized knowledge could opine upon the areas the Plaintiff sought to introduce, the opinions were deemed inadmissible.  The testimony of David Martin and Jeremiah Patrick Podlena has no scientific, technical, or specialized basis.  On the contrary, the witnesses testified as to their knowledge regarding the roles of the parties and the contract.  In their testimony, both David Martin and Jeremiah Patrick Podlena utilized only their personal knowledge and experience in the trucking industry.  Any person could make the same observations or draw similar conclusions without any specialized knowledge or training.

  IPC and UACL further argue that even if David Martin and Jeremiah Patrick Podlena were proffered as "experts," their opinions should be inadmissible as ultimate conclusions of law.  However, this rationale is misguided and erroneous.  The testimony of David Martin and Jeremiah Patrick Podlena is based upon their understanding of the roles of the parties. This is not a "battle of the experts," as the Defendants, IPC and UACL, have indicated.  David Martin and Jeremiah Patrick Podlena are not seeking to testify as to the legal requirements or duties imposed by a particular statute.  Rather, the testimony elicited merely expresses the opinions of David Martin and Jeremiah Patrick Podlena based upon their own observation of events and the custom and practice in the trucking industry.  These opinions must not be deemed inadmissible merely because they touch upon an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704(a).  In fact, Federal Rule of Evidence Rule 704 dictates that opinions

are not objectionable merely because they embrace an ultimate issue. Rather, opinions should be admitted into evidence whenever they are helpful to the trier of fact, regardless of whether the individual is proffered as a lay witness or an expert. Fed. R. Evid. 704 advisory comm. nn. (West 2013). Thus, the testimony of David Martin and Jeremiah Patrick Podlena should be admitted and the Motion to Strike and Bar Testimony of David Martin and Patrick Podlena must be denied.

IPC and UACL also erroneously rely upon Boyle v. RJW Transport, Inc., 2008 WL 4877108 (N.D. Ill. 2008), to buttress their argument that the testimony should be stricken and barred. Boyle is inapposite to the case at hand, as it concerned a report from a well-known Plaintiff's expert containing multiple conclusions of law. The testimony at issue is not from a retained expert, nor is it focused on conclusions of law. Rather, the testimony at issue is from the operations manager and a former dispatcher of the company. It contains their testimony based upon first-hand knowledge of the facts and circumstances surrounding the services provided to IPC and UACL, and the custom and practice in the trucking industry.

The matter at hand is much more akin to Teen-Ed, Inc. v. Kimball Intern., Inc., 620 F.2d 399, 404 (3rd Cir. 1980), in which the Court deemed the testimony of the appellant's accountant and bookkeeper admissible under Rule 701. Teen-Ed, Inc., 620 F.2d at 403. The Court specifically found that the personal knowledge of the balance sheets acquired as the appellant's accountant was sufficient to allow his testimony as to lost profits and the inferences drawn from his perception of their books. Id. As the operations manager for Martin's Bulk Milk Service, David Martin's role required him to have knowledge regarding the business of Martin's Bulk Milk Service, its contractual

undertakings, and its relationships with other entities, including IPC and UACL. As a dispatcher with many years of experience, Jeremiah Patrick Podlena performed many duties, including the signing of contractual documentation. David Martin and Jeremiah Patrick Podlena's testimony are personal in nature and within their knowledge and perception, as required by Rule 701.

The testimony of Jeremiah Patrick Podlena is not speculative in nature, but rather is a reflection of his understanding regarding the roles of the parties and his experience in the trucking industry. His testimony regarding the agency status of UACL and IPC was based upon his own prior experience, as well as his role at Martin's Bulk Milk Service handling the contracts. The testimony of Jeremiah Patrick Podlena does not touch upon a hypothetical situation or one that requires mere guesswork. He testified from his knowledge and opinions gained from his extensive background in the trucking industry, the documents between the parties, and the custom and practice in the trucking industry. As such, any testimony regarding the roles of the parties, and his understanding thereof, are not speculative and should be admitted into evidence.

The Defendants, MBMS and FRANKE, further adopt and incorporate by reference Plaintiff's Response to IPC and UACL's Motion to Strike and Bar Testimony of David Martin and Pat Podlena pursuant to FRCP 701 and 702.

WHEREFORE, the Defendants, MARTIN'S BULK MILK SERVICE and SAMUEL G. FRANKE, respectfully request that this Honorable Court enter an Order denying the Defendants, INTERNATIONAL PAPER COMPANY and UNIVERSAL AM CAN LTD.'s, Motion to Strike and Bar Testimony of David Martin and Pat Podlena, for the reasons stated herein.

Respectfully Submitted,

s/ Matthew R. Schreck
Matthew R. Schreck, One of the Attorneys for
Defendants, MARTIN'S BULK MILK SERVICE,
INC. and SAMUEL G. FRANKE

MULHERIN, REHFELDT & VARCHETTO, P.C.
211 South Wheaton Avenue
Suite 200
Wheaton, IL 60187
(630) 653-9300

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2013, I electronically filed the foregoing for the Defendants, MARTIN'S BULK MILK SERVICE, INC. and SAMUEL G. FRANKE, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Richard F. Burke, Jr.
Courtney A. Marincsin
Shannon Marie McNulty
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
rfb@cliffordlaw.com
cbm@cliffordlaw.com
smm@cliffordlaw.com

Robert J. Golden
Dowd & Dowd, Ltd.
617 West Fulton
Chicago, Illinois 60661
rgolden@dowdanddowd.com

Evan Karnes, II
Neil D. O'Connor, Sr.
O'Connor & Karnes
177 North State
3rd Floor
Chicago, Illinois 60601
ekarnes@oconnorkarnes.com

Carlton Fisher
William Yu
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601
cfisher@hinshawlaw.com
wuy@hinshawlaw.com

                                                         s/ Matthew R. Schreck