IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OX LLC, UNIVERSAL AM CAN LTD.,<br><br>Defendants. | Case No.: 09 cv 5340<br><br>Honorable James F. Holderman<br><br>Magistrate Susan E. Cox |

### IPC'S AND UACL'S REPLY TO PLAINTIFF'S, MBMS'S AND FRANKE'S RESPONSES TO MOTION TO STRIKE AND BAR TESTIMONY OF DAVID MARTIN AND PAT PODLENA

NOW COME the Defendants, International Paper Company ("IPC") and Universal Am Can, Ltd. ("UACL")(collectively "Moving Defendants"), by their attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of Hinshaw & Culbertson LLP, and for their Reply to Plaintiff's, MBMS's and Franke's Responses to their Motion to Strike and Bar Testimony of David Martin and Pat Podlena Pursuant to FRCP 701 and 702, they state as follows:

In their Response briefs, plaintiff and co-defendants each concede that the proffered testimony of Martin's Bulk Milk Service, Inc. ("MBMS") employee David Martin ("Martin") and former employee Pat Podlena ("Podlena") is not expert testimony offered pursuant to FRE 702 as it relates to the existence or non-existence of an agency relationship between truck driver Samuel Franke ("Franke") and Moving Defendants. (See Plaintiff's Response * 5, Document #355 ("Martin and Podlena are not expert witnesses"); and Co-Defendant's Response * 3, Document #356 ("The testimony of…Martin and…Podlena has no scientific, technical or

specialized basis...[they] utilized only their personal knowledge and experience in the trucking industry.").) Instead, the responding parties argue that the proffered opinion testimony concluding that an agency relationship existed between Franke and Moving Defendants at the time of the accident is admissible lay opinion testimony under FRE 701.

The problem with that position is that the proffered evidence is really expert testimony being offered under the guise of lay opinion testimony. As set forth in IPC's and UACL's Motion to Strike and Bar (Document # 342), it is indisputable that lay witness testimony which concludes that an agency relationship exists is inadmissible as a legal conclusion. *Hershey v Pacific Investment Management Company, LLC,* 697 F. Supp.2d 945, 954 (N.D.Ill. 2010)(excluding opinion testimony on the existence of an agency relationship because such testimony is a "…legal conclusion…crucial to the ultimate determination"). Nowhere in their response briefs do the moving parties even attempt to explain how testimony that constitutes a legal conclusion can be magically transformed into admissible lay opinion.

Instead, the opposing parties attempt to lower the foundation bar between lay opinion and expert opinion testimony by arguing that as lay witnesses Martin and Podlena are "testifying to…their personal understanding and perception…based upon their professional experiences and knowledge…" (Plaintiff's Response * 6, Document #356) and ". . . their personal knowledge and experience in the trucking industry." (Co-Defendant's Response * 5, Document #355.) The mere recitation of these common platitudes does nothing to explain how Martin and Podlena can possibly be qualified to opine on a legal issue. These attempted justifications for the admission of testimony amounting to a legal conclusion are clearly insufficient to permit either Martin or Podlena to render an opinion on a question of law.

If Martin and Podlena were permitted to testify that Franke/MBMS were "agents" or "acting as agents" of IPC and UACL, they would be impermissibly evaluating certain evidence of conduct and inappropriately applying the legal principles of the law of agency to conclude that an agency relationship exists. Even though there is no evidence that either Martin or Podlena have attended law school or have specialized training in the law of agency, they are not otherwise entitled to render an opinion on whether the facts of this case establish an agency relationship.

IPC's and UACL's motion is a simple and straight forward motion for relief based upon universally recognized evidentiary principles embodied in FRE 701 and 702. Moving Defendants have no objection to the admission of strictly factual testimony of lay witnesses Martin and Podlena as it may relate to the existence or non-existence of an agency relationship between Franke and Moving Defendants as long as their testimony does not include opinions that *conclude* that an agency relationship exists. Plaintiff is entitled to argue for purposes of the summary judgment motions that a particular set of facts creates an agency relationship.[1] But the proffered opinions of Martin and Podlena are inadmissible legal conclusions. Neither Martin nor Podlena have the right or the ability to testify to the legal conclusion that an agency relationship was created between Franke and IPC or UACL. Their individual or collective "background and experience" are insufficient as a matter of law to lay a foundation for the admission of a legal conclusion under the guise of mere lay opinion testimony.

---

[1] MBMS and Franke sought leave to file a response to this Motion (even thought the Court struck all their responsive documents to IPC's and UACL's Motions for Summary Judgment) arguing that they wanted to avoid a later claim of "waiver" if the case goes to trial against IPC and UACL. Their arguments do not help plaintiff avoid the result sought by IPC and UACL – striking the legal conclusion opinion testimony of Martin and Podlena.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: <u>s/Carlton D. Fisher</u>

Carlton D. Fisher
William Yu
Cecilia A. Horan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
312-704-3001 F

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2013, I electronically filed the **IPC's And UACL's Reply To Plaintiff's, MBMS's And Franke's Responses To Motion To Strike And Bar Testimony Of David Martin And Pat Podlena** with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, using the CM/ECF system reflecting service of to be served on:

Richard Burke, Jr.
Shannon M. McNulty
Courtney Boho Marincsin
Nancy K. O'Donnell
Clifford Law Offices, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
rfb@cliffordlaw.com
smm@cliffordlaw.com
cbm@cliffordlaw.com
nodonnell@cliffordlaw.com

Robert J. Golden
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
rgolden@dowdanddowd.com

Joseph G. Skryd
Matthew R. Schreck
James J. Temple
Jason Briesemeister
Mulhern, Rehfeldt & Varchetto, P.C.
211 South Wheaton Avenue, Suite 200
Wheaton, IL 60187
jskryd@mrvlaw.com
mschreck@mrvlaw.com
jtemple@mrvlaw.com
JBriesemeister@mrvlaw.com

James K. Toohey
Timothy R. Couture
Johnson & Bell LTD
33 W. Monroe Street, Suite 2700
Chicago, IL 60603
tooheyj@jbltd.com
couturet@jbltd.com

s/Carlton D. Fisher

130614822 0903067