IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>        Plaintiff,<br><br>v.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, OVERNITE EXPRESS, INC., OX LLC, UNIVERSAL AM CAN LTD.,<br><br>        Defendants. | Case No.: 09 cv 5340<br><br>Honorable James F. Holderman<br><br>Magistrate Susan E. Cox |

**IPC'S AND UACL'S REPLY IN SUPPORT OF THEIR MOTION TO STRIKE SUPERFLUOUS ARGUMENT CONTAINED IN PLAINTIFF'S RESPONSES TO IPC'S AND UACL'S STATEMENT OF FACTS**

NOW COME the Defendants, International Paper Company ("IPC") and Universal Am Can, Ltd. ("UACL)(collectively "Moving Defendants"), by their attorneys, Carlton D. Fisher, William Yu and Cecilia A. Horan of Hinshaw & Culbertson LLP, and for their Reply in Support of Their Motion to Strike Superfluous Argument Contained in Plaintiff's Responses to UACL's and IPC's Statement of Facts ("Motion to Strike"), they state as follows:

Local Rule 56.1(b)(3) governs the non-movant's response to the movant's Statement of Facts. The Court requires strict compliance with Local Rule 56.1. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir.2006); *Wilcox v. Allstate Corp*. 2012 WL 6569729 (N.D.Ill.). As stated by the court in *Malec v. Sanford*, this rule may be the most important litigation rule outside statutes of limitation because the consequences of failing to satisfy its requirements are so dire. *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000). The penalty for failing to properly respond to a movant's 56.1(a) statement may be summary judgment for the movant

because the movant's factual allegations are deemed admitted. *Id*, see also *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir.2006), *Wilcox v. Allstate Corp.* 2012 WL 6569729, p. 5 (N.D.Ill.). With regard to a non-movant's Response, the 7th Circuit, in *Raymond v. Ameritech Corp.* stated:

> We cannot stress the importance of this document enough: a non-movant's failure to adhere to the[] requirements [of Rule 56.1] is equivalent to admitting the movant's case.

*Raymond v. Ameritech Corp.,* 442 F.3d 600, 604 (7th Cir.2006).

In his Response to defendants' Motion to Strike, plaintiff attempts to justify his blatant defiance of Rule 56 by arguing that inclusion of argument, additional facts, and other improper information in his Response to Defendants' Statement of Facts is an "inherent" right by which he can "provide the court [sic] with a brief explanation as to why some of Defendants' statements of facts are not accurate and cannot be completely admitted or denied." (See Response, p. 2.)

Contrary to plaintiff's claim, Local Rule 56.1(b)(3) does not allow for any "explanation in conjunction with his admission or denial". (See Response, p. 2; see also Local Rule 56.1(b)(3).)[1] Likewise, a non-movant's response (which arguably includes responses to section

---

[1] Local Rule 56.1(b)(3) allows the responding party to serve and file:

(3) a concise response to the movant's statement that shall contain:

(A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and,

(B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

(C) a statement consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting material relied upon . . . .

L.R. 56.1.

headings) is not "the place for purely argumentative denials." *Malec v. Sanford*, 191 F.R.D. 581, 584. Plaintiff's strident position is akin to a party responding to a FRCP Rule 36 Request for Admissions by arguing the request does not accurately reflect the issues in the case.

Even if plaintiff's responses can be construed to contain "factual statements" as claimed in some instances by plaintiff (see Response, p. 5 (Regarding Paragraph 13 of Plaintiff's Resposne to UACL's Statement of Facts)), additional factual arguments must be submitted as "Additional Facts" pursuant to Local Rule 56.1(b)(3)(C), which is "the only acceptable means" for the opposing party to put forth additional facts. *FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627, 634 (7th Cir.2005), citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316-17 (7th Cir. 1995). Simply providing additional facts in one's responsive memorandum is insufficient to put those facts before the court. *Id.*

Substantively, plaintiff's Response to defendants' Motion to Strike is simply a regurgitation of the arguments previously made in his Response to defendants' Statement of Facts. Despite obvious evidence to the contrary, plaintiff <u>fails to acknowledge or address</u> that in his Response to defendants' Statement of Facts:

(a) he inserted additional facts (see Plaintiff's Response, Argument Regarding Paragraphs 7, 8, 9, 37, 38, 40, 45, 49, 50, 51, 52, 53, 57, 63, 64, 65, 66, 69, 70, 75 and 77);

(b) the additional facts are unsupported by citation to the record (see Plaintiff's Response, Argument Regarding Paragraphs 7, 9, 11, 12 and 39);

(c) he incorporated argument (see Plaintiff's Response, Argument Regarding Paragraphs 8, 11, 12, 13 and 54);

(d) and, he incorporated statements which are not responsive to the facts set forth by defendants (see Plaintiff's Response, Argument Regarding Paragraphs 14, 27, 37, 38, 40, 45, 49, 50, 51, 52, 53, 57, 63, 64, 65, 66, 69, 70, 75 and 77).

130615196v1 0903067

Curiously, in some parts of his Response to defendants' Motion to Strike, plaintiff provides additional testimony to support the arguments made in his Response to defendants' Statement of Facts without addressing the shortcoming in the Response. (See Argument Regarding Paragraphs Response, pp. 11, 12 and 14.) <u>In other words, plaintiff's Response to defendants' Motion to Strike essentially supplements his previously-made (and improperly-made) arguments and wholly fails to address his non-compliance with Local Rule 56.1.</u>

Failure to comply with Local Rule 56.1 is not a "harmless technicality." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994). Failure to comply with these requirements results in the admission of the movant's facts. See Local Rule 56.1(b)(3)(C)("all material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party"); *Malec*, 191 F.R.D. 581, 584. Where plaintiff did not properly contest defendants' Rule 56.1(a)(3) facts, he has admitted those facts. Rule 56.1(b)(3); *Midwest Imports, Ltd.*, 71 F.3d 1311, 1312; *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 333 (7th Cir. 1993).

WHEREFORE, the defendants, IPC and UACL, request that this Court strike those portions of plaintiff's responses to some of the 77 statements of fact asserted by IPC and UACL and disregard them when deciding IPC's and UACL's Motions for Summary Judgment.

    Respectfully submitted,

    HINSHAW & CULBERTSON LLP
    By: s/Carlton D. Fisher

Carlton D. Fisher
William Yu
Cecilia A. Horan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Phone 312-704-3450
Fax 312-704-3001

**CERTIFICATE OF SERVICE**

   I hereby certify that on July 19, 2013, I electronically filed the **IPC's And UACL's Reply In Support Of Their Motion To Strike Superfluous Argument Contained In Plaintiff's Responses To IPC's And UACL's Statement Of Facts** with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, using the CM/ECF system reflecting service of to be served: on:

| | |
|---|---|
| Richard Burke, Jr. | Joseph G. Skryd |
| Shannon M. McNulty | Matthew R. Schreck |
| Courtney Boho Marincsin | James J. Temple |
| Nancy K. O'Donnell | Jason Briesemeister |
| Clifford Law Offices, P.C. | Mulhern, Rehfeldt & Varchetto, P.C. |
| 120 N. LaSalle Street, Suite 3100 | 211 South Wheaton Avenue, Suite 200 |
| Chicago, IL 60602 | Wheaton, IL 60187 |
| rfb@cliffordlaw.com | jskryd@mrvlaw.com |
| smm@cliffordlaw.com | mschreck@mrvlaw.com |
| cbm@cliffordlaw.com | jtemple@mrvlaw.com |
| nodonnell@cliffordlaw.com | JBriesemeister@mrvlaw.com |
| | |
| Robert J. Golden | James K. Toohey |
| Dowd & Dowd, Ltd. | Timothy R. Couture |
| 617 W. Fulton Street | Johnson & Bell LTD |
| Chicago, IL 60661 | 33 W. Monroe Street, Suite 2700 |
| rgolden@dowdanddowd.com | Chicago, IL 60603 |
| | tooheyj@jbltd.com |
| | couturet@jbltd.com |

                s/Carlton D. Fisher

130615196v1 0903067