IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARTIN'S BULK MILK SERVICE, INC., SAMUEL G. FRANKE, INTERNATIONAL PAPER COMPANY, UNIVERSAL AM CAN LTD., Successor to OVERNITE EXPRESS, INC. and OX LLC.<br><br>    Defendants. | No. 09 cv 5340<br><br>Honorable James F. Holderman<br><br>Magistrate Susan E. Cox |

**PLAINTIFF'S MOTION TO SET SCHEDULE FOR COMPLETION OF DISCOVERY**

Plaintiff, MURRAY SCHEINMAN, Plenary Guardian of the Estate and Person of JEFFREY J. SCHEINMAN, a Disabled Person, through his attorneys, CLIFFORD LAW OFFICES, P.C., moves this Court to set a schedule for completion of discovery, and in support thereof states as follows:

1. The instant case arises out an incident in which Jeffrey Scheinman was stopped at a red light when his car was struck from the rear by a semi-tractor trailer truck, after which his vehicle started on fire. Mr. Scheinman sustained extensive burn injuries and brain injury. He was 55 years of age and is now confined to a nursing home with serious and permanent cognitive dysfunction, and requires assistance with virtually all activities of daily living.

2. This case involves claims of negligence against the truck driver, Samuel Franke and his employer, Martin's Bulk Milk Service, and other entities, including Universal AM CAN Ltd.,

Successor to Overnite Express, Inc., and International Paper, which were also involved in the truck transportation in progress at the time of this crash.

3. The parties have taken 35-40 depositions involving all aspects of this case, including eye witnesses, police and investigative personnel, numerous employees of all parties, product liability issues and multiple medical care providers.

4. In the court's order of December 19, 2012 (document 292), the parties' agreed motion to modify discovery schedule was granted, and fact discovery and expert disclosure dates were stricken. At that time the Parties were engaged in very contested discovery relative to inspections of the fuel system in the Plaintiff's vehicle.

5. Thereafter, Defendants Universal AM CAN, Ltd., Successor to Overnite Express, Inc., and International Paper Company filed motions for summary judgment. The parties most recently have engaged in extensive briefing of those issues, and that matter remains pending before the court.

6. The parties discussed convening a mediation or settlement conference before resolution of the pending summary judgment motions, but not all parties were agreeable to doing so.

7. Accordingly, we are at a point where the parties should complete remaining discovery. There are a relatively small number of fact depositions yet to proceed, including some further medical care providers. Thereafter the parties should disclose and depose expert witnesses.

8. In order to continue with the completion of discovery, dates need to be set for:

    A. Plaintiff shall comply with FRCP (26)(a)2 by _____;

    B. Depositions of Plaintiff's experts to be completed by _____;

    C. Defendant shall comply with FRCP(26)(a)2 by _____;

    D. Depositions of Plaintiff's experts to be completed by _____;

9. The parties have preliminarily discussed a further discovery schedule, but currently have no agreement on dates in light of the trial schedules of various counsel. The parties will continue to discuss this issue in anticipation of the hearing on the instant motion.

WHEREFORE, Plaintiff asks this court to enter an order setting dates for completion of remaining fact and expert discovery.

s//Richard F. Burke, Jr.
Submitted By One of Plaintiff's Attorneys
Richard F. Burke, Jr.
ARDC No: 03121588

Richard F. Burke, Jr.
Shannon M. McNulty
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 (Fax)